

Mitchell Schuster
*Partner*
Direct (212) 655-3549
Fax (646) 539-3649
ms@msf-law.com

November 30, 2023

**VIA ECF**
Hon. Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Courtroom 6E North

    Re:    *Mandel v. Daskal*, 23-cv-07352 (NRM) (VMS)
            <u>Request for a Pre-Motion Conference Pursuant to Court Rules</u>

Dear Judge Morrison:

This firm represents defendant Jacob Daskal ("Defendant") in the above referenced matter. Please accept this correspondence, pursuant to Section 5 of Your Honor's Individual Practices and Rules, as Defendant's request for a pre-motion conference to discuss his intention to make a motion to dismiss.

On October 2, 2023, plaintiff Rivka Mandel ("Plaintiff") filed her Complaint in this action. (Dkt. No. 1). The Complaint contains five causes of action against Defendant, which include claims for (i) rape of a minor (Cmpl. ¶'s 27-29); (ii) sexual abuse (Cmpl. ¶'s 30-32); (iii) assault (Cmpl. ¶'s 33-35); (iv) battery (Cmpl. ¶'s 36-38); and (v) intentional infliction of emotional distress (Cmpl. ¶'s 39-41).[1] Plaintiff's Complaint was filed after Defendant pled guilty in July 2023 in a criminal proceeding in this Court that was before Judge Garaufis (the "Criminal Action"), to a violation of the Mann Act, 18 U.S.C. section 2423(a), and just days before Defendant was sentenced to two hundred and ten (210) months in prison in connection with such proceeding.

Plaintiff's Complaint, however, fails to adequately provide Defendant with proper notice of the nature of the claims she seeks to prosecute in this civil action. Are Plaintiff's causes of action meant to allege violations of New York State common law and/or unnamed New York State statutes, or is Plaintiff seeking to assert claims based on certain federal statutes she simply references in the Complaint's jurisdictional paragraph (Cmpl. ¶ 9). The Complaint, as currently drafted, provides Defendant with no way to know what type of claims he will be defending. If Plaintiff's causes of action are based on New York State law, this Court lacks subject matter jurisdiction over such claims. If Plaintiff's claims attempt to assert one of the federal claims listed

---

[1] The Complaint also includes a sixth cause of action, against "John Does 1-100," alleging fraudulent transfers of Plaintiff's funds and assets (Cmpl. ¶'s 42-43). While this claim is not brought directly against Defendant, it also should be dismissed as well; the Complaint fails to set forth any of the elements of a claim under the Uniform Voidable Transactions Act, N.Y. Debtor and Creditor Law §§ 270, *et seq*.

Hon. Nina R. Morrison
*November 30, 2023*
*Page 2*

in paragraph 9 of the Complaint, the pleading of any such claims are clearly insufficient to survive a motion to dismiss.

Thus, Defendant intends to file a motion to dismiss pursuant to Fed. R. Civ. P. § 12(b) and 12(e) requesting (i) that Plaintiff be ordered to amend her Complaint to provide a more definite statement in order for Defendant to properly respond, pursuant to FRCP § 12(e), or, alternatively, (ii) dismissal of Plaintiff's claims pursuant to FRCP § 12(b)(1) and 12(b)(6), for the reasons set forth below.

### I.     Proposed Motion for a More Definite Statement (FRCP 12(e))

First, Plaintiff should be ordered to provide Defendant with a more definite statement of her claims. FRCP Rule 12(e) states that a motion for a more definite statement may be granted where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FRCP § 12(e). *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992) (granting Rule 12(e) motion for a more definite statement, stating that "a complaint must give the defendant 'fair notice of what the plaintiff's claim is and the grounds on which it rests.'") (citations omitted).

