**PAUL BATISTA, P.C.**
**Attorney-at-Law**
**26 Broadway – Suite 1900**
**New York, New York 10004**
**(631) 377-0111**

e-mail: Batista007@aol.com                                            Facsimile: (212) 344-7677

December 4, 2023

VIA ECF
Hon. Nina R. Morrison
United States District Judge for the
  Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

                    Re:    **Rivka Mandel v. Jacob Daskal,**
                              **1:23-cv-07352 (NRM) (VMS)**

Dear Judge Morrison:

      I represent plaintiff Rivka Mandel, the victim, at the age of approximately 15, of repeated acts of sexual abuse, including rape and sodomy, for which defendant Jacob Daskal ("Daskal") has been convicted and sentenced by Judge Garaufis on October 11, 2023 to more than 17 years in prison. *See United States* v. *Jacob Daskal*, 1:21-cr-0110 (NGG).

      I write in response to the letter dated November 30, 2023, to Your Honor from Meister Seelig & Fein PLLC ("MSF") requesting a pre-motion conference.

### Relevant Background

      Although in principle I have no objection to the request for a pre-motion conference to the extent Your Honor permits one, I emphasize that the proposed motions defense counsel suggests on behalf of Daskal are, in all candor, futile.

      *(i)*    *The Existing Complaint and Plaintiff's Proposed Amendments*

      At the outset, it is, to put it charitably, bizarre for MSF – which served as counsel to Daskal throughout the years of criminal proceedings which resulted in Daskal's conviction and approximately 17-year sentence – to make the implausible assertion that Daskal and his counsel do *not* understand the claims contained in Ms. Mandel's October 10, 2023 Complaint, a copy of which is annexed as Exhibit 1 for Your Honor's convenience.

Hon. Nina R. Morrison
December 4, 2023
Page 2

In brief, the existing Complaint is not predicated on information and belief. Instead, it is grounded on explicit liability-creating statements made under oath by Daskal describing during his plea allocution and his October 11, 2023 sentencing his sexual offenses in multiple jurisdictions against Ms. Mandel while she was a minor when Daskal, on July 14, 2023 on the brink of trial, finally entered pleas of guilty. *See, e.g.*, the annexed Complaint ¶¶ 11, 12, 16 and 25.

In this context, defense counsel's letter is – again charitably speaking – disingenuous in asserting that Daskal has "no way to know what type of claims he will be defending." *See* defense counsel letter at 1. The existing Complaint vividly informs him as to what the claims are. Indeed, he has pleaded guilty to them.

For purposes of Fed. R. Civ. P. 8(a), the existing Complaint more than adequately contains "a short and plain statement of the claim showing that the pleader is entitled to relief...."

  (ii)  *Amendment to the Complaint*

Although the existing Complaint is more than sufficient to withstand any motion to dismiss, I am advising Your Honor that, in the context of the pending litigation, we are in the process based on further investigation of amending the Complaint primarily for the purpose of including additional defendants. We anticipate that further investigation will enable us to amend the Complaint by January 4, 2024.

By way of background, we have developed information as part of our ongoing investigation that several individuals and institutions with significant connections to Daskal either aided, abetted or facilitated his ability to commit his adjudicated criminal conduct against Ms. Mandel. Daskal proclaimed himself for years as a very powerful figure in the community in which he is involved with the great ability to influence others, including the ability to transfer without valid consideration his substantial wealth in order to attempt to place his wealth beyond the reach of a young woman he so egregiously harmed.

As a result, to the extent Daskal's lawyers express concern that other defendants and relief defendants are not currently identified in the Complaint – and there is, of course, no requirement at this early stage that they be identified – defense counsel's concerns will soon be laid to rest. Further investigation of the existing claims has revealed that the amended Complaint, when filed, will in all likelihood identify the following individuals and institutions, among several others, as defendants and relief defendants:

>   Lipa ("Nussy") Brauner;
>   Rabbi Ben Zion Halberstam;
>   Congregation Shaarei Zion Bobov;
>   Chaim S. Halberstam;
>   Boro Park Shomrim;
>   Bais Yaakov High School of Chicago;
>   Adult members of the Daskal family, including his wife, Bela
>      Daskal; and
>   Mutty Brauner.

