UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVKA MANDEL, | 1:23-cv-07352-RER-VMS |
| Plaintiff, | |
| -against- | **Oral Argument Requested** |
| JACOB DASKAL; BELLA DASKAL; PEARL DEMBITZER; LEIBY DEMBITZER; CHAYA BORNSTEIN; SHULEM BORNSTEIN; CHAIM DASKAL; ESTHER BRODY; ROSE TEITELBAUM; BENZION DASKAL; SOLOMON DASKAL; BARRY DASKAL; CHAVI FISCHBEIN; : ISAAC FISCHBEIN; BORO PARK SHOMRIM; BAIS Y AAKOV HIGH SCHOOL OF CHICAGO; CRAINDELL Z. MANNES; RABBI BEN ZION HALBERSTAM; CHAIM S. HALBERSTAM; CONGREGATION SHAAREI ZION OF BOBOV; RABBINICAL COLLEGE BOBOVER YESHIVA BNEI ZION; LIPA "NUSSY" BRAUNER; MUTTY BRAUNER; Y AD EPHRAIM a/k/a EZRAS CHOLIM Y AD EPHRAIM; PESACH GREENBERG; YACHAD D'BOBOV; and CHAIM FLEISCHER, | (Served on all counsel of record on May 24, 2024) |
| Defendants. | |

**DEFENDANT JACOB DASKAL'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 12(B)(1) OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)**

**MEISTER SEELIG & FEIN PLLC**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel. (212) 655-3500

*Attorneys for Defendant Jacob Daskal*

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

FACTS .............................................................................................................................. 3

PROCEDURAL HISTORY................................................................................................... 4

ARGUMENT ...................................................................................................................... 6

   I.   THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO
      FEDERAL RULES 12(B)(6) AND 12(B)(1) ................................................................ 6

      A.  Legal Standard ...................................................................................................... 6

      B.  The Amended Complaint Fails to State a Claim under 18 U.S.C. § 2255 ................... 7

      C.  The Amended Complaint's Remaining Causes of Action should be Dismissed for
          Lack of Subject Matter Jurisdiction ....................................................................... 8

      D.  The Amended Complaint's Claims for Rape and Sexual Abuse should be
          Dismissed with Prejudice ...................................................................................... 9

      E.  The Amended Complaint's IIED Claim should be Dismissed with Prejudice ........... 11

  II.  ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A
      MORE DEFINITE STATEMENT OF HER CLAIMS PURSUANT TO FEDERAL
      RULE 12(E) ........................................................................................................... 13

      A.  Legal Standard ..................................................................................................... 13

      B.  The Amended Complaint Does Not Provide Proper Notice of Plaintiff's Claims ..... 14

CONCLUSION.................................................................................................................. 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aguilar v. New York Convention Ctr. Operating Corp.*,
174 F. Supp. 2d 49 (S.D.N.Y. 2001) ................................................................. 15

*Antoine v. Brooklyn Maids 26, Inc.*,
489 F. Supp. 3d 68 (E.D.N.Y. 2020) ................................................................. 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................... 6

*Bell Atlantic Corp v. Twombly*,
550 U.S. 544 (2007) ......................................................................................... 6

*Carnegie-Melon University v. Cahill*,
484 U.S. 343 (1988) ......................................................................................... 8

*Chiaramonte v. Animal Med. Ctr.*,
677 F. App'x 689 (2d Cir. 2017) ...................................................................... 9

*Crews v. County of Nassau*,
996 F. Supp. 2d 186 (E.D.N.Y. 2014) ......................................................... 11, 12

*Davis v. Yeroushalmi*,
985 F. Supp. 2d 349 (E.D.N.Y. 2013) .............................................................. 6

*Dixie Mercerizing Co. v. Triangle Thread Mills*,
17 F.R.D. 8 (S.D.N.Y. 1955) ........................................................................... 14

*Doe v. Albuquerque Pub. Sch.*,
2018 WL 4080684 (D.N.M. Aug. 27, 2018) ...................................................... 7

*Doe v. New York City Dep't of Educ.*,
669 F. Supp. 3d 160 (E.D.N.Y. 2023) ............................................................. 10

*Douek v. Citibank*,
2021 WL 3604761 (S.D.N.Y. Aug. 12, 2021) ................................................... 13

*Fraser v. City of New York*,
2022 WL 3045524 (E.D.N.Y. Aug. 1, 2022) .................................................... 12

*Gallop v. Cheney*,
642 F.3d 364 (2d Cir. 2011) ............................................................................ 12

*Giordano v. City of New York*,
   274 F.3d 740 (2d Cir. 2001) ................................................................................ 8

