UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVKA MANDEL,<br><br>       Plaintiff,<br><br>   -against-<br><br>JACOB DASKAL; BELLA DASKAL; PEARL DEMBITZER; LEIBY DEMBITZER; CHAYA BORNSTEIN; SHULEM BORNSTEIN; CHAIM DASKAL; ESTHER BRODY; ROSE TEITELBAUM; BENZION DASKAL; SOLOMON DASKAL; BARRY DASKAL; CHAVI FISCHBEIN; : ISAAC FISCHBEIN; BORO PARK SHOMRIM; BAIS Y AAKOV HIGH SCHOOL OF CHICAGO; CRAINDELL Z. MANNES; RABBI BEN ZION HALBERSTAM; CHAIM S. HALBERSTAM; CONGREGATION SHAAREI ZION OF BOBOV; RABBINICAL COLLEGE BOBOVER YESHIVA BNEI ZION; LIPA "NUSSY" BRAUNER; MUTTY BRAUNER; YAD EPHRAIM a/k/a EZRAS CHOLIM YAD EPHRAIM; PESACH GREENBERG; YACHAD D'BOBOV; and CHAIM FLEISCHER,<br><br>       Defendants. | 1:23-cv-07352-RER-VMS<br><br>**Oral Argument Requested**<br><br>(Served on all counsel of record on October 28, 2024) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT JACOB DASKAL'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 12(B)(1) OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)**

                 **MEISTER SEELIG & FEIN PLLC**
                 125 Park Avenue, 7th Floor
                 New York, New York 10017
                 Tel. (212) 655-3500

                 *Attorneys for Defendant Jacob Daskal*

## **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

    I.    THE CLAIMS CHALLENGED BY DEFENDANT DASKAL'S MOTION TO DISMISS AND NOT ADDRESSED IN PLAINTIFF'S OPPOSITION ARE DEEMED ABANDONED BY PLAINTIFF AS TO DEFENDANT DASKAL .............................. 2

        A.    The Amended Complaint Fails to State a Claim under 18 U.S.C. § 2255 ................. 4

        B.    The Rape and Sexual Abuse Claims should be Dismissed with Prejudice ................ 5

        C.    The IIED Claim should be Dismissed with Prejudice ............................................... 5

    II.    AT THE VERY LEAST, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT ................................................................................ 6

CONCLUSION ............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Annam v. City of New York*,
  No. 22-CV-2945 (LGS), 2023 WL 35053 (S.D.N.Y. Jan. 4, 2023) ......................................... 2

*Colbert v. Rio Tinto PLC*,
  824 F. App'x 5 (2d Cir. 2020) ................................................................................................. 2

*Cole v. Blackwell Fuller Music Publ'g, LLC*,
  No. 16-CV-7014 (VSB), 2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018) ................................ 3

*Crews v. County of Nassau*,
  996 F. Supp. 2d 186 (E.D.N.Y. 2014) .................................................................................... 5

*DoubleLine Capital LP v. Odebrecht Finance, Ltd.*,
  323 F. Supp. 3d 393 (S.D.N.Y. 2018) ..................................................................................... 2

*Francisco v. Abengoa, S.A.*,
  559 F. Supp. 3d 286 (S.D.N.Y. 2021) ..................................................................................... 3

*Fraser v. City of New York*,
  No. 20-CV-5741, 2022 WL 3045524 (E.D.N.Y. Aug. 1, 2022) ............................................. 5

*Gray v. Darby*,
  No. 08-CV-02527, 2009 WL 805435 (E.D. Pa. Mar. 25, 2009) ............................................. 4

*Hough v. Petty*,
  No. 21-CV-4568-ENV-JRC, 2023 WL 7687866 (E.D.N.Y. Oct. 10, 2023) .......................... 5

*In re Merrill Lynch Ltd. P'ships Litig.*,
  154 F.3d 56 (2d Cir. 1998) ..................................................................................................... 5

*J.S. Serv. Ctr. Corp. v. Gen. Elec. Tech. Servs. Co.*,
  937 F. Supp. 216 (S.D.N.Y. 1996) ......................................................................................... 6

*Malik v. City of New York*,
  841 F. App'x 281 (2d Cir. 2021) ............................................................................................ 2

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*,
  No. 08-CV-442 (TPG) (FM), 2014 WL 4723299 (S.D.N.Y. Sept. 23, 2014) ........................ 3

