RIVKA MANDEL,

        Plaintiff,

v.

JACOB DASKAL, BELLA DASKAL, PEARL DEMBITZER, LEIBY DEMBITZER, CHAYA BORNSTEIN, SHULEM BORNSTEIN, CHAIM DASKAL, ESTHER BRODY, ROSE TEITELBAUM, BENZION DASKAL, SOLOMON DASKAL, BARRY DASKAL, CHAVI FISCHBEIN, ISAAC FISCHBEIN, BORO PARK SHOMRIM, BAIS YAAKOV HIGH SCHOOL OF CHICAGO, CRAINDELL Z. MANNES, RABBI BEN ZION HALBERSTAM, CHAIM S. HALBERSTAM, CONGREGATION SHAAREI ZION OF BOBOV, RABBINICAL COLLEGE BOBOVER YESHIVA BNEI ZION, LIPA "NUSSY" BRAUNER, MUTTY BRAUNER, YAD EPHRAIM a/k/a EZRAS CHOLIM YAD EPHRAIM, PESACH GREENBERG, YACHAD D'BOBOV, and CHAIM FLEISCHER,

        Defendants.

Case No. 1:23-cv-07352 (RER) (VMS)

**DEFENDANTS RABBI BEN ZION HALBERSTAM AND CHAIM S. HALBERSTAM'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

Dechert LLP
Andrew J. Levander
Gary J. Mennitt
May Chiang
Julia Markham-Cameron *(pro hac vice)*
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036

# TABLE OF CONTENTS

I. *Central Bank* Forecloses Secondary Liability Under Section 2255. ................................. 2

II. The Overwhelming Consensus in Section 2255 Cases—which the Opposition Fails to Rebut—Supports That There Is No Secondary Liability. ........................................................... 4

III. Even Assuming Section 2255 Did Allow for Secondary Liability, Plaintiff Still Fails to State a Claim. ................................................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................2

*Boim v. Holy Land Found. for Relief & Dev.*,
    549 F.3d 685 (7th Cir. 2008) (en banc) (Posner, J.) ............................................3, 4

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
    511 U.S. 164 (1994)............................................................................... *passim*

*City of New York v. Milhelm Attea & Bros.*,
    2009 WL 701005 (E.D.N.Y. Mar. 11, 2009)................................................3, 4, 8

*City Select Auto Sales Inc. v. David Randall Assocs., Inc.*,
    885 F.3d 154 (3d Cir. 2018).........................................................................3, 4

*Doe v. City of Gauley Bridge*,
    2022 WL 3587827 (S.D.W. Va. Aug. 22, 2022) ......................................................4

*Doe v. Hansen*,
    2018 WL 2223679 (E.D. Mo. May 15, 2018) .........................................................4

*Doe v. Liberatore*,
    478 F. Supp. 2d 742 (M.D. Pa. 2007) ...........................................................7, 8, 9

*Doe v. Schneider*,
    2013 WL 5429229 (E.D. Pa. Sept. 30, 2013) .................................................7, 8, 9

*Doe v. Varsity Brands, LLC*,
    2023 WL 4935933 (N.D. Ohio Aug. 2, 2023)..........................................................6, 7

*Doe 9 v. Varsity Brands, LLC*,
    679 F.Supp.3d 464 (D.S.C. June 26, 2023) ............................................................4

*E.M. v. Varsity Brands, LLC*,
    2024 WL 2808183 (C.D. Cal. May 31, 2024) .......................................................4, 5

*Elden v. Nirvana*,
    88 F. 4th 1292 (9th Cir. 2023) ..................................................................................7

*Freeman v. DirecTV, Inc.*,
    457 F.3d 1001 (9th Cir. 2006) .............................................................................3, 4

*Heffernan v. HSBC Bank USA*,
    2001 WL 803719 (E.D.N.Y. Mar. 29, 2001) ......................................................................3, 4

*Jane Doe No. 8 v. Royal Caribbean Cruises Ltd.*,
    860 F. Supp. 2d 1337 (S.D. Fla. 2012) ............................................................................6, 7

*Jean-Charles v. Perlitz*,
    937 F. Supp. 2d 276 (D. Conn. 2013), Mot. 7 ..................................................................4, 5

*Noble v. Weinstein*,
    335 F. Supp. 3d 504 (S.D.N.Y. 2018) ....................................................................................4

