UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                 :

RIVKA MANDEL,                    :
                                 :     1:23-cv-07352 (RER) (VMS)
            Plaintiff,         :
                                 :
       – vs –            :     **ORAL ARGUMENT REQUESTED**
                                 :
JACOB DASKAL; BELLA DASKAL; PEARL    :     Hon. Ramon E. Reyes, Jr.
DEMBITZER; LEIBY DEMBITZER; CHAYA    :
BORNSTEIN; SHULEM BORNSTEIN; CHAIM   :
DASKAL; ESTHER BRODY; ROSE          :
TEITELBAUM; BENZION DASKAL;       :
SOLOMON DASKAL; BARRY DASKAL;      :
CHAVI FISCHBEIN; ISAAC FISCHBEIN; BORO  :
PARK SHOMRIM; BAIS YAAKOV HIGH     :
SCHOOL OF CHICAGO; CRAINDELL Z.     :
MANNES; RABBI BEN ZION HALBERSTAM;   :
CHAIM S. HALBERTSAM; CONGREGATION   :
SHAAREI ZION OF BOBOV; RABBINICAL    :
COLLEGE BOBOVER YESHIVA BNEI ZION;   :
LIPA "NUSSY" BRAUNER; MUTTY       :
BRAUNER; YAD EPHRAIM a/k/a EZRAS    :
CHOLIM YAD EPHRAIM; PESACH       :
GREENBERG; YACHAD D'BOBOV; and     :
CHAIM FLEISCHER,            :
                                 :
               Defendants.      :
------------------------------------------------------------- x

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS CONGREGATION SHAAREI ZION OF BOBOV, RABBINICAL COLLEGE BOBOVER YESHIVA BNEI ZION, YAD EPHRAIM, PESACH GREENBERG, YACHAD D'BOBOV, AND CHAIM FLEISCHER

 

**COHEN & GRESSER LLP**

Mark S. Cohen
Matthew V. Povolny
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: (212) 957-7600

*Attorneys for Defendants Congregation
Shaarei Zion of Bobov, Rabbinical College
Bobover Yeshiva Bnei Zion, Yad Ephraim,
Pesach Greenberg, Yachad D'Bobov, and
Chaim Fleischer*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ..................................................................................................................... 5

I.      The Amended Complaint Fails to State a Claim Against the Congregation
        Defendants Because 18 U.S.C. § 2255 Does Not Recognize Aiding and Abetting
        Liability ........................................................................................................................... 6

II.     The Amended Complaint Fails to State a Claim Against the Congregation
        Defendants Under 18 U.S.C. § 2255 ............................................................................ 10

        A.      Plaintiff Fails to Plead that the Congregation Defendants Were Aware of
                Daskal's Conduct at the Time of Commission, Provided Any Assistance, or
                Intended to Facilitate His Acts ............................................................................ 12

        B.      Comments or Submissions at a Criminal Sentencing Do Not Provide A
                Basis for Aiding and Abetting Liability ............................................................... 14

CONCLUSION .................................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2008)...................................................................................5

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................5, 6

*Bigio v. Coca-Cola Co.,*
    675 F.3d 163 (2d Cir. 2012)..................................................................12, 13

*Bloor v. Carro, Spanbock, Londin, Rodman & Fass,*
    754 F.2d 57 (2d Cir. 1985)...................................................................10, 11

*Boim v. Holy Land Found. for Relief & Dev.,*
    549 F.3d 685 (7th Cir. 2008) .......................................................................8

*Butts v. New York City Dep't of Educ.,*
    No. 16-cv-5504 (NGG) (RML), 2018 WL 4725263 (E.D.N.Y. Sept. 28, 2018) ....................7

*California Motor Transp. Co. v. Trucking Unlimited,*
    92 S.Ct. 609 (1972).............................................................................15, 16

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,*
    511 U.S. 164 (1994)................................................................................6, 7

*Chowdhury v. Worldtel Bangladesh Holding, Ltd.,*
    746 F.3d 42 (2d Cir. 2014).......................................................................6, 7

*Citizens United v. Schneiderman,*
    882 F.3d 374 (2d Cir. 2018) .......................................................................12

*Doe 1 v. Deutsche Bank Aktiengesellschaft*
    671 F. Supp. 3d 387 (S.D.N.Y. 2023)...........................................................9

*Doe 9 v. Varsity Brands, LLC,*
    679 F. Supp. 3d 464 (D.S.C. 2023)...............................................................8

*Doe v. Fort Zumwalt R-II Sch. Dist.,*
    920 F.3d 1184 (8th Cir. 2019) ....................................................................8

*Doe v. Hansen,*
    No. 4:16-cv-546 (JAR), 2018 WL 2223679 (E.D. Mo. May 15, 2018) ..................8

i

*Doe v. Liberatore*,
   478 F. Supp. 2d 742 (M.D. Pa. 2007) ....................................................8, 9, 11, 13

