UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RIVKA MANDEL

               Plaintiff,

-against-

JACOB DASKAL; BELLA DASKAL; PEARL DEMBITZER; LEIBY DEMBITZER; CHA YA BORNSTEIN; SHULEM BORNSTEIN; CHAIM DASKAL; ESTHER BRODY; ROSE TEITELBAUM; BENZION DASKAL; SOLOMON DASKAL; BARRY DASKAL; CHAVI FISCHBEIN; ISAAC FISCHBEIN; BORO PARK SHOMRIM; BAIS Y AAKOV HIGH SCHOOL OF CHICAGO; CRAINDELL Z. MANNES; RABBI BEN ZION HALBERSTAM; CHAIM S. HALBERSTAM; CONGREGATION SHAAREI ZION OF BOBOV; RABBINICAL COLLEGE BOBOVER YESHIVA BNEI ZION; LIPA "NUSSY" BRAUNER; MUTTY BRAUNER; YAD EPHRAIM a/k/a EZRAS CHOLIM YAD EPHRAIM; PESACH GREENBERG; YACHAD D'BOBOV; and CHAIM FLEISCHER,

               Defendants.

Case No.: 23-cv-07352 (RER) (VMS)

Hon. Ramon E. Reyes, Jr.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION TO DISMISS BY DEFENDANTS BELLA DASKAL,
<u>PEARL DEMBITZER, LEIBY DEMBITZER AND ROSE TEITELBAUM</u>**

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Defendants Bella Daskal, Pearl Dembitzer, Leiby Dembitzer and Rose Teitelbaum*
733 Third Avenue
New York, New York 10017
(212) 867-6000

DEBORAH RIEGEL
BENJAMIN Z. KOBLENTZ
 *Of Counsel*

# TABLE OF CONTENTS

                                                                                                    **Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

    A.      Overwhelming Authority Establishes that § 2255 Does Not Create a Cause of Action for Secondary Liability ................................................................................................ 2

    B.      Even if § 2255 Does Allow for Secondary Liability, the Amended Complaint Fails to Adequately Plead a Violation of § 2255 ......................................................................... 7

CONCLUSION ........................................................................................................................ 10

RE\09501\0001\5763156v3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Achtman v. Kirby, McInerney, & Squire, LLP*,
    464 F.3d 328 (2d Cir. 2006) ............................................................................................. 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ 7

*Atuahene v. City of Hartford*,
    10 F. Appx. 33 (2d Cir. 2001) ....................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 7

*Bloor v. Carro, Spanbock, Londin, Rodman & Fass*,
    754 F.2d 57 (2d Cir. 1985) .............................................................................................. 8

*Butts v. New York City Dep't of Educ.*,
    2018 WL 4725263 (E.D.N.Y., Sept. 28, 2018) ............................................................... 3

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
    511 U.S. 164 (1994) ......................................................................................... 1, 2, 3, 4, 5, 6

*Citizens United v. Schneiderman*,
    882 F.3d 374 (2d Cir. 2018) ............................................................................................ 9

*City of New York v. Milhelm*,
    2009 WL 701005 (E.D.N.Y., Mar. 11, 2009) .............................................................. 3, 6

*Dep't of Econ. Dev. v. Arthur Andersen & Co. (U.S.A.)*,
    924 F. Supp. 449 (S.D.N.Y. 1996) .................................................................................. 4

*Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin*,
    135 F.3d 837 (2d Cir. 1998) ............................................................................................ 5

*Doe 1 v. Deutsche Bank Aktiengesellschaft*,
    671 F. Supp. 3d 387 (S.D.N.Y. 2023) .......................................................................... 4, 6

*Doe 9 v. Varsity Brands, LLC*,
    679 F. Supp. 3d 464 (D.S.C. 2023) ................................................................................. 3

*Doe v. Hansen*,
    No. 4:16-CV-546 JAR, 2018 WL 2223679, at *5 (E.D. M.O., May 15, 2018
    *aff'd sub nom. Doe v. Fort Zumwalt R-II Sch. Dist.*,
    920 F.3d 1184 (8th Cir. 2019) ......................................................................................... 3

