UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RIVKA MANDEL,

                Plaintiff,

v.

JACOB DASKAL, BELLA DASKAL, PEARL DEMBITZER, LEIBY DEMBITZER, CHAYA BORNSTEIN, SHULEM BORNSTEIN, CHAIM DASKAL, ESTHER BRODY, ROSE TEITELBAUM, BENZION DASKAL, SOLOMON DASKAL, BARRY DASKAL, CHAVI FISCHBEIN, ISAAC FISCHBEIN, BORO PARK SHOMRIM, BAIS YAAKOV HIGH SCHOOL OF CHICAGO, CRAINDELL Z. MANNES, RABBI BEN ZION HALBERSTAM, CHAIM S. HALBERSTAM, CONGREGATION SHAAREI ZION OF BOBOV, RABBINICAL COLLEGE BOBOVER YESHIVA BNEI ZION, LIPA "NUSSY" BRAUNER, MUTTY BRAUNER, YAD EPHRAIM a/k/a EZRAS CHOLIM YAD EPHRAIM, PESACH GREENBERG, YACHAD D'BOBOV, and CHAIM FLEISCHER,

                Defendants.

Case No. 1:23-cv-07352 (RER) (VMS)

Date of Service:   August 9, 2024

---

**DEFENDANT LIPA "NUSSY" BRAUNER'S
MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS
THE AMENDED COMPLAINT**

 

**AGNIFILO INTRATER LLP**
Marc Agnifilo, Esq.
445 Park Avenue, 7th Floor
New York, NY 10022

*Counsel to Defendant Lipa "Nussy" Brauner*

**Table of Contents**

*PRELIMINARY STATEMENT* ................................................................................................. *1*

*THE AMENDED COMPLAINT* ................................................................................................ *1*

*LEGAL STANDARD* .................................................................................................................. *2*

*ARGUMENT* ............................................................................................................................... *3*

    1.    Plaintiff's Claim Against Mr. Brauner Must Be Dismissed Because Section 2255 Does Not Permit the Type of "Secondary Liability" Alleged Here ........................................ 3

    2.    Because the Amended Complaint Fails to Allege That Mr. Brauner Aided or Abetted One of the Enumerated Offenses of Section 2255, the Complaint Must Be Dismissed ...... 9

*CONCLUSION*............................................................................................................................ *11*

i

## PRELIMINARY STATEMENT

Defendant Lipa "Nussy" Brauner is 47 years old, has been married to the same woman for 25 years, is the father to 8 children, ages 6 to 22, and a grandfather to two grandkids. He is also a member of the Satmar Jewish community in Borough Park, Brooklyn.

He has been wrongly named as a civil defendant in a lawsuit by the plaintiff, a young woman who was victimized by another man, having nothing to do with Mr. Brauner. Indeed, this other man, Jacob Daskal, was prosecuted and convicted by the United States Attorney for the Eastern District of New York of the crime of Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of Title 18, United States Code, Section 2423 in connection with conduct concerning the plaintiff in a case called United States v. Jacob Daskal, EDNY 21cr-00110 (NGG). He was sentenced by the Court to 210 months imprisonment, five years supervised release, and a $250,000 fine. Aside from Mr. Daskal, no other person, and certainly not defendant Brauner, was in any way implicated in the Government's prosecution of Mr. Daskal. While the plaintiff relies heavily on the criminal case convicting Daskal, there is no factual allegation in the criminal case or, for that matter, in this case that Mr. Brauner was in any way involved in the commission of this or any other criminal offense against the plaintiff.

## THE AMENDED COMPLAINT

Plaintiff has filed a complaint with six counts. Five of the counts – Counts Two through Six – charge Daskal alone with various intentional acts committed against the plaintiff. No other defendant is alleged to have aided, abetted, assisted, conspired with, or otherwise acted in concert with Daskal in connection with Counts Two through Six. The defendant here, Lipa "Nussy" Brauner is named, along with all of the "additional" defendants, in Count One, which alleges a violation of Title 18, United States Code, Section 2255.

