UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————

№ 23-CV-7352 (RER) (VMS)

————————————

R<span style="font-variant:small-caps">ivka</span> M<span style="font-variant:small-caps">andel</span>

versus

J<span style="font-variant:small-caps">acob</span> D<span style="font-variant:small-caps">askal</span>, *et al.*

————————————

**MEMORANDUM & ORDER**

————————————

**RAMÓN E. REYES, JR., District Judge:**

On February 26, 2021, the United States charged Jacob Daskal with three counts of transporting Rivka Mandel, a minor, with the intent to sexually abuse her. Two years later, Daskal pleaded guilty to the crime. After Daskal's plea, Ms. Mandel filed this action against Daskal and twenty-seven additional parties alleged to have aided and abetted Daskal's crimes. Ms. Mandel seeks civil damages under 18 U.S.C. § 2255 and several state laws. Daskal has moved to dismiss, arguing that Mandel has failed to properly state a claim under 18 U.S.C. § 2255, which requires satisfaction of a predicate statute by the preponderance of the evidence and that, without a federal claim, the Court should decline to exercise supplemental jurisdiction over the state law claims. The remaining defendants also seek dismissal, arguing that 18 U.S.C. § 2255 cannot be applied to aiders and abettors. For the reasons below, Daskal's motion to dismiss is **GRANTED** in part and **DENIED** in part, and the remaining defendants' motions are **GRANTED** in full.

## BACKGROUND

On October 11, 2023, the Honorable Nicholas Garaufis sentenced defendant Jacob Daskal ("Daskal") to the crime of transporting a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). *See generally United States v. Daskal*, No. 21-CR-110 (E.D.N.Y.) (Dkt. No. 102). In her complaint, plaintiff Rivka Mandel ("Plaintiff" or "Mandel") mostly summarizes the history of events in the criminal proceeding leading up to Daskal's sentencing.

Daskal was first indicted in the Supreme Court of New York, Kings County on May 11, 2018. (Amended Complaint, ECF No. 21 ("Am. Compl.") ¶ 44.) A few months later, federal authorities began investigating Daskal. (*Id.* ¶ 46.) That investigation led to a federal indictment on February 26, 2021. (*Id.* ¶ 47.) The United States Attorney's Office for the Eastern District of New York ("the Government") brought several criminal charges against Daskal, and, on July 14, 2023, Daskal ultimately pleaded guilty to the crime of transporting a minor with intent to engage in criminal sexual activity—that minor being Plaintiff—under 18 U.S.C. § 2423(a). *U.S. v. Daskal*, No. 21-CR-110, ECF Doc. No. 96; Minute Entry, Dkt. Entry dated 07/14/2023. Before the court sentenced Daskal, many individuals—including some of the named defendants here—wrote on Daskal's behalf to request that Judge Garaufis give a more lenient sentence. *Daskal*, No. 21-CR-110, ECF Doc. No. 147, Ex. C.

On October 2, 2023, a week before Daskal was sentenced, Mandel brought this civil action against Daskal and one hundred John Does, seeking damages for claims of (1) rape, (2) sexual abuse, (3) assault, (4) battery, and (5) intentional infliction of emotional distress, and (6) equitable relief. (Complaint, ECF No. 1 ("Compl.").) On October 11, 2023,

