# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————

№ 21-CV-4020 (RER) (MMH)

———————

R<span style="font-size:smaller">IVKA</span> M<span style="font-size:smaller">ANDEL</span>

versus

J<span style="font-size:smaller">ACOB</span> D<span style="font-size:smaller">ASKAL</span>

———————

**SUMMARY ORDER**

———————

**RAMÓN E. REYES, JR., District Judge:**

Defendant Jacob Daskal ('Daskal") has filed (1) a motion for a premotion conference in advance of filing a motion to dismiss pursuant to Rule 12(b)(6), and (2) the actual motion contemplated by that motion for a premotion conference. (ECF Nos. 115 and 116-117).[1] This is the second Rule 12(b)(6) motion Daskal has filed in this matter. (ECF Nos. 82-84). The Court presumes the reader's familiarity with the facts and procedural history of this case, including the Court's August 25, 2025, decision granting in part Daskal's first motion to dismiss. (ECF No. 109).

Daskal argues that plaintiff Rivka Mandel's ("Mandel") state law claims for assault, battery, and intentional infliction of emotional distress ("State Law Claims"), which the

---

[1] Daskal's motion to dismiss is improper under this Court's individual practice rules for two reasons. First, this Court requires almost all motions to be preceded by the filing of a motion of a premotion conference and a ruling thereon. (Rule IV.A.1.a). Although Daskal filed such a motion for a premotion conference (ECF No. 115), he did not wait for plaintiff to respond, or for the Court to rule thereon, and filed his motion the next day. Second, Daskal violated this Court's "bundling rule", which prohibits the filing of motion papers until the motion is "fully briefed." (IV.B.3.c). Daskal's counsel is warned that they now have two (2) strikes against them. A third may result in sanctions.

Court did not previously dismiss, should be dismissed as untimely. (ECF No. 117 at 4-7). Correctly recognizing that Mandel's State Law claims accrued at the latest when the alleged sexual abuse ended in November 2017, and that she filed her complaint on October 2, 2023, Daskal argues that these claims are untimely given New York's one-year statute of limitations on such claims. (*Id.*) Daskal's argument, however, completely ignores New York's Adult Survivors Act ("ASA"), N.Y. C.P.L.R. § 214-j (McKinney 2022).

New York enacted the ASA to address sexual-violence claims that might be time-barred. In passing this law, the New York legislature explained that "[t]hose who have had justice denied them as a result of New York's formerly insufficient statutes of limitations should be given the opportunity to seek civil redress against their abuser [] in a court of law." Senate Bill S66, N.Y. State Senate, https://www.nysenate.gov/node/8080937. "The ASA provided adult victims of sexual abuse with a new one-year window in which to sue their abusers, even if an otherwise applicable statute of limitations had previously expired." *Carroll v. Trump*, 151 F.4th 50, 63 (2d Cir. 2025). The ASA became effective on May 24, 2022, and revived time-barred claims related to "sexual offense[s]" until November 24, 2023. N.Y. C.P.L.R. § 214-j. So even though Mandel's State Law Claims expired at the latest in November 2018, she had another chance to sue until November 24, 2023. As Daskal admits, Mandel filed her complaint on October 2, 2023, well within the ASA's one-year lookback period.

Accordingly, Daskal's motion for a premotion conference and his motion to dismiss are denied.

**CONCLUSION**

For the reasons set forth above, Daskal's request for a premotion conference and his prematurely filed motion to dismiss are denied.

SO ORDERED.

  /s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: October 4, 2025
	Brooklyn, New York