PAUL BATISTA, P.C.
Attorney-at-Law
26 Broadway – Suite 1900
New York, New York 10004
(631) 377-0111

e-mail: Batista007@aol.com                                     Facsimile: (212) 344-7677

March 12, 2026

VIA ECF
Hon. Vera M. Scanlon
Chief United States Magistrate Judge
    for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Rivka Mandel v. Jacob Daskal,
        1:23-cv-07352 (RER) (VMS)

Dear Chief Judge Scanlon:

I represent plaintiff Rivka Mandel.

I write in response to Your Honor's text order entered yesterday, March 11, 2026, which describes a letter from the attorneys for defendant Jacob Daskal ("Daskal") – Meister Seelig & Fein PLLC ("Meister Seelig") (*see* ECF Doc. No. 124) – as asserting that Ms. Mandel's "counsel indicated that…[Ms. Mandel] is no longer interested in participating in any pretrial discovery whatsoever." Your Honor's text order also directed me as Ms. Mandel's attorney to respond on or before March 13, 2026. *See* text order filed March 11, 2026.

This letter constitutes Ms. Mandel's response to Your Honor's text order.

### Preliminary Statement

I have practiced law in this and many other jurisdictions for more than 50 years. I will restrain myself from characterizing Meister Seelig's assertion as what it is – a deliberate, irresponsible and utter falsehood – but I have never read such a total distortion of fact.

As explained more fully in the balance of this letter, and as Meister Seelig well knows, I have *never* suggested or implied that Ms. Mandel and I are "no longer interested in participating in any pretrial discovery whatsoever."

On the contrary, Ms. Mandel and I have participated fully in discovery and indeed have urged Meister Seelig many times to set a date to conduct Ms. Mandel's deposition in the near future. Defense counsel have declined to do this.

Hon. Vera M. Scanlon
March 12, 2026
Page 2

Moreover, Ms. Mandel and I have fully and adequately responded to the only interrogatories and document demands served by Daskal's attorneys.[1]

## Relevant Background

At the outset, it is important to stress how consequential Ms. Mandel's present case is. In October 2023, Daskal was sentenced by Judge Garaufis to 17.5 years imprisonment based on his conviction for his criminal sexual abuse of Ms. Mandel when she was 15 and 16 years old (*see* Amended Complaint ("AC") (ECF Doc. No. 21 at ¶¶ 53-91)). Daskal was 58 years old when he committed his criminal sexual offenses against Ms. Mandel. *See* AC ¶ 60. Daskal is currently serving his 17.5-year sentence.[2]

### (i)    The Meet and Confer

On March 9, 2023, Stacey Ashby ("Ashby"), a Meister Seelig partner, and two of her associates and I participated in a "meet-and-confer" conference with respect to issues Meister Seelig wished to raise regarding Ms. Mandel's lengthy written responses to a set of interrogatories and a document demand Meister Seelig had served. (I did not record the conference, which was held by telephone, although in light of subsequent events it may be that Meister Seelig did so without advising me. If Meister Seelig recorded the conference, it should be directed to produce the recording since the firm accuses me of making a statement – *i.e.*, that Ms. Mandel would not participate in "pre-trial discovery whatsoever" – which I did not make.)

I made it clear that Ms. Mandel would adhere to the lengthy written responses to Daskal's interrogatories and document demands. To cite only one example, Daskal had demanded Ms. Mandel's "birth certificate," a demand to which I objected on multiple grounds. After all, Daskal pleaded guilty under oath to Judge Garaufis to heinous criminal sexual offenses when, as Daskal admitted, he knew Ms. Mandel to be 15 and 16 years old when he engaged in his criminal offenses against her in 2017.

During the course of the meet-and-confer, I did advise Ashby and her associates, for the sake of complete transparency, that I was in the process of preparing a letter request to Judge Reyes for a pre-motion conference regarding Ms. Mandel's intent to move for summary judgment as to Daskal's liability but not as to damages. Indeed, I yesterday filed a detailed letter and proposed Rule 56.1 Statement in accordance with Judge Reyes' Individual Practice Rules (*see, e.g.*, annexed Exhibit 1, my letter dated March 11, 2026, to Judge Reyes, ECF Doc. No. 125).

---

[1] Significantly, Judge Reyes, in a Summary Order filed October 4, 2025 (ECF Doc. No. 118), expressly "warned" Daskal's counsel "that they now have two (2) strikes against them. A third may result in sanctions." *See* Summary Order at 1, n.1.

