# MSF
## Meister Seelig & Fein PLLC

Stacey Ashby
*Partner*
Direct (212) 655-3562
Fax (646) 539-3662
sma@msf-law.com

March 16, 2026

**VIA ECF**
Hon. Vera M. Scanlon
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: **Rivka Mandel v. Jacob Daskal, 1:23-cv-07352 (RER) (VMS)**

Dear Judge Scanlon:

  We represent defendant Jacob Daskal in the above-referenced action. Pursuant to Rule III(b) of Your Honor's Individual Practice Rules, Mr. Daskal hereby respectfully moves, pursuant to Fed. R. Civ. P. 37(a)(3)(B), for an Order compelling plaintiff Rivka Mandel to: (1) provide proper responses to Mr. Daskal's First Set of Interrogatories (the "Interrogatories"); (2) provide proper responses to Mr. Daskal's First Request for the Production of Documents and Things (the "RFPs"); and (3) promptly produce to Mr. Daskal all documents and other evidence that is responsive to Mr. Daskal's RFPs. [1]

**A.** **Plaintiff's March 11, 2026 Letter**

  As an initial matter, in a March 12, 2026 letter to the Court regarding the parties' telephone meet and confer earlier the same day, Ms. Mandel's counsel, Paul Batista of Paul Batista, P.C., asserts that my letter misrepresents what transpired on the call. On the call, Mr. Batista unequivocally stated that he and Ms. Mandel had "no interest" in taking Mr. Daskal's deposition and he flatly refused to amend or supplement Ms. Mandel's facially deficient responses to Mr. Daskal's discovery requests. To date, Ms. Mandel has not produced a single document responsive to Mr. Daskal's RFPs, notwithstanding her admission in her October 15, 2025 Rule 26(a) initial disclosures that responsive documents exist and are in her possession, custody or control. [2] Mr.

---

[1]  True and accurate copies of Mr. Daskal's Interrogatories and Ms. Mandel's responses thereto are attached as **Exhibits A and B**, respectively. True and accurate copies of Mr. Daskal's RFPs are attached as **Exhibits C and D**, respectively.

[2]  A true and accurate copy of Ms. Mandel's Rule 26(a) initial disclosures is attached as **Exhibit E**. *See* Ex. E, p. 6, §B ("Ms. Mandel has possession of a limited number of documents that may be discoverable. At present, the

Batista also rejected the notion that Mr. Daskal is entitled to disclosure of the date, time, location or other details concerning the alleged acts of assault and/or battery upon which Ms. Mandel's claims are based. Rather, he insisted that Mr. Daskal's guilty plea was all he needed, and he was proceeding to move for summary judgment on liability on all claims, including Ms. Mandel's New York state law claims for assault and battery and intentional infliction of emotional distress. Apparently, according to Mr. Batista because Mr. Daskal pleaded guilty to a single violation of the Mann Act, 18 U.S.C. § 2423(a) in federal criminal proceeding that constitutes an admission of any criminal conduct Ms. Mandel will see fit to accuse him of (since the specific alleged criminal acts are not identified in Ms. Mandel's Amended Complaint (attached as **Exhibit F**), including conduct unrelated to the offense to which he pleaded guilty, thereby obviating the need for associated discovery. I repeatedly reminded Mr. Batista that we had an obligation to comply with Your Honor's February 23, 2026 Order to file a "detailed final discovery schedule" that day but he refused to engage in substantive dialogue concerning to Ms. Mandel's obviously deficient discovery responses or adjustments to the schedule to accommodate Ms. Mandel's forthcoming motion. I specifically asked Mr. Batista if Ms. Mandel would be moving for a stay of discovery and he very clearly said, "yes."

In disputing my description of the call in my March 9 letter, Mr. Batista attaches his own email communications dated March 10 and 11 – all of which post-date my March 9 letter and none of which take issue with any of the representations therein – in which he backtracks from his positions on the call and acknowledges that Mr. Daskal is entitled to take Ms. Mandel's deposition. Mr. Batista relies heavily on his *response to* my partner, Ms. Stocks' March 10 email and his offer to schedule Ms. Mandel's deposition as purported evidence that he and Ms. Mandel have purportedly "participated fully in discovery." *See* Ltr., p. 3; Ex. 3, pp. 1-2. Mr. Batista is well aware, however, we cannot proceed to schedule Ms. Mandel's deposition when she has yet to produce a single document or respond in earnest to Mr. Daskal's RFPs and Interrogatories. Mr. Batista persisted in this position even though critical details are glaringly absent from Ms. Mandel's pleading, which would prevent us from conducting a meaningful deposition.

