# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

RIVKA MANDEL,

                        Plaintiff,

        - against -

JACOB DASKAL,

                        Defendant.
-------------------------------------------------------------x

1:23-cv-07352 (RER) (VMS)

## DEFENDANT JACOB DASKAL'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Jacob Daskal ("Defendant"), by his undersigned counsel, hereby serves his First Set of Interrogatories (each individually, an "Interrogatory" and collectively, the "Interrogatories") on plaintiff Rivka Mandel ("Plaintiff"), to be answered separately and fully under oath within the time period required by law.

### DEFINITIONS

1. "Action" shall mean this lawsuit, captioned *Mandel v. Daskal*, No. 1:23-cv-07352.

2. "Amended Complaint" shall mean the Amended Complaint filed in this Action on January 25, 2024.

3. The term "communication" when used in an interrogatory shall mean any utterance or written notation, or written or verbal statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons exchanged through, including but not limited to, in person

conversations, correspondence, telephone calls, text messages and private messaging services, such as, iMessage, WhatsApp, Viber, Telegram, Wire, Threema, Wickr Me, Silence, Signal, or direct messages via Social Media.

4. "Contact Information" shall mean information to enable the subject to be contacted, including the full legal name, address, telephone number, and email address.

5. The term "document(s)" when used in an interrogatory shall be read in its broadest possible sense and in accordance with the use of the term in Rules 26 and 34 of the Federal Rules of Civil Procedure. It shall mean writings of every kind, source, and authorship, both originals and all non-identical copies thereof, such as those bearing marginal comments, alterations, or other notations not present on the original document as originally written, typed or otherwise prepared, in your possession, custody, or control, or known by them to exist, irrespective of whether the writing is one intended for or transmitted internally by her or intended for or transmitted to any other person or entity, including without limitation any governmental agency, department, administrative entity or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information. It shall include includes all "electronically stored information" ("ESI") as that term is used in Rules 26 and 34 of the Federal Rules of Civil Procedure. All ESI shall be produced in accordance with the ESI protocol entered in this case. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration only, the term shall include: correspondence; e-mails; transcripts of testimony; letters; notes; notebooks; diaries; reports; papers; files; books; magazines; records; contracts; agreements; videotapes; photographs;

telegrams; teletypes; and other communications sent or received; diaries; calendars; logs; notes; or memoranda of telephonic or face-to-face conversations; drafts; work papers; invoices; bills; statements; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries; and other records of obligations and expenditures; canceled checks; vouchers; receipts; and other records of payments; ledgers; journals; balance sheets; profit and loss statements; and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; and memoranda of all kinds to and from any persons, agencies, or entities. Documents, information recorded or microfilmed, microfiche, tapes, discs, data processing discs or tapes and computer-produced interpretations thereof, x-rays, instructions, announcements, sound recordings and transcripts thereof, or other data that exists in electronic or magnetic form must be produced in a form which permits the undersigned attorney to examine it without aid or special equipment.

    6.    "Identify" shall have the following meanings:

    (a)    when used in reference to an individual, to state her/his/their full name and present or last known address, telephone number, the full name and present or last known address of her/his/their employer or business, and the individual's position with said employer or business;

    (b)    when used in reference to an organization or entity, to state its full name and present or last known address, telephone number, and fully describe the business or activity in which the organization or entity is engaged;

    (c)    when used in reference to a document, to state the date, author, recipients, type of document (e.g., letter, memorandum, photograph, telegram, tape recording, etc.), subject matter, and its present or last known location and custodian. If any such document was, but is no longer, in your possession or custody or subject to your control, state what disposition was made of it; and

    (d)    when used in reference to a statement, representation, or communication, to provide the date, persons involved, form of the statement, representation or

communication (e.g. whether in person, in writing, by telephone), and subject matters discussed.

7.  The term "person" and "persons" when used in an interrogatory means (1) any natural individual, corporation, proprietorship, partnership, joint venture, limited liability entity, and all other organizations, associations, groups, companies, institutions, firms, governmental bodies, and entities; (2) any parent, subsidiary, division, affiliate or department thereof; and (3) any agent, employee, officer, director, or other representative thereof.

8.  The terms "regarding," "relating to," "pertaining to," and "concerning" when used in an interrogatory shall have the broadest meaning possible, which includes but is not limited to: referring to, containing, alluding to, responding to, reporting on, commenting upon, discussing, supporting, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, contradicting, setting forth, describing, summarizing, prepared in connection or conjunction with, or characterizing either directly or indirectly, in whole or in part.

9.  "Social Media" shall mean all websites and applications that enable users to create and share content online or to participate in social networking, and it shall include, but not be limited to the following: Facebook, Instagram, X (formerly Twitter), Snapchat, YouTube, Reddit, WhatsApp, Telegram, Tumblr, LinkedIn, Meetup, Myspace, Pinterest, Tagged, Twitch, TikTok, Vimeo, Flickr, and Skype.

10. "You" shall mean Plaintiff Rivka Mandel, her agents, representatives, and anyone else acting on her behalf in any capacity.

