# EXHIBIT B

**PAUL BATISTA, P.C.**
Attorney-at-Law
26 Broadway – Suite 1900
New York, New York 10004
(631) 377-0111

e-mail: Batista007@aol.com                                    Facsimile: (212) 344-7677

## MEMORANDUM

TO:        Eli J. Esakoff, Esq. [eje@msf-law.com]

FROM:      Paul Batista, Esq.

DATE:      February 2, 2026

Re:    **Mandel v. Daskal**

Dear Eli:

Enclosed are Rivka Mandel's Responses to Jacob Daskal's Interrogatories.

_____
PAUL BATISTA

Enclosure

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RIVKA MANDEL,                                       :
                                                    :    1:23-cv-07352 (RER) (VMS)
                              Plaintiff,            :
                                                    :
          - against –                               :
                                                    :
JACOB DASKAL,                                       :
                                                    :
                              Defendant.            :
------------------------------------------------------------------x

## PLAINTIFF RIVKA MANDEL'S RESPONSE TO DEFENDANT JACOB DASKAL'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33 and 26, plaintiff Rivka Mandel, by and through her attorney, Paul Batista, P.C., hereby responds to defendant Jacob Daskal's First Set of Interrogatories (the "Daskal Interrogatories") as follows:

### General Objections

1.     Ms. Mandel generally objects to the Daskal Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

2.     Ms. Mandel generally objects to the Daskal Interrogatories to the extent that they are calculated to harass and embarrass Ms. Mandel.

3.     Ms. Mandel generally objects to the definitions and instructions in the Daskal Interrogatories to the extent they purport to exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.     Ms. Mandel generally objects to the Daskal Interrogatories on the ground that, as framed, they purport to require her to recall, remember, and depict events which took place when she was 15 and 16 years old, and when defendant Jacob Daskal ("Daskal") was more than 55 years old. Ms. Mandel is now 24.

1

5. By virtue of the heinous conduct to which Daskal has pleaded guilty and been convicted and sentenced to 17.5 years in prison, Ms. Mandel generally objects to the Daskal Interrogatories to the extent that they subject her to intense emotional reactions which in effect require her to re-live and re-experience extremely traumatic events and constitute, in effect, Daskal's re-committing of crimes against Ms. Mandel which took place when she was 15 and 16 years old. Daskal has pleaded guilty to those crimes.

6. Ms. Mandel generally objects to the Daskal Interrogatories to the extent they are overly broad, unduly burdensome and ambiguous.

## Specific Responses

### Interrogatory No. 1

Describe every act of Defendant that You contend constitutes a violation of the provisions of 18 U.S.C. §2255, thereby subjecting Defendant to liability to Plaintiff, as alleged in the Amended Complaint, and for each such act, state the date when it occurred, the location where it occurred, and the circumstances surrounding it, and identify any witness to such alleged act.

### Objection to Interrogatory No. 1

See the General Objections, *supra*. Ms. Mandel, moreover, objects to Interrogatory No. 1 on the ground that, as framed, it is overly broad, unduly burdensome and ambiguous. Defendant Daskal has in addition pleaded guilty to the criminal acts against Ms. Mandel.

### Response to Interrogatory No. 1

Subject to the foregoing Objections, Ms. Mandel refers to ¶ 45(a) – (xx) of the Amended Complaint filed January 25, 2024 in this action for the responses to Interrogatory No. 1.

### Interrogatory No. 2

Describe every act of Defendant that You contend constitutes assault, thereby subjecting Defendant to liability to Plaintiff, as alleged in the Amended Complaint, and for each such act, state the date when it occurred, the location where it occurred, and the circumstances surrounding it, and identify any witness to such alleged act.

2

**Objection to Interrogatory No. 2**

See the General Objections, *supra*, and the Objection to Interrogatory No. 1, *supra*.

**Response to Interrogatory No. 2**

Subject to the foregoing Objections, Ms. Mandel refers to the Response to Interrogatory No. 1, *supra*.

**Interrogatory No. 3**

Describe every act of Defendant that You contend constitutes battery, thereby subjecting Defendant to liability to Plaintiff, as alleged in the Amended Complaint, and for each such act, state the date when it occurred, the location where it occurred, and the circumstances surrounding it, and identify any witness to such alleged act.

**Objection to Interrogatory No. 3**

See the General Objections, *supra*, and the Objection to Interrogatory No. 1, *supra*.

**Response to Interrogatory No. 3**

Subject to the foregoing Objections, Ms. Mandel refers to the Responses to Interrogatories Nos. 1 and 2, *supra*.

**Interrogatory No. 4**

Describe every act of Defendant that You contend constitutes an intentional infliction of emotional distress, thereby subjecting Defendant to liability to Plaintiff, as alleged in the Amended Complaint, and for each such act, state the date when it occurred, the location where it occurred, and the circumstances surrounding it, and identify any witness to such alleged act.

**Objection to Interrogatory No. 4**

See the General Objections, *supra*.

