# EXHIBIT C

Case 1:23-cv-07352-RER-VMS   Document 128-3   Filed 03/16/26   Page 1 of 11 PageID #: 808

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RIVKA MANDEL,

                      Plaintiff,

    - against -

JACOB DASKAL,

                      Defendant.

------------------------------------------------------------x

1:23-cv-07352 (RER) (VMS)

## DEFENDANT JACOB DASKAL'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS ADDRESSED TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Jacob Daskal ("Defendant"), by his undersigned counsel, hereby serves his First Request for the Production of Documents and Things (each, individually a "Document Request" and collectively the "Document Requests") on plaintiff Rivka Mandel ("Plaintiff"), and demands that Plaintiff produce the requested materials to Mitchell Schuster, Esq. at the law offices of Meister Seelig & Fein, PLLC, 125 Park Avenue, Floor 7, New York, New York, 10017, within thirty (30) days after service of the Request.

**DEFINITIONS**

1. "Action" shall mean this lawsuit, captioned *Mandel v. Daskal*, No. 1:23-cv-07352.

2. "Amended Complaint" shall mean the Amended Complaint filed in this Action on January 25, 2024.

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of their scope.

4. The term "communication" shall mean any utterance or written notation, or written or verbal statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons exchanged through, including but not limited to, in person conversations, correspondence, telephone calls, text messages and private messaging services, such as, iMessage, WhatsApp, Viber, Telegram, Wire, Threema, Wickr Me, Silence, Signal, or direct messages via Social Media.

5. "Contact Information" shall mean information to enable the subject to be contacted, including the full legal name, address, telephone number, and email address.

6. The term "document(s)" shall be read in its broadest possible sense in meaning and scope. Any response to a Document Request that identifies or refers to a document should also identify or refer to all drafts or non-identical copies thereof. It shall include, but not be limited to, writings of every kind, source, and authorship, both originals and all non-identical copies thereof, such as those bearing marginal comments, alterations, or other notations not present on the original document as originally written, typed or otherwise prepared, in your possession, custody, or control, or known by them to exist, irrespective of whether the writing is one intended for or transmitted internally by her or intended for or transmitted to any other person or entity, including without limitation any governmental agency, department, administrative entity or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information. It shall include includes all "electronically stored information" ("ESI") as

that term is used in the Federal Rules of Civil Procedure. All ESI shall be produced in accordance with the ESI protocol entered in this case. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration only, the term shall include: correspondence; e-mails; transcripts of testimony; letters; notes; notebooks; diaries; reports; papers; files; books; magazines; records; contracts; agreements; videotapes; photographs; telegrams; teletypes; and other communications sent or received; diaries; calendars; logs; notes; or memoranda of telephonic or face-to-face conversations; drafts; work papers; invoices; bills; statements; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries; and other records of obligations and expenditures; canceled checks; vouchers; receipts; and other records of payments; ledgers; journals; balance sheets; profit and loss statements; and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; and memoranda of all kinds to and from any persons, agencies, or entities. Documents, information recorded or microfilmed, microfiche, tapes, discs, data processing discs or tapes and computer-produced interpretations thereof, x-rays, instructions, announcements, sound recordings and transcripts thereof, or other data that exists in electronic or magnetic form must be produced in a form which permits the undersigned attorney to examine it without aid or special equipment.

    7.    "Identify" shall have the following meanings:

        (a)    when used in reference to an individual, to state her/his/their full name and present or last known address, telephone number, the full name and present or last known address of her/his/their employer or business, and the individual's position with said employer or business;

3

(b) when used in reference to an organization or entity, to state its full name and present or last known address, telephone number, and fully describe the business or activity in which the organization or entity is engaged;

(c) when used in reference to a document, to state the date, author, recipients, type of document (e.g., letter, memorandum, photograph, telegram, tape recording, etc.), subject matter, and its present or last known location and custodian. If any such document was, but is no longer, in your possession or custody or subject to your control, state what disposition was made of it; and

(d) when used in reference to a statement, representation, or communication, to provide the date, persons involved, form of the statement, representation or communication (e.g. whether in person, in writing, by telephone), and subject matters discussed.

