# EXHIBIT D

**PAUL BATISTA, P.C.**
Attorney-at-Law
26 Broadway – Suite 1900
New York, New York 10004
(631) 377-0111

e-mail: Batista007@aol.com                                            Facsimile: (212) 344-7677

**MEMORANDUM**

TO:         Eli J. Esakoff, Esq. [eje@msf-law.com]

FROM:    Paul Batista, Esq.

DATE:    February 3, 2026

Re:    **Mandel v. Daskal**

Dear Eli:

    Enclosed is Ms. Mandel's Response to Daskal's request for "documents and things."

_____
PAUL BATISTA

Enclosure

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RIVKA MANDEL,                                       :
                                                    :   1:23-cv-07352 (RER) (VMS)
                                    Plaintiff,     :
                                                    :
            - against –                             :
                                                    :
JACOB DASKAL,                                       :
                                                    :
                                    Defendant.     :
-------------------------------------------------------------x
```

**PLAINTIFF RIVKA MANDEL'S RESPONSE TO
DEFENDANT JACOB DASKAL'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34 and 26, plaintiff Rivka Mandel, by her attorney, Paul Batista, P.C., hereby responds to the document entitled "Defendant Jacob Daskal's First Request for Production of Documents and Things Addressed to Plaintiff" (the "Document Request") as follows:

## General Objections

1. Ms. Mandel generally objects to the Document Request to the extent it seeks documents and "things" that are not reasonably calculated to lead to the discovery of admissible evidence.

2. Ms. Mandel generally objects to the Document Request on the ground that it is overly broad and unduly burdensome.

3. Ms. Mandel generally objects to the Document Request because it purports to demand production of documents disclosure of which would embarrass, annoy and harass Ms. Mandel.

1

4. Ms. Mandel generally objects to the "definitions and instructions" contained in the Document Request because they violate the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

**Preliminary Statement**

Defendant Jacob Daskal ("Daskal") was convicted in the United States District Court for the Eastern District of New York (Hon. Nicholas J. Garaufis, *U.S.D.J.*) in 2023 of multiple crimes committed by him against Ms. Mandel when she was fifteen and sixteen years old. Daskal pleaded guilty to crimes involving, among other things, rape and sodomy, against Ms. Mandel.

Daskal's plea establishes the facts associated with his criminal conduct against Ms. Mandel. He is bound by those admissions and, as a result, lacks any basis to contest his civil liability to Ms. Mandel in this action.

Moreover, Ms. Mandel, during the course of the state and federal investigations of Daskal which led to his conviction and the District Court's imposition of 17.5 years of imprisonment, turned over to federal and state law enforcement authorities every document associated with Daskal and the investigation of Daskal. She retained no copies or reproductions of any of the material she provided to federal and state law enforcement.

In addition, her compliance with the Document Request, even if she had custody, possession or control of any documents related to Daskal or this action – and she does not – would subject her to severe emotional harm since she would in effect be subjected to re-living the criminal acts inflicted on her by defendant Daskal. Daskal is free to apply to relevant law enforcement and judicial authorities for release of documents and "things" which Ms. Mandel provided to the authorities at their request and of which she retained no copies.

2

## Specific Responses

### Document Request No. 1

### Objection to Document Request No. 1

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

### Document Request No. 2

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

### Document Request No. 3

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

### Document Request No. 4

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

### Document Request No. 5

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

### Document Request No. 6

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

### Document Request No. 7

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

### Document Request No. 8

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

### Document Request No. 9

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

### Document Request No. 10

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*. In particular, Document Request No. 10 is objectionable because it is an undisputed fact, to which Daskal has

pleaded guilty, that Ms. Mandel was 15 and 16 years old when Daskal committed his crimes against her.

**Document Request No. 11**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*. In particular, it is patently obvious that Request No. 11, like the other requests, is cynically abusive, motivated by bad faith, and not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 12**

*See* the General Objections, *supra*, the Preliminary Statement, *supra*, and the full objection to Request No. 11, *supra*.

**Document Request No. 13**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

**Response to Request No. 13**

- The indictments of Daskal;
- The transcript of the sentencing proceedings before Judge Garaufis;
- Daskal's tax returns and financial statements; and
- The PSR related to Daskal.[1]

**Document Request No. 14**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

**Document Request No. 15**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

**Document Request No. 16**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

---

[1] Plaintiff states that this Response is preliminary and, if appropriate, will be supplemented in the event responsive documents or other information not now available to her becomes available to her.

4

**Document Request No. 17**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*. Moreover, disclosure of any documents pursuant to this Document Request would violate Ms. Mandel's rights under federal and other law to the privacy and confidentiality to which she is entitled.

**Document Request No. 18**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

**Document Request No. 19**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*. Moreover, to the best of Ms. Mandel's present knowledge, information and belief, she had no written "documents" or "communications" with any of the individuals whose names are identified in this document request.

**Document Request No. 20**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

**Document Request No. 21**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

**Document Request No. 22**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

**Document Request No. 23**

At the present time, the witnesses Ms. Mandel contemplates calling as witnesses at trial include herself, defendant Daskal, members of law enforcement, Bella Daskal, Arthur Aidala, Rabbi Halberstam, Pearl Dembitzer, Lipa "Nussy" Brauner, members of Boro Park Shomrim, members of Congregation Shaarei Zion of Bobov, members of Rabbinical College Bobover

Yeshiva Bnei Zion, members of Yad Ephraim, members of Yachad D'Bobov and attorneys affiliated with Meister Seelig & Fein.

**Document Request No. 24**

At the present time, plaintiff has not selected an expert for trial testimony.

**Document Request No. 25**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*. In any event, plaintiff has no duty to mitigate her damages since, among other things, she is a victim of Daskal, a rapist and pedophile.

**Document Request No. 26**

*See* the General Objections, *supra*, and the Preliminary Statement, *supra*.

**Document Request No. 27**

Plaintiff relied on the publicly available filing regarding the criminal investigation and conviction of Daskal.

Dated: New York, New York
       February 3, 2026

                                      PAUL BATISTA, P.C.

                                      By: _____
                                            Paul Batista
                                            *Attorney for Plaintiff*
                                              *Rivka Mandel*
                                        26 Broadway, Suite 1900
                                        New York, New York 10004
                                        (T) 631 377 0111
                                        Batista007@aol.com

TO:   MEISTER SEELIG & FEIN PLLC
       *Attorneys for Defendant*
         *Jacob Daskal*
       125 Park Avenue, 7th Floor
       New York, New York 10017
       (T) 212 655 3500