**PAUL BATISTA, P.C.**
**Attorney-at-Law**
**26 Broadway – Suite 1900**
**New York, New York 10004**
**(631) 377-0111**

**e-mail: Batista007@aol.com** **Facsimile: (212) 344-7677**

March 26, 2026

VIA ECF
Hon. Vera M. Scanlon
Chief United States Magistrate Judge
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Rivka Mandel v. Jacob Daskal, 1:23-cv-07352 (RER) (VMS) – Plaintiff's (A) Opposition to Defendant's Motion to Compel and (B) In Support of Plaintiff's Cross-Motions for (i) a Protective Order under FRCP 26(c) and (ii) Bifurcation under FRCP 42(b)**

Dear Chief Judge Scanlon:

I represent plaintiff Rivka Mandel in the above-entitled action.

I submit this letter (i) in opposition to the letter motion filed by defendant Jacob Daskal ("Daskal") to compel dated March 16, 2026 (*see* ECF Doc. No. 128) and (ii) in support of Ms. Mandel's cross-motion for (1) protective orders pursuant to Fed. R. Civ. P. 26(c) and (2) bifurcation pursuant to Fed. R. Civ. P. 42(b) for the purpose of an early jury trial on the issue of the compensatory and punitive damages claimed by Ms. Mandel in light of the granting on March 18, 2026, by United States District Judge Ramón Reyes of summary judgment to Ms. Mandel with respect to Count 1 of Ms. Mandel's Amended Complaint (*see* annexed Exhibit 1, ECF Doc. No. 130) ("The motion is granted…with respect to Count 1 against Defendant Jacob Daskal for 18 U.S.C. § 2255 by way of his guilty plea to 18 U.S.C. § 2423….").

## Introduction and Summary

Through this litigation, Ms. Mandel, who is now 24, seeks compensation – indeed, some measure of vindication – for horrific acts of sexual misconduct inflicted on her in 2017 when she was 15 and 16 years old by Daskal. At the time he sexually abused Ms. Mandel – who was a child when the crimes took place – Daskal was 58 years old. As a result of his conviction, Daskal is currently serving a sentence of 17.5 years imprisonment imposed by this Court (Hon. Nicholas Garaufis, *U.S.D.J.*) in October 2023.

**The Adequacy of Ms. Mandel's Interrogatory and Document Responses**

This letter in opposition to Daskal's motion to compel and in support of Ms. Mandel's cross-motion is accompanied by a sworn declaration of Ms. Mandel. That declaration provides information germane to her opposition to Daskal's plainly abusive motion to compel responses to interrogatories to which Ms. Mandel has responded and a document demand to which Ms. Mandel has also adequately responded. I respectfully refer the Court to Ms. Mandel's accompanying declaration.

I emphasize that even a cursory review of the Daskal interrogatories (*see* Exhibit 2 to Ms. Mandel's declaration) reveals the extent to which they are, as the objections state, abusive and not reasonably calculated to lead to the discovery of admissible evidence. Just to cite several examples, the interrogatories demand information as to her "social media" accounts from 2017, when she was 15 and first assaulted by Daskal, through "the present."

Further indicative of the improper nature of the interrogatories is that they demand her "medical records," her "bank statements," her "tax returns" and her employment history.

It is important to emphasize several other points:

1. Ms. Mandel has indicated that she has general recollections of the rape, sodomy, sexual and other abuse inflicted on her by Daskal in 2017 when she was 15 and 16 years old, and the relevant interrogatory answers so indicate by specifying the dates and places cited at length in the state criminal indictment of Daskal and the federal indictment to which Daskal pleaded guilty;

2. Ms. Mandel has repeatedly advised me that she was so traumatized by the horrific abuse inflicted on her by Daskal in 2017 that she is not able, at this point, to particularize by date, place and act the crimes committed by Daskal;

3. During the course of the lengthy criminal investigation, Ms. Mandel turned over to federal and state law enforcement officials documents and other materials, such as text and video messages involving Daskal, and did *not* retain copies of those materials because she did not want to have possession of, or access to, visual or tangible reminders of the abuses Daskal committed;

4. Ms. Mandel has pointed out that the same firm representing Daskal in this civil action – Meister Seelig & Fein – also represented Daskal throughout the criminal action and undoubtedly has possession of all the information, material and evidence which Meister Seelig is demanding from Ms. Mandel. Obviously, Ms. Mandel cannot produce documents or material which she does not have but which Meister Seelig has.

**Related Issues**

Although Judge Reyes has granted summary judgment to Ms. Mandel on the substantive issues of liability raised by Count 1 of the Amended Complaint (*see* annexed Exhibit 1) and Ms. Mandel is requesting bifurcation so that she can have a jury determine the amount of compensatory and punitive damages, we recognize that there are other issues which require attention.

*(i) Ms. Mandel's Deposition*

Defendant recently served a notice for Ms. Mandel's deposition. Since that notice arbitrarily set April 2, 2025 as the date for deposition, I pointed out to Meister Seelig that April 2, 2026 is Passover. That firm conceded that point. However, that firm has not responded to numerous requests I have made to fix a date for Ms. Mandel's deposition. I am at a loss to understand why Meister Seelig has not accepted my invitation to schedule a prompt date for Ms. Mandel's deposition.

*(ii) Settlement*

During the course of the oral argument that took place before Judge Reyes on March 18, the Court raised the issue of "settlement." I advised Judge Reyes that in this as in every other case in which I am involved as either plaintiff's counsel or defendant's counsel I am always prepared to discuss settlement.

Judge Reyes orally encouraged settlement discussions. Indeed, in the Civil Minute Calendar Judge Reyes entered on March 19, 2026, Judge Reyes wrote in relevant part:

> Plaintiff's motion for summary judgment is deemed made as to all counts in the amended complaint. The motion is granted with respect to Count 1 against Defendant Jacob Daskal for 18 U.S.C. § 2255 by way of his guilty plea to 18 U.S.C. § 2423....*The parties are encouraged to engage in settlement discussions.* [*See* Exhibit 1 (emphasis supplied).]

Respectfully submitted,

Paul Batista

cc: All Counsel of Record

# Exhibit 1

# CIVIL MINUTE CALENDAR

**Before EDNY (Brooklyn), U.S. District Judge Ramón E. Reyes, Jr.**

**Courtroom 2E North**

**Date: March 18, 2026** **Time in Court: 30 minutes**

**Docket Number: 23-CV-07352**

**Case Title: Mandel v. Daskal**

**Court Reporter: Andronikh Barna** **Time Log:** N/A

**Law Clerk: KP**

**Plaintiff(s)/Petitioner represented by: Paul A. Batista**

**Defendant(s)/Respondent represented by: Mitchell Schuster; Stacey Ashby**

**Type of Hearing Held: premotion hearing**

**Pending Motion(s): N/A**

**TEXT:**

Paul A. Batista appeared on behalf of Plaintiff. Mitchell Schuster and Stacey Ashby appeared on behalf of Defendant. Case Called. Discussions held. Plaintiff's motion for summary judgment is deemed as made as to all open counts in the [21] amended complaint. The motion is granted only with respect to Count 1 against Defendant Jacob Daskel for 18 U.S.C. § 2255 by way of his guilty plea to 18 U.S.C. § 2423, and denied in all other respects. The parties are directed to meet and confer on an updated discovery schedule with Magistrate Judge Vera M. Scanlon. The parties are encouraged to engage in settlement discussions.

Contact the Court Reporter Andronikh Barna at (718) 613-2178 to order the transcript.