

April 23, 2026

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>By Electronic Filing.</u>

**Re:**    <u>**Mandel v. Daskal,**</u> **23-cv-07352**

Dear Judge Scanlon:

My firm and co-counsel are in the process of being retained by Ms. Mandel in the case above, after the conference last week.  I write, pursuant to the Court's Indi`` ` vidual Practice § III(b) to make two requests:  First, to compel prior counsel (Mssrs. Batista and Lowy) to turn over their files for this matter.  And second, to seek 30 days from transfer of the file to comply with the orders from last week's conference, so my firm can get up to speed and serve the complete, rule-compliant discovery responses that have been missing to date.

By way of background, since last Friday, I have been repeatedly asking prior counsel to turn over the file.  I have received an array of responses, but none of those responses have been in "accordance with the standards of conduct which a court may properly require of its officers." *Tops Mkts., Inc. v Quality Mkts., Inc.*, 2001 US Dist LEXIS 4238, at \*11 (WDNY Apr. 3, 2001).

On Friday, I wrote, saying: "Let me know the easiest way to transfer the full file -- and of course, we are happy to transfer actual disbursements to date to discharge any retaining lien issue and expedite transfer."  **Exhibit 1** at 11.[1]  After several more requests to "address transfer of the file" (*id.* at 5), Mr. Batista[2] eventually started a new thread, where he offered:

---

[1] Plaintiff has filed these exhibits, because they also include matter that counsel for Defendant should not be privy to, under seal, and asks the Court to seal them.  Pursuant to the Local Rules on sealing, I have transmitted the proposed sealed exhibits to prior counsel directly by email.

[2] Mr. Lowy has not responded directly at all about transferring his file.  Despite identifying himself as counsel of record to the Court last week and taking over at the Court's requests when Mr. Batista was not directly answering the Court's practical concerns, in correspondence, he declared "I am not counsel of record." Ex. 1 at 4.  Regardless of whether that representation was accurate or raises other issues — such as whether his offer to produce full tax returns waiving the standard objections the Court had spelled out earlier in the same hearing, rather than records with only the relevant information actually should bind Plaintiff if he was not acting as counsel of record for her — as an attorney working on the case, he has relevant files that must be transferred.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



> "I am prepared to release to an independent contracting firm all of my files in connection with Ms. Mandel. That independent contracting firm, to be selected by you and paid by you or Ms. Mandel, will copy my files – all of which are in old-fashioned paper format in three ring binders – and deliver copies to you in whatever format you desire. The independent contracting firm will then return to me all the documents I provide to the firm."

Exhibit 2 at 6.  That is, he essentially proposed a taint team protocol to transfer files between attorneys representing the same client, at the client's expense.[3]  Plaintiff again offered to pay any costs Mr. Batista advanced to deal with any retaining lien.  And she also offered to either (1) give Mr. Batista time to pay a firm if that's how he would like to do things; (2) give him time to copy his own files; or (3) send him a copy of everything once my firm had scanned or otherwise imported and copied the files in house.  Ex. 2 at 4-5.  As far as the third option, Mr. Batista has not ever offered any explanation for why he is unwilling to allow my firm to simply copy files in house, then return them.

Instead of constructive dialogue, Mr. Batista then shifted to all-caps responses, declaring:  "I AM NOT ABOUT TO INCUR THE EXPENSE OF COPYING THE FILES."  Ex. 2 at 4 (Mr. Batista sent another all-caps response in a different thread as well).  He also made the puzzling assertion that he does not have any digital files, even though the formatting and fonts on the filings and discovery responses in the case obviously were done in *some* word processor, not on a typewriter.  Ex. 2 at 1-3.  Nonetheless, Mr. Batista and Mr. Lowy have not made any effort, as far as we can tell, to transfer digital files.

Most recently, Mr. Batista seemingly threatened to disclose privileged communications in retaliation for his discharge, saying, "Incidentally, since she is taking positions as you have enunciated them that are antagonistic to me she is relinquishing any attorney client confidentiality which previously existed between us."  Ex. 2 at 2.

---

[3] As discussed in the emails attached hereto, this is all in the context of Mr. Batista asserted an unethical lien: He is demanding to be paid a full third of any recovery, and that Ms. Mandel pay us (and any future lawyers) out of her two-thirds share of recovery.  Attorneys may not, collectively, charge more than a third.  It is black letter law that an attorney with a contingency lien has two choices:  He may "elect to take compensation on the basis of a presently fixed dollar amount based upon quantum meruit for the reasonable value of services or, in lieu thereof, ... elect a contingent percentage fee based on the proportionate share of the work performed on the whole case."  *Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 (1989).  While I have attempted to fix the quantum meruit value of services, or agree on a formula for dividing value of services (e.g., a percentage based on actual hours worked or whatever else), *see* Ex. 1 at 6-11, or even just figure out which option Mssrs. Batista and Lowy wish to "elect" (73 NY2d at 458), I have been met purely with insistence on asserting the unethical option.

