

Remy J. Stocks
*Attorney*
rjs@mss-pllc.com
Fax: 212-655-3535

May 1, 2026

**VIA ECF**

Hon. Ramon E. Reyes, Jr.
United States District Judge
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Courtroom 2E North
Brooklyn, New York 11201

Re: <u>**_Rivka Mandel v. Jacob Daskal_**, Case No. 23-cv-07352</u>

Dear Judge Reyes:

This firm represents defendant Jacob Daskal. Pursuant to Rule IV.A of Your Honor's Individual Practice Rules, we write to request a pre-motion conference to discuss Mr. Daskal's forthcoming motion, pursuant to Fed. R. Civ. P. 56, seeking summary judgment on his Second Affirmative Defense dismissing Counts IV, V and VI of plaintiff Rivka Mandel's Amended Complaint for assault, battery and intentional infliction of emotional distress (collectively, the "State Law Claims") as barred by the applicable statute of limitations, together with such other and further relief as the Court deems just and proper. *See* Ex. 3 (Answer), p. 14, Second Affirmative Defense.

Under New York law, the State Law Claims have a one-year statute of limitations. *See* N.Y. CPLR §215(3); *see also Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) ("[T]he statute of limitations on claims for damages arising from assault or battery in New York is one year."); *Patterson v. Balsamico*, 440 F.3d 104, 112 n. 4 (2d Cir.2006) ("The New York courts have held that a claim for damages for intentional infliction of emotional distress is subject to the one-year statute of limitations in C.P.L.R. Section 215(3)."). According to Ms. Mandel's Amended Complaint, the predicate "sexual offenses" allegedly occurred between August and November 2017 and thus, her claims had accrued by November 2017 at the latest. *See* Rule 56.1 Statement ("R56.1"), at ¶1, Ex. 2 (Amended Complaint), at ¶43. Ms. Mandel was therefore required to file suit no later than November 2018. However, Ms. Mandel did not commence this action until almost 5 years later, on October 2, 2023. *See* R56.1, ¶3, Ex. 1 (Original Complaint).

On October 3, 2025, Mr. Daskal moved to dismiss the State Law Claims under Fed. R. Civ. P. 12(b)(6), arguing they were barred by the applicable one-year statute of limitations. *See* ECF Doc. <u>116</u>. In an Order dated October 4, 2025, the Court agreed with Mr. Daskal that Ms. Mandel's claims had accrued by no later than November 2017, but *sua sponte* rejected his statute of

limitations argument, holding that it "completely ignores New York's Adult Survivors Act ("ASA"), N.Y. CPLR § 214-j," which the Court noted "revived time-barred claims related to 'sexual offenses' until November 24, 2023." *See* ECF Doc. 118, at p. 2. Thus, the Court reasoned:

> So even though Mandel's State Law Claims expired at the latest in November 2018, she had another chance to sue until November 24, 2023. As Daskal admits, Mandel filed her complaint on October 2, 2023, well within the ASA's one-year lookback period.

*Id*.

Respectfully, the Court erred in holding the ASA revived Ms. Mandel's State Law Claims. The ASA provides, in relevant part, as follows:

> [E]very civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law **committed against such person who was eighteen years of age or older**, or incest as defined in section 255.26 or 255.27 of the penal law **committed against such person who was eighteen years of age or older**, which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section.

