# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
RIVKA MANDEL,

                                                                    1:23-cv-07352 (RER) (VMS)

                              Plaintiff,

            - against -                                             **ANSWER**

JACOB DASKAL,

                              Defendant.
---------------------------------------------------------------x

Defendant Jacob Daskal, by and through his attorneys, Meister Seelig & Fein PLLC, as and for his Answer to the Amended Complaint filed by Plaintiff Rivka Mandel ("Plaintiff") on January 25, 2024, respectfully answers as follows:

### **Preliminary Statement**

1.      Defendant denies the allegations as described in paragraph 1 of the Complaint except admits that Defendant was sentenced on October 11, 2023, by Judge Nicholas Garaufis to 17.5 years in federal prison as a result of a guilty plea to 18 U.S.C Section 2423(a).

2.      Defendant denies the allegations as described in paragraph 2 of the Complaint.

3.      Defendant denies the allegations as described in paragraph 3 of the Complaint.

4.      Defendant denies the allegations as described in paragraph 4 of the Complaint.

5.      Defendant denies the allegations as described in paragraph 5 of the Complaint.

6.      Defendant denies the allegations as described in paragraph 6 of the Complaint and respectfully refers the Court to the sentencing hearing transcript referred to therein, which speaks for itself.

7.      Defendant denies the allegations as described in paragraph 7 of the Complaint and respectfully refers the Court to the sentencing hearing transcript referred to therein, which speaks for itself.

8.      Defendant denies the allegations as described in paragraph 8 of the Complaint.

### The Parties

9.      Defendant denies information and knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 9 of the Complaint.

10.     Defendant admits the allegations as described in paragraph 10 of the Complaint, except denies that Defendant's United States Bureau of Prisons Register Number is 32907-508.

11.     Defendant denies the allegations as described in paragraph 11 of the Complaint except admits that Bella Daskal is a United States citizen, resident of the City of New York, and the wife of Defendant.

12.     Defendant denies the allegations as described in paragraph 12 of the Complaint except admits that Pearl Dembitzer is a United States citizen, resident of the City of New York, and the daughter of Defendant.

13.     Defendant denies the allegations as described in paragraph 13 of the Complaint except admits that Leiby Dembitzer is married to Pearl Dembitzer.

14.     Defendant denies the allegations as described in paragraph 14 of the Complaint except admits that Chaya Bornstein is a United States citizen, resident of the City of New York, and the daughter of Defendant.

15.     Defendant denies the allegations as described in paragraph 15 of the Complaint except admits that Shulem Bornstein is married to Chaya Bornstein.

16.     Defendant denies the allegations as described in paragraph 16 of the Complaint except admits that Chaim Daskal is a United States citizen, resident of the City of New York, and the son of Defendant.

17.     Defendant denies the allegations as described in paragraph 17 of the Complaint except admits that Esther Brody is a United States citizen, resident of the City of New York, and the daughter of Defendant.

18.     Defendant denies the allegations as described in paragraph 18 of the Complaint except admits that Rose Teitelbaum is a United States citizen, resident of the City of New York, and the daughter of Defendant.

19.     Defendant denies the allegations as described in paragraph 19 of the Complaint except admits that Benzion Daskal is a United States citizen, resident of the City of New York, and the son of Defendant.

20.     Defendant denies the allegations as described in paragraph 20 of the Complaint except admits that Solomon Daskal is a United States citizen, resident of New Jersey, and the son of Defendant.

21.     Defendant denies the allegations as described in paragraph 21 of the Complaint except admits that Barry Daskal is the brother of Defendant, and except that Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations described in paragraph 21 of the Complaint as to the citizenship and residency of Barry Daskal.

22.     Defendant denies the allegations as described in paragraph 22 of the Complaint except denies information or knowledge sufficient to form a belief as to the truth of the allegations described in paragraph 22 of the Complaint as to the citizenship and residency of Chavi Fischbein.

23.     Defendant denies the allegations as described in paragraph 22 of the Complaint except denies information or knowledge sufficient to form a belief as to the truth of the allegations described in paragraph 22 of the Complaint as to the citizenship and residency of Isaac Fischbein.

24.     Defendant denies the allegations as described in paragraph 24 of the Complaint.

25.     Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 25 of the Complaint as to a continuing investigation with respect to Boro Park Shomrim and denies the remainder of the allegations described in paragraph 25 of the Complaint.

26.     Defendant denies the allegations as described in paragraph 26 of the Complaint.

27.     Defendant denies the allegations as described in paragraph 27 of the Complaint except denies information or knowledge sufficient to form a belief as to the truth of the allegations described in paragraph 27 of the Complaint as to the citizenship and residency of Craindell Z. Mannes.

28.     Defendant denies the allegations as described in paragraph 28 of the Complaint except denies information or knowledge sufficient to form a belief as to the truth of the allegations described in paragraph 28 of the Complaint as to the citizenship and residency of Rabbi Ben Zion Halberstam.

29.     Defendant denies the allegations as described in paragraph 29 of the Complaint except denies information or knowledge sufficient to form a belief as to the truth of the allegations described in paragraph 29 of the Complaint as to the citizenship and residency of Chaim S. Halberstam.

