**PAUL BATISTA, P.C.**
**Attorney-at-Law**
**26 Broadway – Suite 1900**
**New York, New York 10004**
**(631) 377-0111**

e-mail: Batista007@aol.com                              Facsimile: (212) 344-7677

May 5, 2026

VIA ECF
Hon. Ramón E. Reyes, Jr.
United States District Judge for the
   Eastern District of New York
United States District Court
225 Cadman Plaza East
Courtroom 2E North
Brooklyn, New York 11201

> **Re:    Rivka Mandel v. Jacob Daskal,**
> **1:23-cv-07352 (RER) (VMS)**

Dear Judge Reyes:

I have been a Member of the Bar of this Court in continuous good standing since 1975.

I am the attorney who initiated this civil litigation on behalf of plaintiff Rivka Mandel in 2023. Ms. Mandel is the victim of sexual crimes committed against her when she was 15 and 16 years old by defendant Jacob Daskal ("Daskal"), who was convicted of criminal offenses against Ms. Mandel in October 2023. Given that conviction, Daskal was sentenced in October 2023 by Judge Garaufis to 17.5 years imprisonment.

**Background Relevant to J. Remy Green's So-Called**
**"Emergency Motion" (Doc. Nos. 149 and 150) and Reasons for Denial**

*(i)    Overview of Relevant Facts*

As a matter of general background, Your Honor may recall that by Order filed March 13, 2026 (ECF Doc. No. 130), the Court, pursuant to my application, "granted summary judgment with respect to Count I [of the Amended Complaint] against Defendant Jacob Daskal for 18 U.S.C.

Hon. Ramón E. Reyes, Jr.
May 5, 2026
Page 2

§ 2255 by way of his guilty plea to 18 U.S.C. § 2423…." *Id.* Count I is by far the primary charging allegation of the Amended Complaint.

    (ii)    *The Routine Hearings on April 16, 2026*

After entry of the order of summary judgment against Daskal, in the ordinary course of events in any federal civil litigation, I attended two hearings with Ms. Mandel on Thursday, April 16, 2026. The first was before Judge Garaufis, who granted my request to move for the release of Daskal's Pre-Sentence Investigation Report. That hearing, also attended by Daskal's extremely able defense counsel, including Henry Mazurek, was held in-person at 11 A.M.

Later on April 16, I attended with Ms. Mandel a routine status conference before Chief Magistrate Judge Vera Scanlon at 2:45 P.M. Also present were defense counsel. In addition, Allen M. Lowy, a Member of the Bar of this Court and a long-time personal advisor to Ms. Mandel who often spoke to me to express confidence and gratitude to Mr. Lowy, was seated at counsel table.

    (iii)    *Ms. Mandel's Disruptive Conduct*

Midway through the conference before Judge Scanlon, Ms. Mandel, without requesting permission to do so, abruptly fled the courtroom while Judge Scanlon was speaking. Judge Scanlon called a short recess. I went to the corridor outside the courtroom. Ms. Mandel had already left the corridor.

*I did not speak to Ms. Mandel at that time. Indeed, from the moment Ms. Mandel inexplicably raced out of the courtroom on April 16, 2026, I have never in any fashion communicated with Ms. Mandel, nor has she done so with me.*

Hon. Ramón E. Reyes, Jr.
May 5, 2026
Page 3

Given Ms. Mandel's extraordinarily unacceptable conduct, I spent part of the day on Friday, April 17 preparing a motion to withdraw as counsel based on the obvious complete breakdown of my attorney-client relationship with her and her outrageous behavior.

Late in the day on April 17, I received either an email or a text message from J. Remy Green ("Green"). The gist of that communication was that Green advised me that Green was taking over this action.

The next business day, April 20, 2026, I filed a motion to withdraw as counsel to plaintiff (ECF Doc. No. 139).

*(iv)    Green's Conduct*

Green has, I submit, done nothing in this action since Green first surfaced to advance the merits of the case. Instead, Green has focused repeatedly on issues that relate to Green and Green's assertions as to Green's gender.[1] I have never and would never raise issues about Green's gender. Green's gender is of no concern to me.

*(v)    Green's Baseless Accusations*

Green's baseless letter putatively in support of a TRO preventing contact with Ms. Mandel contains no allegation that *I ever contacted Ms. Mandel after she left the hearing before Judge Scanlon on April 16, 2026.*

To the extent Green's letter is intelligible, it contains further statements about Green's gender, but she never suggests that I in any way made derogatory comments about Green's gender.

---

[1] When Green first contacted me on April 17, I did not notice that Green insisted on being addressed by the honorifics "Mx." and "They/Them." Since my initial response to Green, I have done nothing to elude Green's preferences. (I have to note that, as a combat veteran of the Vietnam War, I imagine I could insist that I be addressed by the honorific "Sergeant," something which it would never occur to me to do.)

Hon. Ramón E. Reyes, Jr.
May 5, 2026
Page 4

Nor does Green assert that I ever communicated with Ms. Mandel after she walked out of the courtroom on April 16.

Instead, Green's attention is focused on Mr. Lowy, on whom Green explicitly requests the imposition of sanctions. I submit that Green's letter is yet another example of Green's efforts to waste the Court's resources – not to mention my time – and I urge the Court to note the following:

- Mr. Lowy was, as I have written, a long-time friend, confidant and advisor to Ms. Mandel, who always made clear to me that she valued Mr. Lowy's efforts on her behalf;

- I was never aware after April 16 that Mr. Lowy had communicated with Ms. Mandel, until Green forwarded to me a text message or email from Mr. Lowy to Ms. Mandel;

- I never told Mr. Lowy that I believed my contractual 33.3% contingency fee was "ironclad" and I never suggested nor intimated to Mr. Lowy that he convey any such statement to Ms. Mandel or anyone else, if in fact he did so;

- Had Mr. Lowy advised me that he was communicating with Ms. Mandel, I would have respectfully suggested to him that he not do so; and

- I am not aware that Mr. Mandel herself ever asked Mr. Lowy not to contact her, and indeed I understand from Mr. Lowy that Ms. Mandel has contacted him.

*      *      *

Placed in perspective, Green's application is itself a frivolous waste of judicial resources. To the extent Your Honor gives any consideration to "sanctions," the Court should exercise its inherent powers to sanction Green.

Respectfully submitted,

Paul Batista

cc:    All Counsel of Record