**PAUL BATISTA, P.C.**
**Attorney-at-Law**
**26 Broadway – Suite 1900**
**New York, New York 10004**
**(631) 377-0111**

**e-mail: Batista007@aol.com**                                      **Facsimile: (212) 344-7677**

May 6, 2026

VIA ECF
Hon. Ramón E. Reyes, Jr.
United States District Judge for the
    Eastern District of New York
United States District Court
225 Cadman Plaza East
Courtroom 2E North
Brooklyn, New York 11201

Re:    **Rivka Mandel v. Jacob Daskal,**
       **1:23-cv-07352 (RER) (VMS)**

Dear Judge Reyes:

At the request of Allen M. Lowy, Esq., whose name appears in the docket entry dated May 4, 2026, I am respectfully enclosing as an accommodation to Mr. Lowy his May 5, 2026, letter requesting the denial of the so-called "motion" of J. Remy Green for a communications bar order and for sanctions regarding Mr. Lowy (ECF Doc. Nos. 149 and 150).

Respectfully submitted,

Paul Batista

cc:    All Counsel of Record

# ALLEN M. LOWY
## ATTORNEY AT LAW

_____

**One Columbus Place, Suite S43E**
**New York, New York 10019**
**Tel: (917) 306-7600**
**amlowy@amllaw.com**

May 5, 2026

Honorable Judge Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    Rivka Mandel v. Jacob Daskal, 1:23-cv-07352-RER-VMS
       Emergency Motion for Temporary Restraining Order (150)

Dear Judge Reyes;

I am an attorney admitted to practice in the State of New York and am writing to respond to the letter referred to by the Court as an Emergency Motion for Temporary Restraining Order (150) filed by Remy Green Esq., presently representing Rivka Mandel, the plaintiff in the above action.

My wife and I have been very close with Ms. Mandel for several years, "adopting" her into our family, and supporting her following the terrible trauma she suffered at the hands of the defendant. I have also acted as a mentor to her. She has often sought my input on personal and legal matters, including concerning her current case and the criminal case against the defendant.[1]

As to the texts referenced between Ms. Mandel and me forming the basis for Mx. Green's request for sanctions against me, it is obvious that I simply alerted Ms. Mandel to a protective order filed on her behalf by Mx. Green. Indeed, according to Ms. Mandel, she was not even made aware by Mx. Green of the order (*[5/1/26, 3:23 PM] Rivka Mandel: I'm sorry, I have no idea what you're talking about*). I did not provide Ms. Mandel with any legal advice. Mx. Green curiously neglects to include a text from me to Ms. Mandel, exchanged at the same time, specifically telling Ms. Mandel that I would <u>not</u> advise her and suggesting she speak with someone else to explain the nature of the protective order (*[5/1/26, 5:20:15 PM] Allen Lowy: Well then I suggest you immediately talk to Shulim to see what's being filed in your name- I will not advise you of course*).

In any case, I have no intention of communicating further with Ms. Mandel regarding the case. I respectfully request that Your Honor deny Mx. Green's motion.

Respectfully,

Allen M. Lowy

_____

[1] Ms. Mandel had asked that I accompany her at a conference before Judge Scanlon on April 16, 2026 with her then attorney Paul Batista, Esq. While I addressed the Court only regarding a scheduling matter—and nothing substantive— the Court asked me to file a notice of appearance after the conference. I did not do so since Ms. Mandel retained Mx. Green immediately after the conference.