# COHEN❦GREEN

May 14, 2026

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>By Electronic Filing.</u>

**Re:**    **<u>Mandel v. Daskal</u>, 23-cv-07352**

Dear Judge Scanlon:

As the Court likely recalls, my firm — with co-counsel — is in the process of substituting as counsel for Plaintiff in the case above.  I write to request the Court (1) clarify its April 30, 2026 Minute Order relating to Plaintiff's request for an extension of the May 8, 2026 deadline to provide discovery responses (ECF No. 144); (2) extend Plaintiff's time to respond to Defendant's newly served discovery requests ("Second Requests") to a date to be agreed on at the upcoming conference; and (3) stay or quash (without prejudice) Defendant's subpoenas served this morning.

In the alternative, we ask the Court to simply stay discovery — much as Judge Reyes denied Defendant's motion for summary judgment "without prejudice to renewal following the upcoming conference" (May 7, 2026 Minute Order) — pending the conference.

While we have attempted to simply agree with Defendant on these issues, counsel has said "We think that tying all progress in this case to that dispute and indefinitely[1] extending all deadlines is contrary to Judge Scanlon's instructions at the conference" and "we believe our position is clear" that waiting for the conference to move forward is not something Defendant will agree to.

## **<u>Brief Background.</u>**

As the Court may recall, my firm — for Plaintiff — sought "30 days from transfer of the file to comply with the orders from [the discovery] conference" on April 16, 2026 — specifically meaning the May 8, 2026 deadline to update discovery responses.  ECF No. 144 at 1.

That motion was never opposed, and shortly thereafter, the Court scheduled the upcoming status conference, saying that at that conference, "the Court will also consider *the* proposed

---

[1] Contrary to this suggestion, there is nothing "indefinite[]" about the extension of deadlines here.  As the Court (we think, quite clearly) explained:  at the upcoming conference, the Court will set new deadlines, because it "will also consider the proposed revisions to the scheduling order."  Apr. 30, 2026.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



revisions to the scheduling order." Apr. 30, 2026 Minute Order (emphasis added).[2] That is — and given that the motion was unopposed — by using the definite article, in referring to "the" proposed revisions, Plaintiff understood the Court to be referring to the only "proposed revisions" pending: those in ECF No. 144. Accordingly, Plaintiff understood the Order to grant (in relevant part) ECF No. 144 pending the conference.

Thereafter, while we agreed with counsel for Defendant on the terms for a potential protective order and filed it, the Court has not yet entered that order. *See* ECF No. 146 and 146-1.[3] Likewise, while Defendant attempted to move for summary judgment — citing in his 56.1 statement only the allegations in the Complaint and Amended Complaint (ECF No. 148-1) — on the basis not of facts revealed in discovery, but simply that he thinks, "[r]espectfully, the Court erred in holding the ASA revived Ms. Mandel's State Law Claim." ECF No. at 2, *citing* ECF No. 118 at 2.[4] Judge Reyes denied that motion "without prejudice to renewal following the upcoming conference." May 7, 2026 Minute Order.

With all of that in the background, yesterday, Defendants asserted, "Plaintiff's responses to Defendant's damage related discovery were due on May 8th and they are now late" —by pointing out that "ECF 140 does not contain a request for an extension" and overlooking ECF No. 144[5] — and demanding answers. The Second Requests begin by seek communications with one of Plaintiff's prior lawyers: "[a]ll documents and communications with or concerning Allen M. Lowy." They also seek the same "with or concerning Mr. Lowy's wife," the same "with or concerning any other member of Mr. Lowy's family," and even end with a request for "cell-site or location records" that cover "the period from when Plaintiff and Defendant first met *to the present*" (emphasis added).[6]

We asked Defendants to meet and confer on a motion to clarify and provide a position, noting we did not think the Court would appreciate more paper in advance of the conference.

Instead, this morning, Defendants served a package of five subpoenas, including subpoenas directed at Plaintiff's prior counsel (Mr. Lowy) for "documents and communications with or involving Rivka Mandel concerning or *referencing this Action*" (and seven other categories), as well as subpoenas directed at other individuals and an organization my firm represents (I am not sure of the basis for these requests).

---

[2] At the meet and confer, despite multiple attempts to ask Defendant's counsel what they believed "the request" was, if not ECF No. 144, counsel refused to answer.

[3] Plaintiff understood this to be an implicit suggestion the Court would discuss this at the upcoming conference.

[4] Curiously, for an argument based on timeliness, Defendant makes no attempt to justify his failure to meet the deadline set by Local Rule 6.3.

