

Remy J. Stocks
*Attorney*
rjs@mss-pllc.com
Fax: 212-655-3535

May 17, 2026

**VIA ECF & EMAIL**

Hon. Vera M. Scanlon
Chief United States Magistrate Judge
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Scanlon_Chambers@nyed.uscourts.gov

**Re:  *Rivka Mandel v. Jacob Daskal*, Case No. 23-cv-07352**

Dear Judge Scanlon:

We represent Defendant Jacob Daskal.  We write in response to Mx. Green's letter dated May 14, 2026 belatedly requesting that the Court issue an Order: (a) extending the May 8, 2026 deadline ordered by Your Honor over a month ago on April 16, 2026 for Plaintiff to respond to Mr. Daskal's discovery requests solely with respect to her alleged damages; (b) extending Plaintiff's time to respond to Mr. Daskal's Second Requests for the Production of Documents ("Second RFPs") which were only served last week; (c) staying or quashing five subpoenas that Mr. Daskal intends to serve (but has not yet served) on non-parties who are likely to be in possession of relevant evidence (collectively, the "Subpoenas"). In the alternative, Mx. Green seeks a stay of all discovery "<u>until the May 26, 2026 conference</u>," even though Plaintiff's position is that, under Your Honor's April 30, 2026 Minute Order and Judge Reyes' May 5, 2026 Minute Order, no discovery can proceed until the dispute over Mr. Batista's file has been resolved and thus it is extremely doubtful that Plaintiff would be making a production on the day of the conference.

While we agree with the point in Mx. Green's recent May 14th letter that the Court would not appreciate more paper, frankly they are all over the place. It started with a "probable" request mentioned in footnote 5 of their April 20th letter to the Court (ECF 140). Then, in the next letter to the Court filed on April 23rd, (ECF 144) Plaintiff did not seek a complete stay of discovery as their May 14th letter alternatively requests; rather it sought "30 days from transfer of the file to *comply with the orders from last week's conference* so my firm can get up to speed and serve the complete, rule-compliant discovery responses that have been missing to date." (emphasis added). In all events, Defendant fails to see how any of the preceding requests or Orders could be read to include a stay on any future damage-related discovery.

Mx. Green's letter also misstates Mr. Daskal's position. At the April 16, 2026 conference, the Court admonished both sides for not materially advancing discovery and encouraged them to work together to obtain the government's files and to otherwise move this case forward. Further, the Court also agreed with Mr. Daskal that discovery relating to Plaintiff's alleged damages can and should proceed while the parties work to obtain the government's evidence because much like the files of Plaintiff's original counsel - Mr. Batista – that Plaintiff is trying to retrieve and the Court has already recognized, "[t]here are multiple responses here that some of them relate to materials that would be in the files *and others are narrative answers from the Plaintiff*." ECF 151, at 25:9-12 (emphasis added).

In accordance with the Court's directive, since the April 16 conference, Mr. Daskal's has attempted to move discovery along in good faith, including by serving the Second RFPs targeting damages-related evidence and information that is necessarily in Plaintiff's possession. On the morning of May 15, we notified Mx. Green and their co-counsel, Jessica Massimi, of Mr. Daskal's intent to serve the Subpoenas on third parties who are likely to be in possession of evidence relevant to Plaintiff's alleged damages.

In response to these efforts, Mx. Green and Ms. Massimi have requested that we consent to multiple extensions of indefinite duration, tied to Plaintiff's receipt of Mr. Batista's hard copy file. While Plaintiff's counsel having read the transcript of the April 16 conference acknowledged the Court's tone as it relates to advancing discovery, and my office has repeatedly explained that an indefinite extension is contrary to the Court's instructions, Plaintiff has now taken the position a complete stay order of discovery has been in effect since April 30th. Incredibly, Plaintiff even refuses to provide executed authorizations so we can begin the time-consuming process of obtaining her medical records, despite the Court directing her to do so a month ago at the conference. *See* ECF 151, at 54:20-55:4. As shocked as the Court was that no subpoena had been propounded on the relevant authorities, to the best of our knowledge, no progress has been made with Mr. Batista's effort to obtain the evidence Plaintiff provided to the government in 2018 without retaining copies from the U.S. Attorneys' Office. In fact, while Ms. Massimi has prepared a *Touhy* request to the Federal Bureau of Investigation seeking certain documents referenced on the criminal docket, she has arbitrarily determined to wait until after the May 26 conference to request a so-ordered subpoena to the FBI from the Court.[1] Plaintiff also sought an indefinite extension of the May 8, 2026 deadline to file a motion in the criminal proceeding seeking to obtain Mr. Daskal's Presentencing Report, but has not reached out to Judge Garaufis's chambers to obtain a new briefing schedule.

In sum, Plaintiff is conducting herself as if a blanket stay of all discovery were already in place. However, there is nothing in either Your Honor's April 30 Minute Order or Judge Reyes May 5 Minute Order that remotely suggests that the Court intended for all progress in this action to come

---

[1] While mentioning that the Court has not yet signed off on the parties' proposed confidentiality order, and despite Defendant agreeing to keep all documents confidential until a confidentiality order is in place, Ms. Massimi informed my office that "we plan to wait until after the upcoming conference to request the so-ordered subpoena to serve with the *Touhy* request."

