**MASSIMI LAW PLLC**
99 Wall Street, Suite 1264, New York, NY 10005
Jessica.Massimi@gmail.com


June 23, 2026


Hon. Vera M. Scanlon
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re:**  **Mandel v. Daskal, 23 CV 7352 (RER)(VMS)**

Your Honor:


  I, along with co-counsel, represent the Plaintiff. Plaintiff writes pursuant to the Court's June 1, 2026 Order that "[o]n or before July 17, 2026, if Plaintiff proposes to amend the pleadings, she must file a letter request for a pre-motion conference, in accordance with the District Judge's Individual rules." Pursuant to Section III.B. of Judge Reyes' Individual Rules, motions to amend are referred to the assigned magistrate judge. Though Section III.a. of Your Honor's Individual Rules state that "pre-motion conferences are not required" given that the Court stated at the May 26th conference that Plaintiff should move by letter, and then repeated the directive in the Court's June 1st Order, Plaintiff files this letter motion requesting leave to amend.[1]

  Attached hereto as Exhibit 1 is a clean copy of Plaintiff's motion to file a Second Amended Complaint. Attached hereto as Exhibit 2 is a copy of the proposed Second Amended Complaint in track changes. Defendant Daskal has declined to consent to the filing of the Second Amended Complaint citing undue delay and futility. In sum, Plaintiff seeks to add allegations and causes of action pursuant to the Gender Motived Violence Act ("GMVA") and the Uniform Voidable Transactions Act ("UVTA"), against Defendant Daskal and other Defendants who were previously named in this lawsuit: Boro Park Shomrim, Congregation Shaarei Zion of Bobov*, Rabbi Ben Zion Halberstam*, Lipa Brauner*, Bella Daskal*, Pearl Dembitzer*, Leiby Dembitzer*, Chaya Bornstein, Shulem Bornstein, Chaim Daskal, Esther Brody, Rose Teitelbaum*, Benzion Daskal, Solomon Daskal, and Barry Daskal. ("*" denotes previously dismissed from case).

  Rule l5(a)(2) of the Federal Rules of Civil Procedure requires that the Court "freely give leave [to amend] when justice so requires." As the Second Circuit has instructed, this "permissive

---

[1] If a pre-motion letter requesting leave to move to file an amended complaint includes a proposed amended complaint or otherwise puts the defendants on notice of the claims sought to be asserted, it can serve to commence the action for statute of limitation purposes. *See, e.g., Glatt v. Fox Searchlight Pictures Inc*., 293 F.R.D. 516, 523-24 (S.D.N.Y. 2013) (submission of pre-motion letter constituted the commencement of new claims for statute of limitations purposes because "[d]efendants were on notice of [the added plaintiff's] claims when Plaintiffs submitted their pre-motion letter and included a draft amended complaint"); *Teri v. Spinelli*, 980 F. Supp. 2d 366 (E.D.N.Y. 2013) (plaintiffs' letter-request for leave to amend the complaint commenced the action against the added defendant for statute of limitations purposes because the added defendant "had notice of the claims against him before the statute of limitations period had run").

standard ... is consistent with our strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup, Inc.*, 698 F.3d 208, 212-13 (2d Cir. 2011)). Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Thus, "[l]eave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2007) (citation and quotation marks omitted).

The futility of an amendment is assessed under the standard for a Rule 12(b)(6) motion to dismiss. See *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). The party opposing the amendment has the burden of establishing its futility. *Blaskiewicz v. Cnty. Of Suffolk*, 29 F.Supp.2d 134, 137-38 (E.D.N.Y. 1998) (internal citations omitted).

Defendant Daskal has standing only to oppose the amendments related to himself. Defendant Daskal has declined to consent citing undue delay and futility, but Plaintiff files this motion within the current deadline to amend and the new causes of action are supported by the factual allegations. For example, the GMVA claims are based in part on the same allegations supporting the current federal claim. Any additional allegations supporting he GMVA claims cannot be said to be untimely because the GMVA revival statute just went into effect this year. As for the UVTA, Plaintiff is within the statute of limitations for those claims, Plaintiff has adequately alleged that she is a creditor, and that Defendant Daskal's transfer of funds to insiders rendered him insolvent or unable to pay Ms. Mandel's claims.

Plaintiff has adequately alleged that she is a creditor. A "creditor" is statutorily defined as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent" (*see* DCL (former) § 270). "Under this definition, one becomes a creditor when a cause of action against the debtor accrues" (*Roey Realty LLC v Jacobowitz*, 2022 NY Slip Op 34310[U], *13 (Sup Ct, Kings County 2022); *see also Henry v Soto-Henry*, 89 AD3d 617, 618, 936 N.Y.S.2d 84 (1st Dept 2011) (A plaintiff may be creditor "even though the claim may be unmatured and unliquidated at the time of the conveyance").

