**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RIVKA MANDEL,

*Plaintiff,*
v.

JACOB DASKAL,

*Defendant*

Case No.: 23-cv-7352-RER-VMS

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION REQUESTING THE COURT DETERMINE AND SETTLE PRIOR COUNSEL'S CHARGING LIEN

J. Remy Green
Jessica Massimi, *of counsel*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood (Queens), New York 11385
t : (929) 888-9480
f : (929) 888-9457
e : remy@femmelaw.com

June 24, 2026

<u>**REPLY**</u>

Prior Counsel's[1] opposition (ECF Nos. 171 and 170) cites no cases, makes no argument, and seems to fundamentally misunderstand the relief sought and relevant legal framework. Accordingly, little reply is needed: The opposition meets every traditional waiver standard, because that misunderstanding leaves every argument unaddressed. But three points warrant specific mention.

First, basic misunderstandings pervade the opposition. Nothing in the motion seeks to "abrogate or render meaningless Mr. Batista's charging lien." ECF No. 171 at 1. As explained at some length, the core relief sought is to sever so much of the judgment the Court already granted so that Mr. Batista can get paid, now, by Defendant.[2] Only if Mr. Batista wants to do something else is a hearing — which would address whether Mr. Batista quit without cause or was discharged with cause — required.[3] Likewise, the motion does not "proceed as though … Judiciary Law § 475 did ***not*** exist" (*id.* at 2 (emphasis in original)), it quite literally quotes it in full (ECF No. 161-1 at 5), and spends an entire roman numeral heading expounding what the cases interpreting § 475 have said is required.

Second, the opposition fails to cite any authority. The opposition does not cite a single case or other authority. So, the Court can (and should) "deem[ any] argument forfeited," as "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is a good point despite a lack of supporting authority or in the face of contrary authority, forfeits

---

[1] This memorandum uses the same defined terms used in the moving papers.

[2] After Judge Reyes tried to explain this to Mr. Batista without success, counsel have spent significant time over the past two weeks doing the same — including, at Mr. Batista's request — drafting ***three different forms of stipulation explaining how this could work***, attached as Exs. 1, 2, and 3 — all without success. Plaintiff has tried everything we can think of to, as the Court "encouraged," "negotiate a resolution to this issue." Jun. 17, 2026 Minute Order. But all we have gotten in repeated requests to do work for Mr. Batista without a hint of substantive engagement.

[3] This too is a basic misunderstanding. It is not a retainer that "relegate[s] Mr. Batista to a hearing" (ECF No. 171 at 3), it the basic rule that generally a "hearing is required." *Antonmarchi v. Consol. Edison of N.Y.*, 678 F. Supp. 2d 235, 241 (S.D.N.Y. 2010).

the point." *Wimberly v Ny. Community Fin., LLC*, 2026 US Dist LEXIS 50511, at *6-7 (SDNY Mar. 11, 2026), *citing United States v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990).

The "in the face of contrary authority" caveat does not save the opposition, because the opening memorandum cites a wide variety of authorities that (1) an attorney is not entitled to the kind of lien Mr. Batista asserts and (2) asserting such a lien is unethical, and the opposition does not "not cite—much less distinguish—" any of it. *Gallagher v. NY State Bd. Of Elections*, 477 F. Supp. 3d 19,48 n.4 (SDNY 2020). Such "failure to respond to [a] substantial argument can be taken as a concession of the case's applicability." *Id.* Thus, the opposition fails to offer any "point" at all (let alone a "good" one) "in the face of contrary authority like *Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 (1989) (on the forms § 475 liens take), ABA Form. Op. 487 (demanding a third of recovery after discharge is unethical), and *Stair v. Calhoun*, 722 F. Supp. 2d 258, 268-69 (E.D.N.Y. 2010) ("quantum meruit, rather than the retainer agreement, is the basis for determining the amount at which to fix the charging lien"). More, since *Lai Ling Cheng* is clear liens are **always** "measured by *quantum meruit*" (73 NY2d at 459), the Court is "bound" to reject — at least absent "persuasive evidence that the state's highest court" would suddenly change its mind (*V.S. v Muhammad*, 595 F3d 426, 432 (2d Cir. 2010)) — the authority-free suggestion "Mr. Batista's fee should [not] be based on *quantum meruit*" (ECF No. 171 at 3).

