UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

RIVKA MANDEL,                              :

                                           :     1:23-cv-07352 (RER) (VMS)

                              Plaintiff,   :

                                           :

        - against –                        :

                                           :

JACOB DASKAL,                              :

                                           :

                              Defendant.   :

---------------------------------------------------------------x

## STIPULATION AND ORDER RESOLVING MOTION AT ECF NO. 161/162

**WHEREAS**, Plaintiff has made a motion to resolve any charging lien asserted by any of her prior counsel (collectively "Prior Counsel");

**WHEREAS,** Paul Batista has warranted and certified his asserted lien is the only lien he or any associate of his will assert;

**WHEREAS**, the Court has previously granted Plaintiff summary judgment on liability "with respect to Count 1 against Defendant Jacob Daskel [under] 18 U.S.C. § 2255" (ECF No. 13);

**WHEREAS**, 18 U.S.C. § 2255 (or "Masha's Law") includes, with mandatory language, that a plaintiff "shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred";

**WHEREAS**, Prior Counsel and Plaintiff wish to resolve the issue of any charging lien without any further litigation,

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED** among the undersigned counsel, and Plaintiff asks the Court to So Order, as follows:

1.      **Election.**  Prior Counsel elects to have his charging lien fixed at a specific dollar amount in quantum meruit.  *See, e.g., Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 (1989).

2.      **Entry.**  Plaintiff and Prior Counsel intend to submit this agreement to be So Ordered.

3.      **Assignment.**  Prior Counsel assigns any and all rights to his attorneys' fees to Plaintiff, so that Plaintiff may seek those fees.  Plaintiff is entitled to any greater sum she recovers from such an application.

4.      **Time Records and Declaration.**  Prior Counsel shall provide all timekeeping records to Plaintiff's current counsel.  Prior Counsel shall promptly cooperate with current counsel in providing a declaration, relevant exhibits (like a CV), and any information reasonably required to make any fee application pursuant to 18 U.S.C. § 2255 (or "Masha's Law"), or any other relevant source of fee entitlement.

5.      **Lien**.  Prior Counsel's charging lien is fixed as follows:

   a. Prior Counsel shall have a right to a lien of $78,000, representing a lodestar calculation of reasonable hours worked times reasonable rate.

   b. This charging lien is contingent, and therefore, if Plaintiff does not recover or collect funds, there is no obligation to pay Prior Counsel anything.

   c. Nothing in order or stipulation shall be construed to prevent Plaintiff from moving to sever her entitlement to fees for Prior Counsel's work.

Dated: New York, New York
       _____, 2026

                              PAUL BATISTA, P.C.

                              By: _____

2

Paul Batista
*Prior Counsel to Plaintiff*
26 Broadway, Suite 1900
New York, New York 10004
(T) 631 377 0111
Batista007@aol.com

MASSIMI LAW PLLC

By: _____

    Jessica S. Massimi
*Attorneys for Plaintiff*
99 Wall Street
New York, New York 10005
jessica.massimi@gmail.com

COHEN & GREEN P.L.L.C.

By: _____

    J. Remy Green
*Attorneys for Plaintiff*
1639 Centre Street
Ridgewood, New York 11385
remy@femmelaw.com

S O   O R D E R E D

_____
Hon. Ramon E. Reyes, U.S.D.J.