**PAUL BATISTA, P.C.**
**Attorney-at-Law**
**26 Broadway – Suite 1900**
**New York, New York 10004**
**(631) 377-0111**

**e-mail: Batista007@aol.com**                                      **Facsimile: (212) 344-7677**

June 25, 2026

VIA ECF
Hon. Vera M. Scanlon
Chief United States Magistrate Judge
    for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    **Rivka Mandel v. Jacob Daskal,**
       **1:23-cv-07352 (RER) (VMS)**

Dear Chief Judge Scanlon:

From October 2, 2023 until recently, I served as the attorney-of-record to plaintiff Rivka Mandel.  On or about April 20, 2026, attorneys J. Remy Green ("Green") and Jessica Massimi filed notices of appearance for Ms. Mandel.

Pursuant to the text order entered June 17, 2026, I filed opposition papers on June 24, 2026 to the applications filed by Green and Ms. Massimi at Documents Nos. 161 and 162.  Your Honor's June 17 text order had granted me to today (June 25, 2026), to file the opposition papers.

Significantly, soon after filing the opposition papers I had an opportunity to review my recent PACER emails.  I see for the first time that on June 23, 2026, Green and Ms. Massimi made a filing with respect to a proposed "Second Amended Complaint" (*see* Doc. No. 169).

*        *        *

Given the circumstances created by Green and Ms. Massimi, I am compelled to write to Your Honor to convey several relevant points:

*First*, if imitation is the highest form of flattery, then the proposed "Second Amended Complaint" put forward by Green and Ms. Massimi is flattering indeed because it repeats, virtually *in haec verba*, the allegations I prepared and filed, after dozens of hours of research and drafting, in both the original complaint and the later Amended Complaint.  In a word, the recent submission by Green and Ms. Massimi is a flattering act of mimicry.

*Second*, and more important, Green and Ms. Massimi are seeking to re-litigate issues resolved by Judge Reyes in a memorandum and order dated August 25, 2025 (*see* Doc. No. 109) (the "August 2025 Order").  While the August 2025 Order denied Daskal's motion to dismiss the

Hon. Vera M. Scanlon
June 25, 2026
Page 2

counts of the Amended Complaint I wrote and filed relating to Count I containing the central allegations that Daskal violated 18 U.S.C. § 2255, the order did grant dismissal motions filed by a number of additional defendants, including Rabbi Ben Zion Halberstam and many others.

*Third*, while Daskal and the dismissed defendants are all represented by remarkably competent lawyers, I am certain they will seek appropriate relief against Green and Ms. Massimi not only for the blatant copycat approach contained in the proposed Second Amended Complaint but in the attempt by Green and Ms. Massimi to re-litigate issues resolved by Judge Reyes.[1]

*Finally*, the gambit of Green and Ms. Massimi in substantially reproducing my original complaint and my Amended Complaint serves to underscore the reasons why their applications with respect to my charging lien and my retainer agreement with Mandel should be denied at this time. From the moment they recently filed appearances in this action on April 20, 2026, Green and Ms. Massimi have launched waves of motion practice against me, even though I was *not* discharged for cause (which would be a frivolous assertion to make) or accused of malpractice (which would be a highly frivolous contention).

As their proposed Second Amended Complaint makes clear, they are attempting to capitalize on my work product, while at the same time attempting to re-litigate issues previously resolved by Judge Reyes.

\*    \*    \*

Under all the circumstances, the attempt of Green and Ms. Massimi to eliminate or materially subvert my statutory and contractual charging lien should be denied.

Respectfully submitted,

Paul Batista

cc:    All Counsel of Record

---

[1] To be clear, I believed the inclusion of the additional defendants in the Amended Complaint I wrote was appropriate. But I concluded that the Federal Rules precluded a direct appeal from Judge Reyes' decision dismissing the additional defendants, and that there was no legitimate basis to seek permission to appeal. And there was certainly no viable basis to file a petition for a writ of mandamus.