

August 11, 2026

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

> **Re:    Mandel v. Daskal, 23-cv-07352**

Dear Judge Scanlon:

As the Court may recall, my firm — with co-counsel — represents Plaintiff in the case above.  I write under the Court's Individual Rule III(b) to request an informal conference under Local Rule 37.2.  As set out below, Plaintiff has spent the last two weeks making good faith efforts to schedule a meet and confer, but counsel for Defendant has failed to provide any availability for two weeks now.  Accordingly, this motion follows.

## I.    Background.

Pursuant to Local Civil Rule 37.1, and given that the verbatim quotation of the relevant requests would consume much (if not all) of the page limit, Plaintiff attaches true copies the relevant material and incorporates it by reference.  Plaintiff served document requests and interrogatories on November 5, 2025 (**Exhibit 1**, "First Requests").  Defendant served formal responses on January 14, 2026 (**Exhibit 2**, "First Responses"[1]).  Plaintiff served a second set of requests on April 14, 2026 (**Exhibit 3,**"Second Requests").  As far as Plaintiff's current counsel can tell from the file as transferred, no responses were ever served.

On July 29, Plaintiff sent a meet and confer request.  She raised a number of issues with Defendant's discovery responses, including those discussed below. Shortly before Plaintiff's request, Plaintiff had responded to Defendant's request for a meet and confer and scheduling the meeting — at Defendant's request — to take place within 24 hours.[2]  Thereafter, Plaintiff repeatedly followed

---

[1] Defendant's formal responses contain "General Objections."  *See* Ex. 2 at 2-5.  "The not-so-recent 2015 amendments to the discovery rules expressly disallowed general objections."  *Finkelstein v Bical*, 2023 US Dist LEXIS 222888, at *8 (EDNY Dec. 14, 2023).

[2] This meet and confer was necessary because Defendant served subpoenas that both violated (1) Rule 45's notice provisions because they were served with no notice whatsoever and (2) the Court's Order that subpoenas should not be served for "more than" 60 days and not until after a status letter.  Plaintiff requested Defendant withdraw the subpoenas, and Defendant asked for a meet and confer.  The meet and confer was resolved by Defendant committing to obey Rule 45's notice provisions going forward, and otherwise with an impasse on the substantive issues.



up asking to schedule a meet and confer.  That has been unsuccessful.[3]

Accordingly, since two weeks have passed since Plaintiff requested a meet and confer without any substantive response, this motion follows.Plaintiff has exhausted the good faith efforts to confer required by the Court's Individual Rules.  *Cf. Kaye v NY City Health & Hosps. Corp.*, 2020 US Dist LEXIS 231605, at \*29 (SDNY Dec. 9, 2020) ("Counsel must respond promptly (normally within one business day) to any request from another party to confer unless an emergency prevents such a response").Plaintiff responded to and had a full meet and confer at Defendant's request within 24 hours of the request.  Yet, two weeks have passed since Plaintiff's request without even a date on the calendar.  And Defendant's refusal to promptly schedule a meeting is inconsistent with Defendant's own repeated complaints that the case has been delayed.  *See, e.g.,* ECF No. 177 at 4; ECF No. 159 at 3-4.

## II.  <u>Argument.</u>

### A.  **The Court should order Defendant to serve responses to the Second Requests.**

Accounting for the possibility the file transferred to the undersigned's office is incomplete, Defendant should be ordered to either respond to the Second Requests, or provide a copy of whatever response was served.  The rules require responses within 30 days.

### B.  **Communications between Defendant and Law Enforcement are Relevant and Non-Privileged (Document Request No. 3)**

Defendant "will not produce documents in response to" the request seeking "documents and communications with law enforcement personnel," because of (1) "attorney-client privilege" and other privileges; and (2) "on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, it seeks irrelevant information, and it lacks appropriate subject matter and temporal limitations."  Ex. 2 at 6-7.  As to (1), the claim is without merit.  There is no privilege between a suspect and police/prosecutors.  Likewise, even individual government actors do not have any privilege when they speak to government lawyers (*see, e.g., Jackson v City of NY*, 2006 US Dist LEXIS 70486, at \*10-11 (SDNY Sep. 20, 2006)), so there can beno colorable suggestion Daskal or his attorneys were speaking to, for example, an attorney in an "office of the District Attorneys in New York" and that person was acting ***as Daskal's lawyer.***  And any claim to work product would have been waived by the fact of communicating with law enforcement adversaries.  *NY Times Co. v United States DOJ*, 939 F.3d 479, 494 (2d Cir. 2019).  Plus, there's been no privilege log.

