UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RIVKA MANDEL,

                                 Plaintiff,

                - against -

JACOB DASKAL,

                              Defendant.

------------------------------------------------------------x

               1:23-cv-07352 (RER) (VMS)

---

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Jacob Daskal ("Defendant"), by and through his attorneys Meister Seelig & Fein PLLC, hereby responds to Plaintiff Rivka Mandel's ("Plaintiff") First Request for the Production of Documents (each individually, a "Request," and collectively, the "Requests"), as follows (each individually, a "Response," and collectively, the "Responses"):

### TERMS

These Responses are made solely for purposes of this litigation and are based only upon such information and documents that are presently available and known specifically to Defendant. The Responses are made without prejudice to further investigation and search by Defendant, and Defendant expressly reserves the right to amend these Responses as additional facts are ascertained, analyses made, legal research completed, and contentions made. Without in any way obligating himself to do so, Defendant expressly reserves the right to alter, supplement, amend, or otherwise modify these responses in any way at any time, including at trial.

These Responses are not, are not intended to be, and shall not be construed or deemed to be, a waiver of Defendant's objections as to the competency, relevance, materiality, or admissibility as evidence at trial of any information or material contained herein. Any objection to any part of any Request is not a waiver of any objections to any other part of the Request that may be objectionable. All evidentiary objections shall be reserved to the time of trial, and no waiver of any objection is to be implied from any response contained herein, nor is it intended to make any fact otherwise objectionable at the time of trial admissible by these Responses.

Nothing herein shall be construed as an admission to the genuineness, admissibility, truth, or accuracy of the contents of any document produced.

These Terms are incorporated by reference in each of Defendant's Responses, and all substantive responses are made without waiving these Terms.

## **GENERAL OBJECTIONS**

Each of the following General Objections is incorporated into each Response set forth below, as if fully set forth therein:

1.      By serving these Responses, Defendant does not waive, and hereby expressly reserves, the right to challenge the allegations of the Amended Complaint.

2.      Defendant objects to the Requests, and the instructions and definitions therein, and to each Request as appropriate, to the extent that it is overly broad, unduly burdensome, vague, ambiguous, premature, or not proportional to the needs of this litigation.

3.      Defendant objects to each Request to the extent that it seeks information covered by the attorney-client privilege, the work-product doctrine, or any other applicable privileges, doctrines, rules, regulations, or immunities. Nothing herein is intended to be or should be construed as a waiver of the attorney-client privilege, the work-product doctrine, or any other protection.

2

Any inadvertent production of privileged or protected information shall not constitute a waiver, in whole or in part, of any applicable privilege or protection. Defendant reserves all rights to demand the return of any document and all copies thereof that are protected by such a privilege, rule, doctrine, or immunity.

4. Defendant hereby expressly preserves his right to invoke his privilege against compelled self-incrimination under the Fifth Amendment to the United States Constitution and New York State law (*see* N.Y. Const. art. I, § 6) (hereinafter collectively referred to as the "Fifth Amendment Privilege") to any and all Requests to which it is applicable. Defendant's assertion of his Fifth Amendment Privilege in any Response is in addition to, separate from, and independent of, any substantive general or specific objection(s) to the Response to which it is invoked. Nothing herein shall be deemed a waiver of either Defendant's right to invoke his Fifth Amendment Privilege, or a waiver of any objection Defendant has raised in a Response or in the Responses.

5. Defendant objects to each Request to the extent that it calls for the disclosure of information that is subject to any agreement requiring confidentiality, any type of protective order entered in another action or proceeding, or any other agreement or court order that prevents disclosure of such information.

6. Defendant objects to each Request to the extent that the discovery sought by any such Request is unreasonably cumulative or duplicative or is obtainable from a different source that is more convenient, less burdensome, or less expensive.

7. Defendant objects to each Request to the extent that it would require Defendant to provide information not within his possession, custody, or control, or that is no longer available to Defendant. Defendant further objects to each and every Request to the extent that it purports to require him to search for documents in the possession of other persons or entities. As Defendant

3

has previously disclosed to Plaintiff, the documents and devices relevant to this litigation were seized by law enforcement authorities, and they have not been returned to Defendant's possession. Moreover, Defendant is currently serving a sentence of incarceration, and thus he has restricted possession and knowledge of possession of potentially relevant material.

