COHEN GREEN

August 21, 2026

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

**Re: Mandel v. Daskal, 23-cv-07352**

Dear Judge Scanlon:

As the Court likely recalls, my firm — with co-counsel — represents Plaintiff in the case above. As directed in the Court's June 15, 2026 Minute Order, I am filing this letter jointly with counsel for Defendant to provide "a plan for future document requests and depositions, as well as a proposed date for the completion of discovery," as well as to "address the status of any settlement discussions and whether the parties are interested in pursuing mediation."

Plaintiff has served further document requests and received formal responses now. Any remaining issues asserted in Plaintiff's motion to compel (Dkt. 178) will be responded to by the September 3rd date per the Court's August 14, 2026 Order (Dkt. 179). Separately, Defendant will serving Plaintiff with a letter concerning ongoing issues with certain of Plaintiff's amended responses to Defendant's discovery requests to date by this coming Monday. The parties anticipate meeting and conferring on these issues prior to seeking any pre-motion conference with respect thereto. At this time, Defendant does not know whether he will propound additional discovery requests, as this depends in part on the resolution, if any, to the discovery dispute concerning Plaintiff's amended responses. Moreover, Defendant is still awaiting executed medical authorizations and/or medical record discovery from Plaintiff that was directed to be produced at the May 26, 2026 conference. Plaintiff is not sure what Defendant means by this, as her responses addressed all requests for medical authorizations and she provided an authorization covering the therapist that provided relevant care on July 7 — but is happy to address any issues raised and to meet and confer on them, if and when Defendant raises them.

As far as depositions, the parties believe that some necessary paper discovery remains before depositions are ripe. The criminal court has entered an order allowing disclosure of the criminal file, and Defendant's counsel has committed to reviewing and producing their view of what is responsive to requests and discoverable from that file within 60 days.[1] Additionally, Defendant's response to

[1] The government represented that Defendant's criminal counsel, "Mr. Mazurek can share the materials with plaintiff's counsel and civil defense counsel," and that Defendants' criminal counsel had signed on to that plan. From Plaintiff's perspective, this was the compromise to avoid formal *Touhy* practice — not a plan

the motion filed by Plaintiff before Judge Garaufis seeking the release of Defendant's Presentence Investigation Report (the "PSR Motion") is due by September 18th, with a reply to be filed by Plaintiff by October 2nd. And Plaintiff's motion to amend the complaint is also pending. Thus, depending in part on what is withheld from the criminal file, the timing of any production following the September 17, 2026 conference, as well as the rulings on the PSR Motion, the motion to amend, and any ruling on Defendant's anticipated motion to compel (assuming it is not resolved during the meet and confer), the parties hope to be able to begin depositions in late October or early November.

As far as a proposed end date for discovery, in light of the holidays and timelines above, the parties believe a realistic end date for fact discovery would be January 29, 2027. Plaintiff and Defendant anticipates hiring experts, so a realistic date for the close of all discovery would be April 30, 2027.

Last, Plaintiff has, as discussed, made an updated settlement demand and provided updated Rule 26 disclosures. The parties believe a settlement conference with the Court would be advisable.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

where civil counsel would act as an intermediary. While Plaintiff has objected to that attempt to change the terms of an agreement, at the most recent meet and confer, Defendant's civil counsel agreed to speak to his criminal counsel to determine whether their position was that the government had misrepresented that agreement with Defendant's criminal counsel. Beyond that, this letter does not set out the dispute since it is not yet ripe.