MSS MEISTER SEELIG & SCHUSTER

Remy J. Stocks
*Partner*
rjs@mss-pllc.com
Direct: 212-655-3511

September 3, 2026

**VIA ECF**
Chief United States Magistrate Judge Vera M. Scanlon
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Courtroom 13A North
Brooklyn, New York 11201

**Re: *Rivka Mandel v. Jacob Daskal*, Case No. 23-cv-07352**

Dear Judge Scanlon:

We represent defendant Jacob Daskal ("Defendant"). We write in response to the August 11, 2026 letter motion filed by J. Remy Green, Esq., counsel for plaintiff Rivka Mandel ("Plaintiff"), requesting that the Court schedule a conference to discuss various objections to Defendant's Responses and Objections to Plaintiff's First Requests for Production (the "First RFPs"), Second Requests for Production (the "Second RFPs"), and First Set of Interrogatories (the "Interrogatories"). *See* ECF 178.

As an initial matter, Mx. Green complains that they requested a meet and confer on July 29, 2026 but did not receive "any substantive response." Ltr. p. 2. That is simply not true. On August 3, my partner Stacey Ashby responded to Mx. Green, explaining that we were not available that week because multiple members of our team were on vacation. Mx. Green appeared to accept this explanation, they raised no objection, nor did they give any indication that the discussion they were looking to have was remotely urgent or time-sensitive. Rather, Mx. Green did not respond to Ms. Ashby and we heard nothing from them for the rest of the week.

Rather, it was not until the following Monday, August 10, that Mx. Green followed up on their request. On August 11, Ms. Ashby replied, stating that it was her first day back in the office, we were speaking internally that day, and that we would revert with our availability. In response, Mx. Green threatened to file a letter motion unless a meet and confer was scheduled by the end of the day. Five minutes later, and without waiting for a response, Mx. Green emailed again, accusing my firm of overstaffing this matter "presumably to burn [Mr. Daskal's] money as fast as possible before [Mx. Green and their co-counsel] can collect it." A true and accurate copy of this email is attached as **Exhibit A**. A few hours after that, Mx. Green doubled down on their baseless accusations. A true and accurate copy of their email is attached as **Exhibit B**. ?

We understand that scheduling around opposing counsel's summer vacation can be frustrating, but Mx. Green's resort to baseless *ad hominem* attacks on my firm is highly unprofessional and it will not be tolerated.

While Mx. Green claims in a footnote on page 1 of their letter that a meet and confer was purportedly "necessary" because of Defendant's subpoenas, they acknowledge in the very same footnote that the dispute regarding the subpoenas was resolved at a meet and confer that took place before Mx. Green filed their letter motion. *See* ECF 178, p. 1, fn. 1.[1] Moreover, a meet and confer concerning Defendants' responses and objections to the First and Second RFPs and the Interrogatories that are the subject of their letter motion also took place on August 14, 2026. Accordingly, to the extent that this portion of Mx. Green's letter motion seeks any relief from the Court, such relief should be denied as unnecessary.

**ARGUMENT**

## A. Point A of Plaintiff's Letter Motion is Moot

Under Point A of their Letter Motion, Mx. Green asks the Court to order Defendant to respond to Plaintiff's Second RFPs. On August 20, 2026, we served Plaintiff's counsel with Defendants' Responses and Objections to Plaintiff's Second RFPs, a true and correct copy of which is attached as **Exhibit C**. Accordingly, the relief sought under Point A of Plaintiff's letter motion is no longer necessary.

## B. Point B of Plaintiff's Letter Motion is Moot

Under Point B of Plaintiff's Letter Motion, Mx. Green asks the Court to order Defendant to produce his communications with law enforcement under Request No. 3 of the First RFPs. See Ltr., p. 2. Further, while Mx. Green asserts that Defendant has refused to produce documents responsive to Request No. 3, Defendant's Responses and Objections to Plaintiff's First RFPs plainly states that Defendant is open to producing documents responsive to an appropriately limited request as to timeframe and subject matter.

