# EXHIBIT A

**Remy Stocks**

---

**From:** remy green <remy@femmelaw.com>
**Sent:** Tuesday, August 11, 2026 11:04 AM
**To:** Stacey Ashby
**Cc:** Mitch Schuster; Remy Stocks; Eli J. Esakoff; jessica.massimi@gmail.com; Admin
**Subject:** Re: Mandel v. Daskal, 23-cv-07352 - Defendant's Discovery Responses

**CAUTION:** This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.

We are two weeks out from a request to meet and confer. Many judges require responses to requests to meet within one business day.

You have chosen to overstaff this case presumably l to burn your client's money as fast as possible before we can collect it, which is your prerogative (reserving any creditor remedies), but with this many attorneys and at least three partners, taking two weeks to just deal with scheduling is not reasonable—again, particularly given your own requests to meet on issues you want to resolve within 24 hours. The claim everyone was on vacation last week also omits the multiple business days without a response the week before.

These are not complicated issues, they're basic discovery.

---

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---

On Tue, Aug 11, 2026 at 9:58 AM Stacey Ashby <sma@mss-pllc.com> wrote:

Remy – I told you people were traveling last week. I myself am just back in the office today. We haven't met yet internally. We will get back to you as soon as we are able.

**Stacey Ashby**
Partner

***New email domain: @mss-pllc.com — please whitelist to ensure receipt.**

**NOTICE UNDER E-SIGN ACT:** Unless specifically set forth herein, this electronic communication is not intended to be a legally binding electronic signature, and no offer, commitment, or assent on behalf of the sender or its client is expressed or implied by the transmission of this email or any attachments hereto.

**NOTICE OF ATTORNEY'S CONFIDENTIALITY:** This electronic communication and any attachments are transmitted by MEISTER SEELIG & SCHUSTER PLLC and may contain information that is legally privileged and confidential, intended solely for the use of the

named recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents here of is strictly prohibited. If you have received this communication in error, please notify the sender immediately, permanently delete this message and all attachments, and retain no copies thereof.

---

**From:** remy green <remy@femmelaw.com>
**Sent:** Tuesday, August 11, 2026 10:57 AM
**To:** Stacey Ashby <sma@mss-pllc.com>
**Cc:** Mitch Schuster <ms@mss-pllc.com>; Remy Stocks <rjs@mss-pllc.com>; Eli J. Esakoff <eje@mss-pllc.com>; jessica.massimi@gmail.com; Admin <admin@femmelaw.com>
**Subject:** Re: Mandel v. Daskal, 23-cv-07352 - Defendant's Discovery Responses

**CAUTION:** This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.

Following up again. If we can't get a meeting scheduled by the end of today, to happen this week, we will make a motion.

---

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---

C&G

---

On Mon, Aug 10, 2026 at 12:45 PM remy green <remy@femmelaw.com> wrote:

Circling back for a date to meet.

---


**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |


---

---

On Mon, Aug 3, 2026 at 10:34 AM Stacey Ashby <sma@mss-pllc.com> wrote:

Remy - we are not able to meet & confer this week. Members of our team have been traveling, and we need to meet first to discuss and then circle back with you.

**Stacey Ashby**

Partner

MSS MEISTER SEELIG SCHUSTER

***New email domain: @mss-pllc.com — please whitelist to ensure receipt.***

**NOTICE UNDER E-SIGN ACT**: Unless specifically set forth herein, this electronic communication is not intended to be a legally binding electronic signature, and no offer, commitment, or assent on behalf of the sender or its client is expressed or implied by the transmission of this email or any attachments hereto.

**NOTICE OF ATTORNEY'S CONFIDENTIALITY:** This electronic communication and any attachments are transmitted by MEISTER SEELIG & SCHUSTER PLLC and may contain information that is legally privileged and confidential, intended solely for the use of the named recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents here of is strictly prohibited. If you have received this communication in error, please notify the sender immediately, permanently delete this message and all attachments, and retain no copies thereof.

---

**From:** remy green <remy@femmelaw.com>
**Date:** Friday, July 31, 2026 at 2:56 PM
**To:** Mitch Schuster <ms@mss-pllc.com>; Stacey Ashby <sma@mss-pllc.com>; Remy Stocks <rjs@mss-pllc.com>; Eli J. Esakoff <eje@mss-pllc.com>
**Cc:** jessica.massimi@gmail.com <jessica.massimi@gmail.com>; Admin <admin@femmelaw.com>
**Subject:** Re: Mandel v. Daskal, 23-cv-07352 - Defendant's Discovery Responses

**CAUTION:** This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.

Hi all,

I want to follow up, noting that we scheduled -- at Defendant's request -- a meet and confer to *take place* within 24 hours of a request to meet, when Defendant could not do later in the week.

In the future, we will take into account the speed at which our requests to meet are addressed in responding to similar requests.

Yours,

Remy.

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

C&G

On Wed, Jul 29, 2026 at 3:06 PM remy green <remy@femmelaw.com> wrote:

Hi all,

As we are now largely up to speed, we write regarding Defendant's January 14, 2026 responses to Plaintiff's First Set of Document Demands to raise several deficiencies, request that you provide a date by when you will remedy these and, if you are refusing to do so, provide a date and time within the next week when you are available to meet and confer regarding these issues in advance of a motion to compel.

