# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVKA MANDEL, Plaintiff, -against- JACOB DASKAL, Defendant. | 1:23-cv-07352-RER-VMS **DEFENDANT JACOB DASKAL'S RESPONSES & OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Jacob Daskal ("Defendant"), by his undersigned counsel, Meister Seelig & Schuster PLLC, hereby responds and objects to plaintiff Rivka Mandel's ("Plaintiff") Second Request for Production of Documents, dated April 14, 2026 (each, a "Request" and collectively, the "Requests").

## GENERAL OBJECTIONS

Defendant asserts the following General Objections to the Requests which shall be deemed to be specifically incorporated in each of his responses to the Requests (each, a "Response," and collectively, the "Responses") as if fully set forth therein:

1. Defendant objects to the Requests to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of New York, the Court's Individual Practices & Procedures, and/or other applicable law.

2. Defendant objects to the Requests to the extent that they seek disclosure of documents that were prepared for or in anticipation of litigation, constitute attorney work product, and/or that reveal the substance of privileged communications between Defendant and his counsel.

Nothing contained in these Responses is intended to be or should be construed as a waiver of the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

3. Defendant objects to the Requests to the extent they are unreasonably broad, unduly burdensome, oppressive or harassing, and/or disproportional to the needs of the case to the extent they purport to require Defendant to produce "all," "each," or "every" of each category of documents when far less is sufficient for Plaintiff's purposes.

4. Defendant objects to the Requests to the extent they are vague, ambiguous, unreasonably cumulative, duplicative, insufficiently particularized, capable of multiple interpretations and/or would require Defendant to speculate as to the nature and scope of the documents sought.

5. Defendant objects to the Requests to the extent they seek documents that are not in Defendant's possession, custody, or control; that are already in Plaintiff's possession, custody, or control; that are in the possession, custody, or control of individuals and/or entities other than Defendant; that are publicly available; and/or that are equally available to Plaintiff and Defendant.

**TERMS AND CONDITIONS**

Subject to the General Objections set forth above, Defendant responds to the Requests under the following terms and conditions:

1. Defendant or his agent will conduct a reasonably diligent search for documents responsive to the Requests. To the extent that Defendant states in his Responses below that he will produce "all" responsive documents, that Response should be construed accordingly.

2. Inadvertent disclosure of documents that are confidential, privileged, prepared in anticipation of litigation or for trial, and/or are otherwise immune from discovery shall not constitute a waiver of any applicable privilege or immunity, nor any objection to disclosure of such

document, the subject matter thereof, the information contained therein in any subsequent proceeding in this action.

3. Defendant's Responses to the Requests do not constitute, are not intended to be, and shall not be construed as an admission of any matter stated, implied, or assumed by the Requests.

4. Any disclosure of documents in response to a Request shall not be construed as an agreement or an admission as to the relevance or admissibility of such documents for any purpose.

5. Defendant reserves the right to supplement his Responses as discovery unfolds, as new or different documents or information are located or become available, and as the Court issues rulings or adjudicates disputed issues in this action.

6. Any documents produced by Defendant that are stamped "confidential" shall be treated as confidential under the parties' May 1, 2026, proposed Protective Order governing the production of confidential information in this action. *See* ECF Doc. 146 and June 1, 2026 Minute Order of Chief Mag. Judge Vera M. Scanlon.

7. Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Requests.

## OBJECTIONS AND RESPONSES

**Request No. 1**: All documents in the possession, custody and control of defendant Jacob Daskal ("Daskal") and his attorneys (including his attorneys, Meister Seelig & Schuster PLLC, formerly known as Meister Seelig & Fein PLLC ("Meister Seelig")), his agents and representatives which mention, relate or refer in any way to the litigation entitled *United States* v. *Jacob Daskal,* 21 Cr. 110 (NG) (the "Daskal Criminal Action").

**RESPONSE**: Defendant objects to Request No. 1 to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Request No. 1 as overbroad, unduly burdensome, oppressive, harassing, and not proportionate to the needs of this action to the

extent that it seeks the disclosure of documents that are neither relevant to the parties' claims or defenses in this action.

Subject to and without waiving the foregoing General and Specific Objections, pursuant to the June 26, 2026 Protective Order Addendum among Plaintiff's counsel, Defendant's undersigned civil counsel, Defendant's criminal counsel, and the United States Attorney's Office for the Eastern District of New York filed in the Daskal Criminal Action and so-ordered by the Hon. Nicolas G. Garaufis on August 4, 2026 (the "Protective Order Addendum"), Defendant or his agent will conduct a reasonable search and will produce any relevant, non-privileged documents that are responsive to Request No. 1 in Defendant's possession, custody or control to Plaintiff within sixty (60) days.

