COHEN GREEN

September 4, 2026

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

**Re: Mandel v. Daskal, 23-cv-07352**

Dear Judge Scanlon:

As the Court likely recalls, my firm — with co-counsel — represents Plaintiff in the case above. As directed in the Court's June 1, 2026 Minute Order, I am filing this letter jointly with counsel for Defendants regarding authorizations for medical records, and any limitations thereon.

Unfortunately, while the parties have conferred, and have agreed upon an "attorney's eyes only" designation in a protective order that is still being negotiated, issues concerning the authorizations remain and the parties' respective positions are set forth below.

**Plaintiff's Position:**

Plaintiff has served complete authorizations on Defendant for all relevant treatment, with two limitations:

1. Because (at least in part) Plaintiff has not received her own copy of certain of her medical records yet and given the sensitivity of the records,[1] Plaintiff asked Defendant to treat records received from any releases as attorneys' eyes only, and Defendant agreed. As Defendant notes below, the parties anticipate

2. Plaintiff has limited the release running to her gynecologist to a date where she received relevant care, because other care received from that provider has nothing to do with the allegations in this case, potential damages, or potentially relevant pre-existing conditions and the like.

Otherwise, Defendant has raised certain issues for the first time, in a draft sent today at 4:18 p.m.

First, below, Defendant claims Plaintiff has not completely responded to an interrogatory. That statement is not entirely true, and we have tried to explain this to Defendant's counsel repeatedly.

[1] This timing is because prior counsel apparently did not obtain any medical records of any kind, and Plaintiff's new counsel has only had limited time to follow up with providers.

Plaintiff has produced all information she can gather from a diligent search. "Rule 33 does not require a party to provide information that is unknown and unknowable to that party," and only requires a diligent search. *Zanowic v Reno*, 2000 US Dist LEXIS 13845, at *7, n 1 (SDNY Sep. 22, 2000). Plaintiff has made a diligent effort based on the information in her control, and simply does not have the answer. And there is no purpose to this fight: For example, one of the two specific therapists for whom Plaintiff cannot recall a last name of is one that ***Defendant brought her to see and shockingly sat in on sessions with.*** Moreover, the same therapist was on Defendant's criminal case witness list. It is not clear what purpose Defendant has in demanding Plaintiff figure out information he already has, that she does not. But at any rate, Plaintiff has suggested a likely productive path: Counsel talk to their own client and review the criminal file. But there is no actual dispute here.

Next, while Defendant says it is "inappropriate for Plaintiff's counsel to cherry-pick medical records or to dictate what constitutes relevant treatment," that sentence is simply an emotionally charged description of the basic process of discovery and objections. If a party does not believe that a document asked for is "relevant to any party's claim" (Fed. R. Civ. P. 26(b)(1)), she may "state … responsive materials [is] being withheld" and articulate the relevant "objection." Fed. R. Civ. P. 34(b)(2)(C). Plaintiff's objections articulated clearly that "By way of illustration, without stating such records exist, Plaintiff would not produce documents from a cancer screening performed this year. But Plaintiff would produce records related to prior care for mental health issues that overlap with the relevant diagnoses for her damages asserted." That is not cherry-picking; it is objecting. The process if there is a dispute, which Defendant has not followed, is to meet and confer and then seek a conference under Local Rule 37.2 if there is an impasse.

The material over which there is now apparently a dispute is that Plaintiff is objecting to her rapist and his counsel receiving routine, irrelevant OBGYN records, for example, covering things like routine cervical cancer screenings. Defendant has not articulated any theory of relevance.

**Defendant's Position**

***Mental Health Provider Records***

The parties have resolved their dispute regarding authorizations for Plaintiff's mental health records by agreeing that plaintiff's counsel will provide defendant's counsel with standard, unlimited releases for the seven mental health providers identified in Plaintiff's Amended Responses to Defendant's 12th Interrogatory. Defendant agrees that any records received from these seven providers shall be presumptively designated "attorneys' eyes only" under a proposed Amended Protective Order that the parties anticipate filing with the Court shortly.

Defendant objects to Plaintiff providing a phone number and no other details for certain providers and maintains that Plaintiff should make an effort to fully answer Defendant's 12th Interrogatory.

***Plaintiff's Other Medical Records***



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

Given the sexual assault and battery claims, Defendant believes he is entitled to standard, unlimited authorizations for all providers Plaintiff saw during the relevant time period related to the claims and injuries asserted by Plaintiff in this action, those medical providers would include Plaintiff's gynecologist. He maintains it is inappropriate for Plaintiff's counsel to cherry-pick medical records or to dictate what constitutes relevant treatment and be relevant to Plaintiff's alleged damages. Plaintiff's counsel has provided no authority supporting her position. We are, of course, willing to agree to an attorneys' eyes only designation for these records, as well.

The parties anticipate jointly filing a proposed Amended Protective Order shortly.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.