COHEN & GREEN

October 2, 2026

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

**Re: Mandel v. Daskal, 23-cv-07352**

Dear Judge Scanlon:

As the Court may recall, my firm — with co-counsel — represents Plaintiff in the case above. I write to ask the Court to direct Defendant not to serve a set of subpoenas until motions to quash can be resolved, as the Court suggested was the better approach at the most recent conference.

I ask that the Court direct Defendant to hold off serving the subpoenas until motions to quash can be briefed. Plaintiff can file a motion on October 14, 2026 and Defendant can oppose in whatever time he would like. Plaintiff asked if Defendant would hold off on service until motions to quash could be resolved. Defendant did not consent.

In light of scheduling issues and concerns over one of the subpoena recipients responding with privileged material before a motion can be briefed, Plaintiff is asking the Court to enter a briefing schedule and bar Defendant from serving the subpoena until motions can be resolved.

I apologize that this motion is necessary. I am sincerely trying to work with Defendant's counsel to do things in this case in an orderly way. There is no emergency, and there appears to be no reason the parties could not just agree on a briefing schedule without serving the subpoenas, as the Court suggested. And indeed, I do not see why the parties would not agree to time things so the motions can be discussed and resolved at the upcoming conference the Court just re-set. But Defendant's counsel just does not seem to want to agree on orderly procedure.

**Brief Discussion**

As discussed at the most recent conference on September 15, 2026, Defendant apparently intends to subpoena communications ***with Plaintiff*** from a number of people, including one of Plaintiff's former lawyers, her non-testifying expert, and a third party with whom Plaintiff has already disclosed all communications. This is not the first time there has been a dust up over this — Defendant previously sent these subpoenas out for service ***without providing notice***, and Plaintiff only discovered they had been served because counsel represents one of the recipients in another case, and he asked me what was going on.

Following the most recent conference, we assumed Defendant would follow the Court's suggestion and confer with us on a briefing schedule. Instead, today, we received a notice with a cover letter stating service would be made on "October 5, 2026, or as soon thereafter as service may be effectuated." The subpoenas and cover letters are attached collectively as **Exhibit 1** with personal addresses redacted.

Plaintiff intends to move to quash on privilege and other grounds, including that a subpoena inherently "imposes an undue burden" on a non-party when the requesting party may "obtain th[e] information from [opposing party] in the underlying action." *Alcon Vision, LLC v Allied Vision Group, Inc.*, 2019 US Dist LEXIS 152073, at *6 (SDNY Sep. 6, 2019); *accord Torre v Charter Communs., Inc.*, 2020 US Dist LEXIS 243364, at *3 (SDNY Dec. 28, 2020) ("speculation" that the non-party has some documents the party does not "is not a basis to look first to a non-party").

However, my co-counsel is on vacation this coming week. And as to at least one of the witnesses — Plaintiff's former counsel — there is good reason to believe he will respond as soon as he is able as a matter of retaliation. He traded an email where Plaintiff's other former lawyer said of Plaintiff, "[o]bviously I wish I'd never seen this little bitch" (**Exhibit 2**),[1] and apparently is the only reason that prior counsel asserted a lien at all (**Exhibit 3** ("I'm prepared to renounce my liens because I don't have time for these aggravations" / "do not renounce your charging lien.")). Plaintiff herself also overheard prior counsel saying to one another, "I will ensure she never recovers a dime" at the last conference where they appeared. *Cf.* **Exhibit 4** ("Rivka will never recover a dime. … I have no interest in either the retaining lien on the charging lien. I've wasted hundreds of hours of time and I'm prepared to live with that. This case is bullshit."); ECF No. 164-1 at 3-4 ("I will therefore soon forward to defense counsel written communications [with Ms.] Mandel").

Of course, disclosure of privileged material by prior counsel would be unethical. But that bell also cannot be unrung, and a TRO and then permanent injunction was already required to stop one of the two previous lawyers from doing just that. Accordingly, we are not comfortable simply assuming prior counsel will not respond to the subpoena immediately — and because of pre-existing commitments, filing a motion immediately next week is not feasible.

The Court suggested the parties discuss a schedule rather than run to serve the subpoenas again. Defendant, instead, stayed silent for two weeks, then decided to serve anyway — and is refusing to agree to a reasonable, orderly way of resolving this.

Accordingly, we ask the Court to direct Defendant not to serve his subpoenas before he would serve them on October 5, and direct a briefing schedule, to include Plaintiff filing a motion on October 14, 2026.

---

[1] And while the transcript of the June 15, 2026 emergency hearing about Plaintiff's other former counsel's misconduct is under seal, the Court itself may review it as concerns the reasonability of fears that prior counsel would breach privilege — and indeed, after that former counsel threatened to disclose privileged matter to Defendant, Judge Reyes entered a TRO, then a permanent injunction. *See* ECF No. 168. But that injunction only runs against that lawyer.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.