UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
RIVKA MANDEL,

Plaintiff,

-against-

JACOB DASKAL,

Defendant.
-----------------------------------------------X

CIVIL ACTION
NO. 1:23-CV-7352 (RER) (VMS)

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Jacob Daskal intends to serve a Subpoena, in the form attached hereto, on Asher Lovy on October 5, 2026, or as soon thereafter as service may be effectuated.

Dated: October 2, 2026

/s/ Stacey Ashby
Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Counsel for Defendant Jacob Daskal*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, a true and correct copy of the foregoing Notice of Subpoena was served via email on counsel of record, as identified bellow:

Dated: October 2, 2026

/s/ Stacey Ashby
Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Counsel for Defendant Jacob Daskal*

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

RIVKA MANDEL
*Plaintiff*
v.
JACOB DASKAL
*Defendant*

Civil Action No. 1:23-cv-07352 (RER) (VMS)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Asher Lovy
[redacted]

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: | Date and Time: |
|---|---|
| Meister Seelig & Schuster PLLC, Attn: Eli Esakoff<br>125 Park Avenue, 7th Floor, New York, NY 10017<br>or via email to eje@mss-pllc.com | 10/27/2026 9:00 am |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/2/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

Stacey Ashby
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jacob Daskal , who issues or requests this subpoena, are:
Meister Seelig & Schuster PLLC, 125 Park Avenue, 7th Floor, New York, NY 10017, sma@mss-pllc.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:23-cv-07352 (RER) (VMS)

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

***Mandel v. Daskal*, 1:23-cv-07352 (RER) (VMS)**

**Attachment A**

**Subpoena to Produce Documents, Information, or Objects in a Civil Case**

**YOU ARE COMMANDED** to produce the following books, papers, documents, communications, data, or other objects on or before October 27, 2026:

The relevant time period applicable to the below documents is January 1, 2015, through the present.

## DEFINITIONS

(1) "Action" means the above-captioned lawsuit (Mandel v. Daskal, No. 1:23-cv-07352).

(2) The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these subpoena requests all responsive material that might otherwise be construed to be outside of their scope.

(3) The term "communication" shall mean any utterance or written notation, or written or verbal statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons exchanged through, including but not limited to, in person conversations, correspondence, telephone calls, text messages and private messaging services, such as, iMessage, WhatsApp, Viber, Telegram, Wire, Threema, Wickr Me, Silence, Signal, or direct messages via Social Media.

(4) The terms "concerning" and "referencing" mean regarding, relating to, referring to, pertaining to, alluding to, responding to, reporting on, describing, reflecting, involving, evidencing, discussing, mentioning, constituting, embodying, and shall be construed and interpreted in the broadest possible sense.

(5) The term "document(s)" shall be read in its broadest possible sense in meaning and scope. It shall include, but not be limited to, writings of every kind, source, and authorship, both originals and all non-identical copies thereof, such as those bearing marginal comments, alterations, or other notations not present on the original document as originally written, typed or otherwise prepared, in your possession, custody, or control, or known by them to exist, irrespective of whether the writing is one intended for or transmitted internally by her or intended for or transmitted to any other person or entity, including without limitation any governmental agency, department, administrative entity or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information. It shall include all "electronically stored information." It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other

materials necessary to understand and use such systems. For purposes of illustration only, the term shall include: correspondence; e-mails; transcripts of testimony; letters; notes; notebooks; diaries; reports; papers; files; books; magazines; records; contracts; agreements; videotapes; photographs; telegrams; teletypes; and other communications sent or received; diaries; calendars; logs; notes; or memoranda of telephonic or face-to-face conversations; drafts; work papers; invoices; bills; statements; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries; and other records of obligations and expenditures; canceled checks; vouchers; receipts; and other records of payments; ledgers; journals; balance sheets; profit and loss statements; and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; and memoranda of all kinds to and from any persons, agencies, or entities.

(6) "Criminal Prosecution" means the case captioned United States v. Daskal, No. 21-cr-00110, in the District Court for the Eastern District of New York.

(7) "Jacob Daskal" means the Defendant in this Action.

(8) "Rivka Mandel" means the Plaintiff in this Action.

