**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RIVKA MANDEL,<br>*Plaintiff,*<br>v.<br>JACOB DASKAL,<br>*Defendant.* | Case No.: 23-cv-7352-RER-VMS<br><br>**DECLARATION OF SHULIM LEIFER** |

I, Shulim Leifer, being duly sworn, depose and say:

1. I am working as a consulting, non-testifying expert for Plaintiff Rivka Mandel in the case above. That is, I have no unique personal knowledge about Defendant Daskal or Ms. Mandel, and do not intend to testify in this case. Rather, my knowledge is about sexual abuse, trauma, and how those play out in the Chasidic community in particular.

2. Attached as **Exhibit 1** is a true copy the engagement letter I signed, engaging me as a consulting expert in this case, dated October 23, 2023.

3. That letter explicitly included the expectation that communications concerning the case were privileged.

4. I have worked as a victim advocate and a consulting, non-testifying expert since 2019.

5. I began this work because of a systemic gap I saw, particularly in my (the Chasidic) community. I began this work by volunteering as a victim advocate specifically serving survivors of sexual misconduct and abuse, primarily, but not limited to, those who were raised within my broader community.

6. Over the last seven years, I have assisted dozens of survivors—men, women, and children—across multiple states and internationally. My day-to-day

work includes connecting survivors with trauma-informed resources, liaising with law enforcement agencies and prosecutors, helping victims navigate legal and media channels, and providing peer support during court proceedings.

7. My specific engagement working for and with Ms. Mandel is in connection with her civil case.

8. Previously, during the federal investigation into Daskal, I worked directly with federal case agents and law enforcement investigators. My work with those agents included helping them identify, contact, and locate other sexual abuse victims of Daskal—including victims whose abuse Daskal has not, to my knowledge, ever been formally charged with to date.

9. I largely do not understand the current subpoena to seek any of that matter, since it specifically seeks documents within requests such as "communications with or involving Rivka Mandel concerning [] Jacob Daskal" — and accordingly, I discuss below my role as a non-testifying expert and communications with and involving Ms. Mandel in that regard.[1]

10. I met Ms. Mandel at and following Defendant Daskal's October 11, 2023 sentencing hearing.

11. On October 23, 2023, Mr. Batista issued a formal engagement letter to me, which explicitly confirmed that I was engaged as a consultant to legal counsel

[1] Accordingly, I do not understand, for example, the subpoena to seek documents concerning my personal views about the way the community defended Defendant Daskal from consequences or attempted to mislead the criminal Court about Jewish holidays (leading to it saying, of Daskal's lawyers, "I really don't appreciate this manipulation you're engaging in over the Jewish holidays"). *See, e.g.*, https://x.com/shulimleifer/status/1680611065141370881?s=42 (an advocacy thread I published in July 2023).

and that all communications between counsel, Rivka, and myself were strictly confidential and protected under the attorney-client and work-product privileges.

12. That is standard, and consistent with my other work in the field.

13. At all times during my formal consulting role, I acted at the direction of legal counsel to assist in trial preparation and survivor support.

14. Again, that is standard, and consistent with my other work in the field.

15. I have worked in a non-testifying expert/consultant role for at least 70 other survivors of sexual violence in the course of criminal and civil cases.

16. My work relies on the privilege to function: I cannot work if I cannot assist the lawyer in engaging in trauma-informed advocacy. Without privilege, I cannot work to help a sexual abuse survivor understand and contribute to the legal strategy in their case. Without privilege, I cannot help explain what a lawyer is looking for. Without privilege, I cannot help a lawyer handle things in a more trauma-informed and safer way for a sexual assault survivor client.

17. To that end, while, lawyers all have certain skills, many do not come from a background requiring, or otherwise have much knowledge concerning, trauma-informed work.

18. It may be obvious, but survivors of sexual assault — and in particular, in this case, childhood sexual assault — often live with severe trauma.

19. They do not always react the way people think they do. Often, their executive management skills are not what people — lawyers in particular — might expect. I have found, and the data supports, that some survivors' telling of their

stories is not always linear (particularly at first), and yet, retelling things over and over can aggravate and worsen the underlying trauma.

20. Having an advocate who is ***not*** their lawyer, but who helps interact with the lawyers, helps translate the requirements of the legal system, helps with certain executive management around the case, and also helps the lawyer understand the basics of trauma-informed practice can be invaluable.

21. And that is the nature of my work here: I previously worked with Mr. Batista and Mr. Lowy when they were working as Ms. Mandel's lawyers as a non-testifying export to consult and prepare for trial.

22. I was hired to do so because I have specialized skill, knowledge, and experience relevant to this case — namely, that I have skill, expertise, and knowledge in sexual assault related trauma; abuse within the Chasidic community; the relevant community dynamics at play for Ms. Mandel; and related issues. I used that expertise to help Ms. Mandel as she prepares over years for a trial in this case.

23. That is, I did the same work I've done in dozens of other cases: Helped a survivor of sexual violence interact with a system that has the potential to deepen and further her trauma, and did (and continue to do) everything I can to try to assist her lawyers in proving trauma-informed advocacy that takes account of and addresses the particular challenges that emerge from the power structure and community that sadly worked so hard to cover up Defendant Daskal's rape of Ms. Mandel and other victims.

I declare, under penalty of perjury, that the statements above are true and correct.

Executed On: October 14, 2026

Shulim Leifer

Shulim Leifer