MSS Meister Seelig & Schuster

Stacey M. Ashby
*Partner*
sma@mss-pllc.com
Direct (212) 655-3562

October 16, 2026

**VIA ECF**

Chief United States Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 13A South
Brooklyn, New York 11201

**Re: _Rivka Mandel v. Jacob Daskal_, Case No. 23-cv-07352 (RER) (VMS)**

Dear Judge Scanlon:

We represent defendant Jacob Daskal ("Defendant"). We write to seek clarification of that portion of the Court's October 16, 2026 Order deferring the Court's determination of plaintiff Rivka Mandel's ("Plaintiff") motion to quash Defendant's subpoenas, and in particular whether that deferment also suspends Defendant's October 21, 2026 deadline to oppose the motion.

On Friday, October 2, 2026, at 4:48 p.m., Plaintiff filed a letter motion asking the Court to stay Defendant's service of the same non-party subpoenas that he has been trying to serve since May 15, 2026. *See* ECF 184. Pursuant to Rule III of Your Honor's Individual Practice Rules, Defendant expected to have until October 7, 2026, to file a response. However, on Monday, October 5, 2026, at 9:36 a.m., before Defendant responded to Plaintiff's letter motion, the Court entered an Order granting the requested relief, staying service of Defendant's subpoenas pending further instruction from the Court, directing Plaintiff to file her motion to quash on or before October 14, 2026, and directing Defendant to file any opposition on or before October 21, 2026 (or within seven days of the motion).

On October 14, 2026, Plaintiff filed her motion to quash. *See* ECF 185. On October 15, 2026, the parties filed a joint status update letter in which Defendant indicated that he intended to oppose Plaintiff's motion to quash by October 21, 2026, in accordance with the Court's direction. *See* ECF 186. However, this morning, October 16, 2026, the Court entered an Order deferring the Court's determination of Plaintiff's motion to quash and directing counsel for both parties to participate in an in-person meet-and-confer regarding their outstanding discovery requests—expressly "including the challenged subpoenas"—on or before October 26, 2026. The Court further ordered the parties to file an additional joint status update regarding the matters in dispute by October 28, 2026. Today's Order did not address Defendant's deadline to file a response to the motion to quash.

Counsel for Defendant is happy to host an in-person meet-and-confer with Plaintiff's counsel to discuss the open discovery disputes next week at a mutually convenient date and time. However,

as Defendant understands the current schedule set by the Court, he may need to file his response to the motion to quash before the parties have had an opportunity to meet. Accordingly, Defendant respectfully seeks the Court's clarification on whether the deferment of the Court's ruling on the motion to quash correspondingly extends the deadline for Defendant to file a response to the motion. If the Court did not intend for the opposition deadline to shift, then Defendant respectfully requests that the Court adjourns Defendant's deadline to one week following the parties' meet-and-confer, as the result of the meet-and-confer may (and hopefully will) alter the parties' positions and the current posture of the subpoenas and the motion to quash.

We thank the Court for its consideration.

Very truly yours,

MEISTER SEELIG & SCHUSTER PLLC

By: */s Stacey M. Ashby*
Stacey M. Ashby

cc: All Counsel of Record (via ECF)