MSS Meister Seelig & Schuster

Stacey M. Ashby
*Partner*
sma@mss-pllc.com
Direct (212) 655-3562

November 16, 2026

**VIA ECF**

Hon. Vera M. Scanlon
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 13A, South Wing
Brooklyn, New York 11201

**Re: *Mandel v. Daskal*, No. 1:23-cv-07352-RER-VMS**
**Amended Joint Discovery Status Letter**

Dear Judge Scanlon:

We represent defendant Jacob Daskal ("Defendant") in the above-referenced action. We submit this amended joint letter concerning the status of discovery following the in-person meet-and-confer between the parties (the "M&C") as provided for in the Court's October 22, 2026 Order (the "Order") and the Court's November 12, 2026 Order.

**Defendant's Position**[1]

In accordance with the Order, counsel for the parties met in person at Defendant's counsel's office on November 4, 2026, for nearly two hours to discuss the discovery issues set out in the parties' October 15, 2026 Joint Discovery Status Letter (ECF No. 186). The M&C did not resolve the open discovery issues, which are summarized from Defendant's perspective below.

Regarding financial disclosures, Defendant maintains his objections to Plaintiff's requests as overbroad, particularly in light of the withdrawal of Plaintiff's motion to amend the First Amended Complaint to add claims pertaining to financial transfers. Defendant remains willing to produce

[1] Drafted by Defendant's counsel. It appears that Plaintiff's counsel views the joint status report as an opportunity to respond to Defendant's portion of the report, rather than simply submit outstanding issues from her perspective. As the Court has read the parties' November 10, 2026 Joint Discovery Status Report (ECF No. 192), Defendant will not rehash any quips between counsel contained therein and will only report the results of the M&C and the current status of outstanding discovery issues from his perspective.

financial records from the last three years, which is the period relevant to this action, and he is conducting searches for those records.

Defendant has produced documents from his email account as well as the file from the criminal action and is reviewing his devices for additional responsive documents. By contrast, more than three years into this case, Plaintiff has barely begun her production. To date, Plaintiff's entire document production consists of 85 pages of records from one therapist, dated October 2023 to June 2026; six Instagram screenshots; four screenshots of WhatsApp messages; and W-2s from 2018 to 2025.

Plaintiff has yet to search for Defendant's name or contact information and has been waiting for a list of search terms to run, which Defendant provided on November 5, 2026. Plaintiff objected to certain of those terms and has informed Defendant that she does not intend to search or collect responsive data, because "while many terms might not be objectionable in isolation, the collection process alone here, even if volume is small, will take dozens if not hundreds of hours." Plaintiff's counsel also stated that they have not put together a hit report or volume estimate for the acceptable terms, but are waiting for a vendor provided by Defendant, or a reasonable set of terms (which has not been proposed by Plaintiff). Likewise, Plaintiff is in possession of a "kosher phone" on which, according to her amended responses, "the majority" of the documents responsive to several of Defendant's requests exist. She cannot recall the password and will not pay to have the phone unlocked. Defendant has asked for the serial number of the phone, which would allow Defendant to confirm whether the government made a forensic copy of it, and whether any such copy is in the government file that both parties possess. Plaintiff stated on November 10th that she was "happy to pull that serial number," but Defendant has not yet received it.

Regarding interrogatories, Defendant is awaiting supplemental responses to several of his interrogatories, including those asking Plaintiff to identify the specific acts on which her claims are based. Plaintiff has had the criminal file for weeks and indicated that more complete responses to certain interrogatories would be forthcoming, but has not provided a date certain. Defendant also objected to Plaintiff's invocation of Rule 33(d) in lieu of answering several interrogatories. To the extent that Plaintiff stands on any of her objections, Defendant reserves the right to move to compel.

Regarding Plaintiff's medical records, Defendant maintains that he is entitled to authorizations for, and records from, any provider from whom Plaintiff sought treatment related to the injuries she claims to have suffered as a result of Defendant's alleged actions, including records relating to other potential causes of those alleged injuries. Plaintiff maintains that Defendant is not entitled to discovery concerning other sources of the injuries she alleges. Defendant has served subpoenas on the medical providers that Plaintiff has identified.

Regarding the subpoenas that are the subject of Plaintiff's pending motion to quash, Plaintiff indicated that she will not withdraw any portion of that motion. Defendant continues to oppose the motion in its entirety and will respond to any objections or motions to quash by the subpoena

recipients if and when they are made. Defendant also anticipates serving subpoenas on additional fact witnesses identified through review of the file in the criminal action.

Neither party has taken depositions yet. Defendant intends to depose Plaintiff and several other individuals but maintains that those depositions should follow the completion of document discovery.

Finally, given Plaintiff's delayed document production and interrogatory answers, her pending motion to quash, and the newly issued medical subpoenas, Defendant respectfully submits that the fact discovery period should be extended. As to a settlement conference, Defendant is available on December 7, 2026, or January 4, 2027.

**Plaintiff's Position**

From Plaintiff's perspective, and in light of the Court's November 12, 2026 Minute Order, there are no current issues for the Court to address. The meet and confer led to an impasse on a handful of issues that Defendant may now make a motion on, and otherwise, the parties have discussed continuing to confer or otherwise exchange information and authority, as relevant.

Plaintiff is happy to discuss any specifics at a conference or in response to a Local Rule 37.2 request for an informal conference.

Plaintiff sent the updated draft above on November 12, 2026, asking for Defendant to send their portion of any letter and any other comments at least a business day before the deadline. Defendant did not do so, and did not otherwise respond either (that is, Defendant did not say, for example, "we can't get it to you a business day ahead of time, but will have a draft by 9:00 a.m. Monday). Accordingly, Plaintiff has sent this updated draft on the due date of this amended letter, and has not seen or reviewed Defendant's portion. Plaintiff is not sure how to proceed with this pattern recurring on every letter.

We thank Your Honor for your consideration and attention to this matter

Very truly yours,

COHEN&GREEN P.L.L.C.

By: /s J. Remy Green

J. Remy Green

*Attorneys for Plaintiff*

MEISTER SEELIG & SCHUSTER PLLC

By: /s Stacey M. Ashby

Stacey M. Ashby

*Attorneys for Defendant*

cc: All Counsel Of Record (via ECF)