Plaintiff's Complaint is drafted in a way that makes it impossible for Defendant to understand the grounds upon which her claims are premised. While the Complaint alleges that it is brought "pursuant to 28 U.S.C. 1331, 28 U.S.C. 1367, 18 U.S.C. 2255, 18 U.S.C. 1591, and 18 U.S.C. 1595" (Cmpl. ¶ 9), the Complaint's causes of action do not connect any of the causes of action to a specific federal statute (or state statute) – rather, each "Count," with the inexplicable exception of Count V,[2] merely state generally that Defendant's actions were "in violation of New York State law and United States [or federal] law." (Cmpl. ¶'s 31, 34, 37).

For instance, Count I of the Complaint purports to allege a claim of "instances of rape of a minor." (Cmpl. ¶'s 27-29). It is unclear, however, whether this claim is being brought pursuant to New York State statutory or common law, or whether it is being brought pursuant to one or more of the federal statutes cited in paragraph 9 of the Complaint. The same applies to Plaintiff's claims of sexual abuse, assault, and battery. Under such circumstances, Defendant cannot reasonably be required to frame an answer to these causes of action, as he will necessarily need to know what specific statutes or common law to respond to in his responsive pleading. *See, e.g., Dixie Mercerizing Co. v. Triangle Thread Mills*, 17 F.R.D. 8, 9 (S.D.N.Y. 1955) (stating that counterclaim allegations that the plaintiff has proceeded "in contravention of … the laws of the United States and the State of New York" were too vague and indefinite, and that "[t]he specific statutes involved, if any, must be stated").

### II.     Proposed Motion to Dismiss (FRCP 12(1) and (6))

#### A.     The Complaint Alleges Only State Law Claims

---

[2]     Count V, alleging intentional infliction of emotional distress ("IIED") (Cmpl. ¶'s 39-41) appears to be a state common law claim, although it contains no similar allegation as to the applicability of federal or *state* law to such claim.

The Complaint generally alleges that this Court's jurisdiction arises by virtue of a federal question. *See* Cmpl. ¶ 9, referencing 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367, another untethered federal statute referenced by Plaintiff in the Complaint's general jurisdiction paragraph, a federal court confers supplemental jurisdiction in a civil action where the federal court has "original jurisdiction." *Id*. Where a complaint brought in federal district court, however, contains only state law claims, the federal court lacks original jurisdiction and the court should decline to exercise supplemental jurisdiction over the action. *See Jordan v. Chase Manhattan Bank*, 91 F. Supp.3d 491, 511 (S.D.N.Y. 2015) (noting general rule that when federal claims are dismissed the state law claims should also be dismissed).

Here, Plaintiff's Complaint sets forth, at most, only state law claims. While Counts I through IV vaguely allege that they are brought for Plaintiff's alleged violations of "New York State *and United States law*," it is clear that none of these claims of tortious conduct – which purport to seek recovery for rape, sexual abuse, assault, and battery – seek recovery under any cognizable federal statute (same for Count V, Plaintiff's IIED claim). *See Doe v. Jones*, 2022 WL 2065032 (E.D.N.Y. June 8, 2022) (dismissing complaint for lack of subject matter jurisdiction where complaint failed to set forth any basis for federal jurisdiction, as all asserted claims arose under state law). Since Plaintiff's Complaint does not contain a single claim brought under federal law, this Court should dismiss the Complaint, as there are no federal law claims in this action. *See Carnegie-Melon University v. Cahill*, 484 U.S. 343, 350, n.7 (1988) (stating that "[i]n the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims").

    **B.**    **The Complaint, to the Extent it Generally References Certain Federal Statutes, Fails to State a Claim Upon Which Relief can be Granted**

        **i.**    **Plaintiff Fails to State a Claim Under 18 U.S.C. §§ 1591 and/or 1595**

Plaintiff also cites to two inter-related statutes as grounds for jurisdiction in this action, 18 U.S.C. §§ 1591 and 1595. (Cmpl. ¶ 9). These statutory provisions are included in what is known as the "Trafficking Victims Protection Reauthorization Act" ("TVPRA"). This is the only time Plaintiff references either of these statutes in her Complaint. 18 U.S.C. Section 1591 makes it a federal offense to engage in certain types of sex trafficking. 18 U.S.C. Section 1595 permits an individual who is a victim of other provisions of the TVPRA to bring a civil action against, *inter alia*, the perpetrator and persons who have financially benefitted from the alleged trafficking. Despite the specific nature of these statutes which articulate the elements of such claims, the Complaint does not actually contain a cause of action for relief under either 18 U.S.C. Section 1591 or 1595.