Also germane to the inclusion of additional defendants and relief defendants in the judicial proceedings is the fact that Judge Garaufis, at the October 11, 2023 sentencing of Daskal, took the honorable step, as the Court surveyed the dozens of "supporters" of Daskal who appeared at the sentencing (many of whom wrote letters to the Court expressing sympathy for Daskal and requests for leniency for him) and observed that none of Daskal's supporters had expressed any sympathy for Ms. Mandel.

Also germane to Daskal's illegal transfer of assets is Judge Garaufis' observation that the Pre-Sentence Investigation Report revealed that Daskal had transferred approximately $10 million in assets to members of his family alone.*

*(iii)   The Jurisdictional Basis*

Also disingenuous in defense counsel's letter is the brief assertion that this Court lacks subject matter jurisdiction. This is the legal equivalent of "Orwellian Newspeak."

As the existing Complaint makes clear (*see* Cplt. ¶ 9), Daskal stands accused of violations of multiple federal laws. Among the jurisdictional provisions cited in the existing Complaint is 18 U.S.C. § 2255 ("Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2260, 2421, 2422, or 2423…and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains…and the cost of the action and other litigations costs.…The Court may also award punitive damages.")

---

* At the moment, Ms. Mandel and I do not have access to the PSR. We are applying to Judge Garaufis for release of those portions of the PSR relevant to his assets. We believe it likely that Daskal concealed other assets and transfers.

It should be plain as day to defense counsel that there is without a doubt basis for federal jurisdiction.

Respectfully submitted,

Paul Batista

cc: All Counsel of Record

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RIVKA MANDEL,

                                Plaintiff,

- against -

JACOB DASKAL and RELIEF DEFENDANTS
JOHN DOES 1-100,

                                Defendants.
-----------------------------------------------------------------x

Docket No.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Rivka Mandel, by and through her attorney, Paul Batista, P.C., for her Complaint against defendant Jacob Daskal and the Relief Defendants, respectfully alleges as follows:

### Preliminary Statement

1. This action involves heinous sexual, emotional and physical abuse of a minor woman by Jacob Daskal ("Daskal"), a convicted felon who at this point, at the age of approximately 64, will be sentenced on October 11, 2023 to approximately 14 to 17 years in federal prison as a result of his guilty plea to a federal indictment resulting from his reprehensible crimes against plaintiff Rivka Mandel.

2. As this Complaint will articulate in detail, Ms. Mandel, beginning when she was 15 years old, was consistently, viciously and remorselessly raped, sodomized, sexually harassed, and criminally intimidated by Daskal, who for decades has proclaimed himself to be a highly prominent member of a religious community in a position of alleged trust, honor and reverence in that community. His criminally despicable acts against a child took place in a

stunning variety of places – in his own homes with his wife and children present yet voicing no objection, in other states to which he transported Ms. Mandel, and elsewhere.

3. The wanton devastation of Ms. Mandel, who is now 21, is a case of repeated rape, sodomy, physical, mental and emotional abuse of a child.

4. Daskal's crimes are not a matter of conjecture or speculation. Instead, his crimes are conclusively determined. In connection with a highly publicized and serious federal indictment of him, he pleaded guilty on July 14, 2023 to grave offenses against Ms. Mandel before United States District Judge Nicholas G. Garaufis of the United States District Court for the Eastern District of New York.

5. No amount of compensation can ever restore to Ms. Mandel the extraordinarily high prospects to which she was entitled as a child, as a young woman and indeed for the balance of her life. The interests of justice and human decency require that Daskal, an extraordinarily wealthy man who, upon information and belief, has sought to transfer and conceal substantial assets with friends, family members, business associates, shell companies, and "straw" owners, be compelled to compensate Ms. Mandel for his despicable conduct by the entry of substantial financial judgments against him and the transfer of his fraudulently secreted assets to Ms. Mandel.

### The Parties and Relief Defendants

6. Ms. Mandel is a citizen and resident of the State of New York.

7. Defendant Daskal is a citizen of the United States and resident of the City of New York.

8. Upon information and belief, relief defendants John Does 1-100 are residents of the State of New York and other states or nations to whom Daskal, in various sham

2

transactions, purported to transfer significant funds and other assets in order to avoid his financial and other obligations to Ms. Mandel.

## Jurisdiction and Venue

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 18 U.S.C. § 2255, 18 U.S.C. § 1591, and 18 U.S.C. § 1595.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 2255(c).