*Girden v. Sandals Int'l*,
   262 F.3d 195 (2d Cir. 2001) .............................................................................. 10

*Gray v. Darby*,
   2009 WL 805435 (E.D. Pa. Mar. 25, 2009) ...................................................... 7

*Harding v. Watch Tower Bible & Tract Soc'y of New York, Inc.*,
   2022 WL 3025816 (10th Cir. Aug. 1, 2022) ..................................................... 7

*Hough v. Petty*,
   2023 WL 7687866 (E.D.N.Y. Oct. 10, 2023) ............................................ 10, 11

*In re Merrill Lynch Ltd. P'ships Litig.*,
   154 F.3d 56 (2d Cir. 1998) ................................................................................ 8

*J.S. Serv. Ctr. Corp. v. Gen. Elec. Tech. Servs. Co.*,
   937 F. Supp. 216 (S.D.N.Y. 1996) ................................................................... 12

*Jordan v. Chase Manhattan Bank*,
   91 F. Supp. 3d 491 (S.D.N.Y. 2015) .................................................................. 8

*Kelly v. L.L. Cool J.*,
   145 F.R.D. 32 (S.D.N.Y. 1992) ......................................................................... 13

*Kelly by & through Grandinetti v. N. Highlands Recreation & Park Dist.*,
   2006 WL 8458908 (E.D. Cal. Jan. 19, 2006) ................................................... 15

*Nicholson v. Luce*,
   55 A.D.3d 416 (1st Dep't 2008) ....................................................................... 10

*Norwood v. Salvatore*,
   2013 WL 1499599 (N.D.N.Y. Apr. 10, 2013) .................................................. 14

*Perez v. City of New York*,
   1998 WL 564551 (E.D.N.Y. June 18, 1998) .................................................... 14

*Precise-Mktg. Corp. v. Simpson Paper Co.*,
   1996 WL 285364 (S.D.N.Y. May 30, 1996) ..................................................... 15

*Reich v. City of New York*,
   2021 WL 11628271 (E.D.N.Y. July 23, 2021) ................................................... 6

*Reich v. City of New York*,
   2021 WL 6423983 (E.D.N.Y. Oct. 5, 2021) ...................................................... 6

iii

*Senese v. Longwood Cent. Sch. Dist.*,
    330 F. Supp. 3d 745 (E.D.N.Y. 2018) .................................................................. 8, 9

*Simmons v. Abruzzo*,
    49 F.3d 83 (2d Cir. 1995) ........................................................................................ 13

*Smith v. Town of Patterson*,
    2023 WL 199522 (S.D.N.Y. Jan. 17, 2023) ............................................................ 8

*Valle v. Bally Total Fitness*,
    2003 WL 22244552 (S.D.N.Y. Sept. 30, 2003) .............................................. 13, 14

*Washington v. Niagara Mohawk Power Corp.*,
    103 F. Supp. 2d 517 (N.D.N.Y. 2000) .................................................................... 13

**Statutes**

18 U.S.C. § 1591 ............................................................................................................ 7

18 U.S.C. § 1595 ............................................................................................................ 7

18 U.S.C. § 2255 ................................................................................................... 2, 5, 7

18 U.S.C. § 2423 ...................................................................................................... 1, 4

28 U.S.C. § 1367 ............................................................................................................ 8

**Rules**

Fed. R. Civ. P. 12 .................................................................................................Passim

Fed. R. Civ. P. 8 ........................................................................................................... 13

Defendant Jacob Daskal ("Defendant Daskal"), by and through his attorneys, Meister Seelig & Fein PLLC, respectfully submits this Memorandum of Law in support of his motion seeking an order (i) dismissing the Amended Complaint filed January 25, 2024 ("Amended Complaint" or "Am. Cmpl.") of Plaintiff Rivka Mandel ("Plaintiff") pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure (the "Federal Rules"), or, in the alternative, (ii) requiring Plaintiff to provide a more definite statement of her claims pursuant to Rule 12(e) of the Federal Rules.

## <u>INTRODUCTION</u>

In July 2023, in a criminal proceeding overseen by Judge Nicholas Garaufis, Defendant Daskal pleaded guilty to a violation of 18 U.S.C. § 2423(a) for transporting Plaintiff, who was a minor at the time the offense was committed, with intent to engage in criminal sexual activity. A few months later, in October 2023, Plaintiff commenced this civil action by filing a Complaint against Defendant Daskal and "John Doe" defendants alleging causes of action for (i) "repeated instances of rape of a minor," (ii) "repeated acts of sexual abuse," (iii) "repeated acts of assault," (iv) "repeated acts of battery," (v) intentional infliction of emotional distress ("IIED"), and (vi) for an order directing the "John Doe" defendants to "rescind" funds and assets fraudulently transferred to them by Defendant Daskal. Plaintiff seeks monetary damages of at least $150 million from Defendant Daskal and the other defendants in this action.