*Rosen v. N.Y.C. Dep't of Educ.*,
  No. 18-CV-6670 (AT), 2019 WL 4039958 (S.D.N.Y. Aug. 27, 2019) .................................. 2

*Russell Pipe & Foundry Co. v. City of New York*,
  No. 94-CV-8642 (JFK), 1997 WL 80601 (S.D.N.Y. Feb. 25, 1997) ....................................... 3

*Senese v. Longwood Cent. Sch. Dist.*,
  330 F. Supp. 3d 745 (E.D.N.Y. 2018) ................................................................................... 5

*Stinnett v. Delta Air Lines, Inc.*,
  278 F. Supp. 3d 599 (E.D.N.Y. 2017) ................................................................................... 3

**<u>Statutes</u>**

18 U.S.C. § 2255 ................................................................................................................... 1, 4

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1) ....................................................................................................... 1, 4, 7

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 3, 4, 7

Fed. R. Civ. P. 12(e) ............................................................................................................... 1, 7

## INTRODUCTION[1]

Defendant Daskal has moved to dismiss the Amended Complaint under Rule 12(b)(6) and 12(b)(1) or, alternatively, for a more definite statement under Rule 12(e). In support of his Rule 12(b) motion, Defendant Daskal has argued, based on a litany of supporting authorities, that the Amended Complaint's Masha's Law claim (18 U.S.C. § 2255) is deficient because Plaintiff has failed to identify a required predicate act; that, if the Section 2255 claim is dismissed, the Amended Complaint's remaining claims (appear to) arise under state law only and thus should be dismissed as well; that the Amended Complaint's "rape" and "sexual abuse" claims are incognizable under federal and New York law because they are subsumed by the assault and battery claims; and that the IIED claim fails as a matter of law because it is entirely duplicative of Plaintiff's other tort claims. In support of his Rule 12(e) motion, Defendant Daskal has argued, again relying on relevant authorities, that Plaintiff should be compelled to furnish a more definite statement of her claims, as the Amended Complaint does not give Defendant Daskal sufficient notice of the nature of the claims he is facing, including whether these claims arise under state law or federal law.

Aside from a single paragraph arguing, in conclusory fashion and without citing cases, that the Amended Complaint "does not require a more definite statement," Plaintiff's omnibus opposition brief (Dkt. No. 79) responds to *none* of Defendant Daskal's arguments and authorities. Plaintiff's opposition merely provides a copy-and-paste recitation of the allegations of the Amended Complaint, and responds to the argument of the *other* moving defendants (but not to those of Defendant Daskal) relating to whether secondary liability exists under Section 2255.

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in Defendant Daskal's opening memorandum of law dated May 24, 2024.

Under well-settled case law in this Circuit, Plaintiff's failure to respond to Defendant Daskal's arguments challenging the claims directed against him in the Amended Complaint means that those claims are deemed abandoned or waived as to Defendant Daskal. In any event, for the reasons set forth in Defendant Daskal's opening motions papers — which are not addressed, let alone opposed in Plaintiff's opposition — Defendant Daskal's Rule 12 motion should be granted in its entirety.

## ARGUMENT

### I. THE CLAIMS CHALLENGED BY DEFENDANT DASKAL'S MOTION TO DISMISS AND NOT ADDRESSED IN PLAINTIFF'S OPPOSITION ARE DEEMED ABANDONED BY PLAINTIFF AS TO DEFENDANT DASKAL

"As a general matter, district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage." *Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020); *Annam v. City of New York*, No. 22-CV-2945 (LGS), 2023 WL 35053, at *1 (S.D.N.Y. Jan. 4, 2023) ("[W]hen a party fails adequately to present arguments in a brief, a court may properly consider those arguments abandoned, especially in the case of a counseled party where a court may infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned") (quoting *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021)); *DoubleLine Capital LP v. Odebrecht Finance, Ltd.*, 323 F. Supp. 3d 393, 449 (S.D.N.Y. 2018) (collecting cases where plaintiffs were deemed to have abandoned claims by failing to address them in opposing a motion to dismiss).[2] Other courts in this Circuit have characterized a plaintiff's failure to respond to the arguments of a motion to

---

[2] An exception to this general rule applies when a plaintiff is *pro se* and not represented by counsel; in such cases, courts are less likely to deem claims as abandoned when not addressed in the plaintiff's opposition papers. *See, e.g.*, *Rosen v. N.Y.C. Dep't of Educ.*, No. 18-CV-6670 (AT), 2019 WL 4039958, at *3 n.4 (S.D.N.Y. Aug. 27, 2019). That exception does not apply here, given that Plaintiff is represented by counsel.