*Rothstein v. UBS AG*,
    708 F.3d 82 (2d Cir. 2013) ................................................................................................3, 4

*Shovah v. Mercure*,
    44 F. Supp. 3d 504 (D. Vt. 2014) ...........................................................................................5

*Singleton v. Clash*,
    951 F. Supp. 2d 578 ...............................................................................................................5

*St. Louis v. Perlitz*,
    176 F. Supp. 3d 97 (D. Conn. 2016) ......................................................................................5

*T.D.P. v. Choice Hotels Int'l, Inc.*,
    2024 WL 1256053 (S.D. Ohio Mar. 25, 2024) ...................................................................5, 6

*Weiss v. City Univ. of New York*,
    2019 WL 1244508 (S.D.N.Y. Mar. 18, 2019) ........................................................................8

**Statutes**

18 U.S.C. § 2 .............................................................................................................................7, 8

18 U.S.C. § 2255 ................................................................................................................. *passim*

47 U.S.C. § 227 ............................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................2

**PRELIMINARY STATEMENT**

Defendant Rabbi Ben Zion Halberstam ("Rabbi B.Z. Halberstam") and Rabbi Chaim S. Halberstam ("Rabbi C. Halberstam," and together with Rabbi Halberstam, the "Halberstam Defendants") submit this reply memorandum in further support of their motion to dismiss Plaintiff Rivka Mandel's Amended Complaint against them.

There are no facts alleged that could remotely establish any liability against the Halberstam Defendants and Plaintiff does not in argument reference any such facts. As established in the Halberstam Defendants' motion to dismiss (the "Motion" or "Mot."), Plaintiff cannot hold the Halberstam Defendants liable for Daskal's crimes because 18 U.S.C. § 2255 ("Section 2255"), the sole cause of action in the Amended Complaint asserted against the Halberstam Defendants, does not create any secondary liability. And even if Section 2255 *did* allow for claims based on secondary liability, the Amended Complaint does not contain allegations sufficient to establish that the Halberstam Defendants acted with the intent necessary to state such a claim. Nothing in Plaintiff's Omnibus Opposition to Defendants' Motion to Dismiss, ECF No. 79 ("Opp.")[1] changes these conclusions.

Plaintiff's Opposition simply ignores the overwhelming authority establishing that the asserted statutory claim is legally nonexistent and that the Amended Complaint fails to allege a factual basis for such a claim even had Congress provided for secondary liability. For these reasons, the Halberstam Defendants respectfully request that this Court dismiss this action against them with prejudice.

---

[1] The Halberstam Defendants respectfully note that despite this Court's numerous reminders to follow its "Bundling Rule," Individual Rule IV.B.3, Plaintiff failed to abide by the Bundling Rule and filed the Opposition on the docket at ECF No. 79. The Halberstam Defendants are re-filing the Opposition in accordance with the Bundling Rule at ECF No. 88.

1

**ARGUMENT**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As argued in the Halberstam Defendants' Motion, the Amended Complaint cannot meet this standard—because even accepting all allegations within it as true, the fact remains that Section 2255 does not create a claim based on secondary liability. Further, the Amended Complaint does not allege facts sufficient to ground a claim for secondary liability even if such a claim did exist. The Amended Complaint is thus fatally deficient as against the Halberstam Defendants.

**I.      *Central Bank* Forecloses Secondary Liability Under Section 2255.**

As the Supreme Court made clear in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.* ("*Central Bank*"), "when Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiffs may also sue aiders and abettors." 511 U.S. 164, 182 (1994). The Opposition dismisses this clear and broadly applicable tenet of statutory interpretation as having "no relevance" here, erroneously asserting that *Central Bank* had a "unique focus on the anti-fraud provisions of the federal securities laws." Opp. 21. To the contrary, *Central Bank* sets forth principles of statutory interpretation that apply here foursquare.