*Doe v. Schneider*,
   No. CIV.A. 08-3805, 2013 WL 5429229 (E.D. Pa. Sept. 30, 2013) ............................9, 11, 13

*Fulton v. Goord*,
   591 F.3d 37 (2d Cir. 2009)....................................................................5

*Gallop v. Cheney*,
   642 F.3d 364 (2d Cir. 2011)...............................................................5, 6

*Gill v. Arab Bank, PLC*,
   893 F. Supp. 2d 474 (E.D.N.Y. 2012) ........................................................7

*Halberstam v. Welch*,
   705 F.2d 472 (D.C. Cir. 1983) ..............................................................11

*Jean-Charles v. Perlitz*,
   937 F. Supp. 2d 276 (D. Conn. 2013) ....................................................8, 10

*Linde v. Arab Bank, PLC*,
   882 F.3d 314 (2d Cir. 2018).................................................................11

*Mastafa v. Chevron Corp.*,
   759 F. Supp. 2d 297 (S.D.N.Y. 2010), *aff'd*, 770 F.3d 170 (2d Cir. 2014) ...........................7

*May Flower Int'l, Inc. v. Tristar Food Wholesale Co. Inc.*,
   No. 21-cv-02891 (RPK) (PK), 2022 WL 4539577 (E.D.N.Y. Sept. 28, 2022).....................12

*Noble v. Weinstein*
   335 F. Supp. 3d 504 (S.D.N.Y. 2018).....................................................9, 10, 11

*Sanders v. Sanders*
   No. 22-99, 2022 WL 16984681 (2d Cir. Nov. 17, 2022)  .........................................3

*Sutton v. Stony Brook Univ.*,
   No. 21-2055, 2022 WL 4479509 (2d Cir. Sept. 27, 2022) .......................................3

*In re Terrorist Attacks on Sept. 11, 2001*,
   714 F.3d 118 (2d Cir. 2013)...................................................................7

*United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*,
   793 F. Supp. 1114 (E.D.N.Y. 1992) .........................................................10

*United States v. Valencia*,
   907 F.2d 671 (7th Cir. 1990) .............................................................11, 14

**Statutes**

18 U.S.C. § 2 .................................................................................8, 9, 11

18 U.S.C. § 2(a) ...........................................................................8, 9, 11

18 U.S.C. § 1591 ................................................................................9

18 U.S.C. § 1591(a) ...........................................................................9

18 U.S.C. § 1595 ................................................................................9

18 U.S.C. § 1595(a) ...........................................................................9

18 U.S.C. § 2255 .......................................................................... *passim*

18 U.S.C. § 2423(a) and (b) .............................................................14

Securities and Exchange Act of 1934 § 10(b) ..................................7

**Other Authorities**

Fed. R. Civ. P. 8(a) ...........................................................................5

Fed. R. Civ. P. 12(b)(6)..................................................................1, 6

Defendants Congregation Shaarei Zion of Bobov, Rabbinical College Bobover Yeshiva Bnei Zion, Yad Ephraim, Pesach Greenberg, Yachad D'Bobov, and Chaim Fleischer (collectively, the "Congregation Defendants"), through their undersigned counsel, respectfully submit this memorandum of law in support of their motion to dismiss the claim alleged against them (Count I) in Plaintiff Rivka Mandel's ("Mandel" or "Plaintiff") Amended Complaint (the "Amended Complaint") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's Amended Complaint asserts only one claim against the Congregation Defendants:  that they allegedly aided and abetted Defendant Jacob Daskal ("Defendant Daskal") in the commission of his crimes under 18 U.S.C. § 2255.  But there is simply no factual or legal basis for this claim, as the Congregation Defendants did nothing wrong and there is no allegation in the Amended Complaint to the contrary.  Rather, Plaintiff's claim against the Congregation Defendants is predicated on a fundamental misapplication of law and paucity of factual allegations.  Plaintiff's cause of action against the Congregation Defendants cannot survive a motion to dismiss for two reasons.

*First*, Plaintiff's claim that the Congregation Defendants aided and abetted Defendant Daskal simply fails because 18 U.S.C. § 2255 does not allow for aiding and abetting liability.  The United States Supreme Court's holding in *Central Bank* and consistent rulings by district courts within this Circuit establish that civil aiding and abetting liability does not exist where a statute – like 18 U.S.C. § 2255 – is silent as to such liability, thus precluding the claim made by Plaintiff against the Congregation Defendants here.