RE\09501\0001\5763156v3

*Doe v. Varsity Brands, LLC*,
  2023 WL 4935933, at \*20 (N.D. Ohio Aug. 2, 2023) ................................................................4

*Freeman v. DirecTV, Inc.*,
  457 F.3d 1001 (9th Cir. 2006) ...................................................................................................5

*Gill v. Arab Bank, PLC*,
  893 F. Supp. 2d 474 (E.D.N.Y. 2012) .......................................................................................3

*Grady v. F.D.I.C.*,
  2014 WL 1364932 (D. Ariz., Mar. 26, 2014) ............................................................................6

*Gray v. Darby*,
  No. CIV.A. 08-CV-02527, 2009 WL 805435 (E.D. Pa., Mar. 25, 2009) ..................................7

*Halberstam v. Welch*,
  705 F.2d 472 (D.C. Cir. 1983) ...................................................................................................8

*Harding v. Watch Tower Bible & Tract Soc'y of New York, Inc.*,
  No. 22-6029, 2022 WL 3025816 (10th Cir., Aug. 1, 2022) .......................................................7

*Heffernan v. HSBC Bank USA*,
  No. 1:99CV07981, 2001 WL 803719 (E.D.N.Y., Mar. 29, 2001) .............................................3

*Honickman v. BLOM Bank SAL*,
  6 F.4th 487 (2d Cir. 2021) .........................................................................................................8

*Jane Doe No. 8 v. Royal Caribbean Cruises, Ltd.*,
  860 F. Supp. 2d 1337 (S.D. Fla. 2012) ..................................................................................4, 5

*Jean-Charles v. Perlitz*,
  937 F. Supp. 2d 276 (D. Conn. 2013) ........................................................................................3

*Logan v. Stewart*,
  2015 WL 13916200 (C.D. Cal., Sept. 24, 2015) .......................................................................5

*Mastafa v. Chevron Corp.*,
  759 F. Supp. 2d 297 (S.D. N.Y. 2010),
  *affd*, 770 F.3d 170 (2d Cir. 2014) .............................................................................................4

*May Flower Int'l, Inc. v. Tristar Food Wholesale Co. Inc.*,
  No. 21-cv-02891 (RPK) (PK), 2022 WL 4539577 (E.D.N.Y., Sept. 28, 2022) ........................9

*Noble v. Weinstein*,
  335 F. Supp. 3d 504 (S.D.N.Y. 2018) ....................................................................................4, 8

*Pittman by Pittman v. Grayson*,
  149 F.3d 111 (2d Cir. 1998) .......................................................................................................8

RE\09501\0001\5763156v3

*Prewett v. Weems*,
    749 F.3d 454 (6th Cir. 2014) ...................................................................................7

*Red Rock Sourcing LLC v. JGX LLC*,
    2024 WL 1243325 (S.D.N.Y., Mar. 22, 2024) .......................................................10

*Rothstein v. UBS AG*,
    708 F.3d 82 (2d Cir. 2013),
    *superseded by statute as recognized by Twitter, Inc. v. Taamneh*,
    598 U.S. 471 (2023)..................................................................................................3

*Swartwout v. Edgewater Grill LLC*,
    2013 WL 3655162 (W.D. Mich., July 12, 2013) .....................................................6

*T.D.P. v. Choice Hotels Int'l, Inc.*,
    2024 WL 1256053 (S.D. Ohio, Mar. 25, 2024)....................................................4, 5

*In re Terrorist Attacks on Sept. 11, 2001*,
    349 F. Supp. 2d 765 (S.D.N.Y. 2005)......................................................................8

*In re Terrorist Attacks on September 11, 2001*,
    714 F.3d 118 (2d Cir. 2013).....................................................................................3

*Weiss v. City Univ. of New York*,
    2019 WL 1244508 (S.D.N.Y, Mar. 18, 2019) ..........................................................6

**Statutes**

Federal Rules of Civil Procedure Rule 12(b)(6) ...............................................1, 2, 7, 10

18 USC § 2........................................................................................................................6

18 USC § 2255.........................................................................................1, 2, 3, 4, 5, 6, 7, 10

42 USC § 3604..................................................................................................................6

Defendants Bella Daskal, Pearl Dembitzer, Leiby Dembitzer and Rose Teitelbaum (collectively, the "Daskal Family Defendants"), through their undersigned counsel, respectfully submit this reply memorandum of law in further support of their motion to dismiss Count I alleged against them in plaintiff Rivka Mandel's ("Plaintiff") Amended Complaint (the "Amended Complaint") with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules").