1

Section 2255 provides, in pertinent part, as follows: "any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252(A), 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation…may sue in any appropriate United States District Court…". The fourteen enumerated federal crimes in Section 2255 relate to the sexual abuse of children or forced labor. Of particular relevance is Section 2423 (Transportation of a Minor with Intent to Engage in Criminal Sexual Activity), which, as noted, was the crime to which Daskal entered a guilty plea in the United States District Court for the Eastern District of New York. Before proceeding further, it is worth noting that while it is undisputed that Daskal pleaded guilty to this offense, plaintiff does not predicate civil liability on any defendant, including Daskal for that matter, for violating Section 2423, or any of the other enumerated violations listed in Section 2255. Rather, in Count One, plaintiff alleges that "the individual defendants…are individually liable…as a consequence of their knowledge of, aiding and abetting, enabling and concealing the conduct of defendant Daskal". See Amended Complaint ¶94.

The Amended Complaint fails to state a claim against Mr. Brauner. Moreover, it fails as a matter of law because Section 2255 does not create a cause of action for secondary liability. Even if Section 2255 allowed for secondary liability, which it does not, the Amended Complaint does not contain allegations that are sufficient to establish that Mr. Brauner violated one of the fourteen crimes in the statute. For these reasons, Mr. Brauner respectfully requests that this Court dismiss the action pending against him.

## **LEGAL STANDARD**

To survive a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted, a complaint must include "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## ARGUMENT

As will be detailed below, Section 2255 does not create a right of action based on secondary liability, and even it did, plaintiff's allegations fail because she does not allege any facts that Mr. Brauner aided and abetted Daskel under section 2255.

There are several problems with the allegations and with the Amended Complaint generally, which should result in its being dismissed. The first issue is whether Section 2255 somehow creates a right of action not only against the individual who directly committed one or more of the fourteen federal crimes listed, but also against other individuals who did not commit one of those crimes but who are nonetheless liable under that Section under a concept the cases refer to as "secondary liability." The second issue is that even if the Court concludes that some types of secondary liability are permitted under Section 2255, because the Amended Complaint fails to allege that Mr. Brauner, or any of the secondary defendants, aided and abetted a violation of one of the fourteen enumerated crimes under Section 2255, the Amended Complaint should be dismissed based on this alone.

1. Plaintiff's Claim Against Mr. Brauner Must Be Dismissed Because Section 2255 Does Not Permit the Type of "Secondary Liability" Alleged Here

As noted, the plaintiff does not allege that Mr. Brauner directly committed any crime against her, much less a violation of one of the fourteen federal violations enumerated in Section 2255. Rather, the plaintiff is seeking to base civil liability on a cluster of concepts sometimes referred to as "secondary liability." Specifically, the plaintiff alleges that Mr. Brauner is liable because he, as well as many other individuals, (i) knew of, (ii) aided, (iii) abetted, (iv) enabled, and (v) concealed Daskal's conduct. This is quite the hodge podge of liability theories, some of

3

which are closer to legally-recognized theories of liability than others. One of the many problems with the Amended Complaint is that it seeks to hold Mr. Brauner liable on this broad array of theories without specifying what he did to make him legally liable under some recognized theory. The legal problem plaintiff faces, among others, is that Section 2255 has been held by at least four United States District Courts to not permit precisely this sort of "secondary liability." See Jean-Charles v. Perlitz, 937 F.Supp.2d 276 (D.Conn. 2013); Doe v. Hansen, No. 4:16-CV-546(JAR), 2018 WL 2223679 (E.D. Mo., May 15, 2018); Doe 9 v. Varsity Brands, LLC, 679 F.Supp.3d 464 (D.S.C. June 26, 2023); Doe v. City of Gauley Bridge, No. 2:21-CV-00491, 2022 WL 3587827 (S.D.W. Va. August 22, 2022).