2

Judge Garaufis sentenced Daskal to 210 months imprisonment with 5 years supervised release with special conditions and fines and fees totaling over $250,000. *Daskal,* No. 21-CR-110, ECF No. 162. During the sentencing, Judge Garaufis rightly praised Mandel for her courage in coming forward and bringing Daskal's crimes to light and admonished the community members who failed to protect her. (Amended Complaint, ECF No. 21 ("Am. Compl.") ¶¶ 87, 90.) Plaintiff then amended her complaint in January 2024 to name twenty-seven defendants who replaced the John Does and to add a claim under 18 U.S.C. § 2255 to attempt to meet the requirements of federal question jurisdiction. (*Id*. ¶¶ 11–39, 92–94.)[1] Plaintiff alleges six causes of action against Daskal: 1) Violation of 18 U.S.C. § 2255, 2) Rape of a Minor, 3) Sexual Abuse, 4) Assault, and 5) Battery, and 6) Intentional Infliction of Emotional Distress; and one cause of action for violating 18 U.S.C. § 2255 against the remaining defendants for allegedly aiding and abetting Daskal. (Am. Compl. ¶¶ 92–109.) Thirteen of the twenty-seven secondary defendants have appeared in this action.[2] (ECF Nos. 40–44, 66, 70–71.) Daskal, Halberstam Defendants, Congregation Defendants, Daskal Family Defendants, and Brauner have each filed a separate motion to dismiss Plaintiff's amended complaint for failure to state a claim. (ECF Nos. 82, 86, 91, 92, 101.)

---

[1] Those defendants are as follows: Bella Daskal, Pearl Dembitzer, Leiby Dembitzer, Chaya Bornstein, Shulem Bornstein, Chaim Daskal, Esther Brody, Rose Teitelbaum, Benzion Daskal, Solomon Daskal, Barry Daskal, Chavi Fischbein, Isaac Fischbein, Boro Park Shomrim a/k/a Boro Park Shomrim Patrol, Bais Yaakov High School of Chicago, Craindell Z. Mannes, Rabbi Ben Zion Halberstam, Chaim S. Halberstam, Congregation Shaarei Zion of Bobov, Rabbinical College Bobover Yeshiva Bnei Zion, Lipa "Nussy" Brauner, Yad Ephraim a/k/a Ezras Cholim Yad Ephraim, Pesach Greenberg, Yachad D'Bobov, and Chaim Fleischer.

[2] Rabbi Ben Zion Halberstam and Chaim Halberstam ("Halberstam Defendants"); Congregation Shaarei Zion of Bobov, Rabbinical College Bobover Yeshiva Bnei Zion, Yad Ephraim, Pesach Greenberg, Yachad D'Bobov, and Chaim Fleischer ("Congregation Defendants"); Bella Daskal, Pearl Dembitzer, Leiby Dembitzer, and Rose Teitelbaum ("Daskal Family Defendants"); and Lipa "Nussy" Brauner ("Brauner").

## DISCUSSION

I. <u>Motion to Dismiss Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. 678. (cleaned up) (internal citations and quotation marks omitted). When considering a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Along with the "facts stated on the face of the complaint," a district court may also consider "documents…incorporated in the complaint by reference." *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023) (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)). Also relevant here, a court may take judicial notice of matters of public record, such as a judgment of conviction. *United States v. Whittingham*, No. 22-1507, 2024 WL 2104674, at *2 (2d Cir. May 10, 2024) (summary order) (citing *United States v. Gordon*, 723 F. App'x 30, 32 n.1 (2d Cir. 2018)) ("We are free to take judicial notice of judgments of conviction."); *Harris v. Nassau Cnty.*, No. 13-CV-4728 (NGG) (ST), 2016 WL 3023265, at

*3 (E.D.N.Y. May 24, 2016) ("Matters of public record of which the court may take judicial notice include arraignments, arrest reports, criminal complaints and indictments, and certificates of disposition.") (collecting cases).