[2] Daskal was originally indicted in this Court on February 26, 2021 (*see* AC ¶ 47). He was represented throughout the criminal proceedings by Meister Seelig. It was not until the day on which the criminal trial was scheduled to begin – July 14, 2023 – that Daskal changed his plea of not guilty to a plea of guilty (*see* AC ¶ 59).

Hon. Vera M. Scanlon
March 12, 2026
Page 3

During the meet-and-confer, I raised the issue of Ms. Mandel's appearance at deposition based on a recently served deposition notice in which Meister Seelig had originally and without conferring with me scheduled her deposition for April 2, 2026, which will be Passover. I requested that Ashby and her team propose dates in the near future after the Passover observance for the deposition. They did not respond and have not yet responded.

*(ii)*     *Events Subsequent to the Meet-and-Confer*

During the course of the "meet-and-confer" and in the few days immediately in the wake of the "meet-and-confer," I conveyed several points to Meister Seelig:

- That firm was free if it wished to move Your Honor for whatever relief it imagines it wants regarding any dissatisfaction it may have with Ms. Mandel's existing responses while Ms. Mandel and I, of course, are free to oppose any such motion and seek any appropriate protective order; and

- Since my application to Judge Reyes for permission to move for summary judgment as to liability (but not damages) was, and is, limited to liability, Meister Seelig should cooperate with me in scheduling a date for Ms. Mandel's deposition.

\*       \*       \*

Among other things, I wrote to Mitchell Schuster, a partner at Meister Seelig who was not involved in the "meet-and-confer," on March 11, 2026, in relevant part:

…You raised the issue of whether Ms. Mandel is seeking compensatory damages and punitive damages.

As her complaint makes clear, she is seeking both compensatory and punitive damages, and we will not forego the claim for punitive damages for the jury to consider. [*See* annexed Exhibit 2]

In yet another email to Meister Seelig sent on March 10, 2026, I made the following points which negate the false statements in the Meister Seelig letter to Your Honor:

To be clear, as I believe I have been, I will file tomorrow or Thursday a letter with Judge Reyes requesting leave to move for summary judgment as to liability, not damages, an issue which obviously has to be determined by a jury whether or not my anticipated motion for summary judgment is granted.

Given that, it is obvious you have a right to take Ms. Mandel's deposition. I have no intention of moving for a complete stay of discovery, although I reserve the right to seek protective orders depending on the specifics of the questioning.

Hon. Vera M. Scanlon
March 12, 2026
Page 4

Moreover, I could not have been more clear yesterday [during the meet-and-confer] that there is no reason or basis for…altering our position that Ms. Mandel's interrogatory responses and response to the document demand are complete and adequate as they exist.  You are free if you choose to raise that issue with Chief Magistrate Judge Vera Scanlon, just as we are free to move or cross-move for a protective order.

*More generally, as I made clear, my overriding strategic objective is to speed this case to trial.  If Daskal believes he is no liability to Ms. Mandel, let him persuade a jury.  I doubt he will make any progress on that.  He's a criminal.  Ms. Mandel is a young victim of his sex crimes.  Let a jury decide as to damages, and soon.*  [*See* annexed Exhibit 3, emphasis supplied.]

*     *     *

For the foregoing reasons, I respectfully request that Your Honor accept this letter as Ms. Mandel's response to the text order.  Indeed, given the gross misrepresentations in the Meister Seelig letter, I respectfully request that Your Honor fix a date for Meister Seelig's one-day conduct of Ms. Mandel's deposition.

Respectfully submitted,

Paul Batista

Enclosures
cc:    All Counsel of Record

# Exhibit 1

**PAUL BATISTA, P.C.**
**Attorney-at-Law**
**26 Broadway – Suite 1900**
**New York, New York 10004**
**(631) 377-0111**

e-mail: Batista007@aol.com                                      Facsimile: (212) 344-7677

March 10, 2026

VIA ECF
Hon. Ramón E. Reyes, Jr.
United States District Judge for the
    Eastern District of New York
United States District Court
225 Cadman Plaza East
Courtroom 2E North
Brooklyn, New York 11201

> **Re:    Rivka Mandel v. Jacob Daskal, No. 1:23-cv-07352
> (RER) (VMS), Request for Pre-Motion Conference
> <u>for Summary Judgment as to Defendant's Liability</u>**

Dear Judge Reyes:

I represent plaintiff Rivka Mandel in the above-entitled litigation.