B.      **Mr. Daskal's Motion to Compel Should Be Granted**

In any event, the Court need look no further than Ms. Mandel's responses to Mr. Daskal's Interrogatories and RFPs (each, a "Response," and collectively, the "Responses") to gauge her willingness to participate in discovery. Both Responses begin with boilerplate objections that the Interrogatories and RFPs are purportedly "overly broad and unduly burdensome," seek disclosure that is "not reasonably calculated to lead to the discovery of admissible evidence," were intended to "embarrass, annoy and harass" Ms. Mandel, and seek to impose obligations that "exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court." *See* Ex. B, pp. 1-2, Gen. Obj. 1, 2 and 6; Ex. D, pp. 1-2, Gen. Obj. 1, 2 and 4. It is well-settled that such boilerplate objections are improper. *See, e.g., Thompson v. Glob. Contact Servs., LLC*, No. 20-cv-MKB-SJB, 2020 WL 13825380, at *2 (E.D.N.Y. Dec. 15, 2020) ("The objection that a request is 'vague, ambiguous and overbroad' is vacuous boilerplate."); *Fischer v. Forrest*, No. 14-cv-1304-PAE-AJP (S.D.N.Y. Feb. 28, 2017) ("[Objections] stating that requests are overly broad and

---

documents include (i) copies of pleadings in the state and federal prosecutions of Daskal and (ii) copies of electronic communications, such as text messages, sent to Ms. Mandel by Daskal and to Daskal by Ms. Mandel.")

unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing.").

### C.    Ms. Mandel's Deficient Interrogatory Responses

Ms. Mandel asserts additional General Objections to the Interrogatories in that they require her "to recall, remember, and depict events which took place when she was 15 and 16 years old," and to the extent that they "subject her to intense emotional reactions which in effect require her to re-life and re-experience extremely traumatic events." *See* Ex. B, pp. 1-2, Gen. Obj. 4 and 5. It is beyond dispute that neither is a valid objection. We are unable to locate a single case where a party was excused from responding to a discovery request on either ground and Ms. Mandel cites no authority in her Responses.  Nor is it clear whether either or both improper objections apply to some or all of the Interrogatories, as every single one of Ms. Mandel's Responses states "s*ee* the General Objections, *supra*" without explanation. This too is improper. *See Fischer*, 2017 WL 773694, at *3 ("First, incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection.").  If Ms. Mandel is unable to recall the information requested in one or more Interrogatories due to the passage of time, Mr. Daskal is entitled a proper response stating as much.

Moreover, we note that many of Mr. Daskal's Interrogatories seek straightforward, non-sensitive facts routinely sought and disclosed by parties in discovery in civil litigation.  *See, e.g.,* Interrog. No. 6 (dates, times, method and substance of relevant communications); No. 7 (witnesses with relevant knowledge); No. 8 (members of law enforcement with whom Ms. Mandel discussed her allegations); No. 9 (individuals with whom Ms. Mandel discussed Mr. Daskal); No. 10 (location and custodians of relevant evidence); No. 12 (medical providers); No. 14 (social media accounts and handles); No. 16 (educational background); No. 17 (employment history); No. 18 (legal guardians); No. 19 (other names, nicknames, or aliases). Mr. Daskal is unquestionably entitled to this information notwithstanding Ms. Mandel's improper boilerplate objections. Mr. Daskal therefore respectfully requests that the Court compel her to provide this disclosure, as well.