**INSTRUCTIONS**

1.  These Interrogatories are continuous so as to require the supplementation of answers if additional or other information is obtained that renders the initial responses to these

4

requests less than complete and/or less than accurate between the date of the response hereto and trial of this case.

2. The response to these Interrogatories must include all information known to (or in the possession, custody or control of) the responder and responder's agents, including attorneys and all persons acting on responder's behalf or under your control.

3. Answer each and every Interrogatory. If the answer to an Interrogatory is "none" or "unknown," write such statement as the response. If any of these Interrogatories cannot be answered in full, a response to the extent possible is required, specifying the reasons for the inability to answer the remainder and stating what information, knowledge or belief the responder has concerning the unanswered portion. The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each Interrogatory as fully as possible. The omission of any name, fact, or other item of information from the responses shall be deemed a representation that such name, fact, or item was not known to the responder, responder's counsel, or other representatives at the time of service of the responses.

4. Unless otherwise stated, the applicable time period for each Interrogatory is from the time Plaintiff and Defendant first met each other until the present.

## INTERROGATORIES

1. Describe every act of Defendant that You contend constitutes a violation of the provisions of 18 U.S.C. § 2255, thereby subjecting Defendant to liability to Plaintiff, as alleged in the Amended Complaint, and for each such act, state the date when it occurred, the location where it occurred, and the circumstances surrounding it, and identify any witness to such alleged act.

2. Describe every act of Defendant that You contend constitutes assault, thereby subjecting Defendant to liability to Plaintiff, as alleged in the Amended Complaint, and for each such act, state the date when it occurred, the location where it occurred, and the circumstances surrounding it, and identify any witness to such alleged act.

3. Describe every act of Defendant that You contend constitutes battery, thereby subjecting Defendant to liability to Plaintiff, as alleged in the Amended Complaint, and for each such act, state the date when it occurred, the location where it occurred, and the circumstances surrounding it, and identify any witness to such alleged act.

4. Describe every act of Defendant that You contend constitutes an intentional infliction of emotional distress, thereby subjecting Defendant to liability to Plaintiff, as alleged in the Amended Complaint, and for each such act, state the date when it occurred, the location where it occurred, and the circumstances surrounding it, and identify any witness to such alleged act.

5. For each act described in response to Interrogatory No. 5, describe the emotional injuries from which You allegedly suffered as a result, and state whether those injuries are continuing in nature.

6. Describe every Communication between Plaintiff and Defendant, including by stating the date, time, method, and substance of each Communication.

7. Identify all persons likely to have knowledge or information relevant to the allegations in the Amended Complaint, including each person's Contact Information, and for each person so identified, describe the nature of his or her relevant knowledge.

8. Identify all members of law enforcement whom You contacted or spoke with concerning the allegations in the Amended Complaint, including each person's Contact Information.

9. Identify all individuals with whom You have communicated about Defendant, including each individual's Contact Information, and state the date, time, method, and substance of each communication.

10. Identify the location(s) and custodian(s) of all of Plaintiff's documents concerning the allegations made in the Amended Complaint.

11. Identify all individuals whom Plaintiff intends to call as fact witnesses at the trial of this Action, including each person's Contact Information, and for each such person, provide a description of your understanding of the person's relevant knowledge or anticipated testimony.

12. Identify each medical provider, physician, therapist, psychiatrist, or other person or entity from whom Plaintiff sought or received any treatment as a result of the alleged actions by Defendant, including each person's or entity's Contact Information, and for each person or entity state the time period of Plaintiff's treatment.

13. Describe the circumstances in which Plaintiff and Defendant first met each other, including the date and location.

14. Identify all of Plaintiff's Social Media account names or "handles" used from the time when Plaintiff and Defendant first met each other until the present.

15. Describe any instance of physical, sexual, or emotional abuse that Plaintiff has ever experienced committed by someone other than Defendant, and for each such instance, identify the person or persons who committed or allegedly committed the abuse, including that person's Contact Information.

16. Identify all educational or academic institutions or entities at which Plaintiff has ever been enrolled or registered, and for each such institution or entity, state the dates when Plaintiff was enrolled or registered.

17. Identify all employers and employment that Plaintiff has ever had, whether full-time or part-time, regardless of compensation status, including volunteer or charitable engagements, and for each such employer, state the dates when Plaintiff was employed or otherwise engaged.

18. Identify every (a) residence at which Plaintiff has ever lived and (b) legal guardian that Plaintiff has ever had.

19. State every name, nickname, alias, or identity that Plaintiff has ever used, gone by, been known as, or been associated with.

Dated: New York, New York
   October 29, 2025

**MEISTER SEELIG & FEIN PLLC**

By:   /s Mitchell Schuster
Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Fax: (212) 655-3535
ms@msf-law.com
sma@msf-law.com

*Attorneys for Defendant Jacob Daskal*

To:   Paul Batista, P.C.,
26 Broadway, Suite 1900,
New York, NY 10004
Tel: (631) 377-0111
Batista007@aol.com

*Attorneys for Plaintiff Rivka Mandel*

8