**Response to Interrogatory No. 4**

Subject to the foregoing Objections, Ms. Mandel refers to the Responses to Interrogatories Nos. 1, 2 and 3, *supra*.

**Interrogatory No. 5**

For each act described in response to Interrogatory No. 5 [*sic*], describe the emotional injuries from which You allegedly suffered as a result, and state whether those injuries are continuing in nature.

**Objection to Interrogatory No. 5**

See the General Objections, *supra*.

**Response to Interrogatory No. 5**

Subject to the foregoing Objections, Ms. Mandel, who was sexually and emotionally abused and tormented by defendant Daskal when she was 15 and 16 years old, has sustained and will continue permanently to sustain severe emotional and psychological damage as a result of defendant Daskal's illegal conduct, including, *inter alia*, rape and sodomy, for which he was convicted and sentenced to 17.5 years imprisonment. Ms. Mandel also refers to the victim impact statement she delivered to Judge Garaufis at the sentencing of Daskal (*see* Amended Complaint ¶ 82).

**Interrogatory No. 6**

Describe every Communication between Plaintiff and Defendant, including by stating the date, time, method, and substance of each Communication.

**Objection to Interrogatory No. 6**

See the General Objections, *supra*. Moreover, Ms. Mandel objects to Interrogatory No. 6 on the ground that it is (i) overly broad and unduly burdensome and (ii) purports to require Ms. Mandel to recall hundreds of communications involving Daskal which took place when she was 15 and 16 years old and were sexually abusive and occurred during periods of time when Daskal, a pedophile and rapist, was grooming Ms. Mandel for Daskal's sexual and emotional abuse of her and actually engaging in such abuse.

**Response to Interrogatory No. 6**

Subject to the foregoing Objections, Ms. Mandel states that the Office of the District Attorney for Kings County and the Office of the United States Attorney for the Eastern District of New York has for years had possession of electronic communications and all other communications between defendant Daskal and Ms. Mandel. In order to protect her emotional state, Ms. Mandel does not have possession, custody or control of electronic communications or other forms of communication between defendant Daskal and herself since she long ago provided federal and state law enforcement authorities with all such material and retained no copies. Ms. Mandel will not oppose or support any effort defendant Daskal may make to obtain any and all information regarding Daskal and Ms. Mandel from law enforcement authorities.

**Interrogatory No. 7**

Identify all persons likely to have knowledge or information relevant to the allegations in the Amended Complaint, including each person's Contact Information, and for each person so identified, describe the nature of his or her relevant knowledge.

**Objection to Interrogatory No. 7**

See the General Objections, *supra*.

**Response to Interrogatory No. 7**

Subject to the foregoing Objections, Ms. Mandel states that defendant Daskal himself has "knowledge or information" relevant to the allegations of the Amended Complaint. Ms. Mandel in addition states that she has knowledge and information relevant to the allegations of the Amended Complaint.

Moreover, the following individuals are "likely to have knowledge or information" relevant to the allegations of the Amended Complaint:

5

- Bella Daskal;
- Pearl Dembitzer;
- Leiby Dembitzer;
- Chaya Bornstein;
- Chaim Daskal;
- Esther Brody;
- Rose Teitelbaum;
- Benzion Daskal;
- Arthur Aidala;
- Chavi Fischbein;
- Isaac Fischbein;
- Craindell Z. Mannes;
- Rabbi Ben Zion Halberstam;
- Chaim Halberstam;
- Lipa "Nussy" Brauner;
- Mutty Brauner;
- Pesach Greenberg;
- Chaim Fleischer;
- Representatives of Boro Park Shomrim;
- Representatives of Bais Yaakov High School of Chicago;
- Representatives of Congregation Shaarei Zion of Bobov;
- Representatives of Yad Ephraim a/k/a Ezras Cholim Yad Ephraim; and
- Partners, associates and employees of Meister Seelig & Fein.

6

**Interrogatory No. 8**

Identify all members of law enforcement whom You contacted or spoke with concerning the allegations in the Amended Complaint, including each person's Contact Information.

**Objection to Interrogatory No. 8**

See the General Objections, *supra*. In addition, Ms. Mandel objects to Interrogatory No. 8 on the ground that, as framed, it is overly broad and unduly burdensome.

**Response to Interrogatory No. 8**

Subject to the foregoing Objections, Ms. Mandel recalls to the best of her present ability that she had "contact" with the following "members of law enforcement:"

- Detective Aubrey Henry
  New York City Police Department
  Brooklyn Special Victims Squad
  (929) 291-8836
  aubrey.henry@nypd.org;

- Assistant District Attorney Kevin O'Donnell
  Kings County District Attorney's Office
  (347) 486-2817
  odonnellk@brooklynda.org;

- Special Agent Aaron Spivack
  Federal Bureau of Investigation
  (202) 731-9413
  aespivack@fbi.gov;

- Assistant U.S. Attorney Erin Reid
  U.S. Attorney's Office
  (347) 262-7754
  Erin.Reid@usdoj.gov; and

- Assistant U.S. Attorney Genny Ngai
  U.S. Attorney's Office
  Genny.Ngai@usdoj.gov.