8. The term "person" and "persons" means (1) any natural individual, corporation, proprietorship, partnership, joint venture, limited liability entity, and all other organizations, associations, groups, companies, institutions, firms, governmental bodies, and entities; (2) any parent, subsidiary, division, affiliate or department thereof; and (3) any agent, employee, officer, director, or other representative thereof.

9. The terms "regarding," "relating to," "pertaining to," "evidencing," and "concerning" shall have the broadest meaning possible, which includes but is not limited to: referring to, containing, alluding to, responding to, reporting on, commenting upon, discussing, supporting, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, contradicting, setting forth, describing, summarizing, prepared in connection or conjunction with, or characterizing either directly or indirectly, in whole or in part.

10. "Social Media" shall mean all websites and applications that enable users to create and share content online or to participate in social networking, and it shall include, but not be limited to the following: Facebook, Instagram, X (formerly Twitter), Snapchat, YouTube, Reddit,

4

WhatsApp, Telegram, Tumblr, LinkedIn, Meetup, Myspace, Pinterest, Tagged, Twitch, TikTok, Vimeo, Flickr, and Skype.

11. "You" and "Your" shall mean Plaintiff Rivka Mandel, as well as agents, representatives, and anyone else acting on her behalf in any capacity.

## INSTRUCTIONS

1. Plaintiff is required, in responding to these requests, to obtain and furnish all documents available to Plaintiff and any of her representatives, agents, servants, attorneys, or accountants and all documents that are in Plaintiff's possession, custody or control, or in the possession, custody or control of any of her present or former representatives, agents, servants, attorneys, or accountants.

2. If any document is withheld under any claim of privilege, including, without limitation, the work product doctrine or the attorney-client privilege, Plaintiff is to provide a description of the document and the basis for withholding it. An objection or claim of privilege, immunity, or protection directed to part of a request does not constitute an excuse for failure to respond to the parts of a request for which no objection or claim of privilege, immunity or protection is made.

3. These requests are continuing in nature. Any responsive documents that are unavailable to Plaintiff on the date of responding hereto but which subsequently become available, shall be produced promptly after its discovery or creation.

4. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself.

5. A request for any document shall be deemed to include a request for all drafts thereof and all revisions or modifications thereto, in addition to the document itself.

6.  If any document responsive to these Requests is not in Your possession, custody, or control, or has been lost, destroyed, or otherwise disposed of, such document is to be identified as sender(s); copied recipients (indicated or blind); date prepared or received; date of disposal (approximate, if precise date is not known); manner of disposition; person(s) currently in possession of the document; person(s) disposing of the document; and any document retention or destruction policy under which such document was destroyed or disposed of and all persons who participated in, or were involved in, the formulation of any such policy.

7.  Unless otherwise stated, the applicable time period for each Document Request is from the time Plaintiff and Defendant first met each other until the present.

## **DOCUMENT REQUESTS**

1.  All documents and communications concerning this Action.

2.  All documents and communications related to the allegations made in the Amended Complaint.

3.  All nonprivileged documents and communications between Plaintiff and any person concerning or referencing Defendant.

4.  All video and audio recordings of, relating to, or referencing Defendant.

5.  All documents and communications between Plaintiff and Defendant.

6.  All Social Media posts relating to or referencing Defendant or the allegations in the Amended Complaint.

7.  All documents and communications concerning any travel, including interstate travel, taken by Plaintiff related to Defendant or the allegations in the Amended Complaint.

8.  All documents created by Plaintiff that concern or reference Defendant or the allegations in the Amended Complaint, including, but not limited to, notes, journals, diaries, and logbooks.