For now, this is purely context:



---

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



## Discussion

The Court should order prior counsel to turn over "not only the physical file, but also all electronic records" they have "as retained in connection with the case, such as emails and PDF documents." *Walker v City of NY*, 2024 US Dist LEXIS 82501, at \*12-13 (EDNY May 6, 2024).

The first and core claim in this case is a federal one, with a private attorney general scheme.[4] Accordingly, a retaining lien may not even be available in the first instance:

> "The fundamental purposes of legislation passed by Congress should not be derailed because a party can or cannot post a bond in connection with transfer of litigation files. Controversies between parties and their attorneys should not hold federal litigation hostage. Where a fee-shifting statute is involved, there is an implicit bargain between attorneys who undertake such cases and the public. The statute provides a potential source of fees to prevailing counsel; in return counsel may not obstruct the course of the litigation. In federal question cases of this type, retention of files should rarely if ever be permitted."

*Misek-Falkoff v Intl. Bus. Machs. Corp.*, 829 F Supp 660, 664 (SDNY 1993). Here, prior counsel is not even seeking — as in other cases — to hold the file ransom to fix his lien. Rather, he is simply demanding, for seemingly no reason at all, that Plaintiff incur expenses because she chose to discharge him. But his declaration "I AM NOT ABOUT TO INCUR THE EXPENSE OF COPYING THE FILES" applies just as well to Plaintiff: Why should Plaintiff need to ransom the file by paying an expensive independent contractor to transfer files *between her own attorneys*?

More broadly, "the fact that judicial recognition of a retaining lien seriously compromises the client's ability to pursue her litigation with new counsel has given courts substantial pause about recognizing such liens." *Walker*, 2024 US Dist LEXIS 82501, at \*7. Even without federal preemption-type reasoning as in the cases above, for more than a century, New York courts "have, in many cases, ordered attorneys to deliver to their clients papers and records received by the attorneys in the course of litigation, though through such delivery the attorney's retaining lien was destroyed." *Robinson* v. *Rogers*, 237 N.Y. 467, 471 (1924). And that is because, "Where the retention of papers by an attorney serves to [prejudice] a client the attorney should be required to deliver up the papers upon receiving proper security for his compensation, because insistence upon his lien under such circumstances is not in accordance with the standards of conduct which a court may properly require of its officers." *Id.* at 473.

Any lien — as well as whether discharge was for cause — may be litigated later, and courts are generally clear that the share of a contingent recover is "better determined at the conclusion of the case when such factors as the amount of time spent by each lawyer on the case, the work performed and the amount of recovery can be ascertained." *Lai Ling Cheng*, 73 NY2d at 458. But as noted above, if Mr. Batista stops insisting on unethical terms for the lien, Plaintiff is happy to

---

[4] It is not clear whether prior counsel's complaint included an appropriate demand for attorneys' fees, though they are directly available. 18 U.S.C. § 2255(a); *see, e.g.,* ECF No. 21 at 36. The failure seek that obviously available relief seems problematic, to say the least.

Cohen&Green P.L.L.C.   ·   1639 Centre Street, Suite 216 · Ridgewood, New York · 11385   ·   t : (929) 888.9480   ·   f : (929) 888.9457   ·   FemmeLaw.com



discuss fixing the amount in quantum meruit now (and waiving any claim discharge was for cause in exchange for certainty), or discuss an appropriate formula to fix a contingency recovery.

In the alternative, the Court could also moot all of this:  Plaintiff has liability already on her federal claim, with its corresponding fee entitlement,  The Court could sever the issue such that Mr. Batista (and perhaps Mr. Lowy, depending on the nature of his representation) could simply file a fee application, obviating the need to address a lien at all.

In sum, the Court should compel prior counsel to turn over the file, to avoid further delays. Any lien can be litigated later, and counsel's demand to impose expenses and a taint-team-type process is utterly without basis in law.  As I've repeatedly said, my firm is perfectly willing to take over any costs that have been advanced out of pocket.  But incurred expenses even counsel himself has declared are unnecessary does not serve the client and I could not ethically pass that expense on at the end of the case.

And to avoid prejudicing Plaintiff, and allow my firm to get up to speed, we would ask the Court to allow us 30 days from the ultimate transfer of the file to comply with the Court's Orders from last week's conference.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/

_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com