*See* N.Y. CPLR §214-j. (Emphasis supplied). However, Ms. Mandel repeatedly alleges in her Amended Complaint that she was a minor of 15 or 16 years old when the predicate offenses allegedly occurred. *See* R56.1, ¶2, Ex. 2 (Amended Complaint), ¶¶1-2, 42, 43, 53-54, 59-60, 69-74, 89. Accordingly, the ASA has no application here. *See, e.g., Leib-Podry v. Tobias*, Case No. 22-CV-8614-VEC-JW, 2024 WL 1421152, at *8 (S.D.N.Y. Feb. 13, 2024), *report and recommendation adopted*, 2024 WL 1134597 (S.D.N.Y. Mar. 15, 2024), *appeal dismissed,* 2024 WL 1134597 (2d. Cir. July 31, 2024), *motion for relief from judgment denied*, 2025 WL 3443571 (S.D.N.Y. Dec. 1, 2025) ("[F]or a claim to be revived pursuant to the ASA, a defendant's underlying conduct must 'constitute a sexual offense as defined in article one hundred thirty of the penal law' and have been 'committed against such person who was eighteen years of age or older.'") (quoting CPLR §214-j).

Critically, an earlier, otherwise identical statute, New York's Child Victims Act, N.Y. CPLR 214-g (the "CVA"), revived otherwise time-barred claims arising out of sexual offenses "committed against a child less than eighteen years of age," provided the plaintiff filed suit between August 14, 2019 and August 14, 2021. *See* N.Y. CPLR §214-g.[1] Thus, Ms. Mandel's State Law Claims would have been revived under the CVA had she filed suit prior to the August 14, 2021 deadline.

---

[1] As originally enacted, the CVA set a revival window of August 14, 2019 through August 14, 2020, which was extended by the legislature in August 2020 to August 14, 2021 to account for COVID-19-related

However, Ms. Mandel commenced this action on October 2, 2023, more than two years after the CVA's revival window closed on August 14, 2021. *See* R56.1, ¶3, Ex. 1 (Original Complaint). In consequence, her State Law Claims are barred by the one-year statute of limitations under CPLR §215(3). *See Jones v. N.Y.P.D.*, Case No. 23-cv-9515-LTS, 2024 WL 325361, at *2 (S.D.N.Y. Jan. 29, 2024) (neither the ASA nor the CVA revived plaintiff's claims that he was sexually abused as a minor where he failed to file suit until October 25, 2023); *Doe v. Clark*, 84 Misc.3d 1265(A), 224 N.Y.S.3d 381, at *4, §(iv) (N.Y. Sup. Ct. Jan. 21, 2025) ("[T]he ASA does not revive the plaintiff's claims that are based upon alleged acts that occurred while plaintiff was a child, because the ASA only applies to acts that were committed when a plaintiff was 18 years or older.").

Because Ms. Mandel's State Law Claims were not revived under the ASA or the CVA, they are barred by the applicable one-year statute of limitations under CPLR §215(3), as pleaded in Mr. Daskal's Second Affirmative Defense. Mr. Daskal therefore respectfully requests that he be granted summary judgment on his Second Affirmative Defense dismissing Claims IV, V and VI of Ms. Mandel's Amended Complaint in their entirety.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/Remy J. Stocks*

Remy J. Stocks

cc:   All Counsel of Record

---

court closures. Further, beginning in March 2020, then-Governor Andrew Cuomo issued a series of emergency Executive Orders extending statutes of limitation, ultimately through November 3, 2020, a period of 228 days. A handful of courts subsequently held that the Governor's Executive Orders further extended the August 14, 2021 filing deadline under the CVA by between 90 and 228 days. *See, e.g., R.M. v. Archdiocese of New York*, 85 Misc. 3d 1259(A), at *4 (N.Y. Sup. Ct. Apr. 21, 2025) (adding 228-day tolling period to August 14, 2021 deadline, resulting in a new "effective deadline" of March 20, 2022); *Bathea v. Children's Village*, 225 A.D.3d 580, 581 (N.Y. App. Div. 2024) (executive orders issued subsequent to the CVA's amendment tolled the close of the CVA's revival window for 90 days, from August 14, 2021, until "at least" November 12, 2021). Affording Ms. Mandel the most generous reading of the CVA's revival window, she was required to file suit by March 20, 2022. She did not commence this action until 18 months later, on October 2, 2023. *See* R56.1, ¶3, Ex. 1 (Original Complaint).