30.    Defendant denies the allegations as described in paragraph 30 of the Complaint except denies information or knowledge sufficient to form a belief as to the truth of the first two sentences of paragraph 30 of the Complaint.

31.    Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 31 of the Complaint as to a continuing investigation with respect to Shaarei Zion and denies the remainder of the allegations described in paragraph 31.

32.    Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in the first sentence of paragraph 32 of the Complaint and denies the remainder of the allegations described in paragraph 32.

33.    Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in the first sentence of paragraph 33 of the Complaint and denies the remainder of the allegations described in paragraph 33.

34.    Defendant denies the allegations as described in paragraph 34 of the Complaint.

35.    Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in the first sentence of paragraph 35 of the Complaint and denies the remainder of the allegations described in paragraph 35.

36.    Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in the first sentence of paragraph 36 of the Complaint and denies the remainder of the allegations described in paragraph 36.

37.    Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 37 of the Complaint.

5

38. Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in the first sentence of paragraph 38 of the Complaint and denies the remainder of the allegations described in paragraph 38.

39. Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in the first sentence of paragraph 39 of the Complaint and denies the remainder of the allegations described in paragraph 39.

## Jurisdiction and Venue

40. No response is required as paragraph 40 purports to state conclusions of law. To the extent a response is required, Defendant denies the allegations.

41. No response is required as paragraph 41 purports to state conclusions of law. To the extent a response is required, Defendant denies the allegations.

## Statement of Facts Common to All Counts

### A. Overview: Defendant Daskal's Criminal Conduct

42. Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 42 of the Complaint and respectfully refers the Court to the article referred to therein, which speaks for itself.

### B. The Findings of United States District Judge Garaufis

43. Defendant denies the allegations as described in paragraph 43 of the Complaint and respectfully refers the Court to the Memorandum and Order filed on June 9, 2023, by Judge Garaufis referred to therein, which speaks for itself.

### C. The State Indictment of Daskal

44. Defendant admits the allegations as described in paragraph 44 of the Complaint.

6

45.    Defendant denies the allegations as described in paragraph 45 of the Complaint and respectfully refers the Court to the State Indictment referred to therein for its contents, which speak for itself.

D. *The Federal Indictment of Daskal*

46.    Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 46 of the Complaint except admits that he is aware of a federal investigation.

47.    Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 47 of the Complaint except admits that he is aware of a federal indictment and respectfully refers the Court thereto for its contents which speak for themselves.

48.    Defendant denies the allegations as described in paragraph 48 of the Complaint and respectfully refers the Court to the "Initial United States Indictment" referred to therein, which speaks for itself.

49.    Defendant denies the allegations as described in paragraph 49 of the Complaint and respectfully refers the Court to the "Initial United States Indictment" referred to therein, which speaks for itself.

50.    Defendant denies the allegations as described in paragraph 50 of the Complaint.

51.    Defendant denies the allegations as described in paragraph 51 of the Complaint.

52.    Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 52 of the Complaint.

E. *The Conviction*

53.     Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 53 of the Complaint and respectfully refers the Court to the letter dated July 14, 2023, referred to therein, which speaks for itself.

54.     Defendant denies the allegations as described in paragraph 54 of the Complaint and respectfully refers the Court to the letter dated July 14, 2023, referred to therein, which speaks for itself.

55.     Defendant denies the allegations as described in paragraph 55 of the Complaint and respectfully refers the Court to the letter dated July 14, 2023, referred to therein, which speaks for itself.

56.     Defendant denies the allegations as described in paragraph 56 of the Complaint and respectfully refers the Court to the letter dated July 14, 2023, referred to therein, which speaks for itself.

57.     Defendant denies the allegations as described in paragraph 57 of the Complaint and respectfully refers the Court to the letter dated July 14, 2023, referred to therein, which speaks for itself.

*F.  Daskal's Guilty Plea*

58.     Defendant denies the allegations as described in paragraph 58 except admits that on July 14, 2023, Defendant entered a guilty plea to Count 2 of the superseding indictment in 21-CR-110.

59.     Defendant denies the allegations as described in paragraph 59 of the Complaint and respectfully refers the Court to the transcript of Defendant's guilty plea referred to, which speaks for itself.

60.     Defendant denies the allegations as described in paragraph 60 of the Complaint and respectfully refers the Court to the transcript of Defendant's guilty plea hearing referred to therein, which speaks for itself.

G.  *The Events at the Sentencing*

(i)      *Overview of the Sentencing*

61.     Defendant denies the allegations as described in paragraph 61 of the Complaint.

62.     Defendant denies the allegations as described in paragraph 62 of the Complaint except admits that letters were submitted in connection with Defendant's sentencing memorandum.

63.     Defendant denies the allegations as described in paragraph 63 of the Complaint.

(ii)     *The Attempt of the Bobover Community to Intervene in the Sentencing*

64.     Defendant denies the allegations as described in paragraph 64 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

65.     Defendant denies the allegations as described in paragraph 65 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

66.     Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 66 of the Complaint.