[5] When I pointed this out, counsel moved back to analyzing the Court's April 30, 2026 Minute Order and asserting the Court did not intend to act in any way on the extension request in ECF No. 144.

[6] Even if cell-site data were somehow relevant during the period when Defendant was sexually assaulting Plaintiff (it is hard to see even that), there is no conceivable goal — at least beyond pure harassment —- of seeking to track Plaintiff's physical location during the period after Defendant was jailed for his crimes.

COHEN&GREEN

Page 2 of 4



The parties met and conferred for just over five minutes on May 15, 2026. It was not productive.

### Discussion

In an abundance of caution, Plaintiff — through counsel that is not yet formally substituted — is seeking clarification that, essentially, the Court wants to sort out an orderly way to proceed at the upcoming conference.

### I. The Court Should Clarify it Intended to Extend the May 8, 2026 Deadline.

As noted above, Plaintiff understood the Court was granting — at least in part — her request to be allowed to serve the items initially due May 8 after counsel could be substituted and new counsel had the file, including copies of the requests and responses, the (privileged) communications between Plaintiff and former counsel addressing the substance of answers to Defendant's interrogatories (and relevant notes from oral conversations),[7] and so on.

That understanding was based on the docket: ECF No. 144 was never opposed, sought this relief explicitly, and the Court set a conference to discuss "*the* proposed revisions to the scheduling order" (as well as "a *possible* change in counsel"). Apr. 30, 2026 Minute Order (emphasis added). Indeed, because the Court has referred to it as only a "*possible* change in counsel" (*id.*), while we our understanding with our client is clear, it is less than clear whether the Court would want us handling anything substantive before that "possible" change is sorted out.

However, because Defendant does not take the same view, Plaintiff asks the Court to clarify that the April 30, 2026 Minute Order granted the unopposed extension sought in ECF No. 144 in relevant part, with the intention to reset the deadline previously set for May 8, 2026 at the conference.

---

[7] In representing clients with severe trauma, particularly trauma from rape (as is the case for Plaintiff), it is important to remember that "recounting traumatic experiences generally forces the person to re-live those experiences. Each traumatic event or re-traumatization can leave emotional, as well as physical, scars" and therefore, "the legal system[] should make every effort to avoid, or at the least minimize, such retraumatization." Lynette M. Parker, *Increasing Law Students' Effectiveness When Representing Traumatized Clients: A Case Study of the Katherine & George Alexander Community Law Center*, 21 Geo. Immig. L.J. 163, 176 (2007). That is, it is critical "not [to] make [survivors] unnecessarily repeat the story." *Id.* at 175.

Forcing Plaintiff to re-explain everything she already explained at length to outgoing counsel is neither necessary nor efficient. However, it does smack of what trauma-informed practice guides frequently warn of: "keep in mind that the abuser may be intentionally doing things or using the court process itself (e.g., filing motions unnecessarily for the purpose of creating opportunities for contact) in order to try and make the survivor feel uneasy, afraid, or terrified." Rachel White-Domain, TRAUMA-INFORMED LEGAL ADVOCACY: PRACTICE SCENARIOS (2014). The request to track Plaintiff's minute-to-minute position for the last decade also seems to confirm this is the goal.

COHEN&GREEN

Page 3 of 4



## II. The Court Should Stay the Additional Discovery and Subpoenas Pending the Conference.

As noted above, since the conference, Defendant has served a bevy of brand new discovery and subpoenas that appear primarily focused getting privileged communications between Plaintiff and one of her outgoing lawyers.

For the Second Requests, Plaintiff intends to respond to these requests. For the subpoenas, Plaintiff intends to review and decide whether to move to quash, and so on. But given the matters which remain to be resolved at the upcoming conference, a stay or denial without prejudice, much like the one Judge Reyes issued in his May 7, 2026 Minute Order, is necessary to keep things moving in an orderly fashion.

Plaintiff's incoming counsel does not even have Mr. Lowy's file yet. Indeed, the subpoena to Mr. Lowy essentially seeks exactly what Plaintiff is already seeking in the pending motion at ECF No. 144: The file for this litigation. So, Plaintiff requests additional time particularly since the Second Requests seek communications with a lawyer *still technically on the case*.

## III. In the Alternative, the Court Should Simply Stay Discovery for the Short Period Until the Conference.

Last, and in the alternative, the Court could simply stay discovery until it sets new deadlines at the conference. While Plaintiff does not believe a formal stay is necessary — and that the Court has already said it will address the extension sought in ECF No. 144 at the conference — Defendant's insistence on serving multiple rounds of discovery in the interim may warrant a stay, and a stay may be the cleanest way of keeping things in good order.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com