to a screeching halt simply because Plaintiff chose to retain new counsel.  Nor did we understand either Order to grant Mx. Green's request to indefinitely extend Plaintiff's May 8, 2026 deadline to respond to Mr. Daskal's damages-related discovery requests – the secondary relief sought in the final sentence of their 4-page letter motion seeking to compel Mr. Batista to turn over his file, which notably is still pending.  *See* ECF 144, p. 4.  Your Honor's April 30 Minute Order says that Defendant's counsel must also attend the upcoming conference as the Court "will also consider the proposed revisions to the scheduling order. The only previous scheduling order on this docket that the Court could have been referring to is dated February 23, 2026. In the absence of an express reference, we did not read the Minute Orders to have any impact whatsoever on either the May 8, 2026 deadline or the Court's more general instruction that the parties work together to advance discovery where they can. We believe our reading of the Orders makes perfect sense, as Plaintiff can certainly sign her name to medical authorizations and can respond to Mr. Daskal's damages-related interrogatories and document requests without reference to any historical documents that may or may not be in Mr. Batista's (or the government's) hard-copy file, as the Court repeatedly acknowledged at the April 16 conference.  *See* ECF 151, at 38:22-25; 39:4-6; 41:11-13; 41:21-42:6.

Mx. Green insists it is "necessary" for the Court to issue "a denial without prejudice, much like the one Judge Reyes issued in his May 7, 2026 Minute Order" with respect to Mr. Daskal's Second RFPs and the Subpoenas, purportedly "to keep things moving in an orderly fashion."  *See* ECF 158, p. 4.  Respectfully, this request makes absolutely no sense.  Plaintiff's responses to the Second RFPs are currently due on June 7, 2026 and the Subpoenas are directed to third parties and are not returnable until June 14, 2026.  Moreover, Mx. Green acknowledges that Plaintiff "intends to respond" to the Second RFPs and "intends to review" the Subpoenas "and decide whether to move to quash, and so on," but entirely fails to explain why she cannot do so within the existing timeframes.

Mx. Green also mischaracterizes the Second RFPs and the Subpoenas as "primarily focused on getting privileged communications between Plaintiff and one of her outgoing lawyers."  *See* ECF 158, p. 4.  However, only one of five Subpoenas is directed to a lawyer – Allen Lowy – who not only has not appeared Plaintiff's counsel of record (despite the Court ordering him to do so) but has explicitly denied that he represents her in this action.[2]  In a May 5, 2026 letter to Judge Reyes describing his relationship with Plaintiff, Mr. Lowy stated that he and his wife "have been very close with Ms. Mandel for several years" such that they have "adopted" her into their family.  *See* ECF 152. Further, Mr. Lowy describes himself as a "mentor" to Plaintiff, and states that his family "supported" Plaintiff after her relationship with Mr. Daskal concluded. *Id*. The takeaway from Mr. Lowy's letter is that he and Plaintiff enjoy a purely personal relationship and that he is almost certainly in possession of relevant evidence. To the extent Mr. Lowy believes that certain of his communications with Plaintiff are immune from disclosure on the basis of attorney-client privilege, he is welcome to identify them on a privilege log in sufficient detail to allow us to assess his claim of privilege.

---

[2]      In their April 23, 2026 letter motion, Mx. Green also questioned Mr. Lowy's representation of Plaintiff.  *See* ECF 144 at p. 4.

Meister Seelig & Schuster PLLC
125 Park Avenue, 7th Floor, New York, NY 10017 | Phone (212) 655-3500 | Fax (212) 655-3535 | mss-pllc.com
ACTIVE\8600\5\12052128.v1-5/17/26

The balance of Mr. Daskal's Subpoenas are addressed to non-parties Asher Lovy and Shulim Leifer, and ZA'AKAH, an organization with which they are affiliated. While Mr. Lovy attended the April 16, 2026 conferences before Your Honor and Judge Garaufis, he did not sit with Mr. Batista at the counsel table, and to the best of our knowledge, neither he nor Mr. Leifer is a lawyer, and ZA'AKAH is not a law firm.  We therefore assumed that Mr. Lovy and Mr. Leifer – like Mr. Lowy – are personal advisors to Plaintiff.  Their interest in this lawsuit strongly suggests that they are also in possession of relevant evidence.[3] In any event, to the extent that Mr. Lovy, Mr. Leifer or ZA'AKAH maintain that any of their communications with Plaintiff are somehow privileged, they too are welcome to produce privilege logs justifying their position.

In any event, Mx. Green entirely fails to explain why she cannot review the Subpoenas and decide whether to move to quash in the roughly month-long period before they are returnable on June 14, 2026.  Her assertion that a "denial without prejudice" staying the Subpoenas is "necessary to keep things moving along" is counterintuitive, contrary to the Court's instructions at the April 16 conference, and unsupported by any actual facts.  Mr. Daskal respectfully requests that the Court decline to grant this relief in its entirety.

Finally, for many of the same reasons, the Court should deny Mx. Green's request, in the alternative, that it "simply stay discovery until it sets new deadlines at the conference."  *See* ECF 158, p. 4.  Mx. Green maintains that a discovery stay is necessary because Mr. Daskal's served the Second RFPs and notified Plaintiff's counsel of his intention to serve the Subpoenas. However, Plaintiff's May 8 deadline has already come and gone, and none of the new discovery requires Plaintiff to do anything before the conference.  In any event, in refusing to work with us to advance discovery in any fashion, Plaintiff has effectively already obtained the alternative relief she seeks. Therefore, in the absence of any articulable need, Defendant respectfully requests the Court decline to stay discovery until the May 26 conference.

Respectfully submitted,

*/s/Remy J. Stocks*

Remy J. Stocks

cc:   All Counsel of Record

---

[3]      We were unaware that Mx. Green's law firm represents Mr. Lovy, Mr. Leifer and ZA'AKAH before reading their letter. That fact, while certainly a coincidence, is also not a basis to quash or "deny without prejudice" the Subpoenas.