The New York Debtor-Creditor Law, with the adoption of the UVTA, did not substantially change existing New York law, and a creditor may recover for the fraudulent transfer of a debtor's assets from defendants who are either transferees of the assets, or beneficiaries of the conveyance. The purpose of the NYDCL is still to protect creditors from fraudulent transactions entered into by the debtors in attempt to shelter assets. *See, Hassett v. Goetzmann*, 10 F. Supp. 2d 181, 188 (N.D.N.Y. 1998) (*applying New York law*). *Makmudova v. Cohen*, 2024 N.Y. Misc. LEXIS 4865, *19-20, 2024 NY Slip Op 32357(U), 13-14 (Sup. Ct., Kings Co., July 10, 2024).

Plaintiff has not demonstrated a dilatory motive. The GMVA statute just went into effect this year and Plaintiff was explicitly given until July 17th to amend her complaint. As such, Defendant Daskal cannot argue that Plaintiff has delayed nor demonstrated dilatory motive.

Moreover, in this Circuit, mere delay, "absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Contrera v. Langer*, 314 F. Supp. 3d 562, 566 (S.D.N.Y. 2018) (quoting *State Tchrs. Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981)). Although the party seeking to amend its pleading must explain its delay, *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011), the party opposing the amendment carries the burden of showing undue prejudice or bad faith, *Contrera*, 314 F. Supp. 3d at 567. In opposing a motion for leave to amend a complaint, "[s]imply alleging that the plaintiff could have moved to amend earlier than she did . . . is insufficient to demonstrate undue delay." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452, 2016 U.S. Dist. LEXIS 1792 (S.D.N.Y. 2016); see also *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases where courts granted leave to amend after delays ranging from two to five years). Relatedly, a court will not deny a motion to amend simply because a plaintiff now "alle[ges] facts that were previously within [its] knowledge." *Bodum Holding AG v. Starbucks Corp.*, No. 19 Civ. 4280 (ER), 2020 U.S. Dist. LEXIS 192983, 2020 WL 6135714, at *9 (S.D.N.Y. Oct. 16, 2020) (quoting *Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 460 (S.D.N.Y. 2012)); see also *Agerbrink*, 155 F. Supp. 3d at 452-53. Indeed, courts in this District have noted that a party "need not prove that [it] uncovered new facts or law in order for [a court] to grant leave to amend." *Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc.*, No. 12 Civ. 5160 (KPF), 2013 U.S. Dist. LEXIS 122030, 2013 WL 4526246, at *5 (S.D.N.Y. Aug. 27, 2013) (collecting cases). Plaintiff's explanation for now seeking leave to amend is her change in counsel, the recent GMVA revival statute.

"Denying leave to amend a complaint requires not just prejudice but *undue* prejudice." *Francisco v. Abengoa, S.A.,* 559 F. Supp. 3d 286, 314, 2021 U.S. Dist. LEXIS 172224, *58, 2021 WL 4136899 (emphasis in original). "The defendant bears the burden of showing that undue prejudice would result from granting leave to amend." *Id.* To determine whether a defendant is unduly prejudiced by an amended complaint, a court must consider whether the proposed amendment "would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Id.* (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)). Additionally, courts consider the procedural posture of the case in determining whether an amendment is prejudicial. *Id.* at 454-55 (finding defendant was not unduly prejudiced where plaintiff sought leave to amend before close of discovery); *see also Bodum Holding AG v. Starbucks Corp.,* No. 19 Civ. 4280 (ER), 2020 U.S. Dist. LEXIS 192983, 2020 WL 6135714, at *9 (S.D.N.Y Oct. 16, 2020). "Notably, the prospect of spending more time, effort, or money on litigation—including through additional discovery and motion practice—does not render an amended complaint unduly prejudicial." *Agerbrink*, 155 F. Supp. 3d at 455; *see also Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993) (granting leave where defendants argued prejudice resulted "solely because of the time, effort and money they expended in litigating this matter"). That is especially so where, as here, the defendant has been on notice of the substance of and theories underlying the plaintiff's claims. *See Bodum*, 2020 U.S. Dist. LEXIS 192983, 2020 WL 6135714, at *10.

Discovery is still underway and no depositions have been held. As such no Defendant will be unduly prejudiced by Plaintiff's proposed amendments. Plaintiff thanks the Court for its time and consideration.

Respectfully submitted,

*Jessica Massimi*

JESSICA MASSIMI, Esq.

4