Last, the opposition mounts fact-free, conclusory attacks.[4] At best, these conclusory attacks **require** a hearing, since there are two versions of facts. But summary attacks without factual content are not cognizable. Mr. Batista attacks his former client as having engaged in

---

[4] Mr. Batista forced, by threatening to unethically disclose privileged documents to Defendant, Judge Reyes to enter an emergency and then permanent injunction to follow what should be a basic, ethical rule. ECF No. 158; Jun. 10, 2026 Ex Parte Temporary Restraining Order. In the course of that hearing, Judge Reyes told Mr. Batista he need to "stop selling wolf tickets" and threatening everyone, and cautioned that if he continued, he would face sanctions and be referred to the bar committee. The continuation of these attacks certainly violates the spirit, if not the letter, of that warning.

"misconduct" and having "contempt for the court" (ECF No. 170 ¶ 14), despite Judge Scanlon having explained to him, unambiguously, that "I'm not taking it as offensive," and "this is an emotionally challenging case." 2026-05-26 Tr. at 16:7:15. He also seems to suggest she is a "serial litigant[]" and "on [her] own whim, move[s] from lawyer to lawyer" because she has been involved in one litigation (this one) and has changed attorneys once. ECF No. 171 at 4. He attacks current counsel for making a motion the Court literally directed, and seems to call the combination of obeying the Court's direction and getting the unambiguously necessary permanent injunction a "pre-occup[ation] with harassing me." ECF No. 170 ¶ 15.

Nowhere in these facts does Mr. Batista deny, for example, that he falsely told his client he was entitled to a third of any future recovery, even if he were fired.[5] And if the Court is not inclined to sever fees, Mr. Batista provides no legal argument a lien could survive such "conduct while handling the client's affairs. *Holcombe v US Airways Group, Inc.*, 2017 US Dist LEXIS 214656, at *31 (EDNY July 31, 2017). Nor does Mr. Batista address how his lien could survive the severe misconduct that led to the permanent injunction Judge Reyes had to enter against him. But the weight of authority is that a "hearing is required" to resolve that sort of issue. *Antonmarchi*, 678 F. Supp. 2d at 241.

So, severing fees to allow Mr. Batista and any other Prior Counsel to make a fee application remains the simplest, wisest, and lowest drama way to resolve this issue. And since the opposition does not contain any legal argument otherwise, the Court can and should grant that relief as unopposed.

---

[5] The fact that Mr. Batista continues to assert such a lien, even after Judge Reyes told him, in sum and substance, "that's never happening," and explained why such a lien was unethical, is worth noting specifically.

With that said, Mr. Batista does appear close to understanding this point when he correctly notes that Ms. Mandel has a right to change lawyers again, or even again after that, and that "[i]t is mathematically impossible, of course, to award one-third of a pie to ten lawyers." ECF No. 171 at 4. That is precisely why a lawyer who is discharged *may not ethically demand a full third*, as Mr. Batista continues to do.

3

## **CONCLUSION**

For the reasons above and in the moving papers, the Court should grant the motion.

Dated:       June 24, 2026
             Queens, New York


                              Respectfully Submitted,

                                   /s/
                              _____
                              J. Remy Green
                              Jessica Massimi, *of counsel*
                              **COHEN&GREEN P.L.L.C.**
                              1639 Centre Street, Suite 216
                              Ridgewood, NY 11385
                              (929) 888.9480 (telephone)
                              (929) 888.9457 (facsimile)
                              remy@femmelaw.com

4