Nor does the boilerplate recitation of burden mean anything here.  Boilerplate is not

---

[3] Defendant did not respond until August 3, 2026, when counsel stated "we are not able to meet & confer this week. Members of our team have been traveling, and we need to meet first to discuss and then circle back with you."  Plaintiff accordingly followed up on August 10, and again on August 11.  Counsel again was unable to provide a date to meet and confer, or even commit to a date to provide a date.  Two partners, including the Chair of Defendant's counsel's Litigation Department, have responded to emails today essentially saying to stop asking for responses, but neither has provided any date for a meet and confer, nor even provided a date by which they will provide a date.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com




permissible anyway.  *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *9 (SDNY Feb. 28, 2017).  And even if it were, the universe of communications **Daskal (or attorneys acting on his behalf) has** with law enforcement is exclusively communications relevant to this case.  Accordingly, the Court should order full production.

### C.  **Defendant's submissions to probation are neither privileged nor duplicative (Document Request No. 5).**

Defendant "will not produce documents" in response to the Request seeking "Documents provided by Daskal and his attorneys to government officials in the course of the government's preparation of the Pre-Sentence Investigation Report" (or "PSR").  Ex. 2 at 7-8.  He recites the same boilerplate, before saying the request seeks privileged information and essentially that it is "premature" because "the documents that it seeks are currently the subject of Plaintiff's" pending motion for the PSR itself.  As to privilege, the claim is without any merit.  As above, since the requested documents were disclosed to a third party, any claim of privilege evaporated.  *NY Times,* 939 F.3d at 494.  And also as above, there's been no privilege log.

Next, the claim that the request is "premature" because it may overlap with a pending motion in the criminal case is misguided.  First, it is wrong on the facts:  This Request does not seek the PSR itself, but the documents Defendant himself provided during the PSR process.  So nothing overlaps with a motion addressing the PSR itself.  Moreover, Defendant here is essentially making a claim of duplication.  But an objection to discovery as duplicative only lies where the party claiming duplication actually provided the discovery elsewhere.  *See, e.g., Ottoson v. SMBC Leasing & Fin., Inc.*, No. 13-CV-1521 (RWS), 2015 WL 4597542, at *3 (S.D.N.Y. July 30, 2015) (deposition was not duplicative because the relevant testimony had not yet been obtained in prior depositions).[4]  Here, the PSR has not been produced yet, and Defendant *is opposing* the PSR motion.  Even if there were perfect overlap between the motion and the Request, Defendant cannot oppose the motion and then claim the very same motion moots a live discovery request.

### D.  **Defendant's objections to financial discovery are impermissible boilerplate (Document Request Nos. 6, 9, 11, 12, 15, 16).**

Last, in refusing to produce documents concerning financial information relevant to a variety of claims, Defendant interposes pure boilerplate.  *See, e.g.,* Ex. 2 at 10 (Request No. 9).  Nothing in the Response is specific to the Request, nor does it address basic questions, like, "Why is it burdensome? How is it overly broad?"  *Fischer*, 2017 US Dist LEXIS 28102, at *8 (noting prohibition on "meaningless boilerplate").  Particularly given the refusal to meet and confer, the Court can and should "deem[]" the response a "waiver of all objections (except as to privilege)." *Id* at *3.  And otherwise, it should strike the boilerplate and require new objections that "specify the part" to which there is an objection "and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).  Without understanding why Defendant objects, Plaintiff cannot refute the objections.

---

[4] *See also, Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 208 (D. Conn. 2014) (request was not duplicative because the request was reasonably calculated to lead to the discovery of admissible evidence and requiring identify them in the prior production); *Armstrong Pump, Inc. v. Hartman*, No. 10-CV-446S, 2014 WL 2830322, at *3 (W.D.N.Y. June 23, 2014) (resolving claim that document requests are duplicative by ordering the objecting party to identify the responsive documents already produced).

COHEN&GREEN

Page 3 of 4



As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.