8.     Defendant objects to each Request and to the definitions and instructions set forth in the Requests to the extent that it or they seek to impose obligations upon Defendant beyond the requirements of the Federal Rules of Civil Procedure, the local rules for the Eastern District of New York, or any other applicable rule or court order.

9.     Defendant objects to the scope of the "relevant time period" set forth in the Requests, as overly broad. Counsel for Defendant agrees to meet and confer with counsel for Plaintiff to discuss an appropriate time period applicable to discovery in this litigation.

10.     These General Objections are continuing and are incorporated by reference in response to each of the Requests set forth below.  Defendant's possession, now or in the future, of information notwithstanding the objectionable nature of any of the definitions or instructions, or the Requests themselves, should not be construed as: (a) a stipulation that the material is relevant or admissible, (b) a waiver of Defendant's General Objections or the objections asserted in response to specific Requests, or (c) an agreement that Requests for similar information will be treated in a similar matter.

11.     Any response that Defendant will produce documents sought by a particular Request does not constitute an admission that any such documents exist.

12.     To the extent that Defendant produces documents in response to the Requests, he does not waive these General Objections.

4

13.    Defendant reserves the right to produce documents in response to these Requests on a rolling basis.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION

### Request No. 1:

All documents and communications between defendant and any of the following individuals:

| | |
|---|---|
| a. | Bella Daskal; |
| b. | Pearl Dembitzer; |
| C. | Leiby Dembitzer; |
| d. | Chaya Bornstein; |
| e. | Shulem Bornstein; |
| f. | Chaim Daskal; |
| g. | Esther Brody; |
| h. | Rose Teitelbaum; |
| 1. | Benzion Daskal; |
| J. | Solomon Daskal; |
| k. | Barry Daskal; |
| l. | Lipa "Nussy" Brauner; |
| m. | Pesach Greenberg; |
| n. | Mutty Brauner; and |
| o. | Chaim Fleischer. |

### Response:

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, it seeks irrelevant information, and it lacks appropriate subject matter and temporal limitations. Defendant further objects to this Request on the grounds that the privacy interests of Defendant and/or third parties are outweighed by any legitimate interest Plaintiffs have in the information sought in this Request. Subject to and without waiving the foregoing General and Specific Objections, Defendant will not respond to Request No. 1 as written but will conduct a search of communications following an agreement between the parties regarding search terms concerning Plaintiff and a proper time frame.

5

**Request No. 2:**

All documents and communications with any representative, agent, employee, or staff member of the following entities:

        (i)     Boro Park Shomrim;

        (ii)    Congregation Shaarei Zion of Bobov;

        (iii)   Rabbinical College Bobover Yeshiva Bnei Zion;

        (iv)   Yad Ephraim; and

        (v)    Yachad D'Bobov.

**Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, it seeks irrelevant information, it lacks appropriate subject matter and temporal limitations, and it is confusing as written. Subject to and without waiving the foregoing General and Specific Objections, Defendant will not respond to Request No. 2 as written but will conduct a search of communications following an agreement between the parties regarding search terms concerning Plaintiff and a proper time frame.

**Request No. 3:**

All documents and communications with law enforcement personnel, including representatives of any office of the District Attorneys in New York and representatives of any office of any U.S. Attorney or the United States Justice Department during the relevant period, including documents and communications exchanged by attorneys for Daskal with law enforcement personnel.

**Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, it seeks irrelevant information, and it lacks appropriate subject matter and temporal limitations. Defendant further objects to this Request to the extent that it calls for documents that are covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure. Accordingly, Defendant will not produce documents in response to this Request, but counsel for Defendant

agrees to meet and confer with counsel for Plaintiff to discuss the scope of the subject matter of the requested documents as well as the relevant time period.

**Request No. 4:**

Documents contained in the files of any and all attorneys representing Daskal in the relevant period.

**Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, it seeks irrelevant information, and it lacks appropriate subject matter and temporal limitations. Defendant further objects to this Request on the grounds that it does not specify the documents it seeks with sufficient particularity. This Request calls for "documents contained in the files" of the subject attorneys, but it does not even attempt to circumscribe the documents within those attorneys' files to what may potentially be relevant to this litigation. Defendant further objects to this request on the grounds that it calls for non-discoverable, clearly privileged information. Defendant further objects to this Request to the extent that it calls for documents beyond the scope permitted by the Federal Rules of Civil Procedure, in that it calls for documents from "all attorneys" who represented Defendant during the relevant time, without regard to the particulars or subject matter of the representation. Defendant further objects to this Request to the extent that it calls for documents that are not in the possession, custody, or control of Defendant. Defendant further objects to this Request on the grounds that it calls for documents that are covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure. Accordingly, Defendant will not produce documents in response to this Request.