During the August 14, 2026 meet and confer, we informed Plaintiff's counsel that Mr. Daskal did not communicate directly with law enforcement and that all such communications took place through criminal counsel, Henry Mazurek of my firm. Moreover, in a good faith effort to resolve the dispute, and notwithstanding the indisputable irrelevance of such communications to the parties' claims and defenses in this action for civil damages, we offered to produce Mr. Mazurek's communications with law enforcement personnel within 60 days, a similar timeline Plaintiff unilaterally set on her own production. Further, it was our understanding that this proposal was acceptable to Plaintiff's counsel, and our review of Mr. Mazurek's communications is already underway. Accordingly, the relief sought under Point B of Plaintiff's letter motion should be denied as unnecessary.

---

[1] Mx. Green repeatedly references an unspecified occasion on which my firm purportedly requested a meet and confer, and Plaintiff's counsel agreed to conduct the meet and confer within 24 hours of our request. I do not have any recollection of the meet and confer referenced in Mx. Green's letter motion, and neither the date on which this 24-hour noticed meet and confer allegedly took place, nor any detail concerning that conference was set forth in Mx. Green's letter. Of course, if my office had been available on July 29 or July 30 to meet and confer with Mx. Green, we would have agreed to conduct the meet and confer within 24 hours of their request.

**C. Point C of Plaintiff's Letter Motion is an Improper Effort to Circumvent <u>Judge Garaufis's Authority to Keep Confidential Court Records Confidential</u>**

Under Point C of Plaintiff's letter motion, Mx. Green asks the Court to order Defendants to produce "documents provided by Daskal and his attorneys to government officials in the course of the government's preparation of the Pre-Sentence Investigation Report" (the "PSR") under Request No. 5 of Plaintiff's First RFPs. *See* Ltr., p. 3. As the Court is aware, the parties appeared before Judge Garaufis in April 2026 and he directed Plaintiff to file a formal motion seeking the release of the PSR. Pursuant to a stipulated briefing schedule, Plaintiff filed her moving papers on August 3, Defendant's opposition is currently due on September 17, and Plaintiff's reply is due on October 2.

At the August 14 meet and confer, we conveyed to Plaintiff's counsel our concern that the effort to obtain the underlying PSR materials provided to the Probation Department was an improper attempt to circumvent Judge Garaufis' authority to keep confidential court records confidential. Critically, in the Second Circuit, a PSR constitutes a confidential court record prepared by the United States Probation Office for the Court's use in arriving at an appropriate sentence. A PSR is not subject to disclosure to third parties in the absence of "a compelling demonstration that disclosure of the report is required to meet the ends of justice." *See United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1172 (2d Cir. 1988) (citing Fed. R. Crim. P. 32). Plaintiff has not – because she cannot – make such a showing, nor does Mx. Green even attempt to make such a showing in their letter motion. This alone is a sufficient basis to deny the relief sought under Point C.

As a good faith compromise to resolve the parties' dispute with respect to Request No. 5, Defendant is willing to produce Mr. Mazurek's communications with the Probation Department concerning Defendants' PSR but contends that anything beyond that is to be resolved in the motion practice before Judge Garaufis. Accordingly, Defendant respectfully requests that the Court deny the relief sought under Point C in its entirety.

**D. <u>Point D of Plaintiff's Letter Motion is Premature at Best</u>**

Under Point D of Plaintiff's Letter Motion, Mx. Green asks the Court to order Defendants to produce financial records in response to Request Nos. 6, 9, 11, 12, 15 and 16 of Plaintiff's First RFPs. *See* Ltr., p. 3. While Plaintiff asserts that Defendant's financial records are purportedly "relevant to a variety of claims," Mx. Green fails to identify any of such claims in their letter – because none exist in the operative Amended Complaint. Rather, Plaintiff is seeking Defendant's financial records as part of an improper fishing expedition for evidence that any transfers actually occurred to support her facially deficient fraudulent transfer claims that she moved for leave to assert in a proposed Second Amended Complaint on June 23, 2026. *See* ECF 169. Plaintiff has not been granted leave to assert those claims and Defendant maintains that they are more appropriately litigated in state court. In consequence, the relief sought under Point D of Mx. Green's letter motion is at best premature. Defendant therefore respectfully requests that the Court deny the relief sought under Point D in its entirety.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/Remy J. Stocks*

Remy J. Stocks