We also start with some housekeeping, just to make sure we're all working from the same page.

**1. Confirming What We Have.**

As I've mentioned, Paul did not keep anything resembling a conventional file, so there is a lot of attempting to patch things together. It appears what we have from you is Bates numbered DEF 1-133.

On this, please:

A. Kindly confirm whether Defendant has produced any other documents in this litigation.

B. Additionally, we ask that you supplement your discovery responses to state which documents these are responsive to.

C. We have a set of Document Requests (attached) dated April 14, 2026, but I cannot find any formal responses or relevant production. Can you provide a courtesy copy of any production and response?

**2. Deficient Responses.**

We do have the formal responses to the first set of document requests and interrogatories. And this email is asking to cure the identified deficiencies or provide a time within the week to meet and confer in to try to avoid a motion.

**Doc. Req. 1** seeks communications between Defendant and various third parties including family members and associates of him. Defendant provides boilerplate objections but states that he will "conduct a search of communications following an agreement between the parties regarding search terms concerning Plaintiff and a proper time frame."

As far as timeframe, that misstates a party's obligation: An "objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Nonetheless, a reasonable time frame would be April 1, 2017 to the present (presumably, the volume of material after your client was incarcerated will be minimal).

Your point is taken about search terms. We will follow up shortly with a proposal on search terms. That said, we also need to know whether there are documents stored with text in, e.g., the Hebrew alphabet, so we can discuss whether we need to develop

a search protocol for those documents -- and whether, perhaps, there is some set of RFAs that might obviate the need to search and review in another language.

**Doc. Req. 2** seeks communications between Plaintiff and various institutions including Shomrim. Defendant provided essentially the same objection as above. Accordingly, we propose the same time frame (with the same caveat about procedure), and will propose the same search terms.

**Doc. Req. 3** seeks communications with law enforcement agencies.

Defendant objects based on privilege but there is no applicable privilege, and any such assertion would appear to be frivolous, unless we're missing something. That is, even if one might argue some sort of crime reporting privilege, there is no such thing as a criminal/police officer privilege. Likewise, even individual government actors do not have any privilege when they speak to government lawyers (*see, e.g., Jackson v City of NY*, 2006 US Dist LEXIS 70486, at *10-11 (SDNY Sep. 20, 2006)) -- there is no colorable suggestion Daskal or an attorney in your office was speaking to, for example, an attorney in an "office of the District Attorneys in New York" and that person was acting ***as Daskal's or your office's lawyer***.

Likewise, any suggestion there is some work product claim runs headlong into the basic principle that "[a] party waives the work product protection by taking actions inconsistent with this its purpose, such as disclosing work product to its adversary." *NY Times Co. v United States DOJ*, 939 F.3d 479, 494 (2d Cir. 2019). If some document had work product protection before it was sent to prosecutors, Defendant waived such protection by sending it to prosecutors.

Last, we do not see this request as having any scope problems: As far as we are aware, there are no "communications with law enforcement personnel" outside of what would obviously be discoverable. If Defendant had some other legal trouble at some other point that you are contending is outside of the scope of what's discoverable, we are open to a discussion -- but a boilerplate assertion of burden does not work here because the basic fact of something being a "communication[] with law enforcement personnel" inherently limits the scope to discoverable information (at least as far as we can tell).

**Doc. Req. 5** seeks information provided by Daskal's attorneys to the Court regarding the PSR.

Defendant objects in part based upon privilege. But as noted above, any privilege evaporated when documents were "provided by Daskal and his attorneys to government officials" (Doc. Req. No. 5). That is, there is no colorable claim of privilege when documents were disclosed ***to a third party***. *See, again, NY Times Co. v United States DOJ*, 939 F.3d 479, 494 (2d Cir. 2019).

Moreover, as to the PSR motion, this request ***does not*** seek the PSR itself -- which Defendant is currently opposing release of anyway, so he cannot object that this route is improper -- but the documents ***Defendant provided***. Accordingly, the fact that the PSR itself is the subject of separate litigation is irrelevant.

As courts routinely find, this kind of claim of duplication only works ***if the party claiming duplication actually produced the the documents in the place cited.*** *See, e.g., Ottoson v. SMBC Leasing & Fin., Inc.*, No. 13-CV-1521 (RWS), 2015 WL 4597542, at *3 (S.D.N.Y. July 30, 2015) (deposition was not duplicative because the relevant testimony had not yet been obtained in prior depositions); *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 208 (D. Conn. 2014) (request was not duplicative because the request was reasonably calculated to lead to the discovery of admissible evidence and requiring identify them in the prior production); *Armstrong Pump, Inc. v. Hartman*, No. 10-CV-446S, 2014 WL 2830322, at *3 (W.D.N.Y. June 23, 2014) (resolving claim that document requests are duplicative by ordering the objecting party to identify the responsive documents already produced).

**Doc. Reqs. 6, 9, 11, 12, 15, 16** seek financial information. Defendant provides several boilerplate objections and argues against relevance. Boilerplate is impermissible. *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *9 (SDNY Feb. 28, 2017)

More, Defendant's responses fail to comply with the requirement an "objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Accordingly, please let us know if there is any part of these requests you will respond to. Otherwise, we can meet and confer on a motion to compel.

Yours,

Remy.

---

**J. Remy Green**

*Partner*

| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---

---