**Request No. 2**: All documents in the possession, custody and control of defendant Daskal, his attorneys (including Meister Seelig), his agents and representatives which mention, refer or relate to, or concern plaintiff Rivka Mandel.

**RESPONSE**: Defendant objects to Request No. 2 to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Request No. 2 as overbroad, unduly burdensome, oppressive, harassing, and not proportionate to the needs of this action to the extent that it seeks the disclosure of documents that are neither relevant to the parties' claims or defenses in this action.

Subject to and without waiving the foregoing General and Specific Objections, Defendant refers Plaintiff to DEF_0001-DEF_0133 of his previous production. Further, pursuant to the Protective Order Addendum, Defendant or his agent will conduct a reasonable search and will produce any relevant, non-privileged documents that are responsive to Request No. 2 in Defendant's possession, custody or control to Plaintiff within sixty (60) days.

**Request No. 3**: All documents in the possession, custody and control of defendant Daskal, his attorneys (including Meister Seelig), his agents and representatives containing or constituting material presented to the grand jury which indicted Jacob Daskal in connection with the Daskal Criminal Action.

**RESPONSE**: Subject to and without waiving the foregoing General Objections, Defendant states that grand jury proceedings are maintained under seal pursuant to Fed. R. Crim. P. 6(e) and that, therefore, he has no knowledge of what materials were presented to the grand jury that indicted him. Accordingly, Defendant could not possibly know whether any or all of said materials are in his possession, custody or control.

**Request No. 4**: All documents submitted by Daskal to the United States Probation Office for the Eastern District of New York.

**RESPONSE**: Defendant objects to Request No. 4 as overbroad, unduly burdensome, oppressive, harassing, and not proportionate to the needs of this action to the extent that it seeks the disclosure of documents that are neither relevant to the parties' claims or defenses in this action.

Subject to and without waiving the foregoing General and Specific Objections, pursuant to the Protective Order Addendum, Defendant or his agent will conduct a reasonable search and will produce any relevant, non-privileged documents that are responsive to Request No. 4 that are in Defendant's possession, custody or control to Plaintiff within sixty (60) days.

**Request No. 5**: All documents containing, constituting or relating to the pre-sentence investigation report issued by the United States Probation Office for the Eastern District of New York with respect to Daskal in connection with the Daskal Criminal Action.

**RESPONSE**: Defendant objects to Request No. 5 on the grounds that Defendant's pre-sentence investigation report (the "PSR") constitutes a confidential court record prepared by the United States Probation Office for the Court's use in arriving at an appropriate sentence. A PSR is not subject to disclosure to third parties in the absence of "a compelling demonstration that disclosure of the report is required to meet the ends of justice." *See United States v. Charmer*

*Indus., Inc.*, 711 F.2d 1164, 1172 (2d Cir. 1988) (citing Fed. R. Crim. P. 32). Plaintiff has made no such showing here, nor could she.

In the Second Circuit, a PSR is afforded a similar level of secrecy as grand jury materials, and a third party seeking its disclosure must obtain authorization from the Court. *Charmer Indus.*, 711 F.2d at 1172. In April 2026, Judge Garaufis directed Plaintiff to file a formal motion in the Daskal Criminal Proceeding seeking the disclosure of Defendant's pre-sentencing investigation report and the parties subsequently entered into a briefing schedule. On August 3, 2026, Plaintiff served her opening papers in support of her motion, Defendant's opposition is due on September 18, 2026 and Plaintiff's reply, if any, is due on October 2, 2026. In consequence, Plaintiff has not obtained the requisite authorization to release Defendant's pre-sentence report. Further, the Probation Office and the United States Attorney's Office for the Eastern District of New York stated in open court in April 2026 that they oppose Plaintiff's request to release Defendants PSR. That portion of Request No. 5 seeking the production of documents "containing" or "constituting" the PSR is therefore premature, at best.

Subject to and without waiving the foregoing General and Specific Objections, Defendant or his agent will conduct a reasonable search for documents "relating" to Defendant's PSR that do not disclose its contents and that were provided to the Probation Office for the purpose of preparing the PSR and will produce any relevant, non-privileged documents that are responsive to Request No. 5 that are in Defendant's possession, custody or control to Plaintiff within sixty (60) days.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Dated: New York, New York
August 20, 2026

**MEISTER SEELIG & SCHUSTER PLLC**

By: */s/ Mitchell Schuster*

Mitchell Schuster, Esq.
Stacey M. Ashby, Esq.
Remy J. Stocks, Esq.
Eli J. Esakoff, Esq.

125 Park Avenue, 7th Floor
New York, New York 10017
Tel. (212) 655-3500
Email: ms@mss-pllc.com
sma@mss-pllc.com
rjs@mss-pllc.com
eje@mss-pllc.com

*Attorneys for Defendant Jacob Daskal*