(9) "State Indictment" means the criminal investigation and proceeding brought by the State of New York under indictment number 3569-2018.

## INSTRUCTIONS

(1) **Preservation.** You are under an obligation to preserve all documents and communications potentially responsive to these requests pending compliance with this subpoena, and you shall not destroy, alter, modify, delete, overwrite, or transfer any such document or communication.

(2) **Missing or Destroyed Documents.** If any document or communication responsive to these requests was at one point, but is no longer, in your possession, custody, or control, you shall identify: (i) the document or communication by author, recipient, date, and subject matter; (ii) its present custodian, if known; (iii) when, how, and why it left your possession, custody or control; and (iv) whether any backup, copy, or duplicate exists.

(3) A document or communication responsive to more than one these requests need be produced only once. If any of these requests is unclear, you shall contact the attorney who issued the subpoena to discuss in good faith.

## REQUESTS

1. All documents and communications with or involving Rivka Mandel concerning or referencing Jacob Daskal.
2. All documents and communications with or involving Rivka Mandel concerning or referencing this Action.

3. All documents and communications with or involving Rivka Mandel concerning or referencing the Criminal Prosecution.
4. All documents and communications with or involving Rivka Mandel concerning or referencing the State Indictment.
5. All documents and communications with or involving Rivka Mandel concerning or referencing the claims or allegations made by Rivka Mandel against Jacob Daskal in the Civil Action, the Criminal Prosecution, or the State Indictment.
6. All documents and communications with or involving Rivka Mandel concerning or referencing alleged injuries or damages Rivka Mandel attributes to Jacob Daskal.
7. All documents and communications between you and any member or representative of the press or media, including, but not limited to, journalists, reporters, news agents, podcasters, bloggers, social media commentator, content creators, documentarians, editors or publishers of written media, or directors or producers of television or film, concerning or referencing Rivka Mandel, Jacob Daskal, this Action, the Criminal Prosecution, or the State Indictment.
8. All documents and communications concerning or referencing any allegation of sexual abuse, sexual harassment, or sexual misconduct of any kind made by Rivka Mandel against any person, regardless of date.

**All responsive records and inquiries should be produced to Stacey M. Ashby, Esq., and Eli J. Esakoff, Esq., by email at sma@mss-pllc.com and eje@mss-pllc.com, or by mail to Meister Seelig & Schuster PLLC, c/o Eli J. Esakoff, Esq., at 125 Park Avenue, 7th Floor, New York, New York 10017. Production of responsive records by email or mail may obviate the need to appear in court.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
RIVKA MANDEL,

Plaintiff,

-against-

JACOB DASKAL,

Defendant.
-----------------------------------------------X

CIVIL ACTION
NO. 1:23-CV-7352 (RER) (VMS)

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Jacob Daskal intends to serve a Subpoena, in the form attached hereto, on Shulim Leifer on October 5, 2026, or as soon thereafter as service may be effectuated.

Dated: October 2, 2026

/s/ Stacey Ashby
Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Counsel for Defendant Jacob Daskal*

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, a true and correct copy of the foregoing Notice of Subpoena was served via email on counsel of record, as identified bellow:

Dated: October 2, 2026

/s/ Stacey Ashby

Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Counsel for Defendant Jacob Daskal*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

RIVKA MANDEL
*Plaintiff*
v.
JACOB DASKAL
*Defendant*

Civil Action No. 1:23-cv-07352 (RER) (VMS)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Shulim Leifer
[redacted]

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Meister Seelig & Schuster PLLC, Attn: Eli Esakoff<br>125 Park Avenue, 7th Floor, New York, NY 10017<br>or via email to eje@mss-pllc.com | Date and Time:<br>10/27/2026 9:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/2/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

Stacey Ashby
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jacob Daskal, who issues or requests this subpoena, are:
Meister Seelig & Schuster PLLC, 125 Park Avenue, 7th Floor, New York, NY 10017, sma@mss-pllc.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:23-cv-07352 (RER) (VMS)

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print Save As... Add Attachment Reset

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

***Mandel v. Daskal*, 1:23-cv-07352 (RER) (VMS)**

**Attachment A**

**Subpoena to Produce Documents, Information, or Objects in a Civil Case**

**YOU ARE COMMANDED** to produce the following books, papers, documents, communications, data, or other objects on or before October 27, 2026:

The relevant time period applicable to the below documents is January 1, 2015, through the present.