In order to state a claim under 18 U.S.C. Sections 1591 and 1595, a plaintiff must plead that the defendant "knowingly and in interstate or foreign commerce: (1) recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person; (2) 'knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud … or any combination of such means will be used'; (3) 'to cause the person to engage in a commercial sex act." *Noble v. Weinstein*, 335 F. Supp.3d 504, 515 (S.D.N.Y. 2018) (citations to 18 U.S.C. 1591). To the extent that the Court finds that any of the six counts of Plaintiff's Complaint alleges a TVPRA claim

(none do), Plaintiff's Complaint fails to properly plead these necessary elements of such a claim and therefore should be dismissed. While Plaintiff might believe she can shortcut this matter by citing to the recently filed judgment in the Criminal Action, a review of that judgment indicates that Defendant did not plead guilty to sex trafficking claims; rather, he pled guilty to a completely different federal statute – the Mann Act. 18 U.S.C. 1591 was not at issue in the Criminal Action.

### ii. Plaintiff Fails to State a Claim Under 18 U.S.C. § 2255

Based on its inclusion in the general list of statutes conferring this Court jurisdiction in this case (Cmpl. ¶ 9), it appears that Plaintiff may also be trying to assert a claim (or claims) under 18 U.S.C. § 2255 (known as Masha's Law), which permits "[a]ny person who, while a minor, was the victim of a violation of [certain specified statutes], and who suffers personal injury as a result of such violation" to seek to recover his or her damages in this Court. 18 U.S.C. § 2255. Plaintiff, however, does not identify in her Complaint the specific statute she is asserting as a predicate act of a Masha's Law claim. Such failure bars such claim.

While Defendant should not have to guess as to which statute cited in her Complaint she may have intended to be her Masha's Law predicate act, it appears that such statute may be 18 U.S.C. § 2423(a), the federal statue Defendant pled guilty to in the Criminal Action. *See* Cmpl. ¶ 21. If this is indeed the 18 U.S.C. § 2255 predicate act that Plaintiff relies upon, the Complaint fails to sufficiently allege the elements of such claim. 18 U.S.C. § 2423(a) states that "[a] person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce … with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense" shall be liable. 18 U.S.C. § 2423(a). Plaintiff's Complaint fails to allege that Defendant knowingly transported her through interstate commerce with an intent to engage in criminal sexual activity. In fact, Plaintiff's Complaint alleges that in the Fall of 2017 she "moved to Chicago to attend a new school and live with another family." (Cmpl. ¶ 11). It does not allege that Plaintiff "transported" her to Chicago with criminal intent. This failure to properly allege a predicate act is fatal to Plaintiff's Masha's Law claim.

### iii. Plaintiff's IIED Claim is Duplicative of her Assault and Battery Claims

Lastly, Plaintiff's IIED claim, which appear to arise from the same facts and seek the same damages as her assault and battery claims, should be dismissed as duplicative. *See Crews v. County of Nassau*, 996 F.Supp.2d 186, 214 (E.D.N.Y. 2014) (stating that "IIED claims that are duplicative of other tort claims should … be dismissed") (citations omitted).

For the reasons stated above, Defendant respectfully requests that Your Honor schedule a pre-motion conference and allow him to make his proposed motion to dismiss. Thank you for your consideration of this request.

Respectfully submitted,

*Mitchell Schuster*
Mitchell Schuster

CC:   Counsel of Record (Via ECF Only)

Meister Seelig & Fein PLLC
125 Park Avenue, 7th Floor, New York, NY 10017 | Phone (212) 655-3500 | Fax (212) 655-3536 | meisterseelig.com