## Statement of Facts Common to All Counts

### A. Overview: Defendant Daskal's Criminal Conduct

11. In an article dated July 16, 2023, the Associated Press and the *Times of Israel* published an article entitled *Ex-Leader of Shomrim Patrol in Brooklyn Pleads Guilty to Sexual Abuse of Teen Girl* (https://www.timesofisrael.com/ex-leader-of-shomrim-patrol-in-brooklyn-pleads-guilty-to-sexual-abuse-of-teen-girl/):

> The former leader of a U.S. safety patrol in Brooklyn's ultra-Orthodox Jewish community pleaded guilty on Friday [*i.e.*, July 14, 2023] to charges he sexually abused a teenage girl.
>
> Jacob Daskal, who founded the Shomrim group of Borough Park some 30 years ago, was charged in March 2021 with coercing a minor to engage in illicit sexual conduct, transportation of a minor with intent to engage in illicit sexual activity and traveling with intent to engage in illicit sexual conduct, according to the U.S. Attorney's Office for the Eastern District of New York.
>
> The [guilty] plea allows Daskal to avoid a trial in a case that alleged he groomed a 15-year-old girl for sex. Authorities said Daskal subjected the girl to sexual acts over a three-month period in 2017. He was arrested in 2018 on state level charges....
>
> According to the original indictment against him, Daskal assaulted the victim in his Brooklyn home as well as at his summer home in South Fallsburg, New York in August 2017. Two months later, the victim [*i.e.*, Ms. Mandel] moved to Chicago to attend a new school and live with another family. While she was there,

3

Daskal contacted the victim – also from a Haredi community – and coerced her into video chatting naked and sending him nude photos. In November of that year, Daskal traveled to Chicago to visit the victim, bringing her to his hotel room and raping her.

*"Daskal, who was almost 60 years old when these crimes were committed, exploited the vulnerability of a young teenager by grooming her for sex and enticing her into having sexual relations with him,"* said Seth DuCharme, the acting US [A]ttorney for the [E]astern [D]istrict of New York….

*"The defendant had admitted he abused his power, trust and position in the community by committing deplorable acts against a child in his care,"* said US Attorney Breon Peace.

Daskal faces a minimum prison sentence of 14 years.

Daskal headed the Boro Park Shomrim Society, an Orthodox Jewish crime-patrol group associated with the New York Police Department.

The organization…patrols Borough Park in marked cars, and is considered a powerful force in the neighborhood. [https://www.timesofisrael.com/ex-leader-of-shomrim-patrol-in-brooklyn-pleads-guilty-to-sexual-abuse-of-teen-girl/ (emphasis supplied).]

B. *The Findings of United States District Judge Garaufis*

12. The publicity surrounding Daskal's criminal conduct does not fully capture the background, the scope and the heinous nature of his conduct and the devastation of Ms. Mandel's life. In a highly detailed 54-page Memorandum and Order filed on June 9, 2023, Judge Garaufis stressed the broader factual context:

- From approximately August 2017 through November 2017, Daskal initiated and pursued a pervasive campaign of sexual abuse of Ms. Mandel.

- Among other things, as Judge Garaufis determined, "Daskal is the founder and chief of the Boro Park Shomrim Society, a private, Orthodox Jewish crime-patrol group."

- Judge Garaufis further determined that Daskal, in or about June 2017, "offered to have [Ms. Mandel] stay with his family at his

4

summer home in South Fallsburg, New York…[and Ms. Mandel] moved in shortly thereafter."

- In "August 2017…Daskal began to sexually abuse [Ms. Mandel]" and the "abuse continued…over the summer.…"

- Daskal also consistently coerced Ms. Mandel, who was 15, into silence. As Judge Garaufis emphasized, "Daskal also told [Ms. Mandel] that 'no one should see what we do' and that she should not tell anyone about the abuse because 'it's just going to ruin your life.' Daskal and [Ms. Mandel] later returned to Brooklyn where he continued to engage in sexual activity with [Ms. Mandel] and sent her text messages describing his sexual fantasies."

- As Judge Garaufis also noted, Daskal's illegal conduct was not confined to locations in New York only. More specifically, in October 2017, Ms. Mandel, "with the assistance of Daskal," enrolled in a high school in Chicago, Illinois.