In November 2023, Defendant Daskal filed a pre-motion letter with this Court stating that he intended to move for an order dismissing Plaintiff's Complaint under Rule 12(b) or, alternatively, requiring Plaintiff to furnish a more definite statement of her claims under Rule 12(e). In response, Plaintiff filed the Amended Complaint in January 2024. In addition to naming Defendant Daskal, the Amended Complaint specifically names 26 other defendants and also

alleges a cause of action under 18 U.S.C. § 2255. The Amended Complaint otherwise contains the same causes of action set forth in Plaintiff's original Complaint and minor substantive additional allegations were added for the purposes of attempting to tie in the newly named defendants. As explained in detail below, the Amended Complaint fails to cure the fatal infirmities that plagued Plaintiff's original Complaint. Furthermore, the Amended Complaint, like the original Complaint, fails to provide Defendant Daskal with sufficient notice of Plaintiff's claims in this action.

The Amended Complaint should be dismissed under Rules 12(b)(6) and 12(b)(1) of the Federal Rules. Count I of the Amended Complaint, purporting to allege a violation of 18 U.S.C. § 2255, fails to specifically identify which statute, if any, serves as a predicate act for this claim, as is necessary for stating a claim under Section 2255. The remaining "Counts" of the Amended Complaint appear to allege, at best, state law causes of action. In the absence of a proper federal claim, this Court should decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss the Amended Complaint (and this action) in its entirety. In any event, even if the Amended Complaint is not dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction (which it should be), Count II (alleging "repeated instances of rape of a minor"), Count III (alleging "repeated acts of sexual abuse"), and Count VI (alleging IIED) should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. There is no separate, standalone civil cause of action for "rape" or "sexual abuse" under either New York or federal law. And under well-settled law, the IIED claim cannot survive because it is entirely duplicative of Plaintiff's other tort claims. Accordingly, Counts II, III, and VI of the Amended Complaint fail as a matter of law and should be dismissed *with prejudice*.

In the alternative, at the very least, Plaintiff should be required to provide a more definite statement of her claims against Defendant Daskal pursuant to Rule 12(e) of the Federal Rules. Counts II through V of the Amended Complaint state in conclusory, unelaborated fashion that Defendant Daskal acted "in violation of New York State law and United State (or federal) law," and oddly, Count VI is silent as to whether it arises under New York or federal law. Defendant is entitled to know whether the claims he is facing purport to arise under New York or federal statutory, penal, common law, or some other basis — all of which have specific elements that Plaintiff has the burden to prove — in order to be able to properly defend himself against this action.

## FACTS

The following recitation is derived from the allegations of the Amended Complaint (*see* ECF No. 21), which are deemed to be true for purposes of this motion:

In May 2018, Defendant Daskal, a member of the Bobov Hasidic community, was indicted in the Supreme Court of the State of New York, Kings County, and charged with twenty counts arising from his sexual activities with Plaintiff while she was a minor and Defendant Daskal was an adult. Am. Cmpl. ¶¶ 44-45. In the wake of the state indictment of Defendant Daskal, federal investigators opened an investigation into Defendant Daskal in November 2018. *Id.* ¶ 46. The federal investigation resulted in, among other things, the initial federal indictment of Defendant Daskal on February 26, 2021 on three counts arising from Defendant Daskal's sexual activities with Plaintiff while she was a minor and Defendant Daskal was an adult. *Id.* ¶¶ 46-47. While under federal indictment, Defendant Daskal allegedly recruited individuals to coerce, threaten, bribe and intimidate Plaintiff into ceasing to cooperate with federal agents and prosecutors. *Id.* ¶ 50.

3

Defendant Daskal's federal criminal proceeding was assigned to Judge Garaufis.  In a Memorandum and Order filed on June 9, 2023, Judge Garaufis found that:

- In or about June 2017, Defendant Daskal offered to have Plaintiff stay with his family at his summer home in South Fallsburg, New York, and Plaintiff moved in shortly thereafter.

- From approximately August 2017 through November 2017, Defendant Daskal initiated and pursued a pervasive campaign of sexual abuse of Plaintiff while she was a minor.

- Defendant Daskal consistently coerced Plaintiff, who was 15 years-old at the time, into silence.

- In October 2017, Plaintiff, with the assistance of Defendant Daskal, enrolled in a high school in Chicago, Illinois and in November 2017, Defendant Daskal traveled to meet Plaintiff in Chicago, when they again engaged in sexual activity.