2

dismiss as an implicit waiver of the claims challenged in the motion to dismiss. *See Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 318 n.10 (S.D.N.Y. 2021) ("Numerous courts in this District have held that a party's failure to address an issue in its response to a Rule 12(b)(6) motion 'amounts to a concession or waiver of the argument'") (quoting *Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16-CV-7014 (VSB), 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) (collecting cases)).

Here, whether characterized as abandonment, waiver, or concession, it is indisputable that Plaintiff's opposition utterly fails to respond to the arguments raised in Defendant Daskal's motion to dismiss the Amended Complaint. Plaintiff's failure to defend her claims against Defendant Daskal's challenges to the Amended Complaint should result in dismissal of these claims under Rule 12(b)(6). *See Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 617 (E.D.N.Y. 2017) (deeming claim abandoned where "[defendant] moved to dismiss this claim and Plaintiff neither disputes [defendant's] arguments, nor defends this claim in anyway" and holding that "[w]here, as here, Plaintiff fails to address [Defendant's] arguments in her opposition, the Court deems Plaintiff's silence as a concession that Plaintiff is abandoning her claim") (citing *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08-CV-442 (TPG) (FM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim")); *Russell Pipe & Foundry Co. v. City of New York*, No. 94-CV-8642 (JFK), 1997 WL 80601, at *12 (S.D.N.Y. Feb. 25, 1997) ("Plaintiffs implicitly acknowledge the merit of Defendants' position by failing to present argument in opposition to Defendants' motion to dismiss this claim").

As set forth below, Plaintiff's opposition fails to address *any* of Defendant Daskal's arguments in support of his motion to dismiss the Amended Complaint. The Amended Complaint should be dismissed on this basis.

### A. The Amended Complaint Fails to State a Claim under 18 U.S.C. § 2255

In his opening motion papers, Defendant Daskal explains that Plaintiff's Masha's Law claim (18 U.S.C. § 2255) is deficient as a matter of law because the Amended Complaint does not identify the specific statute she is asserting as a predicate act, as is necessary to state a claim under Masha's Law. Despite having had this deficiency pointed out to her in November 2023 that her original pleading failed to give Defendant Daskal proper notice of the claims asserted against him (*see* Dkt. No. 15), Plaintiff chose to ignore those deficiencies when amending her complaint as of right and in her opposition to dismiss the Amended Complaint, Plaintiff *still* fails to specifically identify a predicate act underlying her Masha's Law claim. This failure is fatal to the Masha's Law claim, which should be dismissed under Rule 12(b)(6). *See, e.g.*, *Gray v. Darby*, No. 08-CV-02527, 2009 WL 805435, at *8 (E.D. Pa. Mar. 25, 2009) (dismissing complaint that failed to allege a predicate felony under Section 2255).

Moreover, as argued previously, Plaintiff's opposition fails to address Defendant Daskal's contention that to extent that Plaintiff's remaining claims are deemed to arise under New York state law (which is, however, not clear from the face of the Amended Complaint, which alleges in contradictory fashion that these claims arise under *both* New York and federal law), the dismissal of the Masha's Law claim would mean that only state-law claims would remain in this action. Under such circumstances, this Court should decline to exercise supplemental jurisdiction over Counts II through VI of the Amended Complaint, and these claims — as well as this action — should be dismissed pursuant to Rule 12(b)(1). *See, e.g.*, *Senese v. Longwood Cent. Sch. Dist.*,

4

330 F. Supp. 3d 745, 777 (E.D.N.Y. 2018) ("In the Second Circuit, 'when the federal claims are dismissed the state claims should be dismissed as well'") (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998)).

### B. The Rape and Sexual Abuse Claims should be Dismissed with Prejudice

Defendant Daskal's opening motion papers demonstrate and cite case law showing that there is no standalone civil cause of action for "rape" or "sexual abuse," as alleged in Counts II and III of the Amended Complaint. Rather, civil claims arising from acts of rape or sexual abuse are subsumed by claims for assault and battery. *See, e.g., Hough v. Petty*, No. 21-CV-4568-ENV-JRC, 2023 WL 7687866, at *3 (E.D.N.Y. Oct. 10, 2023) (recommending denial of motion to add cause of action for attempted rape "on the grounds that such a claim, already subsumed under plaintiff's assault and battery claim, would be futile"). Plaintiff's opposition is completely silent on this argument and does not challenge Defendant Daskal's well-supported position on this issue. Furthermore, the futility of Plaintiff's "rape" and "sexual abuse" claims cannot be cured through a further amendment of the Amended Complaint as these claims are "subsumed" by the assault and battery claims as a matter of law. Accordingly, Count II (repeated instances of rape of a minor) and Count III (repeated acts of sexual abuse) of the Amended Complaint should be dismissed with prejudice.