*Central Bank* did interpret federal securities laws, but its holding was in no way unique to that context. This is clear from the plain text of the decision, which speaks of situations in which "Congress enacts *a* statute" regarding a "violation of *some* statutory norm," and notes that "Congress has not enacted a *general* civil aiding and abetting statute" and has instead "taken a *statute-by-statute* approach to civil aiding and abetting liability." *Central Bank*, 511 U.S. at 182

2

(emphases added). Plaintiff makes no attempt to argue how or why these general principles should be limited to interpretations of federal securities statues. Indeed, such an argument contravenes decades of case law. The Second Circuit, as well as many other Circuit Courts, has applied *Central Bank* to federal statutory schemes outside the securities laws. *Rothstein v. UBS AG*, 708 F.3d 82, 97 (2d Cir. 2013) (applying *Central Bank* to a provision of the Anti-Terrorism Act, 18 U.S.C. § 2331 *et seq*.), *superseded by statute as recognized by Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023); *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 689 (7th Cir. 2008) (same) (en banc) (Posner, J.); *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 161 (3d Cir. 2018) (finding "little reason why" *Central Bank*'s reasoning "would not apply with equal force" to the Telephone Consumer Protection Act, 47 U.S.C. § 227); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1006 (9th Cir. 2006) (applying *Central Bank* to the Electronic Communications Privacy Act). In extending *Central Bank*'s logic outside the context of securities laws, these decisions have emphasized that "nothing in [*Central Bank*'s] holding turns on particular features of those laws." *Boim*, 549 F.3d at 689; *see also Freeman*, 457 F.3d at n.1 ("it is the Supreme Court's approach to interpreting the statute, not the actual statute itself, that is significant. . . . the fact that the [C]ourt was interpreting a different act of Congress—the Securities Exchange Act— is inconsequential.").

A wealth of in-circuit district court decisions apply *Central Bank* even more broadly. As the Halberstam Defendants' Motion notes, federal district courts in New York have applied *Central Bank* to foreclose aiding-and-abetting liability for civil claims brought under the RICO statutes, the Trafficking Victims Protection Act, and the Contraband Cigarette Trafficking Act. Mot. 8 (citing, *inter alia*, *Heffernan v. HSBC Bank USA*, 2001 WL 803719, at *7 (E.D.N.Y. Mar. 29, 2001); *City of New York v. Milhelm Attea & Bros.*, 2009 WL 701005, at *2–6 (E.D.N.Y. Mar.

11, 2009); and *Noble v. Weinstein*, 335 F. Supp. 3d 504, 513, 525 (S.D.N.Y. 2018)). Indeed, as the Motion makes clear, the only case from within the Second Circuit to address whether Section 2255 creates secondary liability held that "*Central Bank* precluded the plaintiffs' aiding-and-abetting claims . . . based on § 2255." *Jean-Charles v. Perlitz*, 937 F. Supp. 2d 276, 281 (D. Conn. 2013), Mot. 7.

Plaintiff's erroneous legal conclusion that *Central Bank* has "a unique focus on the anti-fraud provisions of the federal securities laws" and thus "has no relevance to this case" flies in the face of these authorities—all of which the Opposition ignores. Opp. 21. As the Halberstam Defendants have demonstrated, binding and persuasive authority solidly establish that the reasoning of *Central Bank* is not limited to the federal securities context. *Central Bank*'s logic applies to Plaintiff's sole statutory claim, just as it did to the statutory claims at issue in *Rothstein*, *Boim*, *City Select*, *Freeman*, *Heffernan*, *Milhelm Attea & Bros*, and *Noble*—and here, as in those cases, it forecloses secondary liability.

## II. The Overwhelming Consensus in Section 2255 Cases—which the Opposition Fails to Rebut—Supports That There Is No Secondary Liability.

As noted *supra*, *Perlitz* is the only in-circuit case to analyze whether Section 2255 allows for secondary liability—and *Perlitz* held that there is no such statutory claim. 937 F. Supp. 2d at 281–82. As detailed in the Motion, this holding is consistent with the weight of authority from the district courts that have analyzed this issue. Mot. 7 (citing *Doe v. Hansen*, 2018 WL 2223679, at *5 (E.D. Mo. May 15, 2018); *Doe 9 v. Varsity Brands, LLC*, 679 F.Supp.3d 464, 481 (D.S.C. June 26, 2023); *Doe v. City of Gauley Bridge*, 2022 WL 3587827, at *13 (S.D.W. Va. Aug. 22, 2022)). A week after the Motion was served on all parties, another court fell in line with this application of *Central Bank*: in *E.M. v. Varsity Brands, LLC*, the Central District of California agreed that "the language of [Section 2255], as well as its legislative history, do not support imposing vicarious

4

liability." 2024 WL 2808183 at *7 (C.D. Cal. May 31, 2024). The Opposition simply ignores this coast-to-coast line of jurisprudence establishing that Section 2255 does not provide for secondary liability.