*Second*, even if 18 U.S.C. § 2255 did provide for secondary liability, this Court must dismiss Plaintiff's claim against the Congregation Defendants because the Amended Complaint does not sufficiently allege any facts that the Congregation Defendants knew of Defendant

Daskal's actions at the time, assisted Defendant Daskal in any way, or had any intent to facilitate those actions. The Congregation Defendants had nothing to do with Defendant Daskal's conduct at issue here, and the almost non-existent allegations leveled by Plaintiff against the Congregation Defendants, which largely consist of references to broad and unrelated statements by the District Court at Defendant Daskal's sentencing hearing, only serve to highlight this fact.

Simply put, Plaintiff's cause of action against the Congregation Defendants must be dismissed with prejudice for failure to state a claim on which relief can be granted. The Amended Complaint should be dismissed with prejudice against the Congregation Defendants, as any further amendment to the Amended Complaint would be futile.

## BACKGROUND

Plaintiff's Amended Complaint arises from Defendant Daskal's crimes of sexual abuse against Plaintiff from approximately August 2017 to November 2017. *See* Am. Compl. ¶ 43. The facts surrounding Defendant Daskal's conduct are discussed in only three pages of the Amended Complaint, which largely quote from a July 16, 2023 *Times of Israel* article covering the events (https://www.timesofisrael.com/ex-leader-of-shomrim-patrol-in-brooklyn-pleads-guilty-to-sexual-abuse-of-teen-girl/) and summarize findings from the District Court's June 9, 2023 Memorandum and Order in the criminal proceeding against Defendant Daskal (Case 1:21-cr-00110-NGG, ECF No. 92). *See* Am. Compl. ¶¶ 42, 43. Notably, neither of these documents, nor the three pages in the Amended Complaint dedicated to describing these events, mention any of the Congregation Defendants in any way. *See id*.

The Amended Complaint does not allege any specific factual connections between any of the Congregation Defendants and Defendant Daskal during the relevant period of August 2017 to November 2017. *See id*. Nor does the Amended Complaint provide any factual support for its assertion that the Congregation Defendants knew of, facilitated, aided and abetted, and concealed

Defendant Daskal's conduct during that relevant period. Am. Compl. ¶¶ 30-32, 36-39. And while the Preliminary Statement of the Amended Complaint vaguely alludes to defendants providing "collective communal assistance" to Daskal, the Amended Complaint provides no further details as to these allegations. Am. Compl. ¶ 4.[1]

Instead, Plaintiff's allegations in the remainder of the Amended Complaint focus almost exclusively on the conduct, trial, and sentencing of Defendant Daskal, years after the events with Plaintiff transpired. *See, e.g.*, Am. Compl. ¶¶ 42-86. Plaintiff alleges upon information and belief that "Daskal and others, including those identified as defendants earlier in this Amended Complaint, orchestrated a multi-pronged campaign to 'silence' Ms. Mandel," including by recruiting individuals to "[coerce], [intimidate], and [attempt] to bribe Ms. Mandel into silence," using methods such as slashing Ms. Mandel's car tires and offering a bribe through a New York lawyer to dissuade Ms. Mandel from testifying. Am. Compl. ¶¶ 50-51. But Plaintiff does not identify the individuals involved, much less provide any information as to which of the defendants, including any of the Congregation Defendants, participated in these purported acts. In fact, Plaintiff identifies individual Congregation Defendants by name only when alluding to letters submitted as part of Defendant Daskal's sentencing memorandum[2] and an alleged "intervention"

---

[1] The Amended Complaint also alleges, upon information and belief, that Defendant Congregation Shaarei Zion is "the target of, subject of, or entity of interest in a continuing criminal investigation by the United States Department of Justice into the trafficking in and sexual exploitation of more than a dozen women in addition to Ms. Mandel who were sexually abused by defendant Daskal," but does not provide any other factual assertions to support this statement or how it relates to the claims in this action. Am. Compl. ¶ 31.

[2] The Congregation Defendants respectfully request that the Court take judicial notice of these letters, which are incorporated in the Amended Complaint and are publicly available as part of Defendant Daskal's criminal proceeding. Am. Compl. ¶ 62. *See Sutton v. Stony Brook Univ.*, No. 21-2055, 2022 WL 4479509 at *1 (2d Cir. Sept. 27, 2022) ("we 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'") (internal citations omitted), *Sanders v. Sanders*, No. 22-99, 2022 WL 16984681 at *1 (2d Cir. Nov. 17, 2022) ("we have held that '[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'") (internal citations omitted).

made by members of the "Bobover" community into Defendant Daskal's sentencing, when an

attorney purportedly retained by certain named defendants, including Defendants Yad Ephraim,

Pesach Greenberg, Yachad D'Bobov and Chaim Fleischer, requested of the District Court that:

> members of the Bobover community … wanted to have an
> opportunity, as a community, to have their position heard as it
> relates to sentencing and Your Honor's obligation to take everything
> into consideration to arrive at a fair and just sentence. (Tr. At 6)

Am. Compl. ¶¶ 62, 64-66.[3]

Additionally, rather than pleading allegations as to how the Congregation Defendants

allegedly aided and abetted Defendant Daskal in his activities during the relevant period, the

Amended Complaint largely relies on statements made by the District Court during Defendant

Daskal's sentencing to allege "upon information and belief" that members of the "community"

bear "responsibility." Am. Compl. ¶¶ 87-91. Plaintiff further cites statements by the District Court

at Defendant Daskal's sentencing, a hearing bearing solely on Defendant Daskal himself, that "the

community" and "[t]hose who enabled Mr. Daskal are morally at fault." Am. Compl. ¶ 90.