## PRELIMINARY STATEMENT[1]

As set forth in their MTD, the single cause of action asserted against the Daskal Family Defendants in Plaintiff's Amended Complaint, alleging a violation of 18 U.S.C. § 2255 ("§ 2255") for aiding and abetting defendant Jacob Daskal ("Daskal") in the commission of crimes against Plaintiff, fails as a matter of law and must, respectfully, be dismissed with prejudice.

First, overwhelming case law from the Second Circuit, District Courts within the Second Circuit and other Federal courts throughout the United States confirms the principal set forth by the Supreme Court of the United States in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994) ("*Central Bank*"), that secondary liability, including, without limitation, for aiding and abetting the perpetrator of a crime, does not exist unless a statute expressly provides for such liability. Plaintiff's Memorandum of Law in Opposition to the MTD, dated September 27, 2024 (the "Opp. MOL"), which relies primarily on two nonbinding cases, ignores the panoply of federal case law cited by the Daskal Family Defendants extending the *Central Bank* holding to cases outside of the federal securities laws context, including cases expressly stating that § 2255 does not create a cause of action for secondary liability.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning given to them in the Daskal Family Defendants' Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint, dated August 9, 2024 (the "MTD").

Second, even if § 2255 did provide for secondary liability, which it does not, there is simply no factual basis set forth in the Amended Complaint for Plaintiff's claim that any of the Daskal Family Defendants were aware of Daskal's alleged wrongdoing, much less aided and abetted such wrongdoing. The Opp. MOL, like the Amended Complaint, lacks any specific facts to substantiate Plaintiff's conclusory, speculative and baseless allegations, many of which are alleged "Upon information and belief", that the Daskal Family Defendants acted unlawfully or improperly. Simply, Plaintiff's Amended Complaint constitutes the first step of a fishing expedition, does not sufficiently plead that the Daskal Family Defendants acted with the requisite scienter to support Plaintiff's claim, and fails to satisfy the pleading standard required to survive the MTD.

Accordingly, Plaintiff's Amended Complaint against the Daskal Family Defendants should be dismissed pursuant to Federal Rule 12(b)(6), and the Amended Complaint must be dismissed with prejudice because any further amendment would be futile.

**ARGUMENT**

**A. Overwhelming Authority Establishes that § 2255 Does Not Create a Cause of Action for Secondary Liability**

Plaintiff has alleged only one claim against the Daskal Family Defendants in the Amended Complaint: a violation of § 2255 for allegedly "know[ing] of, aiding and abetting, enabling and concealing the conduct of defendant Daskal." Am. Compl., ECF Dkt. No. 21, ¶ 94. As set forth at length in the Daskal Family Defendants' MTD, the United States Supreme Court decision in *Central* Bank, which is adhered to by the overwhelming majority of federal courts, makes clear that where the text of a federal statute "does not prohibit aiding and abetting . . . a private plaintiff may not maintain an aiding and abetting suit." 511 U.S. 164, 191 (1994). Here, the plain text of § 2255 neither addresses aiding and abetting, nor any other form of secondary liability, and Plaintiff's claim therefore fails as a matter of law.