Perlitz involved a Section 2255 claim against Perlitz, who was convicted of sex abuse, as well as several additional defendants who were affiliated with a residential school that Perlitz founded. As is the case here, the question in Perlitz was whether the additional defendants could be liable for Perlitz's misdeeds toward the plaintiff as aiders, abettors or accessories after the fact. 937 F.Supp.2d at 281. The Court there observed that Section 2255 did not provide for, or so much as reference, secondary liability. Under the rationale of the United States Supreme Court's decision in Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164 (1994), which found that because Section 10(b) of the Securities and Exchange Act of 1934 was silent as to secondary liability, such liability would not exist, the Perlitz court likewise concluded that because Section 2255 was silent as to secondary liability, such would not exist in that context. The Perlitz court further observed that the holding in Central Bank of Denver was not merely an interpretation of Section 10(b) but more generally a fundamental feature of statutory construction.

Citing favorably to the District of Connecticut's decision in Perlitz, the Eastern District of Missouri in Doe v. Hanson, 2018 WL 2223679 (E.D. Mo., May 15, 2018) ruled that Section 2255

4

did not permit secondary liability. In Hanson, Hanson was a schoolteacher and camp counsellor who pleaded guilty to offenses related to child pornography involving his video-recording children at a camp for several years. In addition to allegations against Hanson, the complaint alleged several additional defendants violated Section 2255 under theories of aiding and abetting, *respondeat superior* and vicarious liability. In holding that Section 2255 did not provide for secondary liability, the Court held that "the statute's text is the touchstone in determining whether a statute provides for secondary liability", "if the statute is silent, then there can be no liability for aiding and abetting…", "policy considerations are irrelevant in determining whether a statute provides for secondary liability," and "there is no general presumption that federal civil statute provide for aiding and abetting liability." Id, p's 5-6. The Hanson court specifically cited Gill v. Arab Bank, PLC, 893 F.Supp.2d 474 (E.D.N.Y. 2012)(the civil remedy provision of the antiterrorism statute was silent as to secondary liability and accordingly that type of liability was unavailable) and to the Supreme Court's decision in Central Bank, 511 U.S. at 164.

    Doe v. City of Gauley Bridge, No. 2:21-CV-00491, 2022 WL 3587827 (S.D.W. Va. August 22, 2022) involved a plaintiff who was sexually assaulted by a chief of the Gauley Bridge police department. Among other claims, plaintiff sought to hold the city of Gauley Bridge vicariously liable for the actions of its police chief under Section 2255. Noting that Section 2255 was silent as to vicarious liability, the Court found that Section 2255 did not permit the sort of secondary liability the plaintiff sought. In addition, the Court examined the legislative history of Section 2255 and stated, "Section 2255 was enacted as part of the Child Abuse Victims Rights Act of 1986 on October 18, 1996…This legislative history suggests that a plaintiff would only have a cause of action against 'those found guilty of a violation' of one of the specified statutes." Id., at 13, *quoting* Smith v. Husband, 376 F.Supp.2d 603, 611 (EDVA 2005).

5

In Doe 9 v. Varsity Brands, LLC, 679 F.Supp.3d 464 (D.S.C. June 26, 2023), plaintiff was a cheerleader who alleged she had been sexually abused by a coach. She filed suit against a number of other parties, in addition to the coach, based on aiding and abetting and other theories. Relying on the rationale of Central Bank, 511 U.S. at 164, and again noting that Section 2255 does not provide for secondary liability, the Court ruled that the plaintiff failed to state a Section 2255 claim. The Doe 9 decision noted that its interpretation of Section 2255 as not allowing aiding and abetting liability was supported not only by Supreme Court's decision in Central Bank, but by several other decisions. Specifically, it noted that in Owens v. BNP Paribas, S.A., 897 F.3d 266 (D.C. Cir. 2018), the Court held that because the pre-Justice Against Sponsors of Terrorism Act version of 18 USC 2333 did not provide for aiding and abetting liability, that such liability would not be found. In addition, in Freeman v. DirecTV, Inc., 457 F.3d 1001, 1006 (9th Cir. 2006), the Court held that because the Electronics Communication Privacy Act did not provide for secondary liability that such would not be found.