II. Liability Under 18 U.S.C. § 2255

Congress enacted 18 U.S.C. § 2255 as part of the Child Abuse Victims' Rights Act of 1986 to provide a civil remedy to a minor victim of certain sex abuse crimes listed in the statute. *Dixson v. Goodhue Children Ctr.*, No. 23-CV-9159 (HG) (LB), 2024 WL 1704729, at *1 (E.D.N.Y. Apr. 19, 2024) (citing 18 U.S.C. § 2255(a)). Section 2255(a) provides:

> In general.–Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2255(a). To establish liability, a plaintiff must show by a preponderance of the evidence that the defendant violated at least one of the predicate criminal statutes listed in section 2255. *Singleton v. Clash*, 951 F. Supp. 2d 578, 584 (S.D.N.Y. 2013); *see also N.S. v. Rockett*, No. 16-CV-2171-AC, 2018 WL 6920125, at *5 (D. Or. Oct. 19, 2018) (collecting cases). For secondary liability, however, most courts have held section 2255 applies only to the abuser, not to individuals alleged to have aided and abetted the abuser. *See, e.g., Doe 1 v. Varsity Brands, LLC*, 724 F. Supp. 3d 463, 470 (E.D.N.C. 2024) (citing *Central Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) and *Doe 9 v. Varsity Brands*, 679 F. Supp. 3d 464, 481 (D.S.C. 2023)); *Doe v. Hansen*, No. 16-CV-546 JAR, 2018 WL 2223679, at *5–*6 (E.D. Mo. May

15, 2018); *Jean-Charles v. Perlitz*, 937 F. Supp. 2d 276, 281–82 (D. Conn. 2013); *but see Doe v. Schneider*, No. 08-3805, 2013 WL 5429229, at *10 (E.D. Pa. Sept. 30, 2013); *M.A. v. Vill. Voice Media Holdings, Inc.*, 809 F. Supp. 2d 1041, 1053–55 (E.D. Mo. 2011); *Doe v. Liberatore*, 478 F. Supp. 2d 742, 756–57 (E.D. Pa.2007).

    A.    <u>Daskal May Be Held Liable Under Section 2255</u>

Plaintiff alleges that Daskal is liable for the acts he pleaded guilty to in the criminal action—transporting a minor with intent to engage in criminal sexual activity. Daskal argues that the amended complaint should be dismissed because it fails to allege the violation of a predicate statute upon which section 2255 liability may be based. (ECF No. 83 ("Daskal Mem. of Law") at 12–13.) Daskal notes that the amended complaint refers only to 18 U.S.C. § 1595 as a predicate, but that section is not listed in section 2255 as a basis for jurisdiction. (*Id*.) Accordingly, Daskal argues for dismissal.[3] Daskal's argument is misplaced.

Although Plaintiff does indeed fail to specify a predicate statute within the text of her first claim: "Count I, Violation of 18 U.S.C. § 2255" (Am. Compl. ¶¶ 92–94), the amended claim does reallege all allegations previously made. (*Id*. ¶ 92.) Reading the amended complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has plausibly alleged that Daskal violated 18 U.S.C. § 2423(a), a predicate section 2255 statute, by pleading guilty to committing that crime. (*Id*. ¶¶ 58–59); *see Doe v. Schneider*, 667 F. Supp. 2d 524, 529–30 (E.D. Pa. 2009) ("…three applicable predicate statutes have been cited: section 2421(c), 2422 and 2423. Moreover, the factual allegations set forth in the Amended Complaint, construed in the light most favorable to Plaintiff, implicate these

---

[3] Daskal also notes that the original complaint refers to 18 U.S.C. § 1591, which is a listed section 2255 predicate. That section is not referred within the amended complaint.

6

statutes."). Since Plaintiff has plausibly "implicated" that Daskal violated section 2423, Daskal's motion to dismiss as to Count I in Plaintiff's amended complaint asserting a section 2255 claim is denied.