Pursuant to Your Honor's Individual Practice Rules (*see* Rule IV(A)(1)(2)), I write for the purpose of requesting a pre-motion conference with respect to Ms. Mandel's proposed motion pursuant to Fed. R. Civ. P. 56 for summary judgment as to liability against defendant Jacob Daskal ("Daskal").

### Factual Background

As described more fully in the accompanying statement pursuant to Local Civil Rule 56.1, Ms. Mandel was the victim of serious criminal conduct perpetrated by defendant Daskal at a time when Ms. Mandel was 15 and 16 years old.

In brief, Daskal was initially indicted in this Court on February 26, 2021, on three counts of "Illicit Sexual Conduct" committed against Ms. Mandel. Daskal was later named in a Superseding Indictment filed on June 16, 2023 (*see* annexed Exhibit 1). The Superseding Indictment contained two substantive counts alleging violations of the Mann Act and the "Transportation of a Minor to Engage in Criminal Sexual Activity" (*see* Exhibit 1). The "minor" mentioned in the Superseding Indictment was, of course, Ms. Mandel. Ultimately, in October 2023, Judge Garaufis sentenced Daskal to 17.5 years of imprisonment.

Case 1:23-cv-07352-RER-VMS    Document 125    Filed 03/11/26    Page 2 of 46 PageID #: 675

Hon. Ramón E. Reyes, Jr.
March 10, 2026
Page 2

### The Guilty Plea, Conviction and Sentence

As the Amended Complaint in this civil action alleges (*see* annexed Exhibit 2), Daskal on July 14, 2023, entered a plea of guilty to the Superseding Indictment, Count Two of which alleged in relevant part:

> In or about August 2017…the defendant Jacob Daskal did knowingly and intentionally transport [Ms. Mandel], an individual who had not yet attained the age of 18 years, in interstate commerce, to wit: from South Fallsburg, New York through New Jersey to Brooklyn, New York, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of New York Penal Law Sections 130.25(2) (Rape in the Third Degree) and 130.40(2) (Criminal Sexual Act in the Third Degree), in that Daskal transported Jane Doe, who had not yet attained the age of 17…for the purpose of engaging in sexual intercourse and oral sexual conduct with [Ms. Mandel].

When advised that Daskal intended to plead guilty, Judge Garaufis on July 14, 2023, conducted the allocution of Daskal:

> THE COURT:…Quote, Count 2: transportation of a minor with intent to engage in criminal sexual activity. In or about August 2017…the defendant…did knowingly and intentionally transport…with the intent that [Ms. Mandel] engage in sexual activity for which [Daskal] can be charged with a criminal offense, to wit: Violations of New York Penal Law Sections 130.25(2) (Rape in the Third Degree) and 130.40(2) (Criminal Sexual Act in the Third Degree) in that Daskal transported [Ms. Mandel]…for the purpose of engaging in sexual intercourse and oral sexual conduct with [Mr. Mandel]….

*        *        *

> THE COURT: Mr. Daskal, do you understand the elements of the crime that the Government would have to prove to a jury, beyond a reasonable doubt, in order to convict you of this crime, if you decided to go to trial?

> THE DEFENDANT: Yes, Your Honor.

*        *        *

> THE COURT: But I need to hear what he [*i.e.*, Daskal] has to say.

> You know, I am not going to a store and buying something without seeing what it is. I need to see what he is going to allocute to and how….And once I have satisfied that he has properly allocuted to it, I will accept his allocution and I will accept the plea…and that will be the end of it.

*        *        *

Case 1:23-cv-07352-RER-VMS    Document 123    Filed 03/11/26    Page 3 of 46 PageID #: 676

Hon. Ramón E. Reyes, Jr.
March 10, 2026
Page 3

THE COURT: I am not going to wait beyond today.  It is going to happen today or we are going to trial…

So, are you ready to plead, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: …Mr. Daskal, how do you plead to the charge contained in the superseding indictment charging you with the transportation of a minor with intent to engage in criminal sexual activity[:] guilty or not guilty?

THE DEFENDANT: Guilty.

*      *      *

THE COURT: …At this time I would like you to tell me, in your own words, what you did to commit the crime charged [in] the superseding indictment.

THE DEFENDANT: In August 2017, I transported [Ms. Mandel], who I knew to be 15 years old, from South Fallsburg, New York[,] to Brooklyn, New York[,] through New Jersey, with intent to engage in oral sex with [Ms. Mandel]. I was 58 years old at the time.

### Request for Pre-Motion Conference

Pursuant to Your Honor's Individual Rules and Practices, this letter is accompanied by the proposed statement required by Local Rule 56.1.