Interrogatory Nos. 1-4 seek sensitive information concerning the details of each instance of alleged assault and battery and the emotional injuries allegedly sustained as a result.  In her Responses, however, Ms. Mandel merely references paragraphs 45(a)-(xx) of her Amended Complaint, and asserts that Mr. Daskal purportedly "pleaded guilty to criminal acts against Ms. Mandel" without establishing any connection to the offense to which he pleaded guilty.  *See* Ex. B, p. 2. However, it is well established that simply referencing a pleading is not a proper response to an interrogatory.  *See, e.g., J.J. Delaney Carpet Co. v. Forrest Mills, Inc.*, 34 F.R.D. 152, 153 (S.D.N.Y. 1963) ("Incorporation by reference of portions of a deposition of a witness, much of it discursive, or of allegations of a pleading is not a responsive answer.").  In addition, paragraphs 45(a) through (xx) of Ms. Mandel's pleading consist of a verbatim recitation of the unproven allegations of a 20-count state court indictment that were **not** the subject of Mr. Daskal's guilty plea, and were asserted in entirely separate state court proceedings.  *See* Ex. F, pp. 14-19.  Mr. Daskal respectfully requests that Ms. Mandel be directed to supplement her Responses to disclose this critical information, as well.

**D.**     **Ms. Mandel's Failure and/or Refusal to Produce Responsive Documents**

Ms. Mandel's Responses to the RFPs are facially deficient for a number of reasons. *First*, they contain a lengthy "Preliminary Statement" in which Ms. Mandel asserts that "every document associated with Daskal and the investigation of Daskal" is in the custody of the state and federal law enforcement authorities. Respectfully, this assertion is irreconcilable with the representation in Ms. Mandel's Rule 26(a) initial disclosure served less than 4 months earlier that she possesses relevant, responsive documents and communications. *Id.; Compare* Ex. E, p. 6, §B. Mr. Daskal therefore respectfully requests that Ms. Mandel be directed to produce the documents referenced in her Rule 26(a) disclosures or, at a minimum, provide a sworn statement explaining in detail the abrupt disappearance of critical evidence during pending litigation.

*Second*, Ms. Mandel maintains that even if she possessed responsive documents, producing them would somehow subject her to "severe emotional harm." *See* Ex. D, p. 2. This too is not a valid basis to withhold relevant evidence. Compounding matters, the entirety of Ms. Mandel's Responses to 18 of 27 RFPs is "*see* the General Objections, *supra*, and the Preliminary Statement, *supra*." *See* Ex. D, Resp. to RFP Nos. 1-9, 13, 14-16, 18, 20-22, 26. A litigant "participating fully" in pre-trial discovery simply does not assert bad faith objections like this in response to properly propounded RFPs. Accordingly, Ms. Mandel should be directed to produce any documents she withheld on the basis of "emotional harm" immediately.

*Third*, Ms. Mandel asserts that Mr. Daskal's guilty plea "establishes the facts associated with the criminal conduct against Ms. Mandel," to which he is bound and, as a result, he purportedly "lacks any basis to contest his civil liability to Ms. Mandel in this action." However, Ms. Mandel does not actually identify the facts or criminal conduct she is referring to, nor does she establish any connection between them and the offense to which Mr. Mandel pled guilty. *See* Ex. D, p. 2. *See Goodridge v. Harvey Group, Inc.*, 728 F.Supp. 275, 278-279 (S.D.N.Y. 1990) ("[J]ust as it is clear that a guilty plea can collaterally estop the relitigation of certain issues in subsequent civil proceedings, it is also clear that the estoppel extends only to those issues that were essential to the plea.") (internal quotation marks omitted); *Emich Motors v. General Motors*, 340 U.S. 558, 569 (1951) ("[E]stoppel extends only to questions distinctly put in issue and directly determined in the criminal prosecution."). Critically, as "the party asserting estoppel based on a guilty plea," Ms. Mandel bears the burden "of establishing precisely which facts the plea establishes." *Goodridge*, 728 F.Supp. at 279. She makes no effort to satisfy this burden. Therefore, Ms. Mandel should be directed to disclose all facts that she maintains Mr. Daskal is estopped from contesting and establish a legitimate connection between them and Mr. Daskal's plea.

Accordingly, Mr. Daskal respectfully requests that his motion to compel be granted in its entirety and that Ms. Mandel be ordered to supplement her discovery responses and produce responsive documents prior to her deposition.

                              Respectfully submitted,
                              */s/ Stacey Ashby*
                              Stacey Ashby

cc:     All Counsel of Record