**Interrogatory No. 9**

Identify all individuals with whom You have communicated about Defendant, including each individual's Contact Information, and state the date, time, method, and substance of each communication.

7

**Objection to Interrogatory No. 9**

See the General Objections, *supra*. Ms. Mandel, moreover, objects to Interrogatory No. 9 on the ground that it is overly broad and unduly burdensome.

**Response to Interrogatory No. 9**

Subject to the foregoing Objections, *see* the Response to Interrogatory No. 8, *supra*. Ms. Mandel also had communications with Judge Garaufis.

**Interrogatory No. 10**

Identify the location(s) and custodian(s) of all of Plaintiff's documents concerning the allegations in the Amended Complaint.

**Response to Interrogatory No. 10**

All documents germane or relevant to the allegations of the Amended Complaint are in the possession, custody and control of state and federal law enforcement authorities, as well as in the possession of the Clerk of the United States District Court for the Eastern District of New York and the Pre-Trial Services Department of the Eastern District of New York. Ms. Mandel retained no copies of material responsive to this interrogatory.

**Interrogatory No. 11**

Identify all individuals whom Plaintiff intends to call as fact witnesses at the trial of this Action, including each person's Contact Information, and for each such person, provide a description of your understanding of the person's relevant knowledge or anticipated testimony.

**Response to Interrogatory No. 11**

At the present time, Ms. Mandel intends to testify as a fact witness at the trial of this action.

**Interrogatory No. 12**

Identify each medical provider, physician, therapist, psychiatrist, or other person or entity from whom Plaintiff sought or received any treatment as a result of the alleged actions by Defendant, including each person's or entity's Contact Information, and for each person or entity state the time period of Plaintiff's treatment.

**Objection to Interrogatory No. 12**

See the General Objections, *supra*.

**Response to Interrogatory No. 12**

Subject to the foregoing Objections, Ms. Mandel has discussed Daskal and the relevant events with Melissa Green-Jackson, a therapist and Licensed Professional Counselor.

**Interrogatory No. 13**

Describe the circumstances in which Plaintiff and Defendant first met each other, including the date and location.

**Objection to Interrogatory No. 13**

See the General Objections, *supra*.

**Response to Interrogatory No. 13**

Subject to the foregoing Objections, Daskal first "met" Ms. Mandel when she was 15 years old.

**Interrogatory No. 14**

Identify all of Plaintiff's Social Media account names or "handles" used from the time when Plaintiff and Defendant first met each other until the present.

**Objection to Interrogatory No. 14**

See the General Objections, *supra*. In particular, Ms. Mandel objects to this interrogatory on the ground that (i) it is not reasonably calculated to lead to admissible evidence, (ii) it seeks information to which Daskal's attorneys have full access, and (iii) any "social media" communications are in the possession, custody and control of law enforcement authorities related to the state and federal indictments of Daskal.

9

**Interrogatory No. 15**

Describe any instance of physical, sexual, or emotional abuse that Plaintiff has ever experienced committed by someone other than Defendant, and for each such instance, identify the person or persons who committed or allegedly committed the abuse, including that person's Contact Information.

**Objection to Interrogatory No. 15**

See the General Objections, *supra*.

**Interrogatory No. 16**

Identify all educational or academic institutions or entities at which Plaintiff has ever been enrolled or registered, and for each such institution or entity, state the dates when Plaintiff was enrolled or registered.

**Objection to Interrogatory No. 16**

See the General Objections, *supra*.

**Interrogatory No. 17**

Identify all employers and employment that Plaintiff has ever had, whether full-time or part-time, regardless of compensation status, including volunteer or charitable engagements, and for each such employer, state the dates when Plaintiff was employed or otherwise engaged.

**Objection to Interrogatory No. 17**

See the General Objections, *supra*.

**Interrogatory No. 18**

Identify every (a) residence at which Plaintiff has ever lived and (b) legal guardian that Plaintiff has ever had.

**Objection to Interrogatory No. 18**

See the General Objections, *supra*.

**Interrogatory No. 19**

State every name, nickname, alias, or identity that Plaintiff has ever used, gone by, been known as, or been associated with.

**Objection to Interrogatory No. 19**

See the General Objections, *supra*.

Dated: New York, New York
January 28, 2026

PAUL BATISTA, P.C.

By: _____
Paul Batista
*Attorney for Plaintiff
Rivka Mandel*
26 Broadway, Suite 1900
New York, New York 10004
631 377 0111
Batista007@aol.com

Signature as to Objections:

_____

TO:   MEISTER SEELIG & FEIN PLLC
*Attorneys for Defendant
Jacob Daskal*
125 Park Avenue, 7th Floor
New York, New York 10017
212 655 3500
ms@msf-law.com
sma@msf-law.com

11

## Certification

RIVKA MANDEL, who is over the age of 18 years, hereby certifies under penalty of perjury that the foregoing response to defendant's interrogatories is true and accurate to the best of her knowledge, information and belief.

_____
RIVKA MANDEL

Dated: January 28, 2026