6

9. Copies of all forms of identification that Plaintiff has ever used.

10. All copies, including certified copies, of Plaintiff's birth certificate.

11. All federal and state income tax returns that list Plaintiff as a or the filer from the time Plaintiff and Defendant first met each other through the present.

12. Any and all documents, papers and records which purport to set forth any wages, salary, or income claimed to have been lost as a result of the allegations in the Amended Complaint, including, but not limited to W-2s, 1099s, K-1s, tax returns, bank statements, PayPal summaries, Venmo and other cash transaction applications.

13. All documents that Plaintiff intends to rely upon to support her claim for damages in this Action, and the methods used to calculate such alleged damages.

14. All documents and communications that refer or relate to any physical, mental or emotional injuries that Plaintiff alleges in the Amended Complaint.

15. Copies of all prescriptions related to any medical condition for injuries that Plaintiff alleges in the Amended Complaint.

16. Copies of any and all physical and mental health records, including but not limited to, medical/hospital reports, records, notes, diagnostic testing, x-rays, CT scans, PET scans, MRIs, and neuropsych evaluations pertaining to Plaintiff from the time Plaintiff and Defendant first met each other until the present.

17. All documents and communications that refer or relate to any bills, expenses, or charges for consultation, examination, or treatment for injuries that Plaintiff alleges in the Amended Complaint.

18. All documents which refer or relate to any future or additional medical services allegedly required by Plaintiff for injuries alleged in the Amended Complaint.

19. All documents and communications between Plaintiff and any of the following people concerning any of the allegations in the Amended Complaint:

    a. Bella Daskal;

    b. Pearl Dembitzer;

    c. Leiby Dembitzer;

    d. Chaya Bornstein;

    e. Shulem Bornstein;

    f. Chaim Daskal;

    g. Ester Brody;

    h. Rose Teitelbaum;

    i. Benzion Daskal;

    j. Solomon Daskal;

    k. Barry Daskal;

    l. Lipa "Nussy" Brauner;

    m. Pesach Greenberg;

    n. Mutty Brauner; and

    o. Chaim Fleischer.

20. All documents and communications with any representative, agent, employee, or staff member of the following entities:

    a. Boro Park Shomrim;

    b. Congregation Shaarei Zion of Bobov;

    c. Rabbinical College Bobover Yeshiva Bnei Zion;

    d. Yad Ephraim; and

    e. Yachad D'Bobov.

  21. All documents and communications with law enforcement personnel, including Special Agent Aaron Spivack.

  22. All police reports, incident reports, 911 calls, body cam recordings, dispatch logs, or other documents or communications concerning or relating to an investigation of the allegations in the Amended Complaint.

  23. All documents sent to, received from, or otherwise relating to any person who Plaintiff intends to call as a witness at trial, either in person, through deposition testimony, or through an affidavit.

  24. All documents relating to each expert who Plaintiff intends to call as a witness at trial, including but not limited to all documents sent to or received from each expert, including resumes, curriculum vitae, reports, retainers and billing records.

  25. All documents related to Plaintiff's efforts to mitigate her damages.

  26. All documents identified in Plaintiff's Initial Disclosure, dated October 15, 2025.

  27. All nonprivileged documents and communications that Plaintiff relied upon or referenced in responding to any Interrogatory in this Action.

28.    Executed copies of the attached authorizations allowing the production of Plaintiff's medical records and education records.

Dated: New York, New York  
       October 29, 2025

**MEISTER SEELIG & FEIN PLLC**

By:   /s Mitchell Schuster  
Mitchell Schuster  
Stacey M. Ashby  
125 Park Avenue, 7th Floor  
New York, NY 10017  
Tel: (212) 655-3500  
Fax: (212) 655-3535  
ms@msf-law.com  
sma@msf-law.com

*Attorneys for Defendant Jacob Daskal*

To:    Paul Batista, P.C.,  
26 Broadway, Suite 1900,  
New York, NY 10004  
Tel: (631) 377-0111  
batista007@aol.com

*Attorneys for Plaintiff Rivka Mandel*

10