(iii)    *The Court's Calculation of the Guideline Range.*

67.     Defendant denies the allegations as described in paragraph 67 of the Complaint.

9

68.   Defendant denies the allegations as described in paragraph 68 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

69.   Defendant denies the allegations as described in paragraph 69 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, the contents of which speaks for itself.

70.   Defendant denies information or knowledge sufficient to form a belief as to the truth of the allegations as described in paragraph 70 of the Complaint.

71.   Defendant denies the allegations as described in paragraph 71 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

72.   Defendant denies the allegations as described in paragraph 72 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

73.   Defendant denies the allegations as described in paragraph 73 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

74.   Defendant denies the allegations as described in paragraph 74 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

75.   Defendant denies the allegations as described in paragraph 75 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

76.     Defendant denies the allegations as described in paragraph 76 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

77.     Defendant denies the allegations as described in paragraph 77 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

78.     Defendant denies the allegations as described in paragraph 78 of the Complaint.

79.      Defendant denies the allegations as described in paragraph 79 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

80.     Defendant denies the allegations as described in paragraph 80 of the Complaint.

81.     Defendant denies the allegations as described in paragraph 81 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

   (iv)    *Ms. Mandel's Victim Impact Statement*

82.     Defendant denies the allegations as described in paragraph 82 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

   (v)    *Daskal's Further Admissions of Liability and Pleas for "Mercy"*

83.     Defendant denies the allegations of paragraph 83 of the Complaint.

84.     Defendant denies the allegations as described in paragraph 84 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

11

85.     Defendant denies the allegations as described in paragraph 85 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

*(vi)     The Court's View of the Failure of the Responsibility of the Community*

86.     Defendant denies the allegations as described in paragraph 86 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

87.     Defendant denies the allegations as described in paragraph 87 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

88.     Defendant denies the allegations as described in paragraph 88 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

*(vii)     Daskal's Wealth and the Complicity of the "Community"*

89.     Defendant denies the allegations as described in paragraph 89 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

90.     Defendant denies the allegations as described in paragraph 90 of the Complaint and respectfully refers the Court to the transcript of Defendant's sentencing hearing, which speaks for itself.

91.     Defendant denies the allegations as described in paragraph 91 of the Complaint.

**COUNT I**
**[Violation of 18 U.S.C. §2255]**

92.	In response to paragraph 92 of the Complaint, Defendant repeats each response to the allegations contained in paragraphs 1 through 91 as though fully set forth herein.

93.	Defendant denies the allegations as described in paragraph 93 of the Complaint.

94.	Defendant denies the allegations as described in paragraph 94 of the Complaint and affirmatively states that this Court has dismissed the claims against the additional defendants.

**COUNT II**
**[Repeated Instances of Rape of a Minor]**

95.	In response to paragraph 95 of the Complaint, Defendant repeats each response to the allegations contained in paragraphs 1 through 94 as though fully set forth herein.

96.	Count II has been dismissed per this Court's August 25, 2025 Memorandum and Order and as such, Defendant does not need to respond to paragraph 96 of the Complaint.

97.	Count II has been dismissed per this Court's August 25, 2025 Memorandum and Order and as such, Defendant does not need to respond to paragraph 97 of the Complaint.

**COUNT III**
**[Repeated Acts of Sexual Abuse]**

98.	In response to paragraph 98 of the Complaint, Defendant repeats each response to the allegations contained in paragraphs 1 through 97 as though fully set forth herein.

99.	Count II has been dismissed per this Court's August 25, 2025 Memorandum and Order and as such, Defendant does not need to respond to paragraph 99 of the Complaint.

100.	Count II has been dismissed per this Court's August 25, 2025 Memorandum and Order and as such, Defendant does not need to respond to paragraph 100 of the Complaint.

13

## COUNT IV
### [Repeated Acts of Assault]

101.   In response to paragraph 101 of the Complaint, Defendant repeats each response to the allegations contained in paragraphs 1 through 101 as though fully set forth herein.

102.   Defendant denies the allegations as described in paragraph 102 of the Complaint.

103.   Defendant denies the allegations as described in paragraph 103 of the Complaint.

## COUNT V
### [Repeated Acts of Battery]

104.   In response to paragraph 104 of the Complaint, Defendant repeats each response to the allegations contained in paragraphs 1 through 104 as though fully set forth herein.

105.   Defendant denies the allegations as described in paragraph 105 of the Complaint.

106.   Defendant denies the allegations as described in paragraph 106 of the Complaint.

## COUNT VI
### [Intentional Infliction of Emotional Distress]

107.   In response to paragraph 107 of the Complaint, Defendant repeats each response to the allegations contained in paragraphs 1 through 107 as though fully set forth herein.

108.   Defendant denies the allegations as described in paragraph 108 of the Complaint.

109.   Defendant denies the allegations as described in paragraph 109 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

14

**WHEREFORE**, Defendant seeks an Order dismissing Plaintiff's Complaint in its entirety

with prejudice.

Dated: New York, New York
October 15, 2025

**MEISTER SEELIG & FEIN PLLC**

By: /s Mitchell Schuster
Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500
*Counsel for Defendant Jacob Daskal*