**Request No. 5:**

Documents provided by Daskal and his attorneys to government officials in the course of the government's preparation of the Pre-Sentence Investigation Report ("PSR") after Daskal's plea of

guilty on July 14, 2023.

**Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, it seeks irrelevant information, and it lacks appropriate subject matter and temporal limitations. Defendant further objects to this Request to the extent that it calls for documents beyond the scope permitted by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it calls for documents that are covered by the attorney-client privilege, the work product doctrine, or other applicable privilege or immunity from disclosure. Defendant further objects to this Request on the grounds that it is premature, as the documents that it seeks are currently the subject of Plaintiff's letter "requesting a pre-motion conference . . . for the release of the complete Pre-Sentence Report ('PSR')," which Plaintiff filed in the criminal court before Judge Garaufis on December 9, 2025. *See United States v. Daskal*, No. 21-CR-00110-NGG, ECF Doc. No. 172. Accordingly, Defendant will not produce documents in response to this Request at this time and will supplement his response to this Request following the conference before Judge Garaufis.

**Request No. 6:**

Documents reflecting, embodying, or identifying transfers by sale, gift, bailment or other form of transfer to the individuals and entities identified in ¶¶1 and 2, *supra,* and to any other individual and entity.

**Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, and it lacks appropriate subject matter and temporal limitations. Defendant further objects to this Request on the grounds that it is vague and does not specify the documents it seeks with sufficient particularity in that the Request does not describe what kind of "transfers" it contemplates. Defendant further objects to this Request to

8

the extent that it calls for documents beyond the scope permitted by the Federal Rules of Civil Procedure, insofar as it calls for "transfers" between the identified individuals and/or entities regardless of Defendant's involvement in those "transfers." Defendant further objects to this Request to the extent that it calls for documents that are not within the possession, custody, or control of Defendant. Defendant further objects to this Request on the grounds that it seeks documents or information that are not relevant to this litigation, and alternatively on the grounds that it is premature at this stage of the litigation. Accordingly, Defendant will not produce documents in response to this Request.

**Request No. 7:**

Documents concerning, relating to or identifying Daskal's conduct that, according to the District Court *(see* ¶89 of the Amended Complaint), Daskal "was a man with intense power in his community. He was the leader of the Borough Park Shomrim Society, a crime control group with close ties to the New York City Police Department."

**Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, it seeks irrelevant information, and it lacks appropriate subject matter and temporal limitations. Defendant further objects to this Request on the grounds that it is vague and does not specify the documents it seeks with sufficient particularity. The statement quoted in this Request was not made by Defendant, and Defendant may or may not agree with the statement or the vague characterizations within it. Accordingly, Defendant does not know what "conduct" might support that statement, and he likewise does not know what documents "concern[], relate[] to or identify" that conduct. Defendant further objects to this Request on the grounds that it calls for documents beyond the scope permitted by the Federal Rules of Civil Procedure. Accordingly, Defendant will not produce documents in response to this Request.

9

**Request No. 8:**

Documents contradicting or questioning the statement by the District Court quoted in Demand 7, *supra.*

    **Response:**

    <u>See</u> Response to Request No. 7.

**Request No. 9:**

All tax returns, both state and federal, filed by Daskal during the relevant period.

    **Response:**

    Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, and it lacks appropriate subject matter and temporal limitations. Defendant further objects to this Request on the grounds that it seeks documents or information that are not relevant to this litigation, and alternatively on the grounds that it is premature at this stage of the litigation. Accordingly, Defendant will not produce documents in response to this Request.

**Request No. 10:**

All police reports, incident reports, 911 calls, body cam recordings, dispatch logs, or other documents or communications concerning or relating to any investigation of Daskal, including investigations relating to Ms. Mandel and any other woman or man.

    **Response:**

    Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, it seeks irrelevant information, and it lacks appropriate subject matter and temporal limitations. Defendant further objects to this Request to the extent that it calls for documents beyond the scope permitted by the Federal Rules of Civil Procedure, in that it calls for documents concerning "investigations relating to . . . any other woman or man." Defendant further objects to this Request to the extent that it calls for documents that are

not within the possession, custody, or control of Defendant or that are equally available to Plaintiff from other sources. Defendant further objects to this Request to the extent that it seeks documents or information that are subject to any applicable privilege or court order enjoining their dissemination by Defendant. Accordingly, Defendant will not produce documents in response to this Request.