## DEFINITIONS

(1) "Action" means the above-captioned lawsuit (Mandel v. Daskal, No. 1:23-cv-07352).

(2) The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these subpoena requests all responsive material that might otherwise be construed to be outside of their scope.

(3) The term "communication" shall mean any utterance or written notation, or written or verbal statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons exchanged through, including but not limited to, in person conversations, correspondence, telephone calls, text messages and private messaging services, such as, iMessage, WhatsApp, Viber, Telegram, Wire, Threema, Wickr Me, Silence, Signal, or direct messages via Social Media.

(4) The terms "concerning" and "referencing" mean regarding, relating to, referring to, pertaining to, alluding to, responding to, reporting on, describing, reflecting, involving, evidencing, discussing, mentioning, constituting, embodying, and shall be construed and interpreted in the broadest possible sense.

(5) The term "document(s)" shall be read in its broadest possible sense in meaning and scope. It shall include, but not be limited to, writings of every kind, source, and authorship, both originals and all non-identical copies thereof, such as those bearing marginal comments, alterations, or other notations not present on the original document as originally written, typed or otherwise prepared, in your possession, custody, or control, or known by them to exist, irrespective of whether the writing is one intended for or transmitted internally by her or intended for or transmitted to any other person or entity, including without limitation any governmental agency, department, administrative entity or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information. It shall include all "electronically stored information." It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other

materials necessary to understand and use such systems. For purposes of illustration only, the term shall include: correspondence; e-mails; transcripts of testimony; letters; notes; notebooks; diaries; reports; papers; files; books; magazines; records; contracts; agreements; videotapes; photographs; telegrams; teletypes; and other communications sent or received; diaries; calendars; logs; notes; or memoranda of telephonic or face-to-face conversations; drafts; work papers; invoices; bills; statements; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries; and other records of obligations and expenditures; canceled checks; vouchers; receipts; and other records of payments; ledgers; journals; balance sheets; profit and loss statements; and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; and memoranda of all kinds to and from any persons, agencies, or entities.

(6) "Criminal Prosecution" means the case captioned United States v. Daskal, No. 21-cr-00110, in the District Court for the Eastern District of New York.

(7) "Jacob Daskal" means the Defendant in this Action.

(8) "Rivka Mandel" means the Plaintiff in this Action.

(9) "State Indictment" means the criminal investigation and proceeding brought by the State of New York under indictment number 3569-2018.

**INSTRUCTIONS**

(1) **Preservation.** You are under an obligation to preserve all documents and communications potentially responsive to these requests pending compliance with this subpoena, and you shall not destroy, alter, modify, delete, overwrite, or transfer any such document or communication.

(2) **Missing or Destroyed Documents.** If any document or communication responsive to these requests was at one point, but is no longer, in your possession, custody, or control, you shall identify: (i) the document or communication by author, recipient, date, and subject matter; (ii) its present custodian, if known; (iii) when, how, and why it left your possession, custody or control; and (iv) whether any backup, copy, or duplicate exists.

(3) A document or communication responsive to more than one these requests need be produced only once. If any of these requests is unclear, you shall contact the attorney who issued the subpoena to discuss in good faith.

**REQUESTS**

1. All documents and communications with or involving Rivka Mandel concerning or referencing Jacob Daskal.
2. All documents and communications with or involving Rivka Mandel concerning or referencing this Action.

3. All documents and communications with or involving Rivka Mandel concerning or referencing the Criminal Prosecution.
4. All documents and communications with or involving Rivka Mandel concerning or referencing the State Indictment.
5. All documents and communications with or involving Rivka Mandel concerning or referencing the claims or allegations made by Rivka Mandel against Jacob Daskal in the Civil Action, the Criminal Prosecution, or the State Indictment.
6. All documents and communications with or involving Rivka Mandel concerning or referencing alleged injuries or damages Rivka Mandel attributes to Jacob Daskal.
7. All documents and communications between you and any member or representative of the press or media, including, but not limited to, journalists, reporters, news agents, podcasters, bloggers, social media commentator, content creators, documentarians, editors or publishers of written media, or directors or producers of television or film, concerning or referencing Rivka Mandel, Jacob Daskal, this Action, the Criminal Prosecution, or the State Indictment.
8. All documents and communications concerning or referencing any allegation of sexual abuse, sexual harassment, or sexual misconduct of any kind made by Rivka Mandel against any person, regardless of date.