- While Ms. Mandel was in Chicago, Daskal and she "shared sexually explicit text messages and Skype video chats while apart."

- Daskal's activities were not limited to text messages and Skype video chats. In November 2017 Daskal also "traveled" to meet Ms. Mandel in Chicago, "when they again engaged in sexual activity."

- When Ms. Mandel disclosed Daskal's conduct to a classmate at the school in Chicago, Ms. Mandel was "expelled" from the school and "sent back to Brooklyn."

- When Ms. Mandel was "sent to live in Israel, Daskal continued to communicate with [Ms. Mandel] over social media."

- In yet another aspect of his reprehensible conduct, Daskal demanded that Ms. Mandel "write a letter stating that they engaged in sex as part of 'therapy' and that she loved him, hoping that this letter would exonerate him if his abuse was discovered."

- In yet another brazen effort at exploitation and intimidation, "Daskal also repeatedly told [Ms. Mandel] about his connections to police, stature in the Jewish community, and that he would deny any allegations that she made against him."

5

### C. *The Indictments and Conviction of Daskal*

13. Initially indicted on May 10, 2018 by a grand jury in the Supreme Court of the State of New York, Kings County (the "State Indictment"), Daskal was charged with two counts of Rape in the Third Degree, four counts of Criminal Sexual Acts in the Third Degree, six counts of Sexual Misconduct, six counts of Sexual Abuse in the Third Degree, and two counts of Endangering the Welfare of a Child.

14. In the wake of the State Indictment of Daskal, federal investigators opened an investigation into Daskal in November 2018 (the "Federal Investigation").

15. The Federal Investigation resulted, among other things, in the initial federal indictment of Daskal on February 26, 2021 (the "Initial United States Indictment").

16. Daskal was criminally charged in the Initial United States Indictment with:

(i) Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. §§ 2444(b) and 3551;

(ii) Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. §§ 2423(b) and 3551; and

(iii) Travel with Intent to Engage in Illicit Sexual Activity, in violation of 18 U.S.C. §§ 2423(b) and 3551.

17. Among other things, the Initial United States Indictment explicitly charged Daskal with "violations of New York Penal Law Sections 130.25 (2) (Rape in the Third Degree) and 130.40 (2) (Criminal Sex Act in the Third Degree), in that DASKAL engaged in sexual intercourse and oral sexual conduct with [Ms. Mandel], who had not yet attained the age of 17 years…using one or more facilities and means of interstate commerce."

18. While under federal indictment, Daskal, upon information and belief, recruited individuals to coerce, threaten, bribe and intimidate Ms. Mandel into ceasing to cooperate

6

with federal agents and prosecutors. In other words, Daskal orchestrated a multi-pronged campaign to "silence" Ms. Mandel.

19. Through the acts of the individuals Daskal recruited while under indictment and awaiting trial scheduled for July 17, 2023, Daskal sought to eviscerate the Government's prosecution of him by coercing, intimidating, and attempting to bribe Ms. Mandel. Among other things, the individuals recruited by Daskal slashed the tires of Ms. Mandel's car and sought to have her meet with a New York lawyer and receive as a bribe several million dollars to dissuade her from testifying against Daskal.

20. Ms. Mandel, although she was placed in fear by the acts of the individuals recruited by Daskal and those associated with him, never wavered in her complete cooperation with federal agents and prosecutors and continued to prepare for the trial scheduled for July 17, 2023.

*D. The Conviction*

21. On July 14, 2023, three days before the jury selection scheduled for July 17, 2023, Breon Peace, the United States Attorney for the Eastern District of New York, filed a letter dated July 14, 2023 (the "U.S. Attorney's letter") with Judge Garaufis to "inform the Court" that the United States and defendant Daskal had "agreed that [Daskal] would plead guilty to the superseding indictment [filed on June 16, 2023] for transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), and be sentenced to a sentence within the Guidelines range of 168 to 210 months' imprisonment, followed by a period of supervised release of five years."

22. In summarizing the "[p]rocedural [p]osture" of the prosecution, the U.S. Attorney's letter explained that Daskal "is charged on a two-count superseding indictment for

7

using an interstate facility to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b)...and transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. §2423(a)...for sexually abusing a 15-year-old girl in his care when he was 58 years old."