Am. Cmpl. ¶ 43.

On July 14, 2023, the U.S. Attorney for the Eastern District of New York informed Judge Garaufis that Defendant Daskal had agreed to plead guilty to the superseding indictment filed on June 16, 2023 for transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. §2423(a), and to be sentenced within the Guidelines range of 168 to 210 months' imprisonment, followed by a period of supervised release of five years.  *Id.* ¶ 53.

On July 14, 2023, Defendant Daskal entered a plea of guilty to a violation of 18 U.S.C. § 2423(a), and Judge Garaufis accepted the plea.  *Id.* ¶ 58.  On October 11, 2023, Judge Garaufis held a sentencing hearing for Defendant Daskal.  *Id.* ¶ 61.  At the conclusion of the sentencing hearing, Judge Garaufis sentenced Defendant Daskal to 17.5 years in federal prison.  *Id.* ¶ 1.

## **PROCEDURAL HISTORY**

On October 2, 2023, Plaintiff filed a Complaint in this Court against Defendant Daskal and "Relief Defendants John Does 1-100."  *See* ECF No. 1.  Plaintiff's original Complaint alleged five "Counts" against Defendant Daskal for (i) repeated instances of rape of a minor, (ii) repeated acts

4

of sexual abuse, (iii) repeated acts of assault, (iv) repeated acts of battery, and (v) IIED.  ECF No. 1 at ¶¶ 27-41.  Plaintiff also alleged a sixth "Count" against the "Relief Defendants" based on their alleged receipt from Defendant Daskal of fraudulent transfers of funds and assets for the purpose of preventing Plaintiff from recovering damages.  *Id.* ¶ 43.

On November 30, 2023, Defendant Daskal filed a letter requesting a pre-motion conference.  *See* ECF No. 15.  In this letter, Defendant Daskal stated that he intended to file a motion (i) to dismiss Plaintiff's Complaint pursuant to Rule 12(b) or, alternatively, (ii) for a more definite statement under Rule 12(e).  Among other things, Defendant Daskal asserted that Plaintiff's Complaint appeared to allege only state law claims, and therefore the Court lacked subject matter jurisdiction over Plaintiff's federal court action.  ECF No. 15 at p. 3-4.  Defendant Daskal further asserted that, to the extent Plaintiff purported to state a claim under 18 U.S.C. § 2255 (known as "Masha's Law") in her Complaint, Plaintiff failed to identify the specific statute serving as a predicate act of a Masha's Law claim.  ECF No. 15 at p. 4.  Defendant Daskal also asserted that, as drafted, Plaintiff's Complaint made it impossible to understand the grounds upon which Plaintiff's claims were premised, as the Complaint alleged that Defendant Daskal's actions were "in violation of New York State law and United States [or federal] law."  ECF No. 15 at p. 2.  In response to Defendant Daskal's pre-motion letter, Plaintiff stated that she would file an amended complaint.  *See* ECF No. 16.

On January 25, 2024, Plaintiff filed the Amended Complaint.  In addition to Defendant Daskal, the Amended Complaint names 26 other defendants, including various family members of Defendant Daskal.  *See* ECF No. 21.  Like Plaintiff's original Complaint, the Amended Complaint contains six "Counts."  Count I of the Amended Complaint is for violation of 18 U.S.C. § 2255, but again, Plaintiff does not identify the statute purportedly serving as a predicate act for her

Masha's Law claim. The remaining five "counts" are identical to those of the original Complaint and assert claims for (i) repeated instances of rape of a minor, (ii) repeated acts of sexual abuse, (iii) repeated acts of assault, (iv) repeated acts of battery, and (v) IIED. While these remaining five "Counts" *appear* to arise under New York law, the Amended Complaint (just like Plaintiff's original Complaint) repeatedly alleges that Defendant Daskal acted in violation of New York State law *and* United States (or federal) law. *See* Am. Cmpl. ¶¶ 96-105.

**ARGUMENT**

## I.   THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULES 12(B)(6) AND 12(B)(1)

### A.   Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) should be granted "where, accepting all well-pleaded facts contained in the complaint as true and making all reasonable inferences in favor of the non-moving party, the plaintiff fails to state a claim for relief that is plausible on its face." *Reich v. City of New York*, No. 19-CV-6491, 2021 WL 11628271, at *3 (E.D.N.Y. July 23, 2021) (Reyes, J.), *R&R adopted*, 2021 WL 5783382 (E.D.N.Y. Dec. 7, 2021). "Plausibility does not require probability, only that the facts 'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555-56 (2007)). However, the court "is not required to accept 'legal conclusions' and should not credit 'threadbare recitals of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"[W]hen the district court lacks the statutory or constitutional power to adjudicate a case, it is dismissed pursuant to Rule 12(b)(1)." *Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 356-57 (E.D.N.Y. 2013). Notably, the standard for dismissal under Rule 12(b)(1) is "substantially identical" to the standard for dismissal under Rule 12(b)(6). *Reich v. City of New York*, No. 19-

6

CV-6491, 2021 WL 6423983, at *3 (E.D.N.Y. Oct. 5, 2021) (Reyes, J.), *R&R adopted*, 2021 WL 5783382 (E.D.N.Y. Dec. 7, 2021).