### C. The IIED Claim should be Dismissed with Prejudice

In his opening papers, Defendant Daskal explains that Count VI, for IIED, is deficient as a matter of law because "New York courts do not allow IIED claims where the conduct complained of falls well within the ambit of other traditional tort liability." *Crews v. County of Nassau*, 996 F. Supp. 2d 186, 214 (E.D.N.Y. 2014); *Fraser v. City of New York*, No. 20-CV-5741, 2022 WL 3045524, at *4 (E.D.N.Y. Aug. 1, 2022) ("[C]ourts in this circuit have consistently concluded that

5

IIED claims are duplicative of traditional tort claims" and subject to dismissal). Plaintiff's opposition does not even attempt to show (and cannot show) that the IIED claim arises from facts that are separate or distinct from those facts underlying the Amended Complaint's other tort claims. Thus, the IIED claim is duplicative and should be dismissed. Furthermore, because Plaintiff has already been given an opportunity to amend her complaint and is *still* unable to plead an IIED claim, this claim should be dismissed with prejudice. *See, e.g.*, *J.S. Serv. Ctr. Corp. v. Gen. Elec. Tech. Servs. Co.*, 937 F. Supp. 216, 225 (S.D.N.Y. 1996) ("[D]ismissal with prejudice is proper when a complaint previously has been amended").

## II. AT THE VERY LEAST, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT

As set forth in Defendant Daskal's opening motion papers, the Amended Complaint — just like Plaintiff's original Complaint — is drafted in a way that makes it impossible for Defendant Daskal to understand the grounds upon which her claims are premised, as the Amended Complaint alleges that Defendant Daskal's acts were a "violation of New York State law and United States law." Defendant Daskal cannot reasonably be required to frame an answer to these causes of action, as he will necessarily need to know what specific statutes or common law elements to respond to in his responsive pleading.

Once again, Plaintiff's opposition fails to grapple with Defendant Daskal's arguments or cited authorities. Instead, Plaintiff's opposition consists only of the following wholly conclusory and irrelevant sentence: "The AC contains detailed factual statements drawn from public documents, such as the state and federal indictments, letters from the Office of the United States Attorney, transcripts from the federal proceedings before Judge Garaufis, and statements made by a person – Ms. Mandel – who has first-hand knowledge and information." Dkt. No. 79 at p. 24. Putting aside the supposed source of the factual statements, this sentence does not shed any light

6

as to whether Plaintiff's claims arise under New York State and/or federal law. Without clarification of Plaintiff's specific claims and their applicable elements, Defendant Daskal will be irreparably prejudiced in his ability to defend himself in this action. Like every defendant in every civil case, Defendant Daskal is entitled to basic notice of the claims levied against him, and he should not be forced to guess whether those claims arise under New York State or federal law.

Therefore, if the Amended Complaint is not dismissed under Rules 12(b)(6) and 12(b)(1) (which it should be), then Plaintiff should at the very least be required to provide a more definite statement of her claims under Rule 12(e).

## CONCLUSION

For the foregoing reasons and those set forth in Defendant Daskal's opening motion papers, Defendant Daskal respectfully requests that this Court grant his motion for an order dismissing the Amended Complaint pursuant to Rules 12(b)(6) and 12(b)(1) or, in the alternative, requiring Plaintiff to furnish a more definite statement pursuant Rule 12(e), as well as awarding any such other relief as this Court deems just and proper.

Dated: New York, New York
October 28, 2024

**MEISTER SEELIG & FEIN PLLC**

By: */s/ Mitchell Schuster*
Mitchell Schuster, Esq.
Stacey Ashby, Esq.
Amit Shertzer, Esq.

125 Park Avenue – 7th Floor
New York, New York 10017
Tel. (212) 655-3500
Email: ms@msf-law.com
sma@msf-law.com
as@msf-law.com

*Attorneys for Defendant Jacob Daskal*