The Opposition also fails to rebut the Halberstam Defendants' arguments that the holdings in the *Perlitz* line of cases is consistent with in-circuit decisions that affirm the propriety of adhering to the plain text of Section 2255. Mot. 8-9. As detailed in the Motion, district courts in the Second Circuit interpreting Section 2255 in other contexts, like the applicability of the discovery rule for the statute of limitations, have declined to add provisions into Section 2255 when they are missing from the plain text of the statute. *Id.*; *Singleton v. Clash*, 951 F. Supp. 2d 578, 586 ("Congress's failure to include language providing for the discovery rule counsels against implying it into the statute"); *see also Shovah v. Mercure*, 44 F. Supp. 3d 504, 509-13 (D. Vt. 2014); *St. Louis v. Perlitz*, 176 F. Supp. 3d 97, 100 (D. Conn. 2016). These cases thus support the conclusion that secondary liability—which is not provided for in the statutory text—should not be read into Section 2255.

Rather than address any of the above authorities, the Opposition cites three cases to support its arguments for secondary liability. Each is wholly distinguishable. First, *T.D.P. v. Choice Hotels Int'l, Inc.* did indeed hold that claims could be brought against "beneficiaries of and participants in the many crimes enumerated in § 2255," as Plaintiff states. 2024 WL 1256053 at *3 (S.D. Ohio Mar. 25, 2024); Opp. 21. But this unpublished, out-of-circuit case—which, at the time of filing, has zero citing references on Westlaw—also makes clear that such claims must still "comport with the traditional requirements of standing—injury in fact, causation, and redressability." *Id.* In *T.D.P.*, the court held that causation was established by the defendant hotel chain's "alleged participation in and benefit from a venture it should have known was in violation

5

of the TVPRA," because the plaintiff had alleged that the defendant supervised and controlled the hotels at which she was trafficked, profited from rooms her traffickers rented, and failed to implement policies to stop trafficking. *Id.* at *3, *7. Here, in contrast, the Amended Complaint contains no allegations that the Halberstam Defendants participated in or benefitted from Defendant Daskal's abuse of Plaintiff. The only allegations against the Halberstam Defendants are conclusory assertions that that they supposedly "had knowledge of, facilitated, aided and abetted, and concealed the extensive criminal conduct of Defendant Daskal," that there may have been an unspecified transfer "of assets of [*sic*] defendant Daskal . . . for the purpose of avoiding compensation to Ms. Mandel," that the Halberstam Defendants submitted sentencing letters on behalf of Daskal, and that the Halberstam Defendants somehow "sought to intervene in and delay [Daskal's] sentencing." AC ¶¶ 28-29, 62, 66. But as discussed in the Motion, these allegations (all false) are either conclusory and unsupported by any facts, or concern actions taken long after Daskal's abuse of Plaintiff had ended. *See* Mot. 11-12. They thus fall far short of establishing any possible "participation in or benefit from" Daskal's actions as would support Plaintiff's claim under *T.D.P.*

Similarly distinguishable is *Jane Doe No. 8 v. Royal Caribbean Cruises Ltd.*, 860 F. Supp. 2d 1337 (S.D. Fla. 2012), which Plaintiff relies on for the contention that liability under Section 2255 is not limited to the perpetrator or offender. Opp. 21-22. But the holding in *Jane Doe No. 8* was based on the court's presumption that Congress intended to incorporate the "long-standing principle of maritime law" "that a cruise line is strictly liable for a crew member's assault of a passenger" into Section 2255. 860 F. Supp. 2d at 1339-40. Principles of maritime law are simply not at issue here, and so the *Jane Doe 8* holding, even were it correct, has no application to this case. *See Doe v. Varsity Brands, LLC*, 2023 WL 4935933, at *21 (N.D. Ohio Aug. 2, 2023)

6

("[T]he instant case does not involve maritime law. Thus, the *Jane Doe 8* court's approach to statutory interpretation of § 2255 is inapposite.")