Plaintiff's sole cause of action against the Congregation Defendants is in count I of the

Amended Complaint. *See* Am. Compl. ¶¶ 92-94. Specifically, Plaintiff alleges that the

Congregation Defendants are "individually liable under 18 U.S.C. §2255 as a consequence of their

knowledge of, aiding and abetting, enabling and concealing the conduct of defendant Daskal for

compensatory damages and 'punitive damages' in favor of Ms. Mandel in an amount to be

determined at trial but believed to exceed $150 million." Am. Compl. ¶ 94.

---

[3] While allegations on a motion to dismiss are assumed to be true, the Congregation Defendants object to this
allegation as they are not aware of the basis for Plaintiff's assertion that they approached or contacted this attorney
in any way.

# ARGUMENT

Fed. R. Civ. P. 8(a) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957)). To avoid dismissal, this complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (quoting *Twombly*, 550 U.S. at 570). To meet this standard, a plaintiff's allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 (a complaint's factual allegations must "raise a right to relief above the speculative level"). Pleadings based on "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," "conclusory statements," or "naked assertion[s] devoid of further factual enhancement" do not meet this standard. *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted) (second alteration in original). Rather, a complaint must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In considering a motion to dismiss for failure to state a claim, the Court must make the "assumption that all the allegations in the complaint are true," *Twombly*, 550 U.S. at 555, and draw "inferences from those allegations in the light most favorable to the plaintiff," *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009), but need not accept as true any "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (where a complaint contains only "conclusory, vague, or general allegations," and is thus supported by only "speculation and conjecture," it "cannot

withstand a motion to dismiss").  A complaint is properly dismissed where, as here, as a matter of law its claims suffer from legal deficiencies and thus do not give rise to "entitlement to relief." *See Twombly*, 550 U.S. at 558; *see also* Fed. R. Civ. P. 12(b)(6).

I.      **The Amended Complaint Fails to State a Claim Against the Congregation Defendants Because 18 U.S.C. § 2255 Does Not Recognize Aiding and Abetting Liability**

Plaintiff's sole claim against the Congregation Defendants – that they allegedly aided and abetted Defendant Daskal – fails as a matter of law for the simple reason that 18 U.S.C. § 2255 does not recognize aiding and abetting liability.  The relevant portion of 18 U.S.C. § 2255 provides:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

18 U.S.C. § 2255.  By its plain language, the statute makes no mention of aiding and abetting liability or any form of secondary liability whatsoever.  Under the statutory interpretation doctrine established by the United States Supreme Court in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, Congress must expressly and clearly provide for aiding and abetting claims in a federal statute in order for a plaintiff to bring such claims in a civil lawsuit.  511 U.S. 164, 182 (1994) ("[W]hen Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abettors."); *Id.* at 185 ("it is not plausible to interpret the statutory silence as tantamount to an implicit congressional intent to impose [statutory] aiding and abetting liability."); *Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 53,

fn. 10 (2d Cir. 2014) (aiding and abetting liability is "an 'ancient criminal law doctrine' that is generally presumed not to apply in civil suits.") (citing *Cent. Bank of Denver*, 511 U.S. at 181-82).

While the Supreme Court in *Central Bank* specifically dealt with § 10(b) of the Securities and Exchange Act of 1934, the Second Circuit and courts within the Circuit have since extended the *Central Bank* doctrine to other federal statutes that do not expressly provide for secondary liability. *See, e.g., In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 118, 123 (2d Cir. 2013) (affirming Second Circuit's previous holding that a defendant cannot be liable under the Anti-Terrorism Act on an aiding-and-abetting theory of liability); *Mastafa v. Chevron Corp.*, 759 F. Supp. 2d 297, 300 (S.D.N.Y. 2010), *aff'd*, 770 F.3d 170 (2d Cir. 2014) (rejecting plaintiffs' argument that the court should presume the existence of aiding and abetting liability in the Torture Victims Protection Act when it did not expressly provide for such liability because "the Supreme Court has adopted a default rule that is exactly opposite to the plaintiffs' suggestion"). Indeed, in at least two instances, courts in this District have followed Second Circuit precedent and the *Central Bank* doctrine and declined to read aiding and abetting liability into statutes that are otherwise silent on the matter. *See, e.g., Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 474, 499 (E.D.N.Y. 2012) (dismissing plaintiff's claim on aiding-and-abetting theory under the Anti-Terrorism Act based on *Central Bank*'s reasoning); *see also Butts v. New York City Dep't of Educ.*, No. 16-cv-5504 (NGG) (RML), 2018 WL 4725263, at *5 (E.D.N.Y. Sept. 28, 2018) (construing aiding-and-abetting claims under city administrative code because "it is not clear that §§ 1981 and 1983 [of the Civil Rights Act] provide a remedy for aiding and abetting" based on *Central Bank*).