In the Opp. MOL (pp. 20-21), Plaintiff makes the baseless argument that *Central Bank* is not applicable here because the Supreme Court's holding is limited to the anti-fraud provisions of the federal securities laws. Plaintiff's argument brazenly ignores the case law cited in the Daskal Family Defendants' MTD specifically addressing the absence of secondary liability under, and the application of *Central Bank* to, § 2255, notwithstanding that Federal securities laws are not implicated. *See, e.g.*, *Jean-Charles v. Perlitz*, 937 F. Supp. 2d 276, 281–282 (D. Conn. 2013) ("[i]t is the approach the Court took in *Central Bank* that matters, not the statute it was considering" and holding that § 2255 does not allow for secondary liability because the plain language of the statute "is silent with regard to the availability of secondary liability"); *see Doe v. Hansen*, No. 4:16-CV-546 JAR, 2018 WL 2223679, at *5 (E.D. Mo. May 15, 2018) ("agree[ing] with the conclusion reached by the *Perlitz* court, following the logic of *Central Bank*," and finding that the civil remedy provision of § 2255 "does not permit claims for secondary or vicarious liability"), *aff'd sub nom. Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184 (8th Cir. 2019); *Doe 9 v. Varsity Brands, LLC*, 679 F. Supp. 3d 464 (D.S.C. 2023).

Plaintiff also ignores overwhelming case law cited in the Daskal Family Defendants' MTD from the Second Circuit and the district courts within, all of which relies on *Central Bank*, consistently holding that various federal statutes which are silent with regard to secondary liability do not give rise to liability extending to aiders and abettors. *See, e.g.*, *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 474, 499 (E.D.N.Y. 2012); *Heffernan v. HSBC Bank USA*, No. 1:99CV07981, 2001 WL 803719, at *7 (E.D.N.Y. Mar. 29, 2001); *Butts v. New York City Dep't of Educ.*, No. 16-cv-5504 (NGG) (RML), 2018 WL 4725263, at *5 (E.D.N.Y. Sept. 28, 2018); *City of New York v. Milhelm*, 2009 WL 701005, at *3 (E.D.N.Y. Mar. 11, 2009); *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 118, 123 (2d Cir. 2013); *Rothstein v. UBS AG*, 708 F.3d 82, 97 (2d Cir. 2013),

*superseded by statute as recognized by Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023); *Dep't of Econ. Dev. v. Arthur Andersen & Co. (U.S.A.)*, 924 F. Supp. 449, 475 (S.D.N.Y. 1996); *Mastafa v. Chevron Corp.*, 759 F. Supp. 2d 297, 300 (S.D.N.Y. 2010), *aff'd*, 770 F.3d 170 (2d Cir. 2014); *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 410-411 (S.D.N.Y. 2023); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 525 (S.D.N.Y. 2018). Plaintiff's assertion that "[t]he weight of existing decisional law tips decisively against the position taken by the [Daskal Family Defendants]" (Opp. MOL, p. 20) is simply incorrect.

Instead of addressing the line of cases flowing from *Central Bank* cited by the Daskal Family Defendants, Plaintiff relies primarily on two non-binding cases for the proposition that "liability under §2255 [is] not limited to the perpetrator or offender." Opp. MOL, p. 21 (*citing T.D.P. v. Choice Hotels Int'l, Inc.*, 2024 WL 1256053 (S.D. Ohio Mar. 25, 2024); *Jane Doe No. 8 v. Royal Caribbean Cruises, Ltd.*, 860 F. Supp. 2d 1337 (S.D. Fla. 2012)). In fact, even a cursory review of *Jane Doe No. 8*, upon which Plaintiff so heavily relies, unequivocally establishes that its holding is inapplicable to Plaintiff's claims. In *Jane Doe No. 8,* the plaintiff brought two claims against a defendant cruise line pursuant to § 2255 after one of the cruise line's employees sexually assaulted the plaintiff when she was a 17-year-old passenger on one of its ships. Critically, in analyzing § 2255 upon defendant's motion to dismiss, the court stated:

> Squarely applicable to this case is the principle of federal maritime law that a cruise line is strictly liable for a crew member's assault of a passenger. Importantly…this principle had been clearly established by two Supreme Court decisions from the late 19th century, and those decisions remained binding precedent…Thus, absent a clear statutory purpose to the contrary, this Court must presume that Congress intended to incorporate this long-standing principle of federal maritime law when enacting § 2255.