These four decisions, taken together, provide a compelling argument based on statutory interpretation, as announced by the United States Supreme Court in Central Bank, that where, as here, a statute is silent on the topic of secondary liability that Courts may not read such liability into the statute. We contend that these cases and the rationale they follow are dispositive of the plaintiff's claim that Mr. Brauner should be liable under some theory of secondary liability.

Nonetheless, there are several cases that have applied secondary liability to Section 2255. See Doe v. Liberatore, 478 F.Supp.2d 742 (M.D. Pa. 2007); M.A. ex rel. PK v. Village Voice Media Holdings, LLC., 809 F.Supp.2d 1041(E.D. Mo. 2011); Doe v. Schneider, 2013 WL 5429229 (E.D. Pa. Sept 30, 2013). Before examining these cases in greater detail, one feature stands out: the most recent decision is almost eleven years old. The significance of this is that once Perlitz and Hanson

6

advanced the notion that under Central Bank, courts had to follow basic principles of statutory interpretation and refrain from reading liability into a statute that did not provide for such, there were no more decisions finding secondary liability for Section 2255. Accordingly, while these three cases will be analyzed, the argument of counsel is that each was wrongly decided, and was so because the decision ignored the teachings of the Supreme Court's Central Bank decision and the other statutory interpretation decisions that followed.

Doe v. Liberatore, 478 F.Supp.2d at 742 involved a parishioner who was sexually abused by a parish priest. In addition to the priest, a number of other defendants were sued under Section 2255. The Court stated that in order to be subject to liability under Section 2255, a defendant must be proven to have violated at least one of the enumerated federal offenses listed in the statute. Id. at 755. The Court also found that aiding and abetting is a theory of liability that could cause one to be guilty of one of the enumerated felony offenses. The Court noted that in order to establish aiding and abetting, it must be shown that (1) the substantive offense was committed, (2) the defendant knew it was being committed, and (3) the defendant acted with the intent to facilitate it. Id. at 756. Therefore, the Liberatore Court ruled that Section 2255 liability can extend to someone who violated an enumerated felony, either as a principal or an aider and abettor. However, there is nothing in this decision that permits liability on any other theory, whether that be an accessory after the fact, or *respondeat superior*, or someone who enables the offense (short of being an aider and abettor). Accordingly, to the extent that this case is said to stand for the proposition that it upholds secondary liability for Section 2255, that is not completely true. It requires the plaintiff to show facts that each defendant is guilty of one of the enumerated crimes listed in Section 2255, either as a principal or an aider and abettor. Nonetheless, the vitality of this decision was

7

undermined, we submit, by the <u>Perlitz</u> and <u>Hanson</u> line of cases that limited Section 2255 to direct liability, consistent with the statutory text.

<u>M.A. ex rel. PK v. Village Voice Media Holdings, LLC.</u>, 809 F.Supp.2d 1041(E.D. Mo. 2011) involved a plaintiff who was victimized by someone named McFarland, who pleaded guilty to sex trafficking. The plaintiff brought suit against the Village Voice and Backpage under Section 2255. While the Court did analyze the liability of the Village Voice and Backpage under an aiding and abetting theory, it dismissed the complaint as these media outlets were immune from suits of this type. Accordingly, because the Court was dismissing the claims due to immunity, it did not delve into a deep analysis of the statute, or statutory interpretation in general or the Supreme Court's decision in <u>Central Bank</u>.

Finally, <u>Doe v. Schneider</u>, 2013 WL 5429229 (E.D. Pa. Sept 30, 2013) involved a ballet dancer who was sexually abused by a patron of his ballet school. He sued Schneider and members of Schneider's family. Based on the decision, it appears that the crux of the defense was that the claims were untimely. There is no meaningful discussion of the contours of Section 2255 and whether aiding and abetting is a permissive theory of liability. Indeed, the Court does not even mention the Supreme Court's decision in <u>Central Bank</u> or discuss statutory construction in any way. Ultimately, the Court found that summary judgment was appropriate for a number of the defendants on the Section 2255 claim because the plaintiff showed no evidence that any such defendant assisted the main defendant in committing the conduct at issue. A fair reading is that the Court did not have to analyze the applicability of aiding and abetting to Section 2255 because it was dismissing those claims anyway. For this reason, <u>Schneider</u> is of limited utility to the issues here.