B.  No Aiding or Abetting Liability Under Section 2255

Plaintiff next alleges that the remaining defendants are secondarily liable under section 2255 as aiders and abettors of Daskal's sexual abuse and campaign of intimidation and harassment to prevent Plaintiff from reporting to and cooperating with authorities. The remaining defendants argue that they cannot be liable as aiders and abettors under section 2255 following the logic in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994). (ECF No. 87 ("Halberstam Mem. of Law") at 5–9; ECF No. 93 ("Congregation Mem. of Law") at 6–10; ECF No. 94 ("Daskal Family Mem. of Law") at 6–11; ECF No. 102 ("Braunder Mem. of Law") at 3–9.) In opposition, Plaintiff argues that *Central Bank* is inapposite because its reasoning on secondary liability for aiders and abettors is cabined to the realm of securities law and section 2255 can apply to aiders and abettors through 18 U.S.C. § 2. (Pl.'s Mem. of Law in Opp. at 20–23.) For the following reasons, the Court agrees with the remaining defendants.

The Supreme Court has made clear that for secondary liability to apply through a civil statute, Congress must speak expressly. Silence will not do. *Central Bank of Denver, N.A.*, 511 U.S. at 179–191; *see also Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 158 (2008) (confirming that Section 10(b) does not extend to aiders and abettors). Moreover, contrary to Plaintiff's contentions, *Central Bank*'s reasoning is not limited to securities law. *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 474, 499 (E.D.N.Y. 2012)

("The opinion's reasoning is undeniably broad, and nothing in its holding turns on particular features of securities laws.") (quoting Note, *Central Bank and Intellectual Property*, 123 Harv. L. Rev. 730, 734 (2010)) (Weinstein, J.); *see also Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1006 n.1 (9th Cir. 2006) ("Freeman argues that this holding (*Central Bank*) is limited to the securities law context. However, it is the Supreme Court's approach to interpreting the statute, not the actual statute itself, that is significant.").

Indeed, courts have applied *Central Bank*'s reasoning to section 1595 of the Trafficking Victims Protection Reauthorization Act of 2008. *See Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 411 (S.D.N.Y. 2023) ("The TVPA does not provide civil liability for aiding and abetting. In general, aiding and abetting liability should not be inferred when a statute does not expressly provide for it."); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 525 (S.D.N.Y. 2018); *Perlitz*, 937 F. Supp. 2d at 287. Courts have also applied *Central Bank* to section 2333 of the Anti-Terrorism Act before it was superseded by the Justice Against Sponsors of Terrorism Act. *See Gill*, 893 F. Supp. 2d at 497–502; *Boim v. Holy Land Found. for Relief and Dev.*, 549 F.3d 685, 689–692 (7th Cir. 2008) (en banc) ("So statutory silence on the subject of secondary liability means there is none; and section 2333(a) authorizes awards of damages to private parties but does not mention aiders and abettors or other secondary actors."); *see also Twitter, Inc. v. Taamneh*, 598 U.S. 471, 483 (2023) (citing *Rothstein v. UBS AG*, 708 F.3d 82, 97–98 (2d Cir. 2013)). Courts have further applied *Central Bank* in civil RICO cases. *See Heffernan v. HSBC Bank USA*, No. 99-CV-07981, 2001 WL 803719, at *7 (E.D.N.Y. Mar. 29, 2001) ("Several courts in this circuit have held that the reasoning in *Central Bank* forecloses aiding and abetting liability for a civil RICO violation because the text of 18

U.S.C. § 1962 does not reveal a congressional intent to impose civil liability for such conduct.") (collecting cases). This Court therefore follows these lines of cases and finds that *Central Bank*'s reasoning applies beyond securities law and specifically to section 2255.