For the reasons articulated in this letter and the accompanying Local Rule 56.1 Statement, I respectfully request that the Court schedule a pre-motion conference regarding Ms. Mandel's intention to move for summary judgment as to Daskal's liability.

Respectfully submitted,

Paul Batista

Enclosures
cc:   All Counsel of Record

# Exhibit 2

## batista007@aol.com

| | |
|---|---|
| **From:** | batista007@aol.com |
| **Sent:** | Wednesday, March 11, 2026 11:35 AM |
| **To:** | 'Mitch Schuster' |
| **Subject:** | Daskal |

Dear Mitch,

I appreciate your call last night. I hope LA is treating you well.

You raised the issue of whether Ms. Mandel is seeking compensatory damages AND punitive damages.

As her complaint makes clear, she is seeking both compensatory and punitive damages, and we will not forego the claim for punitive damages for the jury to consider.

Also, as you certainly know as well as I do, if a jury awards damages to Ms. Mandel, I will then turn to the mechanisms for enforcement of any judgment against Daskal and all others associated with him We continue to believe that Daskal transferred extremely large amounts of money to the defendants named in the Amended Complaint, including the Halberstams and all others named in the Amended Complaint and if we obtain a judgment in Ms. Mandel's favor we will seek through discovery, garnishment and other state and federal procedures to enforce it against the Rabbis, their congregation, and others and utilize all collection mechanisms available under state and federal law.

The parties dismissed from the existing suit should realize they are not walking away from this matter on a carefree basis. You know that as well as I do.

Putting all this aside, I enjoy talking to you and look forward to meeting you. Since I too am going back and forth to LA a great deal, maybe we will meet on that great subway in the sky. Paul

1

# Exhibit 3

**batista007@aol.com**

| | |
|---|---|
| **From:** | PAUL BATISTA <batista007@aol.com> |
| **Sent:** | Tuesday, March 10, 2026 6:17 PM |
| **To:** | Remy Stocks |
| **Subject:** | Fwd: Mandel |

Paul Batista
26 Broadway Suite 1900, New York, NY 10004
631-377-0111
Paulbatistabooks.com

Begin forwarded message:

> **From:** PAUL BATISTA <batista007@aol.com>
> **Date:** March 10, 2026 at 5:42:54 PM EDT
> **To:** Remy Stocks <rjs@msf-law.com>
> **Cc:** "Eli J. Esakoff" <eje@msf-law.com>, Stacey Ashby <sma@msf-law.com>, Mitch Schuster <ms@msf-law.com>
> **Subject: Re: Mandel**
>
> Dear Remy,
>
> I did not intend to exclude you.
>
> To be clear, as I believe I have been, I will file tomorrow or Thursday a letter with Judge Reyes requesting leave to move for summary judgment as to liability, not damages, an issue which obviously has to be determined by a jury whether or not my anticipated motion for summary judgment is granted.
>
> Given that, it's obvious you have a right to take Ms. Mandel's deposition. I have no intention of moving for a complete stay of discovery, although I reserve the right to seek protective orders depending on the specifics of the questioning.
>
> Moreover, I could not have been more clear yesterday that there is no reason or basis for my alerting our position that Ms. Mandel's interrogatory responses and response to the document demand are complete and adequate as they exist. You are free if you choose to raise that issue with Chief Magistrate Vera Scanlon, just as we are free to move or cross move for a protective order.
>
> More generally, as I made clear, my overriding strategic objective is to speed this case to trial. If Daskal believes he has no financial liability to Ms. Mandel, let him persuade a jury. I doubt he will make any progress on that. He's a criminal. Ms. Mandel is a young victim of his sex crimes. Let a jury decide as to damages, and soon.

1

I look forward to your suggestion as to dates for Ms. Mandel's deposition. In the spirit of cooperation, I reiterate that while your client's interrogatory responses and document response are plainly bogus, at the moment I have no intention of wasting time and resources to challenge those responses, although I reserve the right to do so.

Finally, again for the sake of transparency and so your side can make its plans, I have no intention at this point of taking his deposition. He has a right to appear at trial, and I will deal with the criminal then.

Best regards.
Paul Batista
26 Broadway Suite 1900, New York, NY 10004
631-377-0111
Paulbatistabooks.com

On Mar 10, 2026, at 5:02 PM, Remy Stocks <rjs@msf-law.com> wrote:

Hi Paul,

While I am new to this matter and admittedly still getting up to speed, I was on the call yesterday and I am very confused. On the call, Stacey specifically asked you whether Plaintiff would be seeking a stay of discovery in conjunction with her forthcoming motion for summary judgment and you said yes. Based on that representation, we did not press to agree on a date for Ms. Mandel's deposition. Your proposal that the parties schedule the deposition suggests that your client has reconsidered her position on discovery. Can you clarify your client's position? Will she be supplementing her facially deficient responses to Defendant's document requests and interrogatories, as well? This will obviously impact the scheduling of Ms. Mandel's deposition.