**Request No. 11:**

Documents evidencing, identifying or relating to all real property owned or controlled, directly or indirectly, by Daskal during the relevant time period.

**Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, and it lacks appropriate subject matter and temporal limitations. Defendant further objects to this Request on the grounds that it seeks documents or information that are not relevant to this litigation, and alternatively on the grounds that it is premature at this stage of the litigation. Accordingly, Defendant will not produce documents in response to this Request.

**Request No. 12:**

All bank account, brokerage statements or other documents identifying financial transactions in which Daskal engaged during the relevant time period.

**Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, it seeks irrelevant information, and it lacks appropriate temporal limitations. Defendant further objects to this Request to the extent that it calls for documents that are not within the possession, custody, or control of Defendant. Defendant further objects to this Request on the grounds that it seeks documents or information that are not relevant to this litigation, and alternatively on the grounds that it is premature at this

11

stage of the litigation. Accordingly, Defendant will not produce documents in response to this Request.

**Request No. 13:**

All documents sent to, received from, or otherwise relating to any person whom defendant intends to call as a witness at trial, either in person, through deposition testimony, or through an affidavit.

**Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad and unduly burdensome. Defendant further objects to this Request on the grounds that it is premature. Defendant further objects to this Request to the extent that it calls for documents that are covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure. Accordingly, Defendant will not produce documents in response to this Request.

**Request No. 14:**

All documents relating to each expert whom defendant intends to call as a witness at trial, including but not limited to, all documents sent to or received from each expert, including resumes, curriculum vitae, reports, retainers and billing records.

**Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad and unduly burdensome. Defendant further objects to this Request on the grounds that it is premature. Defendant further objects to this Request to the extent that it calls for documents that are covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure. Subject to the general and specific objections, Defendant will produce responsive documents in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**Request No. 15:**

Financial statements, profit and loss statements or similar documents reflecting Daskal's financial condition during the relevant period.

> **Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, and it lacks appropriate temporal limitations. Defendant further objects to this Request on the grounds that it is vague and does not specify the documents it seeks with sufficient particularity. Defendant further objects to this Request to the extent that it calls for documents that are not within the possession, custody, or control of Defendant. Defendant further objects to this Request on the grounds that it seeks documents or information that are not relevant to this litigation, and alternatively on the grounds that it is premature at this stage of the litigation. Accordingly, Defendant will not produce documents in response to this Request.

**Request No. 16:**

Documents embodying, identifying or relating to payments to all attorneys, including Arthur Aidala, representing Daskal during the relevant period.

> **Response:**

Defendant objects specifically to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of this action, it seeks irrelevant information, and it lacks appropriate subject matter and temporal limitations. Defendant further objects to this request on the grounds that it calls for non-discoverable, clearly privileged information. Defendant further objects to this Request to the extent that it calls for documents beyond the scope permitted by the Federal Rules of Civil Procedure, in that it calls for documents relating to "all attorneys" who represented Defendant during the relevant time, without regard to the representation. Defendant further objects to this Request to the extent that it calls for documents that are not in the possession,

13

custody, or control of Defendant. Defendant further objects to this Request on the grounds that it calls for documents that are covered by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure. Accordingly, Defendant will not produce documents in response to this Request.

**Request No. 17:**

All non-privileged documents and communications that defendant relied upon or referenced in responding to any Interrogatory in this action.

**Response:**

Subject to the foregoing General Objections, Defendant will produce responsive documents in his possession, custody, or control to the extent that any such material exists.

Dated: New York, New York
        January 14, 2026

**MEISTER SEELIG & FEIN PLLC**

By:  */s/ Mitchell Schuster*
     Mitchell Schuster
     Stacey M. Ashby
     125 Park Avenue, 7th Floor
     New York, NY 10017
     Tel: (212) 655-3500
     Fax: (212) 655-3535
     ms@msf-law.com
     sma@msf-law.com

*Attorneys for Defendant Jacob Daskal*

To:    Paul Batista, P.C.,
       26 Broadway, Suite 1900,
       New York, NY 10004
       Tel: (631) 377-0111
       batista007@aol.com

*Attorneys for Plaintiff Rivka Mandel*

14