**All responsive records and inquiries should be produced to Stacey M. Ashby, Esq., and Eli J. Esakoff, Esq., by email at sma@mss-pllc.com and eje@mss-pllc.com, or by mail to Meister Seelig & Schuster PLLC, c/o Eli J. Esakoff, Esq., at 125 Park Avenue, 7th Floor, New York, New York 10017. Production of responsive records by email or mail may obviate the need to appear in court.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
RIVKA MANDEL,

Plaintiff,

-against-

JACOB DASKAL,

Defendant.
-----------------------------------------------X

CIVIL ACTION
NO. 1:23-CV-7352 (RER) (VMS)

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Jacob Daskal intends to serve a Subpoena, in the form attached hereto, on ZA'AKAH on October 5, 2026, or as soon thereafter as service may be effectuated.

Dated: October 2, 2026

/s/ Stacey Ashby
Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Counsel for Defendant Jacob Daskal*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, a true and correct copy of the foregoing Notice of Subpoena was served via email on counsel of record, as identified bellow:

Dated: October 2, 2026

/s/ Stacey Ashby

Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Counsel for Defendant Jacob Daskal*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| RIVKA MANDEL<br>*Plaintiff*<br>v.<br>**JACOB DASKAL**<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 1:23-cv-07352 (RER) (VMS) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ZA'AKAH [redacted]

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Meister Seelig & Schuster PLLC, Attn: Eli Esakoff<br>125 Park Avenue, 7th Floor, New York, NY 10017<br>or via email to eje@mss-pllc.com | Date and Time:<br>10/27/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/2/2026

*CLERK OF COURT*

____________________ OR *Stacey Ashby*

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jacob Daskal, who issues or requests this subpoena, are:

Meister Seelig & Schuster PLLC, 125 Park Avenue, 7th Floor, New York, NY 10017, sma@mss-pllc.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:23-cv-07352 (RER) (VMS)

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

***Mandel v. Daskal*, 1:23-cv-07352 (RER) (VMS)**

**Attachment A**

**Subpoena to Produce Documents, Information, or Objects in a Civil Case**

**YOU ARE COMMANDED** to produce the following books, papers, documents, communications, data, or other objects on or before October 27, 2026:

The relevant time period applicable to the below documents is January 1, 2015, through the present.

## DEFINITIONS

(1) "Action" means the above-captioned lawsuit (Mandel v. Daskal, No. 1:23-cv-07352).

(2) The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these subpoena requests all responsive material that might otherwise be construed to be outside of their scope.

(3) The term "communication" shall mean any utterance or written notation, or written or verbal statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons exchanged through, including but not limited to, in person conversations, correspondence, telephone calls, text messages and private messaging services, such as, iMessage, WhatsApp, Viber, Telegram, Wire, Threema, Wickr Me, Silence, Signal, or direct messages via Social Media.

(4) The terms "concerning" and "referencing" mean regarding, relating to, referring to, pertaining to, alluding to, responding to, reporting on, describing, reflecting, involving, evidencing, discussing, mentioning, constituting, embodying, and shall be construed and interpreted in the broadest possible sense.

(5) The term "document(s)" shall be read in its broadest possible sense in meaning and scope. It shall include, but not be limited to, writings of every kind, source, and authorship, both originals and all non-identical copies thereof, such as those bearing marginal comments, alterations, or other notations not present on the original document as originally written, typed or otherwise prepared, in your possession, custody, or control, or known by them to exist, irrespective of whether the writing is one intended for or transmitted internally by her or intended for or transmitted to any other person or entity, including without limitation any governmental agency, department, administrative entity or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information. It shall include all "electronically stored information." It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other

materials necessary to understand and use such systems. For purposes of illustration only, the term shall include: correspondence; e-mails; transcripts of testimony; letters; notes; notebooks; diaries; reports; papers; files; books; magazines; records; contracts; agreements; videotapes; photographs; telegrams; teletypes; and other communications sent or received; diaries; calendars; logs; notes; or memoranda of telephonic or face-to-face conversations; drafts; work papers; invoices; bills; statements; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries; and other records of obligations and expenditures; canceled checks; vouchers; receipts; and other records of payments; ledgers; journals; balance sheets; profit and loss statements; and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; and memoranda of all kinds to and from any persons, agencies, or entities.