23. According to the U.S. Attorney's letter, the "agreed-upon range of 168-210 [*i.e.*, 14 years to 17.5 years] months' imprisonment followed by a 5-year term of supervised release appropriately balances [Daskal's] criminal history and the seriousness of [Daskal's] conduct...."

24. Moreover, the U.S. Attorney's letter stressed that Daskal's conviction by guilty plea "carries a 10-year mandatory minimum...and the...plea accounts for this statutory mandatory minimum and ensures that [Daskal] appropriately faces punishment for the serious crimes he committed."

25. The U.S. Attorney's letter also emphasized "the need for a severe sentence for a very serious crime" against Ms. Mandel.

26. On July 14, 2023, defendant Daskal entered a plea of guilty and Judge Garaufis accepted the plea. Judge Garaufis also set October 11, 2023, as the date for the sentencing of Daskal.

## COUNT I
### [Repeated Instances of Rape of a Minor]

27. Plaintiff repeats and realleges each and every allegation of ¶¶ 1-26, *supra*.

28. Defendant Daskal repeatedly raped and injured Ms. Mandel in violation of New York State law and United States law.

29. As a direct result of his repeated rapes of Ms. Mandel, defendant Daskal has damaged Ms. Mandel in an amount to be determined at jury trial but believed to exceed $150 million.

8

## COUNT II
## [Repeated Acts of Sexual Abuse]

30. Plaintiff repeats and realleges each and every allegation of ¶¶ 1-29, *supra*.

31. Defendant Daskal committed multiple acts of sexual abuse against Ms. Mandel in violation of New York State law and United States law.

32. As a direct result of his repeated sexual abuse of Ms. Mandel, defendant Daskal has damaged Ms. Mandel in an amount to be determined at jury trial but believed to exceed $150 million.

## COUNT III
## [Repeated Acts of Assault]

33. Plaintiff repeats and realleges each and every allegation of ¶¶ 1-32, *supra*.

34. Defendant Daskal committed multiple acts of assault against Ms. Mandel in violation of New York State law and United States law.

35. As a direct result of his repeated assaults on Ms. Mandel, defendant Daskal has damaged Ms. Mandel in an amount to be determined at jury trial but believed to exceed $150 million.

## COUNT IV
## [Repeated Acts of Battery]

36. Plaintiff repeats and realleges each and every allegation of ¶¶ 1-35, *supra*.

37. Defendant Daskal committed repeated acts of battery against Ms. Mandel in violation of state and federal law.

38. As a direct result of his acts of battery against Ms. Mandel, defendant Daskal has damaged Ms. Mandel in an amount to be determined at jury trial but believed to exceed $150 million.

## COUNT V
### [Intentional Infliction of Emotional Distress]

39. Plaintiff repeats and realleges each and every allegation of ¶¶ 1-38, *supra*.

40. Defendant Daskal's conduct caused severe emotional distress to Ms. Mandel.

41. As a direct result of Daskal's conduct, Daskal has damaged Ms. Mandel in an amount to be determined at jury trial but believed to exceed $150 million.

## COUNT VI
### [Against Relief Defendants]

42. Plaintiff repeats and realleges each and every allegation of ¶¶ 1-41, *supra*.

43. Upon information and belief, relief defendants John Does 1-100 received from Daskal fraudulent transfers of funds and assets owned or controlled by Daskal for the purpose of preventing Ms. Mandel from recovering the damages to which she is entitled.

WHEREFORE, plaintiff Rivka Mandel demands judgment as follows:

A. On Count I, in an amount to be determined at trial but believed to exceed $150 million;

B. On Count II, in an amount to be determined at trial but believed to exceed $150 million;

C. On Count III, in an amount to be determined at trial but believed to exceed $150 million;

D. On Count IV, in an amount to be determined at trial but believed to exceed $150 million;

E. On Count V, in an amount to be determined at trial but believed to exceed $150 million;

F. On Count VI, orders directing relief defendants John Does 1-100 to rescind funds and assets fraudulently transferred to them by Daskal in an amount to be determined at trial but believed to exceed $150 million;

G. Punitive damages in the amount of $200 million; and

H. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 28, 2023

PAUL BATISTA, P.C.

By: _____

Paul Batista
Attorney for Plaintiff
RIVKA MANDEL
26 Broadway, Suite 1900
New York, New York 10004
(631) 377-0111
Batista007@aol.com

11