**B.      The Amended Complaint Fails to State a Claim under 18 U.S.C. § 2255**

Count I of the Amended Complaint purports to assert a claim under 18 U.S.C. § 2255, known as Masha's Law, which permits "[a]ny person who, while a minor, was the victim of a violation of [certain specified statutes], and who suffers personal injury as a result of such violation" to seek to recover his or her damages in federal court.   Plaintiff, however, does not identify in her Amended Complaint the specific statute she is asserting as a predicate act of a Masha's Law claim.   One of the specified statutes (the violation of which may serve as a predicate for bringing a Masha's Law claim) is 18 U.S.C. § 1591, which concerns sex trafficking of children. While Plaintiff's original Complaint cited Section 1591 as a basis for asserting jurisdiction (*see* ECF No. 1 at ¶ 9), the Amended Complaint no longer cites Section 1591.   *See* Am. Cmpl., ¶ 40. Furthermore, while the Amended Complaint cites a different statute, 18 U.S.C. § 1595, as a basis for jurisdiction (Am. Cmpl. ¶ 40), Section 1595 is not listed among the specified statutes that may serve as a predicate for bringing a civil claim under 18 U.S.C. § 2255.

The Amended Complaint's failure to properly identify a predicate act is fatal to Plaintiff's Masha's Law claim.   *See, e.g.*, *Gray v. Darby*, No. 08-CV-02527, 2009 WL 805435, at *8 (E.D. Pa. Mar. 25, 2009) (dismissing complaint that failed to allege a predicate felony under § 2255); *Doe v. Albuquerque Pub. Sch.*, No. 18-CV-00085, 2018 WL 4080684, at *6 (D.N.M. Aug. 27, 2018) (dismissing § 2255 claim where plaintiff "has not provided any facts that come anywhere close to asserting a plausible claim under the statute for any of the predicate offenses"); *see also Harding v. Watch Tower Bible & Tract Soc'y of New York, Inc.*, No. 22-6029, 2022 WL 3025816, at *2 n.3 (10th Cir. Aug. 1, 2022) (questioning viability of § 2255 claim where plaintiff failed to

"allege that he was the victim of any of the predicate federal crimes necessary to state such a claim," while ultimately dismissing claim on statute of limitations grounds).  Defendant Daskal is not required to guess which statute, if any, is intended to serve as Plaintiff's predicate act with respect to her Masha's Law claim.

Accordingly, Plaintiff's Masha's Law claim in Count I of the Amended Complaint should be dismissed under Rule 12(b)(6).

### C.    The Amended Complaint's Remaining Causes of Action should be Dismissed for Lack of Subject Matter Jurisdiction

28 U.S.C. § 1367 confers supplemental jurisdiction over state law claims in a civil action where the federal court has "original jurisdiction."  *Id.*  "In the Second Circuit, 'when the federal claims are dismissed the state claims should be dismissed as well.'"  *Senese v. Longwood Cent. Sch. Dist.*, 330 F. Supp. 3d 745, 777 (E.D.N.Y. 2018) (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998)); *Carnegie-Melon University v. Cahill*, 484 U.S. 343, 350, n.7 (1988) (stating that "[i]n the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 511 (S.D.N.Y. 2015) (noting general rule that when federal claims are dismissed the state law claims should also be dismissed).  In fact, "where the federal claims are dismissed at an early stage in the litigation, the Second Circuit has generally held that it is inappropriate for the district court to exercise supplemental jurisdiction."  *Smith v. Town of Patterson*, No. 22-CV-313 (NSR), 2023 WL 199522, at *4 (S.D.N.Y. Jan. 17, 2023) (citing *Giordano v. City of New York*, 274 F.3d 740, 754-55 (2d Cir. 2001)).

8

Here, Plaintiff's fatally deficient Masha's Law claim in Count I of the Amended Complaint appears to be her only federal claim, and Plaintiff's remaining causes of action appear to set forth, at most, only state law claims. While Counts II through V vaguely allege that they are brought for Defendant Daskal's alleged violations of "New York State *and United States law*," the Amended Complaint fails to allege that these claims of tortious conduct — which purport to seek recovery for rape, sexual abuse, assault, and battery — arise under any cognizable federal statute or federal common law causes of action. The same applies to Count VI, Plaintiff's IIED claim, which is silent as to whether it purports to arise under either New York or "United States law." Furthermore, this action is still in its earliest stages, making it inappropriate for this Court to retain supplemental jurisdiction over Plaintiff's state law claims.