Finally, Plaintiff's citation to *Elden v. Nirvana*, 88 F. 4th 1292 (9th Cir. 2023), is also off the mark. Opp. 22. As the Opposition admits, "None of the defendants in *Elden* asserted that only perpetrators could be held liable under § 2255." *Id.* Indeed, the case does not discuss secondary liability at all. *See generally Elden*, 88 F.4th at 1295-99.

These three cases do not support Plaintiff's argument that Section 2255 provides for secondary liability. Nor do they rebut the Halberstam Defendants' arguments that the overwhelming weight of case law supports a finding that there is no secondary liability under Section 2255. Thus, Plaintiff's claim against the Halberstam Defendants should be dismissed.

## III. Even Assuming Section 2255 Did Allow for Secondary Liability, Plaintiff Still Fails to State a Claim.

Even if *Central Bank* did not apply, Plaintiff does not state a claim against the Halberstam Defendants for three reasons.

First, 18 U.S.C. § 2(a), which provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal," does not apply. The Opposition chastises the Halberstam Defendants for "ignor[ing] the provisions" of this statute, Opp. 23, but Plaintiff apparently failed to read page 9, footnote 2 of the Motion, which straightforwardly addresses and disposes of the applicability of Section 2(a). As the Motion explicitly acknowledges, a minority line of cases reads secondary liability into Section 2255 by relying on 18 U.S.C. § 2(a). Mot. 9 n.2 (citing *Doe v. Liberatore*, 478 F. Supp. 2d 742, 756 (M.D. Pa. 2007); *Doe v. Schneider*, 2013 WL 5429229, at *10 n.13 (E.D. Pa. Sept. 30, 2013)). However, this line of cases was wrongly decided because Section 2(a) creates a *criminal* cause of action for aiding and abetting, *not* a private civil cause of action. Mot. n.2;

7

*Weiss v. City Univ. of New York*, 2019 WL 1244508, at *12 (S.D.N.Y. Mar. 18, 2019) ("18 U.S.C. § 2 . . . does not provide a private cause of action"); *see also Milhelm Attea & Bros., Inc.*, 2009 WL 701005 at *6 ("there is no statutory provision similar to § 2 authorizing civil suits against aiders and abettors")). Section 2(a) is thus inapposite.

Second, even if this Court were to follow the minority position of *Liberatore* and *Schneider*, Plaintiff has failed to state a claim because the Amended Complaint does not adequately allege scienter against the Halberstam Defendants. *Liberatore* and *Schneider* recognize that the liability standard for criminal aiding and abetting requires that the defendant have "conscious[] . . . knowledge of the underlying substantive offenses, as well as the specific criminal intent to commit them." *Liberatore*, 478 F. Supp. 2d at 756; *see Schneider*, 2013 WL 5429229, at *10 (requiring that "the defendant knew the offense was being committed" and "acted with the intent to facilitate it."). As the Motion argues—and the Opposition simply ignores—the Amended Complaint contains *zero* factual allegations which, if proven, would show that the Halberstam Defendants knowingly participated in any crime. Mot. 10-13.

Third, the Opposition's citation to the concert of action principle, which provides for liability if an actor knows that another's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other, is of no moment. *See* Opp. 23 (citing *Central Bank*, 511 U.S. at 181). The Halberstam Defendants do not quarrel with the fact that this principle exists. It is just not applicable here. Plaintiff brings her claim under Section 2255, which creates a civil remedy for any person who was a victim of violations of certain *criminal* statutes. Thus, even assuming *Central Bank* did not foreclose a claim for secondary liability (which, as discussed above, it certainly does), the Amended Complaint would need to plead facts sufficient to establish

scienter under *Liberatore* and *Schneider*. As discussed above and in the Motion, it does not. Accordingly, the Amended Complaint fails to state a claim.

## CONCLUSION

For all the foregoing reasons, the Court should grant the Halberstam Defendants' motion to dismiss Plaintiff's claim against them.

Dated: New York, New York
October 28, 2024

Respectfully submitted,

By: *Andrew J. Levander*
Andrew J. Levander
Gary J. Mennitt
May Chiang
Julia Markham-Cameron*
**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: 212-698-3500
Email: gary.mennitt@dechert.com
Email: andrew.levander@dechert.com
Email: julia.markham-cameron@dechert.com

*Attorneys for the Halberstam Defendants*

*admitted pro hac vice*