The Second Circuit has not opined on whether aiding and abetting liability exists under 18 U.S.C. § 2255. However, one court in this Circuit has applied the Supreme Court's holding in *Central Bank* to find that statutory silence on secondary liability in § 2255 means that there is none.

*See Jean-Charles v. Perlitz*, 937 F. Supp. 2d 276, 281 (D. Conn. 2013) (agreeing that "under *Central Bank* the lack of any reference to secondary liability in § 2255 is fatal to the plaintiffs' position" that defendants are liable as aiders and abettors of the founder of a school who sexually abused plaintiffs while they were minors). The court in *Perlitz* examined claims of aiding and abetting under § 2255 nearly identical to those made by Plaintiff against the Congregation Defendants here. *Id*. at 280-81. In dismissing the § 2255 claims, the District Court for the District of Connecticut expressly found that the Supreme Court's *Central Bank* decision was controlling, stating that "[i]t is the approach the Court took in *Central Bank* that matters, not the statute it was considering." *Id*. at 281.

Several other district courts throughout the country have likewise applied the *Central Bank* doctrine in cases of statutory silence on secondary liability, holding that § 2255 does not allow for secondary liability, as alleged by Plaintiff in the Amended Complaint. *See Doe 9 v. Varsity Brands, LLC*, 679 F. Supp. 3d 464, 482 (D.S.C. 2023) ("the court finds the reasoning of *Central Bank* controlling and declines to read secondary liability into § 2255."); *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 689 (7th Cir. 2008) ("[S]tatutory silence on the subject of secondary liability means there is none . . . ."); *Doe v. Hansen*, No. 4:16-CV-546 (JAR), 2018 WL 2223679, at *5-6 (E.D. Mo. May 15, 2018), *aff'd sub nom. Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184 (8th Cir. 2019) (agreeing with the conclusion reached in *Perlitz* under *Central Bank*'s reasoning that the civil remedy provision of § 2255 "does not permit claims for secondary or vicarious liability.").

A minority of courts – primarily those in the Third Circuit – have declined to follow *Central Bank* and instead inferred secondary liability from 18 U.S.C. § 2255 by relying on 18 U.S.C. § 2(a), which provides that "[w]hoever commits an offense against the United States or aids, abets,

counsels, commands, induces or procures its commission is punishable as a principal." *Doe v. Liberatore*, 478 F. Supp. 2d 742, 756 (M.D. Pa. 2007); *see also Doe v. Schneider*, No. CIV.A. 08-3805, 2013 WL 5429229, at *10 (E.D. Pa. Sept. 30, 2013). However, this Court is not bound by these decisions and, given the statutory silence on secondary liability in 18 U.S.C. § 2255 and the clear doctrine established under *Central Bank* and its progeny, including within this District, this Court should not read aiding and abetting liability into 18 U.S.C. § 2255.

Indeed, two recent cases in the Southern District of New York strongly indicate that the Pennsylvania district courts' reasoning in *Liberatore* and *Schneider* would not apply in this Circuit. In *Doe 1 v. Deutsche Bank Aktiengesellschaft*, the Southern District considered the plaintiffs' civil lawsuit against defendant banks who allegedly aided and abetted Jeffrey Epstein in his sexual assault of the plaintiffs. 671 F. Supp. 3d 387 (S.D.N.Y. 2023). Part of those plaintiffs' claim was predicated on the argument that defendant banks were secondarily liable under 18 U.S.C. § 1595, which, like § 2255, provides for a civil remedy for victims who were trafficked as children in violation of 18 U.S.C. § 1591 (also one of the statutes enumerated in 18 U.S.C. § 2255). *Id.* at 410. The Southern District ultimately rejected the plaintiffs' argument that "18 U.S.C. § 2 (a criminal statute) is incorporated within the civil remedy provision of the TVPA" and that "[s]ince principals are subject to civil liability when they violate 18 U.S.C. § 1591(a), and 18 U.S.C. § 2 puts aiders and abettors in an equivalent criminal position to principals … aiders and abettors are subject to civil liability under 18 U.S.C. § 1595(a)," instead following *Central Bank* in finding that the TVPA "does not provide civil liability for aiding and abetting under section 2" because "aiding and abetting liability should not be read into section 1595's silence." *Id.* at 410-11. Likewise, in *Noble v. Weinstein*, the Southern District similarly declined to read aiding and abetting liability into § 1595 when plaintiffs accused Robert Weinstein of aiding and abetting his brother Harvey