*Id*., at 1339-40 (internal quotation marks and citations omitted); *see also Doe v. Varsity Brands, LLC*, 2023 WL 4935933, at *20 (N.D. Ohio Aug. 2, 2023) (holding that "Section 2255 does not mention, or provide for, secondary liability" which "alone indicates that Congress did not intend

to permit secondary liability under § 2255" and explaining that plaintiff's reliance upon *Jane Doe No. 8* "for the proposition that § 2255 does not limit liability to the first party perpetrator is not persuasive" because "the instant case does not involve maritime law [and] the *Jane Doe 8* court's approach to statutory interpretation of § 2255 is inapposite"). Simply put, the Court's holding in *Jane Doe 8* is expressly predicated on the express application of the provisions of Maritime Law, and not reliance on secondary liability under § 2255.[2]

Plaintiff further relies upon *Jane Doe No. 8* (860 F. Supp. 2d at 1340) and *Choice Hotels Int'l* (2024 WL 1256053 at *3) for the misplaced contention that § 2255 extends secondary liability to aiders and abettors because "courts may not add or subtract words from a statute." These two decisions are not only inconsistent with overwhelming case law, including from the Second Circuit, but also ignore the canons of statutory interpretation relied upon by the Supreme Court in *Central Bank* and other federal courts explicitly finding that "it is not plausible to interpret [ ] statutory silence as tantamount to an implicit congressional intent to impose [statutory] aiding and abetting liability." *Central Bank*, 511 U.S. at 184-85; *see also Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin*, 135 F.3d 837, 842 (2d Cir. 1998) (relying on *Central Bank* and declining to imply a cause of action to secondary actors unless they "independently satisfy the requirements for primary liability"); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1005 (9th Cir. 2006) ("Because there is no language in § 2702 suggesting secondary liability, we find no textual support for [the plaintiffs'] contention that Congress explicitly provided for aiding and abetting or conspiracy claims"); *Logan v. Stewart*, 2015 WL 13916200, at *4 (C.D. Cal. Sept. 24, 2015)

---

[2] Another non-binding case upon which Plaintiff relies, *Choice Hotels Int'l.*, cites to *Jane Doe No. 8* in support of its holding that plaintiff may assert a claim for secondary liability pursuant to § 2255 because the statute "does not specify against whom a lawsuit may be brought" (2024 WL 1256053 at *3). The *Choice Hotels Int'l.* court, however, fails to address *Jane Doe No. 8's* explicit limitation to federal maritime law, rendering its analysis suspect and, in any event, inconsistent with the overwhelming weight of federal case law addressing the issue.

- 5 -

("Because 42 U.S.C. § 3604 does not include any language suggesting that Congress intended to impose secondary liability by targeting aiding and abetting action, [the plaintiff's] aiding and abetting discrimination claim against [the defendant] must be dismissed"); *Grady v. F.D.I.C.*, 2014 WL 1364932, at *7 (D. Ariz. Mar. 26, 2014) ("Because RESPA and ECOA's statutory text does not provide for secondary liability, claims for aiding and abetting cannot stand"); *Swartwout v. Edgewater Grill LLC*, 2013 WL 3655162 (W.D. Mich. July 12, 2013).

Indirectly confirming § 2255's inapplicability to secondary actors, Plaintiff makes the misleading argument that aiding abetting and liability extends to civil cases, such as here, because 18 U.S.C. § 2 "imposes liability on aiders and abettors and secondary actors involved in criminal activity" (Opp. MOL, p. 23). However, as observed by the Court in *Central Bank*, 18 U.S.C. § 2 is a criminal, not civil, statute and there is no general presumption that a plaintiff may sue the aider and abettor of a criminal act:

> [18 U.S.C. § 2] decrees that those who provide knowing aid to persons committing federal crimes, with the intent to facilitate the crime, are themselves committing a crime…Congress has not enacted a general civil aiding and abetting statute…for suits by private parties. Thus, when Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abettors.