These three decisions are not persuasive for several reasons. <u>First</u>, in each case, the Court was dismissing the plaintiffs claim for another reason, and did not have to engage in a deep review of the scope of Section 2255. <u>Second</u>, each of the three cases ignores a seminal Supreme Court decision, specifically <u>Central Bank</u>, that discusses how statutes are to be analyzed when civil claims are advanced based on that statute. <u>Third</u>, since the decisions in <u>Perlitz</u> and <u>Hanson</u>, there have been no decisions finding that aiding and abetting liability applies to Section 2255.

Accordingly, the complaint should be dismissed as against Mr. Brauner.

2. <u>Because the Amended Complaint Fails to Allege That Mr. Brauner Aided or Abetted One of the Enumerated Offenses of Section 2255, the Complaint Must Be Dismissed</u>

Even if the Court is not persuaded by our argument above and finds that Section 2255 permits aiding and abetting liability, it must nonetheless dismiss the Amended Complaint because there are no allegations that Mr. Brauner aided and abetted a violation of one of the enumerated offenses of Section 2255. As noted, Count One of the Amended Complaint fails to allege which of the fourteen enumerated felonies was committed against the plaintiff. However, we readily admit that Daskal was convicted of an offense under Title 18, United States Code, Section 2423 and that this is indeed one of the enumerated offenses of Section 2255. However, there is no allegation that Mr. Brauner engaged in actions to either violate Section 2423 as a principal or an accomplice.

The allegations concerning Mr. Brauner in the Amended Complaint are as follows: (1) upon information and belief, he had knowledge of, facilitated, aided and abetted, and concealed the extensive criminal conduct of Daskal; (2) that Mr. Brauner was the recipient of substantial assets from Daskal to avoid compensation to the plaintiff; (3) that Mr. Brauner was one of the principal architects and organizers of efforts to (a) conceal Daskal's criminal activities, (b) attempt to intimidate the plaintiff into silence regarding Daskal's criminal activities, (c) seek to bribe her into silence, and (d) obstruct justice by assaults on her property and threats to her safety in an effort to

9

secure her silence and withdrawal of cooperation from prosecuting authorities. See Amended Complaint ¶¶ 33,34.

There are quite literally no facts alleged in the Amended Complaint that show that Mr. Brauner is guilty of the crime of Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of Title 18, United States Code, Section 2423, either as a principal or an aider and abettor. The definition of aiding and abetting was refined, if not created, by Judge Learned Hand 86 years ago in United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938), when he said that aiding and abetting requires the defendant to "in some sort associate himself with the venture, that he participate in it as something that he wishes to bring about, and that he seek by his action to make it succeed." There are simply no allegations, nor could there truthfully ever be, that Mr. Brauner wanted Daskal to succeed in transporting a minor with the intent to engage in criminal sexual activity. As a result, there are no facts to substantiate an aiding and abetting claim against Mr. Brauner.

Ironically, the cases that the plaintiff is likely to rely on in arguing that Section 2255 should include aiding and abetting liability are the same ones that hold against the plaintiff in terms of the sufficiency of the allegations to make out a valid claim. As noted above, the Court in Liberatore, stated that in order to establish aiding and abetting, it must be shown that (1) the substantive offense was committed, (2) the defendant knew it was being committed, and (3) the defendant acted with the intent to facilitate it. Id. at 756. When the plaintiff in Liberatore failed to allege this, the complaint was dismissed. The Amended Complaint is destined for a similar fate as it fails to allege any of these elements or indeed any of the elements of a violation of Section 2423.

## **CONCLUSION**

For these reasons, the Amended Complaint fails to state a claim against Mr. Brauner and must be dismissed against him.

Dated: August 9, 2024                              Respectfully submitted,

                                                    **AGNIFILO INTRATER LLP**

By: _____

Marc Agnifilo
445 Park Avenue, 7th Floor
New York, NY 10022
T: 646-205-4350
marc@agilawgroup.com

*Counsel to Defendant Lipa "Nussy" Brauner*