Plaintiff primarily relies on a line of cases following *Doe v. Liberatore* to find that section 2255 does apply to aiders and abettors. *See Liberatore*, 478 F. Supp. 2d 742, 756–57 (E.D. Pa. 2007); *T.D.P. v. Choice Hotels Int'l., Inc.*, 725 F Supp. 3d 784, 791–92 (S.D. Ohio 2024); *M.A. ex rel. P.K. v. Vill. Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041, 1053–55 (E.D. Mo. 2011); *Doe v. Schneider*, No. 08-3805, 2013 WL 5429229, at *10 (E.D. Pa. 2013). These cases are unpersuasive for three reasons. First, none discuss, or even cite to, *Central Bank*, which is the controlling authority. Second, none are within the Second Circuit, which followed the holding of *Central Bank* in its *Rothstein* decision. *See Rothstein*, 708 F.3d at 97–98 (2d Cir. 2013). Last, those cases found that secondary liability applied through 18 U.S.C. § 2. The courts in those cases, however, did not provide a compelling explanation as to how 18 U.S.C. § 2 applied to civil cases, a mode of analysis expressly rejected in *Central Bank*. *Central Bank*, 511 U.S. at 190 ("while it is true that an aider and abettor of a criminal violation of any provision of the 1934 Act, including § 10(b), violates 18 U.S.C. § 2, it does not follow that a private civil aiding and abetting cause of action must also exist. We have been quite reluctant to infer a private right of action from a criminal prohibition alone…").

Separately, the Court is also unpersuaded by Plaintiff's reliance on *Jane Doe No. 8 v. Royal Caribbean Cruises, Ltd.*, 860 F. Supp. 2d 1337 (S.D. Fla. 2012). As other courts have noted, the court in *Royal Caribbean* found secondary liability in the context of

9

maritime law. *Royal Caribbean*, 860 F. Supp. 2d at 1339 ("Squarely applicable to this case is the principle of federal maritime law that a cruise line is strictly liable for a crew member's assault of a passenger.") (citing *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 904–13 (11th Cir. 2004)); *see also Doe v. City of Gauley Bridge*, No. 21-CV-00491, 2022 WL 3587827, at *12 n. 18 (S.D.W.Va. Aug. 22, 2022) (quoting *Upton v. Vicknair*, No. CV 21-407, 2021 WL 2635460, at *4 (E.D. La. June 25, 2021)). This case does not involve maritime law, so *Royal Caribbean* is inapposite.

In sum, section 2255 is silent on secondary liability, so the remaining defendants cannot be held secondarily liable as aiders and abettors under that statute. A private plaintiff only has a civil cause of action against a defendant who has been found guilty of one of section 2255's predicate statutes. *Upton*, 2021 WL 2635460, at *5 (citing *Smith v. Husband*, 376 F. Supp. 2d 603, 611 (E.D. Va. 2005)). Accordingly, the secondary defendants' motions to dismiss Count I are granted.

### III. The Court Will Exercise Supplemental Jurisdiction Over Counts IV, V, and VI

Federal district courts have supplemental jurisdiction over non-federal law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. A district court may use its discretion to "decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c)(3). "Generally, where a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Bunting v. Gap, Inc.*, 714 F. Supp. 3d 152, 158 (E.D.N.Y. 2024) (quoting *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) and citing *Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013)).

Plaintiff's section 2255 claim survives against Daskal, and Plaintiff's state law claims arise out of the same operative facts as to that claim. This Court may therefore exercise supplemental jurisdiction over those claims if they are plausibly alleged. Though Daskal's primary argument was that Plaintiff's section 2255 claim failed so Plaintiff's state claims should also fail for lack of subject matter jurisdiction, (Daskal Mem. of Law at 8–9), Daskal also made specific arguments why Plaintiff's claims of (1) rape, (2) sexual abuse, and (3) intentional infliction of emotional distress should be dismissed. (*Id*. at 9–13.)