# MSF
## Meister Seelig & Fein PLLC

**Remy Stocks**
**Partner**
125 Park Avenue | 7th Floor | New York, NY | 10017
Direct 212.655.3511 | Firm 212.655.3500 | Fax 646.564.4858 | rjs@msf-law.com

**New York** | **New Jersey** | **Connecticut** | **California**
vCard | bio | website

Legal Secretary: Nicole Verdi | 212.655.3714 | nv@msf-law.com

*Please consider the environment before printing this e-mail*

NOTICE: Unless specifically set forth herein, the transmission of this communication is not intended to be a legally binding electronic signature, and no offer, commitment or

2

assent on behalf of the sender or its client is expressed or implied by the sending of this email, or any attachments hereto. NOTICE OF ATTORNEY'S CONFIDENTIALITY: The material submitted herewith contains, and is intended to be a confidential transmission of information or documents from MEISTER SEELIG & FEIN PLLC which is legally privileged. The materials or information enclosed are intended only for the use of the individual or entity named in this transmission. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately, so that we can arrange for the return of the original documents to us at our cost.
*********************************************************************

IRS CIRCULAR 230 DISCLOSURE: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

**From:** Eli J. Esakoff <eje@msf-law.com>
**Sent:** Tuesday, March 10, 2026 4:56 PM
**To:** PAUL BATISTA <batista007@aol.com>; Stacey Ashby <sma@msf-law.com>
**Cc:** Mitch Schuster <ms@msf-law.com>; Remy Stocks <rjs@msf-law.com>
**Subject:** Re: Mandel

Hi Paul,

We are a little confused by your email. I'm looping in our partner Remy. Please be sure to keep her copied on all future correspondence on this matter.

Thanks,
Eli

# MSF
## Meister Seelig & Fein PLLC

**Eli J. Esakoff**
Associate
125 Park Avenue | 7th Floor | New York | NY | 10017
Direct  (646) 273-8203 | Firm 212.655.3500 | Fax 212-655-3535
**New York** | **New Jersey** | **Connecticut** | **California**

**GO GREEN** - please do not print this e-mail unless it is absolutely necessary.

3

IMPORTANT NOTICES: NOTICE UNDER E-SIGN ACT: Unless specifically set forth herein, the transmission of this communication is not intended to be a legally binding electronic signature, and no offer, commitment or assent on behalf of the sender or its client is expressed or implied by the sending of this email, or any attachments hereto. NOTICE OF ATTORNEY'S CONFIDENTIALITY: The material submitted herewith contains, and is intended to be a confidential transmission of information or documents from MEISTER SEELIG & FEIN PLLC which is legally privileged. The materials or information enclosed are intended only for the use of the individual or entity named in this transmission. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately, so that we can arrange for the return of the original documents to us at our cost.

**From:** PAUL BATISTA <batista007@aol.com>
**Date:** Tuesday, March 10, 2026 at 12:06 PM
**To:** Stacey Ashby <sma@msf-law.com>
**Cc:** Mitch Schuster <ms@msf-law.com>, Eli J. Esakoff <eje@msf-law.com>
**Subject:** Mandel

CAUTION: This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.


Dear Stacey,

I have had an opportunity to review the letter to the Court you filed at 8:30 last night. I will respond to it in due time.

However, there may be some confusion. While I plan to file by Thursday a request with Judge Reyes for a premotion conference regarding Ms. Mandel's proposed motion for summary judgment as to Daskal's liability, I have no intention of moving for a stay of discovery. Such a motion would be premature since Judge Reyes obviously has not yet granted my request for a pre motion conference and, in any event, the motion if made will not extend to damages.

We did not discuss yesterday a date for Ms. Mandel's deposition. On that issue, I have previously noted that your deposition notice scheduled April 2, which is Passover. My recollection is that I had suggested to Eli Esakoff that we try to agree to dates for her deposition in the last two or three weeks of April. I assume you still want to take her deposition. If so, we should at a minimum schedule a date.
Paul Batista
26 Broadway Suite 1900, New York, NY 10004
631-377-0111
Paulbatistabooks.com

4