(6) "Criminal Prosecution" means the case captioned United States v. Daskal, No. 21-cr-00110, in the District Court for the Eastern District of New York.

(7) "Jacob Daskal" means the Defendant in this Action.

(8) "Rivka Mandel" means the Plaintiff in this Action.

(9) "State Indictment" means the criminal investigation and proceeding brought by the State of New York under indictment number 3569-2018.

## INSTRUCTIONS

(1) **Preservation.** You are under an obligation to preserve all documents and communications potentially responsive to these requests pending compliance with this subpoena, and you shall not destroy, alter, modify, delete, overwrite, or transfer any such document or communication.

(2) **Missing or Destroyed Documents.** If any document or communication responsive to these requests was at one point, but is no longer, in your possession, custody, or control, you shall identify: (i) the document or communication by author, recipient, date, and subject matter; (ii) its present custodian, if known; (iii) when, how, and why it left your possession, custody or control; and (iv) whether any backup, copy, or duplicate exists.

(3) A document or communication responsive to more than one these requests need be produced only once. If any of these requests is unclear, you shall contact the attorney who issued the subpoena to discuss in good faith.

## REQUESTS

1. All documents and communications with or involving Rivka Mandel concerning or referencing Jacob Daskal.
2. All documents and communications with or involving Rivka Mandel concerning or referencing this Action.

3. All documents and communications with or involving Rivka Mandel concerning or referencing the Criminal Prosecution.
4. All documents and communications with or involving Rivka Mandel concerning or referencing the State Indictment.
5. All documents and communications with or involving Rivka Mandel concerning or referencing the claims or allegations made by Rivka Mandel against Jacob Daskal in the Civil Action, the Criminal Prosecution, or the State Indictment.
6. All documents and communications with or involving Rivka Mandel concerning or referencing alleged injuries or damages Rivka Mandel attributes to Jacob Daskal.
7. All documents and communications between you and any member or representative of the press or media, including, but not limited to, journalists, reporters, news agents, podcasters, bloggers, social media commentator, content creators, documentarians, editors or publishers of written media, or directors or producers of television or film, concerning or referencing Rivka Mandel, Jacob Daskal, this Action, the Criminal Prosecution, or the State Indictment.
8. All documents and communications concerning or referencing any allegation of sexual abuse, sexual harassment, or sexual misconduct of any kind made by Rivka Mandel against any person, regardless of date.

**All responsive records and inquiries should be produced to Stacey M. Ashby, Esq., and Eli J. Esakoff, Esq., by email at sma@mss-pllc.com and eje@mss-pllc.com, or by mail to Meister Seelig & Schuster PLLC, c/o Eli J. Esakoff, Esq., at 125 Park Avenue, 7th Floor, New York, New York 10017. Production of responsive records by email or mail may obviate the need to appear in court.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
RIVKA MANDEL,

Plaintiff,

-against-

JACOB DASKAL,

Defendant.
-----------------------------------------------X

CIVIL ACTION
NO. 1:23-CV-7352 (RER) (VMS)

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Jacob Daskal intends to serve a Subpoena, in the form attached hereto, on Allen M. Lowy on October 5, 2026, or as soon thereafter as service may be effectuated.

Dated: October 2, 2026

/s/ Stacey Ashby
Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Counsel for Defendant Jacob Daskal*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, a true and correct copy of the foregoing Notice of Subpoena was served via email on counsel of record, as identified bellow:

Dated: October 2, 2026

/s/ Stacey Ashby

Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Counsel for Defendant Jacob Daskal*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

RIVKA MANDEL

*Plaintiff*

v.