Therefore, this Court should decline to exercise supplemental jurisdiction over Counts II through VI of the Amended Complaint, and these claims — as well as this action — should be dismissed pursuant to Rule 12(b)(1). *See Chiaramonte v. Animal Med. Ctr.*, 677 F. App'x 689, 692 n.2 (2d Cir. 2017) (because the district court properly dismissed the federal claims, it "likewise appropriately declined to exercise supplemental jurisdiction over [plaintiff's] remaining state-law claims"); *Senese*, 330 F. Supp. 3d at 777 ("As this Court has dismissed the Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims").

### D.    The Amended Complaint's Claims for Rape and Sexual Abuse should be Dismissed with Prejudice

Regardless of whether the Amended Complaint is dismissed for lack of subject matter jurisdiction (which it should be), Counts II and III should be dismissed on the separate and independent basis that they fail to state a claim upon which relief can be granted under Rule 12(b)(6). Count II of the Amended Complaint is captioned "repeated instances of rape of a minor"

and alleges in conclusory fashion that "Defendant Daskal repeatedly raped and injured Ms. Mandel in violation of New York State law and United States law." Am. Cmpl. ¶ 96. Count III of the Amended Complaint is captioned "repeated acts of sexual abuse" and alleges, also in conclusory fashion, that "Defendant Daskal committed multiple acts of sexual abuse against Ms. Mandel in violation of New York State law and United States law." Am. Cmpl. ¶ 99. Neither of these claims states a cognizable civil cause of action under either New York or federal law.

Under New York law, there is no standalone civil cause of action for "rape" or "sexual abuse." Rather, civil claims arising from acts of rape or sexual abuse fall under the umbrella of assault and battery. "In the civil context, the common meanings of 'assault' and 'battery' subsume all forms of tortious menacing and unwanted touching." *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 90 n.7 (E.D.N.Y. 2020) (quoting *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001)). As such, under New York law, "[a] claim for sexual assault may be framed as a claim for either assault or battery." *Nicholson v. Luce*, 55 A.D.3d 416, 416 (1st Dep't 2008). Civil claims for assault and battery arising from acts of rape or sexual abuse are separate and distinct from the crimes of rape or sexual assault. *Doe v. New York City Dep't of Educ.*, 669 F. Supp. 3d 160, 166 (E.D.N.Y. 2023) (noting that "in New York, *civil* tort claims based on rape have distinct elements from the *crime* of rape" and that "[e]ven a civil claim for assault or battery based on rape is not, strictly speaking, a sexual offense defined in the Penal Law") (emphasis in original). As explained in a recent decision in which a court in this District recommended denying a plaintiff's motion to add a civil cause of action based on acts of attempted rape:

> Put simply, there is no common law cause of action under New York law for attempted rape. Rather, plaintiff's factual allegations concerning defendant's sexual assault are "subsumed" within her existing cause of action for assault and battery.

10

*Hough v. Petty*, No. 21-CV-4568-ENV-JRC, 2023 WL 7687866, at *3 (E.D.N.Y. Oct. 10, 2023) ("[T]he Court recommends denying plaintiff's motion to add a cause of action for attempted rape on the grounds that such a claim, already subsumed under plaintiff's assault and battery claim, would be futile").[1]

Here, Plaintiff asserts causes of action for assault and battery in, respectively, Counts IV and V of the Amended Complaint.  Am. Cmpl. ¶¶ 101-106.  There is no indication that the facts underlying Plaintiff's assault and battery claims are different from those underlying her rape and sexual abuse claims, and indeed, the "wherefore" clause of the Amended Complaint seeks the same damages for all of these claims.  Under New York law, Plaintiff's claims for assault and battery subsume her claims for rape and sexual abuse.

Furthermore, the Amended Complaint does not cite, and Defendant Daskal is not aware of, any civil cause of action for "rape" or "sexual abuse" existing under federal common law.  As such, Plaintiff does not and cannot state viable, standalone civil claims for rape or sexual abuse under federal law.

Therefore, Count II (repeated instances of rape of a minor) and Count III (repeated acts of sexual abuse) of the Amended Complaint should be dismissed *with prejudice*, as neither of these claims states a cognizable, standalone civil cause of action under either New York or federal law.