Weinstein in sexually exploiting plaintiffs.  335 F. Supp. 3d 504, 525 (S.D.N.Y. 2018) ("The Supreme Court's holding in *Central Bank*, coupled with the absence of authorities supporting aider and abettor liability under Section 1595, militates against reading a form of liability into a statute that does not provide for it.").

In sum, the courts in this Circuit have consistently upheld the *Central Bank* doctrine, requiring that, where a statute is silent as to aiding and abetting liability, courts should not imply such a claim.  Congress could have provided for liability of an individual accused of aiding and abetting someone who violated any of the enumerated statutes in 18 U.S.C. § 2255, but instead chose not to do so.  The statute's plain textual silence on the matter means that such secondary liability simply does not exist, and this application of *Central Bank* to claims under § 2255 has been followed by at least one court in this Circuit.  Accordingly, Plaintiff's claims against the Congregation Defendants in Count I of the Complaint should be dismissed.[4]

## II.    The Amended Complaint Fails to State a Claim Against the Congregation Defendants Under 18 U.S.C. § 2255

The Congregation Defendants did nothing that could plausibly rise to a claim here.  Even if 18 U.S.C. § 2255 allows for civil aiding and abetting liability (which it does not), the allegations against the Congregation Defendants in the Amended Complaint fall far short of anything that could constitute aiding and abetting.  In order to adequately plead civil aiding and abetting claims, a plaintiff must show (i) the existence of a primary violation; (ii) knowledge of that violation; and

---

[4] To the extent Plaintiff contends that "in analogous contexts, such as racketeering, liability has been extended to those who facilitate in any way the illegal conduct of others," the legal authority underpinning this assertion is misplaced.  March 25, 2023 Letter by Plaintiff (ECF No. 47 at 3) (citing *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 793 F. Supp. 1114, 1130 (E.D.N.Y. 1992)).  *Private Sanitation* pre-dates the Supreme Court's decision in *Central Bank* and the legal authority that has flowed from the statutory interpretation doctrine established therein, including *Perlitz*.  Moreover, unlike the Amended Complaint here, the court in *Private Sanitation* expressly noted that the complaint "indicate[d] precisely what predicate act each defendant is alleged to have committed or to have aided or abetted."  *Private Sanitation*, 793 F. Supp. at 1130.

(iii) "substantial assistance ... in the achievement" of the primary violation. *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57, 62 (2d Cir. 1985) (setting forth elements of civil aiding and abetting securities fraud claims prior to *Central Bank*); *see also Linde v. Arab Bank, PLC*, 882 F.3d 314, 329 (2d Cir. 2018) (discussing the elements of civil aiding and abetting liability as set out in *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983)). In short, "[t]he focus of aiding and abetting, in the context of civil liability, is 'whether a defendant knowingly gave 'substantial assistance' to the primary violator of the underlying statute." *Noble*, 335 F. Supp. 3d at 525 (quoting *Halberstam*, 705 F.2d at 478).[5]

Here, Plaintiff's Amended Complaint has not, and cannot, plead facts sufficient to allege civil aiding and abetting liability against the Congregation Defendants. Specifically, the Amended Complaint lacks any allegation that the Congregation Defendants had any knowledge of Defendant Daskal's acts at the time of commission, fails to allege how the Congregation Defendants purportedly assisted him, and provides no basis upon which any intent can be inferred to facilitate his acts. Further, Plaintiff's reliance on judicial comments on moral culpability at Defendant Daskal's criminal sentencing cannot form the basis for legal liability against the Congregation Defendants.

---

[5] In those few out-of-circuit cases that have found aiding and abetting liability under 18 U.S.C. § 2255 by relying on 18 U.S.C. § 2(a), the courts have applied the more exacting standard of criminal aiding and abetting liability when assessing the alleged aiders and abettors' conduct. *See, e.g., Liberatore*, 478 F. Supp. 2d at 756 ("In order to establish the offense of criminal aiding and abetting, it must be shown that: (1) the substantive offense has been committed; (2) the defendant knew the offense was being committed; and (3) the defendant acted with the intent to facilitate it."); *Schneider*, 2013 WL 5429229 at *10 (requiring the same elements in order to demonstrating aiding and abetting liability under CAVRA, pursuant to 18 U.S.C. § 2). The *scienter* requirement for criminal aiding and abetting liability is higher than that for civil liability: "[t]he state of mind required for conviction as an aider and abettor is the same state of mind as required for the principal offense." *United States v. Valencia*, 907 F.2d 671, 681 (7th Cir. 1990).