*Central Bank*, 511 U.S. at 181-182; *see also City of New York v. Milhelm Attea & Bros.*, 2009 WL 701005, at *2 (E.D.N.Y. Mar. 11, 2009) (*quoting Central Bank*, 511 U.S. at 182) ("Aiding and abetting is a basic principle of criminal law…By contrast, 'Congress has not enacted a general civil aiding and abetting statute…'"); *Weiss v. City Univ. of New York*, 2019 WL 1244508, at *12 (S.D.N.Y. Mar. 18, 2019) ("18 U.S.C. § 2 is part of the federal criminal code extending liability as a 'principal' for federal crimes to any individual who 'aids, abets, counsels, induces or procures' or 'willfully causes' the commission of an offense against the United States. It does not provide a private cause of action."); *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d at 410-411.

Finally, Plaintiff does not dispute, and therefore is deemed to concede, that the failure to identify a predicate act in the Amended Complaint alone warrants dismissal of her § 2255 claim. *See, e.g.*, *Gray v. Darby*, No. CIV.A. 08-CV-02527, 2009 WL 805435, at *6 (E.D. Pa. Mar. 25, 2009) (dismissing complaint that failed to allege a predicate felony under § 2255); *Harding v. Watch Tower Bible & Tract Soc'y of New York, Inc.*, No. 22-6029, 2022 WL 3025816, at *2, fn. 3 (10th Cir. Aug. 1, 2022); *Prewett v. Weems*, 749 F.3d 454, 457 (6th Cir. 2014).

Accordingly, Plaintiff's § 2255 claim against the Daskal Family Defendants fails as a matter of law and should be dismissed.

**B.      Even if § 2255 Does Allow for Secondary Liability, the Amended Complaint Fails to Adequately Plead a Violation of § 2255**

To survive a motion to dismiss pursuant to Federal Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 (a complaint's factual allegations must "raise a right to relief above the speculative level"). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Twombly*, 550 U.S. at 555); *see also Achtman v. Kirby, McInerney, & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006).

Even if civil aiding and abetting liability were available under § 2255, which it is not, the Second Circuit established three pleading requirements: "(1) the existence of a…violation by the primary (as opposed to the aiding and abetting) party; (2) 'knowledge' of this violation on the part of the aider and abettor; and (3) 'substantial assistance' by the aider and abettor in the achievement

of the primary violation." *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57, 62 (2d Cir. 1985); *see also Honickman v. BLOM Bank SAL*, 6 F.4th 487, 494 (2d Cir. 2021); *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 797 (S.D.N.Y. 2005), *aff'd*, 714 F.3d 118 (2d Cir. 2013) (*quoting Pittman by Pittman v. Grayson*, 149 F.3d 111, 123 (2d Cir. 1998)).

As discussed in the Daskal Family Defendants' MTD (*see* pp. 11-16), Plaintiff failed to allege *any* specific facts or instances of misconduct by the Daskal Family Defendants suggesting they possessed knowledge of or provided substantial assistance to Daskal in furtherance of his crimes, both of which are required to establish the requisite scienter in support of Plaintiff's aiding and abetting claim, even were it available. *See, e.g.*, *Noble*, 335 F. Supp. 3d at 525 (S.D.N.Y. 2018) (*quoting Halberstam v. Welch*, 705 F.2d 472, 478 (D.C. Cir. 1983)) ("The focus of aiding and abetting, in the context of civil liability, is 'whether a defendant knowingly gave 'substantial assistance'' to the primary violator of the underlying statute"). Rather, the Amended Complaint merely relies upon general statements made in Judge Garaufis' Memorandum and Order, filed on June 9, 2023 (the "Memorandum and Order"), and by Judge Garaufis himself at Daskal's sentencing. The Opp. MOL, which regurgitates the general statements made in the Amended Complaint, highlights the absence of specific allegations against the Daskal Family Defendants.