First, Daskal argues that Plaintiff's rape and sexual abuse claims should be dismissed because no such causes of action exist under New York State law. (*Id*. at 9–11.) Plaintiff counters with the conclusory argument that her state law claims are "direct, straightforward, and complete" and that supplementary jurisdiction applies. (Pl.'s Mem. of Law in Opp. at 24.) Plaintiff's argument is insufficient. Plaintiff's allegations for Count II (Repeated Instances of Rape of a Minor) and Count III (Repeated Acts of Sexual Abuse) fail because they are subsumed by Count IV (Assault) and Count V (Battery). *See Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 90 n. 7 (E.D.N.Y. 2020) (quoting *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) and citing *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993)); *Hough v. Petty*, No. 21-CV-4568-ENV-JRC, 2023 WL 7687866, at *3 (E.D.N.Y. Oct. 10, 2023) ("Thus, plaintiff's proposed cause of action for attempted rape is duplicative of her existing assault and battery claim.") (citing *Stone #1 v. Kubik*, No. 21-CV-1191, 2023 WL 3570443, at *6 (W.D.N.Y. May 19, 2023) and *Goolden v. Wardak*, No. 19-CV-6257, 2020 WL 4271695, at *5 (S.D.N.Y. July 23, 2020)); *Nicholson v. Luce*, 866 N.Y.S.2d 52, 53, 55 A.D.3d 416

(1st Dep't 2008) ("A claim for sexual assault may be framed as a claim for either assault or battery.") (collecting cases). The branch of Daskal's motion to dismiss Counts II and III of Plaintiff's amended complaint is therefore granted and those counts are dismissed with prejudice. Counts IV and V may proceed along with Count I.

Second, Daskal argues that Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim should be dismissed because it is duplicative of the assault and battery claims. (Daskal Mem. of Law at 11–12.) Plaintiff's opposition papers, again, only provide a conclusory counterargument to defend these state law claims. (Pl.'s Mem. of Law in Opp. at 24.) The amended complaint itself, however, alleges sufficient facts to plausibly allege an IIED claim that is not based solely on Daskal's alleged acts of rape and sexual assault.

To state an IIED claim, a plaintiff must establish that "(1) the defendant engaged in extreme and outrageous conduct, (2) he did so with intent to cause severe emotional distress or that he acted in disregard of a substantial probability of causing such distress, (3) there was a causal connection between the conduct and injury, and (4) the conduct resulted in severe emotional distress." *Jones v. Atlantic Recording Corp.*, No. 23-1348, 2025 WL 1872808, at *2 (2d Cir. July 8, 2025) (summary order) (quoting *Chanko v. Am. Broad. Cos.*, 27 N.Y.3d 46, 56 (2016)) (cleaned up). It is true that a court may dismiss an IIED claim if the claim "falls well within the ambit of other traditional tort liability." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 159 (2d Cir. 2014) (quoting *Fischer v. Maloney*, 43 N.Y.2d 553, 557–58, 402 N.Y.S.2d 991, 373 N.E.2d 1215, 1217 (1978)). Still, courts have found that an IIED claim may survive a motion to dismiss when it is based on distinct facts, even though some other facts overlap with an assault or battery claim. *See Dixon*

*v. Reid*, 744 F. Supp. 3d 323, 329 (S.D.N.Y. 2024) (citing *Roelcke v. Zip Aviation, LCC*, No. 15-CV-6284, 2018 WL 1792374, at *13 (S.D.N.Y. Mar. 26, 2018)); *Turley v. ISG Lackawanna, Inc.*, 803 F. Supp. 2d 217, 255 (W.D.N.Y. 2011) (citing *Flamm v. Van Nierop*, 56 Misc.2d 1059, 1060, 291 N.Y.S.2d 189, 190–91 (1968); *Pinks v. Turnbull*, No. 100228/04, 2009 WL 4931802, at *5–*6 (N.Y. Sup. Ct., N.Y. Cnty. Dec. 11, 2009).