JACOB DASKAL

*Defendant*

Civil Action No. 1:23-cv-07352 (RER) (VMS)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Allen M. Lowy
[redacted]

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: Meister Seelig & Schuster PLLC, Attn: Eli Esakoff<br>125 Park Avenue, 7th Floor, New York, NY 10017<br>or via email to eje@mss-pllc.com | Date and Time:<br>10/27/2026 9:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/2/2026

*CLERK OF COURT*

_______________________ OR Stacey Ashby

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jacob Daskal, who issues or requests this subpoena, are:
Meister Seelig & Schuster PLLC, 125 Park Avenue, 7th Floor, New York, NY 10017, sma@mss-pllc.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:23-cv-07352 (RER) (VMS)

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ________________________________________
______________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print Save As... Add Attachment Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

***Mandel v. Daskal*, 1:23-cv-07352 (RER) (VMS)**

**Attachment A**

**Subpoena to Produce Documents, Information, or Objects in a Civil Case**

**YOU ARE COMMANDED** to produce the following books, papers, documents, communications, data, or other objects on or before October 27, 2026:

The relevant time period applicable to the below documents is January 1, 2015, through the present.

## DEFINITIONS

(1) "Action" means the above-captioned lawsuit (Mandel v. Daskal, No. 1:23-cv-07352).

(2) The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these subpoena requests all responsive material that might otherwise be construed to be outside of their scope.

(3) The term "communication" shall mean any utterance or written notation, or written or verbal statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons exchanged through, including but not limited to, in person conversations, correspondence, telephone calls, text messages and private messaging services, such as, iMessage, WhatsApp, Viber, Telegram, Wire, Threema, Wickr Me, Silence, Signal, or direct messages via Social Media.

(4) The terms "concerning" and "referencing" mean regarding, relating to, referring to, pertaining to, alluding to, responding to, reporting on, describing, reflecting, involving, evidencing, discussing, mentioning, constituting, embodying, and shall be construed and interpreted in the broadest possible sense.

(5) The term "document(s)" shall be read in its broadest possible sense in meaning and scope. It shall include, but not be limited to, writings of every kind, source, and authorship, both originals and all non-identical copies thereof, such as those bearing marginal comments, alterations, or other notations not present on the original document as originally written, typed or otherwise prepared, in your possession, custody, or control, or known by them to exist, irrespective of whether the writing is one intended for or transmitted internally by her or intended for or transmitted to any other person or entity, including without limitation any governmental agency, department, administrative entity or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information. It shall include all "electronically stored information." It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other

materials necessary to understand and use such systems. For purposes of illustration only, the term shall include: correspondence; e-mails; transcripts of testimony; letters; notes; notebooks; diaries; reports; papers; files; books; magazines; records; contracts; agreements; videotapes; photographs; telegrams; teletypes; and other communications sent or received; diaries; calendars; logs; notes; or memoranda of telephonic or face-to-face conversations; drafts; work papers; invoices; bills; statements; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries; and other records of obligations and expenditures; canceled checks; vouchers; receipts; and other records of payments; ledgers; journals; balance sheets; profit and loss statements; and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; and memoranda of all kinds to and from any persons, agencies, or entities.

(6) "Criminal Prosecution" means the case captioned United States v. Daskal, No. 21-cr-00110, in the District Court for the Eastern District of New York.

(7) "Jacob Daskal" means the Defendant in this Action.

(8) "Rivka Mandel" means the Plaintiff in this Action.

(9) "State Indictment" means the criminal investigation and proceeding brought by the State of New York under indictment number 3569-2018.

## INSTRUCTIONS

(1) **Preservation.** You are under an obligation to preserve all documents and communications potentially responsive to these requests pending compliance with this subpoena, and you shall not destroy, alter, modify, delete, overwrite, or transfer any such document or communication.

(2) **Missing or Destroyed Documents.** If any document or communication responsive to these requests was at one point, but is no longer, in your possession, custody, or control, you shall identify: (i) the document or communication by author, recipient, date, and subject matter; (ii) its present custodian, if known; (iii) when, how, and why it left your possession, custody or control; and (iv) whether any backup, copy, or duplicate exists.

(3) A document or communication responsive to more than one these requests need be produced only once. If any of these requests is unclear, you shall contact the attorney who issued the subpoena to discuss in good faith.