### E.    The Amended Complaint's IIED Claim should be Dismissed with Prejudice

Like Counts II and III (alleging, respectively, rape and sexual abuse) of the Amended Complaint, Count VI (for IIED) should be dismissed on the grounds that it fails to state a claim upon which relief can be granted under Rule 12(b)(6).  "New York courts do not allow IIED claims

---

[1]  The Report and Recommendation issued by Magistrate Judge Cho in the *Hough* case was adopted in its entirety in a text order issued by Judge Vitaliano on December 8, 2023, as reflected on the ECF docket in that action.  *See* Case No. 1:21-cv-04568.

where the conduct complained of falls well within the ambit of other traditional tort liability." *Crews v. County of Nassau*, 996 F. Supp. 2d 186, 214 (E.D.N.Y. 2014). "Thus, courts in this circuit have consistently concluded that IIED claims are duplicative of traditional tort claims," and subject to dismissal. *Fraser v. City of New York*, No. 20-CV-5741, 2022 WL 3045524, at *4 (E.D.N.Y. Aug. 1, 2022).

Here, in Count VI of the Amended Complaint, Plaintiff alleges merely that "Defendant Daskal's conduct caused severe emotional distress to Ms. Mandel." Am. Cmpl. ¶ 108. Because Plaintiff's IIED claim appears to arise from the same facts and seek the same damages as her assault and battery claims, the IIED claim should be dismissed as duplicative of those other tort claims. *See Fraser*, 2022 WL 3045524, at *4 (granting motion to dismiss IIED claim because "the conduct complained of falls well within the ambit of other traditional tort liability"); *Crews*, 996 F. Supp. 2d at 214 (stating that "IIED claims that are duplicative of other tort claims should … be dismissed") (citations omitted).

Furthermore, the IIED claim should be dismissed *with prejudice*. When Defendant Daskal filed a pre-motion letter seeking the dismissal of Plaintiff's original Complaint, Defendant Daskal specifically argued that the IIED claim should be dismissed as duplicative of Plaintiff's assault and battery claims. *See* ECF No. 15 at p. 4. In response, Plaintiff filed the Amended Complaint. However, despite taking another bite at the apple in the Amended Complaint, Plaintiff has utterly failed to cure the deficiencies of the IIED claim. It is evident that Plaintiff is unable to state a separate and independent claim for IIED, and that any further attempt to do so will be futile. The IIED claim should therefore be dismissed with prejudice. *See, e.g.*, *J.S. Serv. Ctr. Corp. v. Gen. Elec. Tech. Servs. Co.*, 937 F. Supp. 216, 225 (S.D.N.Y. 1996) ("[D]ismissal with prejudice is proper when a complaint previously has been amended"); *Gallop v. Cheney*, 642 F.3d 364, 369

(2d Cir. 2011) ("[I]n the absence of any indication that [plaintiff] could — or would — provide additional allegations that might lead to a different result, the District Court did not err in dismissing her claim with prejudice.").

## II. ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT OF HER CLAIMS PURSUANT TO FEDERAL RULE 12(E)

### A. Legal Standard

Rule 12(e) states that a motion for a more definite statement may be granted where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992) (granting Rule 12(e) motion for a more definite statement, stating that "a complaint must give the defendant 'fair notice of what the plaintiff's claim is and the grounds on which it rests'") (citations omitted).  Rule 12(e) reflects the notion that "[t]he principal purpose of the pleading is to give the adverse party fair notice of the claim asserted so that a defendant will not have to speculate about its basis." *Valle v. Bally Total Fitness*, No. 01-CV-11614, 2003 WL 22244552, at *3 (S.D.N.Y. Sept. 30, 2003) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

In this regard, courts disapprove of the "strategy of 'stealth' pleading, in which a plaintiff would benefit by 'hiding the ball' as long as possible, and emerging triumphant when the defendant failed to guess what [plaintiff] was doing," as such pleading strategy is "utterly contrary to the spirit and letter of the Rules of Civil Procedure." *Washington v. Niagara Mohawk Power Corp.*, 103 F. Supp. 2d 517, 524 (N.D.N.Y. 2000) (citing Rule 8(a) of the Federal Rules); *see also Douek v. Citibank*, No. 20-CV-8074 (JMF), 2021 WL 3604761, at *1 (S.D.N.Y. Aug. 12, 2021) (where

"net result is that Defendants — and the Court — are left to guess about what [plaintiff's] claims are," the complaint "is plainly insufficient to satisfy Rule 8").