**A.     Plaintiff Fails to Plead that the Congregation Defendants Were Aware of Daskal's Conduct at the Time of Commission, Provided Any Assistance, or Intended to Facilitate His Acts**

Plaintiff's Amended Complaint is devoid of any allegation that the Congregation Defendants were aware of Defendant Daskal's conduct during the relevant time period, much less that they provided substantial assistance to Defendant Daskal in the commission of his crimes. Other than merely reciting the elements of aiding and abetting liability when describing each of the Congregation Defendants as "[having] knowledge of" and "[aiding] and [abetting]" the "extensive criminal conduct" of Defendant Daskal (Am. Compl. ¶¶ 30-32, 36-39), Plaintiff makes no actual allegation that any of the Congregation Defendants knew of Defendant Daskal's specific unlawful acts, provided any level of assistance to Defendant Daskal, or any other factual allegation that would be required for even the most rudimentary claim.[6] Indeed, the three pages of the Amended Complaint devoted to Defendant Daskal's conduct do not mention *any* of the Congregation Defendants, much less their supposed role in the crime. *See* Am. Compl. ¶¶ 42, 43. And Plaintiff's conclusory references to un-specified defendants providing "access" to Defendant Daskal to "groom" unidentified children in the preliminary statement of the Amendment Complaint (Am. Compl. ¶ 4) are not sufficient to allege that the Congregation Defendants provided substantial assistance to Defendant Daskal in his crimes against Plaintiff. *See Bigio v. Coca-Cola Co.*, 675 F.3d 163, 175 (2d Cir. 2012) (affirming dismissal of aiding and abetting claim where

---

[6] Plaintiff also includes vague statements that members of the community bear "responsibility" "upon information and belief." Am. Compl. ¶¶ 87-91. But "[a] litigation cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018). Instead, "statements made upon information and belief must be supported by some factual allegations making them plausible." *May Flower Int'l, Inc. v. Tristar Food Wholesale Co. Inc.*, No. 21-cv-02891 (RPK) (PK), 2022 WL 4539577, at *4 (E.D.N.Y. Sept. 28, 2022). Plaintiff fails to provide any factual allegations supporting their "upon information and belief" statements that show the Congregation Defendants were aware of, assisted, or intended to assist Defendant Daskal's conduct.

complaint, "shorn of its conclusory allegations," made no allegations sufficient to fend off dismissal).

Further, while the Congregation Defendants dispute that 18 U.S.C. § 2255 provides for any aiding and abetting liability, even under the standard applied by those courts holding to the contrary, Plaintiff's Amended Complaint fails to set forth any factual allegations that the Congregation Defendants aided and abetted Defendant Daskal. In *Doe v. Liberatore*, the plaintiff brought claims against the primary defendant, a priest who sexually abused plaintiff when he was a minor, as well as claims against other Diocesan defendants for allegedly aiding and abetting the priest's conduct. *Liberatore*, 478 F. Supp. 2d at 746-53. The court found, however, that, while the Diocesan defendants may have avoided learning of the priest's offenses, there was simply no evidence that they shared in his specific intent to commit the crimes, much less actively assisted him. *Id.* at 756-57. Likewise, in *Doe v. Schneider,* where the plaintiff alleged that the primary defendant, Schneider, sexually molested him as a minor and that Schneider's parents and relatives aided and abetted Schneider, the court found that, even if there was sufficient evidence showing that the other defendants witnessed the plaintiff and Schneider engaging in romantic conduct, plaintiff had simply failed to present any evidence showing that these defendants had the same level of intent as Schneider or provided any assistance to Schneider in carrying out the alleged abuse. *Schneider*, 2013 WL 5429229 at *10.

Similar to *Liberatore* and *Schneider*, Plaintiff has failed to allege any facts indicating that the Congregation Defendants possessed the same level of intent as Defendant Daskal or that they provided any assistance to Defendant Daskal. The Amended Complaint makes no mention of any Congregation Defendant having knowledge of Defendant Daskal's conduct during the relevant period. Nor does it allege any facts showing that the Congregation Defendants provided assistance,

substantial or otherwise, to Defendant Daskal.  And Plaintiff has not pled any facts to show that any of the Congregation Defendants acted with the "same state of mind as required for the principal offense," in this case, knowingly transporting a minor with the intent to engage in criminal sexual activity or traveling with the intent to engage in illicit sexual conduct.  *United States v. Valencia*, 907 F.2d at 680; 18 U.S.C. § 2423(a), (b).  Plaintiff cannot point to any specific instances of any Congregation Defendant knowing of, assisting, or intending to assist Defendant Daskal's actions for the simple fact that the Congregation Defendants were not aware of and did not participate in the interactions between Defendant Daskal and the Plaintiff in any way.  Accordingly, Plaintiff's Amended Complaint against the Congregation Defendants must be dismissed for failure to state a claim.