Even if they constituted a finding fact, which they do not, Judge Garaufis' statements do not allege a single act by the Daskal Family Defendants that would support aiding and abetting liability. *See* Am. Compl., ECF Dkt. No. 21, ¶¶ 4, 7, 43, 63, 89-91; Opp. MOL, pp. 2-5, 9-12, 15-16. The Memorandum and Order carefully and chronologically details Daskal's conduct and, for example, when referencing Plaintiff's temporary stay at Daskal's summer home, makes no specific statement concerning the Daskal Family Defendants' knowledge or even suspicion of Daskal's crimes. *See* Am. Compl., ECF Dkt. No. 21, ¶ 43. Likewise, the Amended Complaint's reference

to letters submitted by three of the Daskal Family Defendants as part of the Memorandum and Order (*see* Am. Compl., ECF Dkt. No. 21, ¶ 62) does not support any inference that the Daskal Family Defendants engaged in wrongful conduct.

In an attempt to overcome the Amended Complaint's absence of any legally cognizable allegations against the Daskal Family Defendants, Plaintiff claims that "the allegations advanced 'upon information and belief' as to the defendants other than Daskal (*id*., ¶¶ 11-39) are sufficient to meet the plausibility standard" and that "[t]he defendants other than Daskal himself presumptively have the information linking them to their conduct relating to Daskal, including their receipt of funds from him in an effort to evade liability to Ms. Mandel." Opp. MOL, p. 19. However, "[a] litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018). Instead, "statements made upon information and belief must be supported by some factual allegations making them plausible." *May Flower Int'l, Inc. v. Tristar Food Wholesale Co. Inc.*, No. 21-cv-02891 (RPK) (PK), 2022 WL 4539577, at *4 (E.D.N.Y. Sept. 28, 2022).

Plaintiff does not set forth any facts in support of the conclusory allegation that the Daskal Family Defendants should be liable to Plaintiff by virtue of the "receipt of funds from [Daskal] in an effort to evade liability" to Plaintiff. Indeed, the entire allegation is rank speculation. Further, the Amended Complaint is riddled with additional speculative and conclusory allegations, often prefaced with "Upon information and belief", without providing any factual context, any basis for their "belief" or referencing a single act by any of the Daskal Family Defendants suggesting that they had a suspicion of Daskal's conduct, let alone that they aided and abetted such conduct. *See, e.g.*, Am. Compl., ECF Dkt. No. 21, ¶¶ 11-13, 18, 50, 91. The Amended Complaint simply implores the Court to conclude that her claims must be so because she assumes them to be true.

RE\09501\0001\5763156v3

Moreover, the Amended Complaint repeatedly asserts sweeping allegations against all of the additional defendants, without specifically identifying which additional defendant is connected to each of the speculative and conclusory allegations set forth therein. *See, e.g.*, Am. Compl., ECF Dkt. No. 21, ¶¶ 50-51. It is axiomatic that a complaint cannot "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Where a court is "unable to discern from the pleadings [a defendant's] specific role, if any" in a claimed offense, that claim should properly be dismissed. *Red Rock Sourcing LLC v. JGX LLC*, 2024 WL 1243325, at *25 (S.D.N.Y. Mar. 22, 2024). The Amended Complaint neither sets forth concrete factual allegations against the Daskal Family Defendants nor distinguishes between the Daskal Family Defendants' alleged conduct and the conduct of the other defendants, both of which are fatal to Plaintiff's § 2255 claim.

Plaintiff has failed to allege any facts suggesting that the Daskal Family Defendants possessed knowledge of, aided and abetted, enabled or concealed Daskal's crimes. Accordingly, Plaintiff has failed to satisfy the requisite pleading standard and her § 2255 claim against the Daskal Family Defendants should be dismissed.

## CONCLUSION

Accordingly, the Amended Complaint against the Daskal Family Defendants should be dismissed with prejudice pursuant to Federal Rule 12(b)(6).

Dated: New York, New York  
October 28, 2024

**ROSENBERG & ESTIS, P.C.**  
*Attorneys for Defendants Bella Daskal, Pearl Dembitzer, Leiby Dembitzer and Rose Teitelbaum*

By: *Deborah Riegel*  
Deborah Riegel  
733 Third Avenue  
New York, New York 10017  
(212) 867-6000