Here, the amended complaint relies on Judge Garaufis' June 9, 2023, Memorandum and Order denying Daskal's pretrial motions to exclude evidence and compel the Government to file a bill of particulars. (Am. Compl. ¶ 43); *Daskal*, 21-CR-110, ECF No. 92. The amended complaint highlights that Daskal allegedly told Plaintiff—then a minor child—that she could not tell anyone about Daskal sexually abusing her because it would "ruin her life." (*Id*.) Daskal would also text his "sexual fantasies" to Plaintiff. (*Id*.) In October 2017, Daskal helped Plaintiff enroll in a high school in Chicago, Illinois, but, after he learned that Plaintiff told a classmate about Daskal's abusive acts, Daskal caused Plaintiff to be "expelled" from the school and then "sent back to Brooklyn." (*Id.*) Daskal also instructed Plaintiff to write a letter saying that she had a sexual relationship with Daskal as part of her "therapy" and that she loved Daskal. (*Id*.) Lastly, Daskal would "repeatedly" tell Plaintiff that he had a good relationship with the police and good standing in their community, so no one would believe Plaintiff if she disclosed Daskal's actions. (*Id*.)

Plaintiff also relied on the Government's February 2021 indictment to allege that Daskal recruited individuals to "bribe and intimidate [Plaintiff] into ceasing to cooperate with federal agents and prosecutors. (Id.) As one specific example, Daskal recruited some individuals to slash the Plaintiff's car tires. (*Id*. ¶ 51.) Such harassment, intimidation, and

13

abuse of a child reaches the threshold of outrageous and extreme conduct going beyond all bounds of decency and sufficiently alleges a "deliberate and malicious campaign of harassment or intimidation" that was "longstanding and systematic." *Allam v. Meyers*, No. 09 Civ. 10580 (KMW), 2011 WL 721648, at *7 (S.D.N.Y. Feb. 24, 2011) (quoting *Seltzer v. Bayer*, 272 A.D.2d 263, 264–65 (1st Dep't 2000)); *see, e.g., Dixon*, 744 F. Supp. 3d at 329 (denying the motion to dismiss as to the plaintiff's IIED claim because the complaint plausibly alleged that the defendant "made pervasive suggestive comments towards her, complained when he could not get her alone, made repeated sexual advances and retaliated against her at work by demeaning her in front of coworkers" and other harmful and retaliatory acts); *Roelcke*, No. 15 Civ. 6284, 2018 WL 1792374, at *13 (S.D.N.Y. Mar. 26, 2018) (denying the motion to dismiss as to plaintiff's IIED claim because plaintiff plausibly alleged that the defendant kept plaintiff in harsh living conditions without insufficient food or hygiene products, stalked plaintiff through her iPhone and a GPS tracker on her car, and threatened to distribute sexually explicit pictures and videos if the plaintiff did not comply with the defendants demands); *Eves v. Ray*, 42 A.D.3d 481, 483 (2d Dep't 2007) (finding the defendant's IIED counterclaim to be meritorious where the plaintiff attempted to intimidate the defendant for representing plaintiff's wife in a custody proceeding, threatened the defendant physically and financially, and stalked the defendant despite defendant obtaining a temporary order of protection against plaintiff). Daskal's motion to dismiss as to Count VI of Plaintiff's amended complaint asserting an IIED claim is denied.

**CONCLUSION**

For the above reasons, Daskal's motion to dismiss is **GRANTED** with prejudice as to Counts II (Rape) and III (Sexual Abuse). Daskal's motion to dismiss is **DENIED** as to Counts I (section 2255), IV (Assault), V (Battery), and IV (Intentional Infliction of Emotional Distress). The remaining defendants' motion to dismiss Count I is **GRANTED**. The Clerk of Court is respectfully directed to terminate defendants Rabbi Ben Zion Halberstam, Chaim Halberstam, Congregation Shaarei Zion of Bobov, Rabbinical College Bobover Yeshiva Bnei Zion, Yad Ephraim, Pesach Greenberg, Yachad D'Bobov, and Chaim Fleischer, Bella Daskal, Pearl Dembitzer, Leiby Dembitzer, and Rose Teitelbaum, and Lipa "Nussy" Brauner from this action.

SO ORDERED.

/s/ RAMÓN E. REYES, JR.

RAMÓN E. REYES, JR.
United States District Judge

Dated: August 25, 2025
      Brooklyn, NY