## REQUESTS

1. All documents and communications with or involving Rivka Mandel concerning or referencing Jacob Daskal.
2. All documents and communications with or involving Rivka Mandel concerning or referencing this Action.

3. All documents and communications with or involving Rivka Mandel concerning or referencing the Criminal Prosecution.
4. All documents and communications with or involving Rivka Mandel concerning or referencing the State Indictment.
5. All documents and communications with or involving Rivka Mandel concerning or referencing the claims or allegations made by Rivka Mandel against Jacob Daskal in the Civil Action, the Criminal Prosecution, or the State Indictment.
6. All documents and communications with or involving Rivka Mandel concerning or referencing alleged injuries or damages Rivka Mandel attributes to Jacob Daskal.
7. All documents and communications between you and any member or representative of the press or media, including, but not limited to, journalists, reporters, news agents, podcasters, bloggers, social media commentator, content creators, documentarians, editors or publishers of written media, or directors or producers of television or film, concerning or referencing Rivka Mandel, Jacob Daskal, this Action, the Criminal Prosecution, or the State Indictment.
8. All documents and communications concerning or referencing any allegation of sexual abuse, sexual harassment, or sexual misconduct of any kind made by Rivka Mandel against any person, regardless of date.

**All responsive records and inquiries should be produced to Stacey M. Ashby, Esq., and Eli J. Esakoff, Esq., by email at sma@mss-pllc.com and eje@mss-pllc.com, or by mail to Meister Seelig & Schuster PLLC, c/o Eli J. Esakoff, Esq., at 125 Park Avenue, 7th Floor, New York, New York 10017. Production of responsive records by email or mail may obviate the need to appear in court.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
RIVKA MANDEL,

Plaintiff,

-against-

JACOB DASKAL,

Defendant.
-----------------------------------------------X

CIVIL ACTION
NO. 1:23-CV-7352 (RER) (VMS)

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Jacob Daskal intends to serve a Subpoena, in the form attached hereto, on ZA'AKAH on October 5, 2026, or as soon thereafter as service may be effectuated.

Dated: October 2, 2026

/s/ Stacey Ashby
Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Counsel for Defendant Jacob Daskal*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, a true and correct copy of the foregoing Notice of Subpoena was served via email on counsel of record, as identified bellow:

Dated: October 2, 2026

/s/ *Stacey Ashby*

Mitchell Schuster
Stacey M. Ashby
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500

*Counsel for Defendant Jacob Daskal*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| RIVKA MANDEL<br>*Plaintiff*<br>v.<br>JACOB DASKAL<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 1:23-cv-07352 (RER) (VMS) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: ZA'AKAH [redacted]

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Meister Seelig & Schuster PLLC, Attn: Eli Esakoff<br>125 Park Avenue, 7th Floor, New York, NY 10017<br>or via email to eje@mss-pllc.com | Date and Time:<br>10/27/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/2/2026

*CLERK OF COURT*

OR

_________________________ Stacey Ashby

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jacob Daskal, who issues or requests this subpoena, are:

Meister Seelig & Schuster PLLC, 125 Park Avenue, 7th Floor, New York, NY 10017, sma@mss-pllc.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:23-cv-07352 (RER) (VMS)

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

***Mandel v. Daskal*, 1:23-cv-07352 (RER) (VMS)**

**Attachment A**

**Subpoena to Produce Documents, Information, or Objects in a Civil Case**

**YOU ARE COMMANDED** to produce the following books, papers, documents, communications, data, or other objects on or before October 27, 2026:

The relevant time period applicable to the below documents is January 1, 2015, through the present.

## DEFINITIONS

(1) "Action" means the above-captioned lawsuit (Mandel v. Daskal, No. 1:23-cv-07352).

(2) The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these subpoena requests all responsive material that might otherwise be construed to be outside of their scope.

(3) The term "communication" shall mean any utterance or written notation, or written or verbal statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, and other understandings between or among two or more persons exchanged through, including but not limited to, in person conversations, correspondence, telephone calls, text messages and private messaging services, such as, iMessage, WhatsApp, Viber, Telegram, Wire, Threema, Wickr Me, Silence, Signal, or direct messages via Social Media.