**B.      The Amended Complaint Does Not Provide Proper Notice of Plaintiff's Claims**

Plaintiff's Amended Complaint — just like her original Complaint — is drafted in a way that makes it impossible for Defendant Daskal to understand the grounds upon which her claims are premised.  Count II of the Amended Complaint purports to allege a claim of "instances of rape of a minor."  Am. Cmpl. ¶¶ 95-97.  Defendant Daskal cannot determine, however, whether this claim is being brought pursuant to New York State penal, statutory, or common law, or whether it is being brought pursuant to one or more of the federal statutes cited in paragraph 40 of the Amended Complaint, or some other basis.  The same applies to Plaintiff's claims of sexual abuse, assault, and battery.  Am. Cmpl. ¶¶ 98-106.  Oddly, Count VI, alleging IIED, is silent as to whether it is being brought under either New York or federal law, and thus requires clarification as well.  Am. Cmpl. ¶¶ 107-109.

Defendant Daskal cannot reasonably be required to frame an answer to these causes of action, as he will necessarily need to know what specific statutes or common law to respond to in his responsive pleading.  The case law supporting Defendant Daskal's request for a more definite statement under these circumstances is abundant.  *See, e.g.*, *Perez v. City of New York*, No. 97-CV-2915, 1998 WL 564551, at *2 (E.D.N.Y. June 18, 1998) (dismissing personal injury claim without prejudice where it was "not clear from the complaint whether this claim is brought under state law or pursuant to the federal civil rights statute"); *Norwood v. Salvatore*, No. 3:12-CV-1025, 2013 WL 1499599, at *14 (N.D.N.Y. Apr. 10, 2013) (dismissing malicious prosecution claim, noting it was "ambiguous" and "unclear whether the claim is asserted pursuant to federal and/or state law"); *Valle*, 2003 WL 22244552, at *3 (concluding "Plaintiff's complaint should be

dismissed because it does not give Bally fair notice of the claim asserted against it and leaves Bally to speculate about the basis of the claims"); *Dixie Mercerizing Co. v. Triangle Thread Mills*, 17 F.R.D. 8, 9 (S.D.N.Y. 1955) (stating that counterclaim allegations that the plaintiff has proceeded "in contravention of … the laws of the United States and the State of New York" were too vague and indefinite, and that "[t]he specific statutes involved, if any, must be stated"); *see also Kelly by & through Grandinetti v. N. Highlands Recreation & Park Dist.*, No. CIV-S-05-02047, 2006 WL 8458908, at *7 (E.D. Cal. Jan. 19, 2006) (dismissing claim, with leave to amend, where it was "unclear whether plaintiffs assert violations of state law, federal law, or both").

Furthermore, without clarification of Plaintiff's causes of action in the Amended Complaint, Defendant Daskal will be unable to mount a proper defense, as a result of which he will be unfairly and severely prejudiced. For example, depending on whether Plaintiff is asserting claims under New York law or federal law, the elements of such claims may be different and directly inform Defendant Daskal's available affirmative defenses. Similarly, depending on which claims Plaintiff is asserting, the statutes of limitations under New York and federal may be different, again directly impacting Defendant Daskal's available defenses.

In short, Defendant Daskal is not required to guess whether Plaintiff's claims arise under New York or federal common law, statutory law, or some other basis. Defendant Daskal is entitled to at least *basic* notice of the nature of Plaintiff's claims in order to be able to properly defend himself against these claims. *See, e.g.*, *Precise-Mktg. Corp. v. Simpson Paper Co.*, No. 95-CV-5629, 1996 WL 285364, at *2 (S.D.N.Y. May 30, 1996) (granting defendant's motion for more definite statement to enable defendant "to know whether to plead affirmative defenses based on applicable statutes of limitations and statutes of fraud"); *Aguilar v. New York Convention Ctr. Operating Corp.*, 174 F. Supp. 2d 49, 56 (S.D.N.Y. 2001) ("Without greater specificity regarding

15

the alleged harm suffered by each plaintiff, it is impossible for defendants even to formulate an answer").

## **CONCLUSION**

For the foregoing reasons, Defendant Daskal respectfully requests that this Court grant his motion for an order dismissing the Amended Complaint pursuant to Rules 12(b)(6) and 12(b)(1) or, in the alternative, requiring Plaintiff to furnish a more definite statement pursuant Rule 12(e), as well as awarding any such other relief as this Court deems just and proper.


Dated: New York, New York
       May 24, 2024

**MEISTER SEELIG & FEIN PLLC**


By:___*/s/ Mitchell Schuster*_____
       Mitchell Schuster, Esq.
       Stacey Ashby, Esq.
       Amit Shertzer, Esq.

125 Park Avenue – 7th Floor
New York, New York 10017
Tel. (212) 655-3500
Email: ms@msf-law.com
        sma@msf-law.com
        as@msf-law.com

*Attorneys for Defendant Jacob Daskal*

16