**B.      Comments or Submissions at a Criminal Sentencing Do Not Provide A Basis for Aiding and Abetting Liability**

The Amended Complaint also attempts to cast remarks by the District Court at Defendant Daskal's sentencing and letter submissions to that court as somehow providing a basis for Plaintiff's aiding and abetting allegations against the Congregation Defendants.  In particular, the Amended Complaint largely relies on comments made by the District Court at Defendant Daskal's criminal sentencing to imply that these statements attribute or create aiding and abetting liability for the Congregation Defendants with respect to Defendant Daskal's conduct during the relevant period.  *See, e.g.*, Am. Compl. ¶¶ 62, 86-90.  But there is no legal support for Plaintiff's allegations and the District Court's comments do not say otherwise.

*First*, the District Court's comments at Defendant Daskal's sentencing did not mention the Congregation Defendants in any way.  Am. Compl. ¶ 90.  There is no mention of any of the Congregation Defendants by the District Court, nor is there any statement by the District Court that the Congregation Defendants engaged in any wrongdoing.  *Id*.

*Second*, alluding to a judge's comments to a broader "community" for their moral "responsibility" at a criminal sentencing hearing that postdates the actual crimes by two years does not constitute factual allegations of substantial assistance on the part of the Congregation Defendants. Am. Compl. ¶ 90. The criminal sentencing hearing for Defendant Daskal was purely that court's announcement of its sentence and punishment for his crimes; it was not an adjudication as to the acts of any individual other than Defendant Daskal, nor a determination as to the civil liability of any other individuals, including the Congregation Defendants. Moreover, the District Court's comments at Defendant Daskal's sentencing specifically discuss the broader community's *moral* culpability – not any *legal* liability. Am. Compl. ¶ 90. The District Court expressly stated that those "who knew or suspected and *did nothing*, including family, friends, and clergy alike are also *morally* at fault." Am. Compl. ¶ 90 (emphasis added). As previously discussed, the Amended Complaint does not contain any allegation that the Congregation Defendants provided any assistance, substantial or otherwise, to Defendant Daskal in his criminal conduct. Indeed, the District Court's comments assume that the community at-large bears responsibility due to its *lack* of action. In short, Plaintiff cannot simply transform comments regarding a broader community's moral culpability into a basis for civil liability for the Congregation Defendants under 18 U.S.C. § 2255.

*Third*, the comments by the District Court cited in the Amended Complaint follow from the letters submitted by some of the named defendants during Defendant Daskal's sentencing, including one statement submitted by Defendant Pesach Greenberg and one statement submitted by Defendant Fleischer on behalf of himself and Defendant Yad Ephraim. *See* Am. Compl. ¶ 62, 90. But offering supplemental materials to provide further context to a sentencing judge is not criminal conduct, nor does it constitute providing assistance or facilitating criminal conduct. *Cf.*

*California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 511 (1972) (noting the use of "the channels and procedures of state and federal agencies and courts to advocate" causes and points of view to be protected from government retaliation). Moreover, these letters merely consist of descriptions of Defendant Daskal's volunteer work and nothing more. *See* Sentencing Memorandum of Defendant Jacob Daskal, No. 21-CR-110 (NGG) (ECF No. 147, Ex. C). They offer no basis for a claim of aiding and abetting under 18 U.S.C. § 2255 against the Congregation Defendants.

Accordingly, even if 18 U.S.C. § 2255 provided for civil aiding and abetting liability, the Amended Complaint's allegations cannot survive a motion to dismiss, and this Court should dismiss the Amended Complaint with prejudice. Further, because Plaintiff's claim under 18 U.S.C. § 2255 fails as a matter of law, any further amendment of the pleadings would be futile and the Amended Complaint should be dismissed with prejudice against the Congregation Defendants.

## CONCLUSION

For all the foregoing reasons, the Congregation Defendants respectfully request that the Court grant their Motion and dismiss all claims against the Congregation Defendants in this action in their entirety and with prejudice, as any further amendment of the Amended Complaint would be futile.

Dated: May 24, 2024
      New York, New York

Respectfully submitted,

**COHEN & GRESSER LLP**

 /s/ Mark S. Cohen
Mark S. Cohen
Matthew V. Povolny
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: (212) 957-7600
Fax: (212) 957-4514

*Attorneys for Defendants Congregation Shaarei Zion of Bobov, Rabbinical College Bobover Yeshiva Bnei Zion, Yad Ephraim, Pesach Greenberg, Yachad D'Bobov, and Chaim Fleischer*