(4) The terms "concerning" and "referencing" mean regarding, relating to, referring to, pertaining to, alluding to, responding to, reporting on, describing, reflecting, involving, evidencing, discussing, mentioning, constituting, embodying, and shall be construed and interpreted in the broadest possible sense.

(5) The term "document(s)" shall be read in its broadest possible sense in meaning and scope. It shall include, but not be limited to, writings of every kind, source, and authorship, both originals and all non-identical copies thereof, such as those bearing marginal comments, alterations, or other notations not present on the original document as originally written, typed or otherwise prepared, in your possession, custody, or control, or known by them to exist, irrespective of whether the writing is one intended for or transmitted internally by her or intended for or transmitted to any other person or entity, including without limitation any governmental agency, department, administrative entity or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, electronic or recorded information. It shall include all "electronically stored information." It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other

materials necessary to understand and use such systems. For purposes of illustration only, the term shall include: correspondence; e-mails; transcripts of testimony; letters; notes; notebooks; diaries; reports; papers; files; books; magazines; records; contracts; agreements; videotapes; photographs; telegrams; teletypes; and other communications sent or received; diaries; calendars; logs; notes; or memoranda of telephonic or face-to-face conversations; drafts; work papers; invoices; bills; statements; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries; and other records of obligations and expenditures; canceled checks; vouchers; receipts; and other records of payments; ledgers; journals; balance sheets; profit and loss statements; and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; and memoranda of all kinds to and from any persons, agencies, or entities.

(6) "Criminal Prosecution" means the case captioned United States v. Daskal, No. 21-cr-00110, in the District Court for the Eastern District of New York.

(7) "Jacob Daskal" means the Defendant in this Action.

(8) "Rivka Mandel" means the Plaintiff in this Action.

(9) "State Indictment" means the criminal investigation and proceeding brought by the State of New York under indictment number 3569-2018.

## INSTRUCTIONS

(1) **Preservation.** You are under an obligation to preserve all documents and communications potentially responsive to these requests pending compliance with this subpoena, and you shall not destroy, alter, modify, delete, overwrite, or transfer any such document or communication.

(2) **Missing or Destroyed Documents.** If any document or communication responsive to these requests was at one point, but is no longer, in your possession, custody, or control, you shall identify: (i) the document or communication by author, recipient, date, and subject matter; (ii) its present custodian, if known; (iii) when, how, and why it left your possession, custody or control; and (iv) whether any backup, copy, or duplicate exists.

(3) A document or communication responsive to more than one these requests need be produced only once. If any of these requests is unclear, you shall contact the attorney who issued the subpoena to discuss in good faith.

## REQUESTS

1. All documents and communications with or involving Rivka Mandel concerning or referencing Jacob Daskal.
2. All documents and communications with or involving Rivka Mandel concerning or referencing this Action.

3. All documents and communications with or involving Rivka Mandel concerning or referencing the Criminal Prosecution.
4. All documents and communications with or involving Rivka Mandel concerning or referencing the State Indictment.
5. All documents and communications with or involving Rivka Mandel concerning or referencing the claims or allegations made by Rivka Mandel against Jacob Daskal in the Civil Action, the Criminal Prosecution, or the State Indictment.
6. All documents and communications with or involving Rivka Mandel concerning or referencing alleged injuries or damages Rivka Mandel attributes to Jacob Daskal.
7. All documents and communications between you and any member or representative of the press or media, including, but not limited to, journalists, reporters, news agents, podcasters, bloggers, social media commentator, content creators, documentarians, editors or publishers of written media, or directors or producers of television or film, concerning or referencing Rivka Mandel, Jacob Daskal, this Action, the Criminal Prosecution, or the State Indictment.
8. All documents and communications concerning or referencing any allegation of sexual abuse, sexual harassment, or sexual misconduct of any kind made by Rivka Mandel against any person, regardless of date.

**All responsive records and inquiries should be produced to Stacey M. Ashby, Esq., and Eli J. Esakoff, Esq., by email at sma@mss-pllc.com and eje@mss-pllc.com, or by mail to Meister Seelig & Schuster PLLC, c/o Eli J. Esakoff, Esq., at 125 Park Avenue, 7th Floor, New York, New York 10017. Production of responsive records by email or mail may obviate the need to appear in court.**